UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                              Case No.: 1:17-CV-52

      Plaintiff,

v.                                                                                    JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
and
**STATE TROOPER CHRIS BERRY,**

      Defendants.

## PLAINTIFF SCOTT BALLOCK OPPOSITION TO DEFENDANT COSTLOW'S MOTION TO DISMISS

The Plaintiff, Scott T. Ballock, through his counsel, hereby opposes the motion to dismiss served on behalf of the defendant, Ellen Ruth Costlow.

## INTRODUCTION

The complaint in this case, prepared by *pro se* plaintiff Scott Ballock, effectively and sufficiently alleges through its nearly 300 paragraphs the facts that paint a simple but outrageous story of cooperation between the Defendant troopers and Plaintiff's then-wife to arrest and prosecute Ballock during family court proceedings to advantage Costlow and harm Ballock. Ballock incorporates his response to the motion to dismiss by the Trooper Defendants Kief, Gaskins and Berry. The additional arguments added by Costlow and which are specific to her are discretely addressed in this brief.

## MATERIAL FACTUAL ALLEGATIONS

Ballock incorporates this section already detailed in his opposition to the motion to dismiss by the Trooper Defendants Kief, Gaskins and Berry.

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole and accept the facts asserted as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (7th Cir. 1993). The complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Tobey v. Jones*, 706 F.3d 379, 387 (4ᵗʰ Cir. 2013) (*quoting Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555, 127 S.Ct. 1955 (2007)). A motion to dismiss under 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Id. (quoting Republican Party of North Carolina v.* Martin, 980 F.2d 943, 952 (4ᵗʰ Cir. 1992).

The complaint in this case was prepared by *pro se* plaintiff Scott Ballock. Complaints filed by *pro se* plaintiffs are to be liberally construed – more liberally than those drafted by counsel. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4ᵗʰ Cir. 2014). "However inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, Civ. No. 99-6304, 1999 WL 717280 (4ᵗʰ Cir.) (*citing Cruz v. Beto*, 405 U.S. 319 (1972)).

## I.    COSTLOW IS JOINTLY LIABLE AS A PRIVATE PERSON CONSPIRING WITH STATE OFFICIALS IN THE WRONGFUL CONDUCT.

Defendant Costlow argues that none of her alleged conduct in conspiracy and cooperation with the state trooper defendants can support liability under §1983. Costlow is mistaken, and fails to acknowledge that a private party can be liable even though not a state official. *Adickes v. SH*

*Kress & Co.,* 398 U.S. 144, 152 (1970); *United States v. Price,* 383 U.S. 787, 794 (1966). The Supreme Court has indeed recognized extending § 1983 liability to private individuals acting in conspiracy with state actors:

Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color of law' for purposes of the statute. To act 'under color of law; does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Adickes,* 398 U.S. at 152 (*quoting Price,* 383 U.S. at 794). Ballock has plainly alleged a long-standing joint effort between Costlow and the trooper defendants to harm Ballock and deprive him of his constitutional rights while benefiting Costlow. Defendant Costlow is wrong to claim that, as a matter of law, Costlow could not have acted 'under color of law' in connection with this conspiracy. Accepted as true, Defendant is liable as a joint actor and co-conspirator with the other state actor defendants.

## II.   COSTLOW IS BARRED FROM RELYING ON OR ENFORCING THE RELEASE-DISMISSAL AGREEMENT.

Plaintiff's arguments, presented in his opposition to the motion to dismiss by the Trooper Defendants, Kief, Gaskins and Berry each fully apply and are all hereby incorporated. Defendant Costlow cannot rely on fugitive Exhibit A at the 12(b)(6) stage, and cannot demonstrate that it is an enforceable release dismissal agreement. Moreover, as it specifically relates to Costlow, the agreement cannot be enforced to bar any of Plaintiff's claims because she materially breached the agreement and therefore cannot enforce it. The gist of the doctrine of "first breach" is that the "party who commits the first breach of a contract is not entitled to enforce it, or to maintain an action thereon, against the other party for his subsequent failure to perform." *Std. Oil Co. v. Consolidation Coal Co.,* 2016 *W. Va. LEXIS 759, quoting Hurley v. Bennett,* 163 Va. 241, 253, 176 S.E. 171, 175 (1934); *also citing Blue v. Hazel-Atlas Glass Co.,* 106 W.Va. 642, 650, 147 S.E.

