UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**SCOTT T. BALLOCK**                                        Case No.: 1:17-CV-52

       Plaintiff,

v.                                                         JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

       Defendants.

### PLAINTIFF SCOTT BALLOCK OPPOSITION TO TROOPER DEFENDANTS' MOTION TO STRIKE HIS OPPOSITION TO THEIR MOTION TO DISMISS

The Plaintiff, Scott T. Ballock, through his counsel, hereby opposes the motion to strike that was electronically filed and served on behalf of the Trooper Defendants, Kief, Gaskins and Berry on Friday, July 7, 2017.

### SUMMARY ARGUMENT

The Plaintiff, Scott T. Ballock, was *pro se* until Thursday, July 6, 2017, when the undersigned counsel appeared on his behalf. Up to that time, he was not a registered CM/ECF filer in this action. The Roseboro notice served on June 12, 2017, specified how the Plaintiff was to be served: "The Clerk is directed to send a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means." The Clerk complied and served the Plaintiff by certified mail, return receipt requested.

FR Civ P, Rule 6 specifically states that its provisions apply to court orders such as the Roseboro notice. Rule 6 provides: "The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." The motion to strike does not attempt any construction of this controlling procedural authority. According to

1

the plain language of these controlling rules of procedure, LR Civ P, Rule 5.06 (f) and Fed. R. Civ. P., Rule 6 (d), the Plaintiff was entitled to three additional days for receiving then serving his opposition brief, as required by the Roseboro notice. Accordingly, his opposition brief was timely filed and served via the CM/ECF system on Thursday, July 6, 2017.

### PROCEDURAL ARGUMENT

The docket demonstrates the action was commenced with the filing of the original complaint on April 6, 2017. That same day, a document entitled "Notice of General Guidelines for Appearing Pro Se In Federal Court" was electronically docketed and served by certified U.S. Mail upon the Plaintiff. That document explicitly advised him that he needed to mail an original and two copies of all filings to the Clerk and to serve copies upon all responding parties by U.S. Mail. He complied with that directive when he served the amended complaint and the defendants made no objection. Indeed, the defendants served their respective motions to dismiss upon the Plaintiff via certified mail, *see* dkt 15 and 17.

The applicable Local Rule of Civil procedure, LR Civ P 5.06 (f) states as follows: "(f) Service Upon Non-CM/ECF Filers: Parties not using CM/ECF are entitled to paper copies of all electronically-filed documents. The filing party must therefore provide the non-CM/ECF filer with the document according to the Federal Rules of Civil Procedure." The Plaintiff was never treated as an electronically filer before his counsel appeared on July 6, 2017.

This civil action was referred to the Honorable Michael John Aloi, United States Magistrate Judge, on the same day the case was docketed, April 6, 2017. Magistrate Judge Aloi entered a Roseboro notice on June 12, 2017, and directed the Clerk to serve the Plaintiff, Scott T. Ballock, via certified mail, return receipt requested, at his address of record. This was properly done.

The Roseboro notice directed Plaintiff to respond to the motions to dismiss within twenty-one days. The twenty-first day fell on Monday, July 3, 2017. Allowing three days for service of the Roseboro notice via certified mail, as required by LR Civ P, Rule 5.06 (f) and Fed. R. Civ. P., Rule 6 (d), the Plaintiffs' opposition memoranda were due for service on Thursday, July 6, 2017. The memorandum was electronically filed and served that day.

In calculating the response date, counsel for the trooper defendants counted the twenty-one days and stopped, not allowing the three days specified in LR Civ P, Rule 5.06 (f) and Fed. R. Civ. P., Rule 6 (d). This was done in error and requires the defendants' motion to strike the Plaintiff's opposition memorandum be denied.

The trooper defendants also complain that the Plaintiff's brief required 27 pages. Plaintiff's counsel identified good cause for the need of two additional pages. Of greatest significance was the omission of United States Supreme Court precedent from the motions to dismiss. Considering the defendants' objection on this point, it is also fair to note the defendants submitted in two briefs almost 50 pages of argument. Pedantry aside, the Plaintiff's request for leave to file two additional pages of argument was founded upon good cause and was equitable to all concerned.

## LEGAL ARGUMENT

The trooper defendants' motion to strike offers two reported decisions, Clark v. Milam, 152 FRD 66 (SDWV 1993) and New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290 (4th Cir. 2005), a *see also* citation. Neither of the cited cases applied the controlling authorities applicable to the current motion, LR Civ P, Rule 5.06 (f) and Fed. R. Civ. P., Rule 6 (d).

