## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                                     Case No.: 1:17-CV-52

      Plaintiff,

v.                                                                                         JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

      Defendants.

### PLAINTIFF SCOTT BALLOCK'S MEMORANDUM IN RESPONSE TO DEFENDANT, ELLEN RUTH COSTLOW'S MOTION TO STRIKE

The Plaintiff, Scott T. Ballock, through his counsel, hereby opposes the motion to strike that was electronically filed and served on behalf of the Defendant, Ellen Ruth Costlow, Doc 24.

### PROCEDURAL HISTORY

The Defendant, Ellen Ruth Costlow's motion served to join in a motion to strike that was improvidently filed and served on behalf of the trooper defendants on Friday, July 7, 2017, Doc 23.

The Plaintiff filed and served his opposition to the trooper defendants' motion to strike on July 14, 2017, Doc 25. According to LR Civ P, Rule 7.02 (b)(1), this memorandum in response to Defendant Costlow's joinder is due for filing and service within 14 days, Wednesday, July 26, 2017.

### PROCEDURAL ARGUMENT

The Costlow joinder, Doc 24, merely reiterates the arguments contained in the trooper defendants' motion to strike, Doc 23. Whether an independent application of the controlling rules was attempted is so far unknown, but Counsel for Defendant Costlow adopted the trooper defendants' flawed calculation of the due date at issue in the pending motions to strike. Both have failed to acknowledge or apply controlling rules of procedure and as a result they both came up with the wrong due date.

1

As explained in detail in the response memorandum filed on July 14, Doc 25, the Plaintiff was not an electronic filer when the *Roseboro* notice was filed on June 12, 2017, Doc 19. The Court, acting through the Clerk, served him in accordance with LR Civ P, Rule 5.06 (f) and Fed. R. Civ. P., Rule 6 (d). Doing so allowed three days for use of the United States Mail, resulting in a due date of Thursday, July 6, 2017.[1] Plaintiff electronically filed and served a notice of his local counsel's appearance that day, along with his memoranda in response to the defendants' respective motions to dismiss. *See*, Doc 20 - 22. This was timely filing and service.

The memorandum filed in response to the trooper defendants' motion to dismiss required two pages more than the 25-page limit. LR Civ P, Rule 7.02 allows such a filing for good cause shown. The memorandum in response demonstrated good cause, as recited in the motion for leave to exceed the 25-page limit. *See* Doc 21. The defendants would apparently require a separate briefing schedule and rulings on the application of this local rule. It would be most inefficient for the Plaintiff to submit the response memorandum as an exhibit to a discrete motion for leave to exceed the limit. Presumably, the defendants would then have 14 days to oppose that and the Plaintiff could then reply. Such a motion for leave could not be decided without reviewing the proposed response memorandum and considering whether good cause existed for two additional pages. The inefficiency inherent in such an approach would undermine the point of the limit, to promote economy. All that LR Civ P, Rule 7.02 requires for leave to exceed the limit is a simple showing of good cause. Economy is worthy of a rule, but the approach postulated by the defendants would work counter to that purpose.

Had they elected to exercise candor and disclosed to the Court adverse controlling authority, *Town of Newton v. Rumery*, 480 U.S. 386 (1987), perhaps counsel for the trooper defendants would likewise have sought leave to exceed the page limit when they filed their supporting memorandum. They must concede that the pursuit of concision does not override the professional responsibility to disclose and attempt to

---

[1] The docket will reflect that the certified mail was returned as "Unclaimed Unable to Forward", Doc 26. The certified mail was delivered to Scott Ballock's current address, but he was out of state at the time of delivery. His father has a PACER account and he retrieved the *Roseboro* notice for Scott.

2

distinguish adverse controlling authority, rather than invite the risk of confusion and error. Defendant Costlow's counsel had pages to spare but omitted mention of the *Rumery* decision.

## LEGAL ARGUMENT

The Costlow motion to strike reiterates the two decisions offered by the trooper defendants' motion to strike, *Clark v. Milam*, 152 FRD 66 (SDWV 1993) and *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290 (4th Cir. 2005), a *see also* citation. As pointed out in Doc 25, pages 3-4, neither of the cited cases applied the controlling authorities applicable to the current motion, LR Civ P, Rule 5.06 (f) and Fed. R. Civ. P., Rule 6 (d). In fact, both decisions addressed the merits of fugitive arguments to demonstrate that they made no difference to the outcome. Thus, the propositions for which these cases were cited were merely dicta. The Costlow motion added nothing to an unpersuasive argument.

## CONCLUSION

The Plaintiff's memoranda in opposition to the respective defendants' motions to dismiss, Docs 21 and 22, were timely filed and served on Thursday, July 6, 2017. The motions to strike were both filed without first recognizing and applying controlling procedural authority. Time and resources have been wasted.

All the slicing and dicing of the amended complaint in the trooper defendants' motion to dismiss exhausted their page limits without addressing adverse controlling authority. The number of allegations, the multiple arguments offered in support of the motion to dismiss and the omission of controlling adverse substantive authority constituted good cause for the Plaintiff's 26th and 27th pages.

All the defendants have failed or refused to acknowledge and apply controlling substantive adverse authority in their motions to dismiss, *Town of Newton v. Rumery*, 480 U.S. 386 (1987). This was compounded by failing or refusing to acknowledge and apply controlling adverse procedural authority in their motions to strike, LR Civ P, Rule 5.06(f). In both instances, their motions must be denied in favor of developing the merits of the Plaintiff's claims pleaded in the amended complaint.

Respectfully submitted by Scott T. Ballock, by and through his counsel, this 25th day of July 2017.

*/S/ Charles J. Crooks*
Charles J. Crooks, Esquire
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505

WV State Bar # 4633
Phone (304) 282-1039

Charles@crookslawfirm.org

*/S/ Frederick R. Juckniess*
Frederick R. Juckniess, Esquire
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104

Phone (734) 707-1515

Rick@Juckniesslaw.com

4

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**                                              Case No.:   1:17-CV-52

      Plaintiff,

v.                                                                JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

      Defendants.

**CERTIFICATE OF SERVICE**

    I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify that on the 25th day of July, 2017, I filed the foregoing "PLAINTIFF SCOTT BALLOCK'S MEMORANDUM IN RESPONSE TO DEFENDANT, ELLEN RUTH COSTLOW'S MOTION TO STRIKE" with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:


P. Todd Phillips, Esq.
P. Todd Phillips & Associates
235 High Street
Suite 322
Morgantown, WV 26505
**Counsel for Defendant,**
**Ellen Ruth Costlow**

And

Mark G. Jeffries (WV Bar No. 11618)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330-4500
Mark.jeffries@steptoe-johnson.com

Monté L. Williams (WV Bar No. 9526)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
Monte.williams@steptoe-johnson.com
**Co-counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins and State Trooper Chris Berry**


*/S/ Charles J. Crooks, Esq.*