UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

        **Plaintiff,**                                **Case No.: 1:17-CV-52**
                                                                                   **(JUDGE KEELEY)**

v.

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,** and
**STATE TROOPER CHRIS BERRY,**

        **Defendants.**

## ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE

Motions to dismiss for failure to state a claim were filed by Defendants Berry, Gaskins, and Kief on June 8, 2017 (ECF No. 15), and by Defendant Costlow on June 9, 2017 (ECF No. 17). On June 12, 2017, a Roseboro notice was filed, and the Clerk was directed to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested. (ECF No. 19). The Roseboro notice provided, in relevant part, that Plaintiff should file any opposition to the Defendants' motions within twenty-one (21) days, and that such response should not exceed twenty-five (25) pages. (ECF No. 19 at 2).

On July 6, Plaintiff's memorandum in opposition to Defendants' motions to dismiss was filed. (ECF Nos. 21 and 22). Thereafter, on July 7, 2017, Defendants Berry, Gaskins, and Kief filed a motion (ECF No. 23) to strike Plaintiff's response in opposition to joint motion. On July 12, 2017, Defendant Costlow also filed a motion (ECF No. 24) to strike Plaintiff's memorandum in opposition to motion. Defendants alleged that Plaintiff's memorandum in opposition was untimely and not in conformity with the court's instructions, and should be stricken:

> The Court also declared that "within **twenty-one (21) days** of the date of this Order, the Plaintiff shall file any opposition he has to Defendants' motion. The Plaintiff's response **shall not exceed 25 pages**." [*See id.*] (emphasis in original). Thus, according to the *Roseboro Notice*, Plaintiff's response was due on Monday, July 3, 2017. Despite the Court's clear instructions, Plaintiff on July 6, 2017, filed a combined twenty-seven (27) page *Motion to Exceed Page-Limit* and *Response in Opposition to Defendants' Joint Motion* along with a ten (10) page *Response in Opposition to Defendant Costlow's Motion to Dismiss*. [ECF No. 21-22].

(ECF No. 23 at 2). Defendants Berry, Gaskins, and Kief argue that because the court "can ignore arguments forfeited because they are not presented consistent with the court's time limits," the Plaintiff's response "must be stricken from the Court's docket." (ECF No. 23 at 3). Defendant Costlow's motion tracked Defendants Berry, Gaskins, and Kief's motion. (ECF No. 24).

Plaintiff filed a memorandum in opposition to Defendants' Berry, Gaskins, and Kief's motion to strike on July 14, 2017 (ECF No. 25) and a response in opposition to Defendant Costlow's motion to strike on July 25, 2017 (ECF No. 27). In it, Plaintiff asserted that his opposition to Defendants' motions to dismiss filed on July 6, 2017 was not untimely; rather, Defendants miscalculated Plaintiff's time for response: "In calculating the response date, counsel for the trooper defendants counted the twenty-one days and stopped, not allowing the three days specified in LR Civ P, Rule 5.06(f) and Fed. R. Civ. P., Rule 6(d). This was done in error." (ECF No. 27 at 3).

> Local Rule of General Procedure 5.06 provides, in relevant part, that:
>
> (f) Service Upon Non-CM/ECF Filers: Parties not using CM/ECF are entitled to paper copies of all electronically-filed documents. The filing party must therefore provide the non-CM/ECF filer with the document according to the Federal Rules of Civil Procedure.
> (g) Time to Respond Under Electronic Service: Pursuant to Fed. R. Civ. P. 6(d) . . . service by electronic means is treated the same as service by mail for purposes of adding three (3) days to the prescribed period to respond.

Federal Rule of Civil Procedure 6(d) provides, in relevant part, that:

  (d) ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a).

Accordingly, Plaintiff's responses filed July 6, 2017 (ECF Nos. 21 and 22) are timely.[1]

Therefore, Defendant' motions to strike (ECF Nos. 23 and 24) are **DENIED**.[2]

  It is so **ORDERED**.

  The Clerk is **DIRECTED** to provide a copy of this order to counsel of record.

Dated: August 10, 2017.

                   MICHAEL JOHN ALOI
                   UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned further observes that the Roseboro Notice was returned to the court undelivered on July 19, 2017 (ECF No. 26).

[2] Even if this were not the case, the undersigned still would not strike Plaintiff's response on such minor grounds, given this court's "strong preference that . . . claims and defenses be disposed of on their merits . . . This imperative arises in myriad procedural contexts, but its primacy is never doubted." Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc. 616 F.3d 413, *417 (4th Cir. 2010). Further, as Plaintiff provided a request for good cause to exceed the 25-page limit articulated in Local Rule of Civil Procedure 7.02 by a mere two pages, this is likewise insufficient grounds to strike Plaintiff's responses.