3

22, 26 (1929). Ballock alleges that Costlow agreed in the attachment to the Defendants original motion to dismiss that "she will not communicate any disparaging information or commentary to Scott Ballock's employer or place of employment." (Am. Compl. 241). However, he further alleges she breached this agreement by providing false and defamatory information to his employer. (Am. Compl. 242-44). This caused substantial harm to Ballock, including the prolonging of the work investigation, the continued threat of termination, and the damage to his career prospects and his family. As the first to breach the agreement, Costlow may not now seek to enforce the agreement.

## III.   COSTLOW'S FAILS TO SHOW DISMISSAL IS APPROPRIATE ON BREACH OF CONTRACT.

Costlow claims that her agreement cannot be enforced based on inapplicable law, arguing that Exhibit A is a "plea agreement" and such agreements "do[] not give rise to a claim for monetary damages under a breach of contract theory, unless the plea agreement expressly provides for such liability." Dkt. 18 at 20 (*citing Sanders v. United States*, 252 F.3d 1329, 1336 (Fed.Cir. 2001). Exhibit A, however, is not a "plea agreement" and Ballock is not seeking montetary damages for breach by the government – both prerequsites for the application of the law cited by Costlow. Both *Sanders* and *Santobello v. New York*, 404 U.S. 257, 263 (1971) examined how and when a criminal defendant suing over a plea agreement may obtain relief from the government. Neither comment on agreements made by private individuals, not defendants, in such agreements.

Costlow presents no case applicable to her agreement in Exhibit A, which states:

Ellen Costlow agrees that she will not communicate any disparaging information or commentary to Scott Ballock's employer or place of employment, or on social media or any other platforms of public communications.

4

Ex. A to original motion to dismiss, Dkt. 18-1 page 3 of 4. Costlow seek to enforce the agreement, but be relieved of her obligations in the same agreement. In short, there is no authority invalidating contracts made by private parties in connection with dismissal of criminal complaints made against others. In other words, because it is not a release dismissal agreement with respect to Costlow, the *Rumery* factors and analysis required to determine if it is enforceable and consistent with public policy do not apply. In short, the agreement and Costlow's breach have been alleged, and no authority warrants excusing Costlow from enforcement.

Costlow also argues that damages in a breach of contract claim must be "allege[d] ... with the certainty required in a breach of contract claim" based on the decision in a post-trial decision – *Kentucky Fried Chicken v. Sellaro*, 158 W. Va. 708, 214 S.E.2d 823 (1975). This case does not discuss pleading standards, and cannot support this specious argument. There is no case identified by Costlow, or which Plaintiff could locate, that would support dismissal for failure to allege damages with sufficient certainty. Nevertheless, Plaintiff has alleged damages that are certain, including loss of promotions and transfer opportunities, as well as the damages from the ongoing investigation. Additional damages, including termination, may yet be added to the amended complaint during discovery.

Costlow made an agreement, and breached that agreement, causing substantial damage to Plaintiff which was ongoing and is detailed sufficiently in his *pro se* complaint to state a claim for breach of that agreement. Ballock's claim must not be dismissed.

## IV.   COSTLOW OFFERS NO JUSTIFICATION FOR DISMISSAL OF THE DECLARATORY JUDGMENT ACTION TO UNSEAL THE COSTLOW PSYCHIATRIC EVALUATION REPORT.

Costlow does not argue against the relevance of the report prepared by Dr. Cooper-Lehki, nor offer any authority for dismissal of the action. Nor does she examine the allegations supporting the action. The motion should be denied on that basis alone.

Furthermore, as Plaintiff alleged, Costlow wrongfully sought to have the report sealed in order to prevent exposure of the conspiracy, prevent her falsehoods from exposure, and to prevent Ballock from exposing the truth regarding Costlow's schemes. (Am. Compl 267-69, 276, 278-8). The report, as alleged by Ballock, was intended to explore the truth and validity of the suspicious claims by Costlow that she was a battered woman and other claims of behavior by Ballock – claims that were expressly and directly contradicted by both children of Plaintiff and Costlow. (Am. Compl. 256-60). The court appointed Dr. Christi Cooper-Lehki – a psychiatrist at Chestnut Ridge Center and an assistant Professor of Forensic, Child, and Adolescent Psychiatry at West Virginia University's School of Behavioral Medicine and Psychiatry. (Am. Compl. 263). The report contains extensive fact-gathering and witness information, including records of "months conducting dozens of interviews" as well as hours of "in-depth interviews with Costlow and Ballock." (Am. Compl. 264)