In Clark v. Milam, 152 FRD 66 (SDWV 1993), the CM/ECF system was not yet in use. The trial judge entered an order stating that plaintiff's counsel had leave until a date certain to file a motion to strike multiple affirmative defenses. Unlike the case at hand, the order in Clark specified a date certain for entering the motion in the court file. Plaintiff's counsel mailed the motion to the clerk and it arrived for filing after the deadline specified in the order. This was challenged by the defense.

The trial court declared the motion untimely, but proceeded, nonetheless, to strike two of the affirmative defenses (a generic failure-to-state-a-claim defense and a standing challenge) and then explained the limited circumstances under which a motion to strike defenses was available. In effect, the court admonished the lawyers and acted on their motion anyway.

In New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290 (4th Cir. 2005), a *see also* citation, the facts concerned a soured business arrangement. New Wellington filed a declaratory action

in Virginia federal court. The defendants challenged personal jurisdiction in Virginia and filed their own action in New Jersey state court. After a hearing before the Virginia federal court on a motion to dismiss, New Wellington's counsel submitted, without leave, a new argument asserting a theory of recovery by which they hoped to justify personal jurisdiction. The federal court found the filing was fugitive, but went on to state that even if it had been properly presented, the court would exercise its discretion and decline jurisdiction in view of the pending New Jersey case. The timing and procedural impropriety of the submission, after the hearing and not long before the court ruled, was mentioned but it was not controlling.

Neither Clark nor Wellington is on point for the trooper defendants' motion to strike. In Clark, the court ordered a motion filed by a certain date and it was not. In the case at bar, the Roseboro notice directed the service of Plaintiff's response within 21 days. That notice was expressly served on the Plaintiff via U.S. Mail, not electronically. Accordingly, it was subject to LR Civ P, Rule 5 (f) and FR Civ P, Rule 6 (d) which granted him three additional days to receive it.

The New Wellington decision presented a case of a fugitive document. In this respect, the procedural facts in New Wellington recall the fugitive exhibit proffered in support of the trooper defendants' motion. Indeed, to the extent New Wellington is persuasive, it undermines any argument made in reliance on a fugitive exhibit at the Rule 12 stage of this litigation.

## CONCLUSION

The Plaintiff's memorandum in opposition to the trooper defendants' motion to dismiss was timely filed and served using the CM/ECF system on July 6, 2017. The motion to strike was filed on Friday, July 7, 2017, the day after Plaintiff's counsel appeared and filed his opposition memorandum. Clearly, the motion to strike was impetuous. The trooper defendants' motion to strike failed to consider controlling authority, LR Civ P, Rule 5.06 (f) and Fed. R. Civ. P., Rule 6 (d). Accordingly, the motion to strike must be denied so the motion to dismiss and the Plaintiff's opposition may be decided on their merits.

Respectfully submitted by Scott T. Ballock, by and through his counsel, this 14th day of July 2017.


/S/ Charles J. Crooks

Charles J. Crooks, Esquire
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505


WV State Bar # 4633
Phone (304) 282-1039


Charles@crookslawfirm.org

/S/ Frederick R. Juckniess

Frederick R. Juckniess, Esquire
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104


Phone (734) 707-1515


Rick@Juckniesslaw.com

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                          Case No.:    1:17-CV-52

      Plaintiff,

v.                                                                          JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

      Defendants.

## CERTIFICATE OF SERVICE

   I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify

that on the 14th day of July, 2017, I filed the foregoing "PLAINTIFF SCOTT BALLOCK OPPOSITION

TO TROOPER DEFENDANTS' MOTION TO STRIKE HIS OPPOSITION TO THEIR MOTION TO

DISMISS" with the Clerk of the Court using the CM/ECF system, which will send notification of the filing

to the following:

P. Todd Phillips, Esq.
P. Todd Phillips & Associates
235 High Street
Suite 322
Morgantown, WV 26505
**Counsel for Defendant,**
**Ellen Ruth Costlow**

And

Mark G. Jeffries (WV Bar No. 11618)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330-4500
Mark.jeffries@steptoe-johnson.com

Monté L. Williams (WV Bar No. 9526)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
Monte.williams@steptoe-johnson.com
**Co-counsel for Defendants State Trooper**
**Michael Kief, State Trooper Ronnie M.**
**Gaskins and State Trooper Chris Berry**


*/S/ Charles J. Crooks, Esq.*