Likewise, the effort to seal was part of the conspiracy to protect the trooper defendants, who reviewed the report and therefore were aware of the facts and evaluation contained therein, but who nonetheless ignored it. (Am. Compl. 265-66). If the report were not sealed, it would demonstrate that both Costlow and the trooper defendants conspired to harm Plaintiff, deprive him of his constitutional rights, and benefit Costlow. It would likewise demonstrate the facts and circumstances regarding the false and defamatory tales manufactured by Costlow and perpetuated and repeated by the trooper defendants.

6

Plaintiff further alleges the fact that the Family Court judge indicated that "another judicial body" could determine that the report should be unsealed if relevant to another court's proceedings. (Am. Compl. 270). This court is not, as suggested (but not supported) by Costlow, somehow deprived of jurisdiction to unseal the report.

In addition, Plaintiff has also alleged that Costlow obtained a copy, in violation of the Court's sealing order, and has sought to use the report against Ballock. (Am. Compl. 266-269, 276, 278-81). By violating the terms of the seal, equity further requires that the report be unsealed and the relief requested by Ballock be granted.

Ballock also alleges the ongoing dispute regarding this report, where Costlow has rejected "repeated requests to unseal and provide copies of the report" so that Ballock can use them "in connection with ongoing proceedings at his place of employment." (Am. Compl. 287). That refusal, in light of the factual allegations including Costlow's breach of the sealing order, further demonstrate that the interests of justice would not be served by dismissal. Worse, Costlow uses the seal to allow her to contradict the facts and findings therein when being interviewed by the FBI in connection with the ongoing investigation of Ballock caused by the Defendants' wrongful conduct. As a result, the declaratory judgment action has been adequately stated and must be allowed to proceed.

## V.     COSTLOW'S REMAINING ARGUMENTS SIMPLY REPEAT THOSE MADE BY THE TROOPER DEFENDANTS AND ARE ADDRESSED IN PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS.

The remaining arguments made by Costlow are the same limited examination of certain paragraphs of the complaint, failing to give Plaintiff's *pro se* complaint the favorable reading as a whole to which it is entitled at the motion to dismiss stage.

## CONCLUSION

The arguments raised by the Defendant Costlow are largely repetitive of those attempted

by the Trooper Defendants, Kief, Gaskins and Berry.  Those that are distinct must fail for the

reasons cited.

Respectfully submitted by Scott T. Ballock, by and through his counsel, this 6th day of

July, 2017.

*/S/ Frederick R. Juckniess*

Frederick R. Juckniess, Esquire
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104

Phone (734) 707-1515

Rick@Juckniesslaw.com

*/S/ Charles J. Crooks*

Charles J. Crooks, Esquire
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505

WV State Bar # 4633
Phone (304) 282-1039

Charles@crookslawfirm.org

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**                                   Case No.:     1:17-CV-52

　　　　Plaintiff,

v.                                                                      JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
and
**STATE TROOPER CHRIS BERRY,**

　　　　Defendants.

## CERTIFICATE OF SERVICE

I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify

that on the 6th day of July, 2017, I filed the foregoing "PLAINTIFF SCOTT BALLOCK

OPPOSITION TO DEFENDANT COSTLOW'S MOTION TO DISMISS" with the Clerk of the

Court using the CM/ECF system, which will send notification of the filing to the following:

P. Todd Phillips, Esq.
P. Todd Phillips & Associates
235 High Street
Suite 322
Morgantown, WV 26505
**Counsel for Defendant,**
**Ellen Ruth Costlow**

And

Mark G. Jeffries (WV Bar No. 11618)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330-4500
Mark.jeffries@steptoe-johnson.com

9

Monté L. Williams (WV Bar No. 9526)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
Monte.williams@steptoe-johnson.com
**Co-counsel for Defendants State Trooper
Michael Kief, State Trooper Ronnie M.
Gaskins and State Trooper Chris Berry**


/S/ Charles J. Crooks, Esq.