UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

    Plaintiff,

v.   CIVIL ACTION NO..: 1:17-CV-52
    Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

    Defendants.

## DEFENDANT ELLEN RUTH COSTLOW'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

### I.   INTRODUCTION

Ellen Ruth Costlow, by counsel, hereby replies to the Plaintiff's Response to her 12b(6) Motion to Dismiss the Plaintiff's Amended Complaint, on the grounds that the Plaintiff fails to raise any issue to call into question the grounds for dismissal Ms. Costlow provided in her Motion. In particular, the Plaintiff fails to establish that Ms. Costlow was acting under "color of law" and, thus, is subject to liability on the Plaintiff's § 1983 actions which, as noted in Ms. Costlow's Motion, can be dismissed on other grounds as well.

The Plaintiff bases his claim for Ms. Costlow's § 1983 liability solely on allegations that she was in a "conspiring" with the Trooper Defendants to violate his civil rights. As observed below, however, the Plaintiff's Amended Complaint fails to allege facts sufficient to establish the existence of any conspiracy. In contrast, when the label of "conspiracy," used frequently by

1

the Plaintiff, is stripped away,[1] the facts alleged by the Plaintiff tell a story of nothing more than an ordinary law enforcement investigation, culminating with an arrest supported by probable cause.

The Plaintiff also fails to call into question grounds for dismissal of his Tortious Interference and Breach of Contract claims. The Plaintiff fails to allege damages sufficient to maintain either cause of action, and is precluded from seeking Breach of Contract damages, based upon his breach of the agreement attached to the dismissal of the criminal charges against him, in which he admitted that probable cause for the charges against him existed.

The Plaintiff's Response fails to question grounds for dismissal on his other claims as well, and does not attempt to dispute that his State law claim for Defamation (Twelfth Claim), is time-barred by the applicable statute of limitations. The Plaintiff mischaracterizes the information contained in the Family Court document he wishes to unseal for oppressive reasons. Ms. Costlow's Reply will concentrate on issues contained in the Plaintiff's Response to her Motion, as arguments applicable to both Ms. Costlow and the Trooper Defendants are thoroughly addressed in the Troopers' Reply.

## II. THE PLAINTIFF DOES NOT ALLEGE FACTS SUFFICIENT TO ESTABLISH THE EXISTENCE OF A CONSPIRACY

Private parties are not generally subject to claims under the Fourteenth Amendment. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49 (1999). A private party may, however, be liable in a § 1983 action if the party's conduct can be fairly attributed to the state and, thus, be deemed a "state action." See, Lugar v. Edmondson Oil Co., 457 U.S.

---

[1] See, Curry v. Weiford, 389 F. Supp. 704, 714 (N.D. W. Va. 2005)(Conclusory allegations of a conspiracy are insufficient to state a [civil rights] claim.)

2

922, 936-37 (1982). A private party may be found to have engaged in a state action where: "(1) the private defendant carries out a function that has historically and traditionally been an exclusive prerogative of the State, Flagg Bros. v. Brooks, 436 U.S. 149, 157-58 (1978); (2) the State has ordered or coerced the private conduct, Jackson v. Metro. Edison Co., 419 U.S. 345, 252-53 (1974); (3) the private party acted jointly and in a conspiracy with a state or local official to achieve the alleged wrongdoing, Lugar, 457 U.S. at 941, Brokaw v. Mercer Co., 235 F.3d 1000, 1016 (7th Cir. 2000); or (4) the private actor's conduct is pervasively entwined with state action. Brentwood Acad., 531 U.S. at 296-303." Shannon v. Kenova Police Dep't, 2010 U.S. Dist. Lexis 50995, 2010 WL 2079942 (S.D. W. Va. 2010)(Memorandum Opinion). A private party may also be subject to § 1983 liability where the private party directed control over a state actor. See, Brice v. Nkaru, 220 F.3d 233, 239 (4th Cir. 2000).

The Plaintiff's Amended Complaint does not attempt to allege that Ms. Costlow: performed a traditional state function; was ordered or coerced by a state actor; engaged in conduct pervasively entwined with a state function; or directed control over a state actor. His efforts at maintaining a § 1983 action against Ms. Costlow, thus, hinge upon establishing that Ms. Costlow and the Trooper Defendants formed a conspiracy to violate the Plaintiff's civil rights.

"[T]o establish a civil conspiracy under 42 U.S.C. § 1983, the plaintiff must prove that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right." Curry, 389 F. Supp.2d at 714, citing, Hinkle v. City of Clarksburg, WV, 81 F.3d 416 (4th Cir. 1996). "Conclusory allegations of a conspiracy are insufficient to state a claim." Curry, 389 F. Supp.2d

3

at 714, *citing*, Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)(referencing 42 U.S.C. § 1985 conspiracy claims). Under West Virginia law, "A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." Syl. pt. 3, Doe v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints, 801 S.E.2d 443 (2017), Syl. pt. 8, Dunn v. Rockwell, 225 W. Va. 43, 689 S.E.2d 255 (2009). Although the Plaintiff freely applies variations of the label "conspiracy" in a conclusory manner in his Amended Complaint, the specific actions the Plaintiff attributes to each of the Defendants describes nothing more than a standard law enforcement investigation, culminating with an arrest supported by probable cause, fails to establish a "conspiracy" on the part of the Defendants, and requires dismissal of the Plaintiff's various § 1983 claims against Ms. Costlow.

According to the Plaintiff's version of the events leading to his arrest, Ms. Costlow provided statements to Trooper Gaskins, which the Trooper documented in an incident report on September 2, 2013. Amended Complaint (ECF No. 14) at ¶ 67. The information provided by Ms. Costlow consisted of reporting unwanted email and text messages sent to her by the Plaintiff. *Id.* at ¶ 39. The Plaintiff admitted sending some or all of the email messages reported by Ms. Costlow to Trooper Gaskins in paragraph No. 2 of the agreement attached to the dismissal of the criminal charges against him. Memo. In Support of Motion to Dismiss, Ex. A (ECF No. 16-1)("Dismissal Agreement"). Some or all of this information apparently was also presented by Ms. Costlow in proceedings in the Family Court of Monongalia County, Amended Complaint at ¶¶ 65, 70, The Plaintiff does not allege that Trooper Gaskins contributed to the material

contained in the report, only that he included information "related" to him by Ms. Costlow. *Id* at ¶ 67.

At some point, an investigation by Troopers Gaskins and Kief commenced. *Id.* at ¶¶ 74, 122-26. In conducting the investigation, the Troopers "**relied solely of information provided by Costlow.**" *Id.* at ¶ 46 (***emphasis added***). The information provided by Ms. Costlow, describing the Plaintiff's unwanted communications, established probable cause for warrants for the Plaintiff's arrest on two counts of Stalking-Harass/Credible Threat, *Id.* at ¶ 38; Dismissal Agreement at ¶ 1 (containing Plaintiff's admission that probable cause for the warrants existed), which were executed by Trooper Kief on September 13, 2013. Amended Complaint at ¶ 34.

The Plaintiff makes no claim that Ms. Costlow and the Trooper Defendants worked in concert to formulate the allegations of unwanted communications, which served as the basis for the criminal charges against him. Instead, the Plaintiff alleges that Ms. Costlow alone "created a false narrative," *Id.* at ¶¶ 65, 76, and that the Trooper Defendants relied "***solely***" upon information Ms. Costlow provided in obtaining arrest warrants for the Plaintiff. *Id.* at ¶ 46, *supra*, (***emphasis added***).

No facts, therefore, are alleged by the Plaintiff sufficient to conclude that Ms. Costlow was acting under "color of law" in reporting criminal activity to the Trooper Defendants. Even if the Plaintiff were able to show that the Trooper Defendants violated the Plaintiff's civil rights in their investigation and arrest of the Plaintiff, no § 1983 or State law claim would exist against Ms. Costlow, as witnesses making reports to law enforcement cannot be held liable for the officer's subsequent conduct. *See*, Nkaru, 220 F.3d at 238-39, Syl pt. 11, Belcher v. Wal-Mart Stores, Inc., 211 W. Va. 712, 568 S.E.2d 19 (2000), Syl. pt. 1, Lusk v. IRA Watson Co., 185 W. Va. 680, 408 S.E.2d 630 (1991).

Nothing unlawful, however, occurred in the Troopers' arrest of the Plaintiff, removing the gravamen of the Plaintiff's claim for conspiracy under both § 1983 and State law. *See*, Hinkle, 81 F.3d 416, Syl. pt. 8, Dunn, 225 W. Va. 43, 689 S.E.2d 255 (2009), *supra*, (requiring unlawful objective or use of unlawful means to establish conspiracy). Probable cause existed for the Plaintiff arrest, Dismissal Agreement at ¶ 1, based upon evidence of the Plaintiff sending unwanted communications to Ms. Costlow, Amended Complaint at ¶ 39, where the Plaintiff admits sending at least some of such unwanted communications. Dismissal Agreement at ¶ 2. As such, the roles played by the various actors in the "conspiracy" alleged by the Plaintiff are as follows:

**Ms. Costlow**: Reported evidence of unwanted communications by the Plaintiff to Troopers Gaskins and possibly Kief. Amended Complaint at ¶¶ 39, 46, 67;

**Trooper Gaskins**: Took Ms. Costlow's statement and investigated the allegations. *Id*. at ¶¶ 46, 122-26;

**Trooper Kief**: Investigated the allegations and arrested the Plaintiff, pursuant to a lawfully issued warrant. *Id*. at 34, 122-26; and

**Trooper Berry**: Played no role, whatsoever.

The Plaintiff, thus, alleges insufficient facts for a conspiracy claim under either § 1983 or State law, with the former insufficiency requiring dismissal of all Federal claims against Ms. Costlow.

### III. THE PLAINTIFF FAILS TO STATE A CAUSE OF ACTION ON ANY THEORY RELATED TO ALLEGED COMMUNICATIONS BETWEEN MS. COSTLOW AND THE FBI

The Plaintiff's Amended Complaint attempts to obtain relief for statements allegedly made by Ms. Costlow to the FBI "in or around May 2016," *Id*. at 230, based

upon three State law causes of action: (1) Tortious Interference with Contract [Employment] (Eleventh Claim); (2) Defamation (Twelfth Claim); and (3) Breach of Contract. None of the attempts succeed in stating a viable cause of action.

As noted in Ms. Costlow's Motion to Dismiss and in the Reply filed by the Trooper Defendants, the Plaintiff failed in his Amended Complaint to establish any nexus between events occurring in May 2016 and following the filing of his original Complaint (ECF No. 1), and any change in employment status, monetary loss, or other damages. This deficiency is not cured by the Plaintiff's Response to either Ms. Costlow's or to the Troopers' Motions. Nothing in the Plaintiff's Response alters the fact that he is in the same position now – working for the FBI with his employment under some sort of investigation or review – as he was at the time of Ms. Costlow's alleged statements.

This fact alone is enough to defeat the Plaintiff's Tortious Interference and Breach of Contract claims, as neither a change in employment status or damages can be established. The only Breach of Contract damages the Plaintiff alleges in his Amended Complaint are: are unspecified "negative repercussions," *Id.* at 244; a ***possibility*** that his employment may be terminated at an unspecified time, *Id.*; and unspecified harm to his "personal and professional reputation," *Id.* at 120. In his Response, the Plaintiff claims Breach of Contract damages for "loss of promotions and transfer opportunities, as well as damages from the ongoing investigation," Response (ECF No. 22) at p. 5, which are not included in his Amended Complaint. The Amended Complaint alleges a denial of "professional and transfer opportunities, ***due to the Defendants' abuse of the judicial system***," Amended Complaint at ¶ 119, thus attributing those damages to the various

7

§ 1983 and State law claims, alleged against all Defendants, related to the Plaintiff's arrest on a warrant supported by probable cause in 2013. The Breach of Contract "damages" the Plaintiff alleges, based upon statements alleged to have been made in 2016 are, essentially, that his situation has not changed since 2013. Injury to reputation is not recognized as supporting damages in a Breach of Contract claim. Rice v. Community Health Ass'n, 203 F.3d 283, 288 (1999)(applying West Virginia law).

Additionally, the Plaintiff is precluding from suing for damages, based upon a breach of the agreement attached to the Dismissal Order, after the Plaintiff himself breached said agreement in alleging a want of probable cause for his arrest on two counts of Stalking'Harass/Credible Threat. See, Dismissal Agreement at ¶ 1, Teller v. McCoy, 162 W. Va. 367, 386, 253 S.E.2d 114, 126 (1978), citing, Franklin v. Pence, 128 W. Va. 353, 357, 36 S.E.2d 505, 508 (1945)("When the covenants are dependent and mutual....a party who violates the contract cannot recover damages which result from its violation by the other party.").

The Plaintiff's case rests almost entirely upon his claim that, contrary to his admission before the Magistrate Court of Monongalia County, probable cause for his arrest did not exist. See, Dismissal Agreement at ¶ 1, Amended Complaint at ¶¶ 153, 163-64, 176, 183-85 (denying or questioning existence of probable cause). All Plaintiff's causes of action can be traced in one way or another back to his recent claim that probable cause for his arrest did not exist, where he previously admitted that the opposite was true. His entire action is, thus, a breach of the agreement into which he voluntarily entered, to avoid prosecution of the charges against him, and he cannot now seek damages on a Breach of Contract theory, based upon allegations of another party's breach of the same agreement.

The Plaintiff does not dispute that his State law Defamation claim, (Twelfth Claim), based upon the same alleged statements, is barred by the applicable statute of limitations, as described in Ms. Costlow's Motion to Dismiss.

### IV. THE PLAINTIFF'S REQUEST FOR SEALED DOCUMENTS IS FOR THE PURPOSE OF DISSEMINATING INFORMATION HE IS PRECLUDED FROM SHARING BY HIS CRIMINAL PLEA AGREEMENT

No better evidence of the Plaintiff's malicious motivation in filing his Amended Complaint can be found, than in his request to unseal Ms. Costlow's custody evaluation from the Family Court of Monongalia County. As shown, as part of the agreement leading to dismissal of the criminal charges against him, the Plaintiff agreed:

> to cease, and to not initiate or reinitiate, if applicable, efforts to affect Ellen Costlow's personal reputation, employment, professional status or workplace relationships, and he agrees to discourage any other person purporting to act on his behalf to similarly cease, or not reinitiate any disparagement of Ellen Costlow on social media or other platforms of public communications. Scott Ballock also agrees to assist in removing any remaining remnants of disparaging social media postings by taking reasonable steps within his control to remove these postings, links or other social media communications. Dismissal Agreement at ¶ 3.

Filing the Amended Complaint has provided the Plaintiff an opportunity to present disparaging information, which he is otherwise prohibited from sharing. The Plaintiff spends much of his Complaint repeating Family Court allegations and presenting material, irrelevant to any cause of action, for the purpose of disparaging Ms. Costlow. See, e.g., Amended Complaint at ¶¶ 85, 121-26, 131-141, 256-89. Requesting unsealing of the Family Court document seeks to accomplish the same.

The Plaintiff invents facts, not contained in his Amended Complaint, in attempting to have the document unsealed. For starters, the Plaintiff argues that Ms. Costlow sought to have the document sealed "to prevent exposure of the conspiracy," and that the document "would

9

demonstrate that both Costlow and the trooper defendants conspired to harm Plaintiff." Response at p. 6. These claims are an attempt at re-writing Plaintiff's Amended Complaint, as ***nowhere*** in the Plaintiff's claim for Declaratory Judgment, Amended Complaint at ¶¶ 256-89, does the word "conspiracy" appear, and nowhere is it indicated that ***any*** information regarding the Trooper Defendants is contained in the document requested to be unsealed. The only mention of the Trooper Defendants in the Plaintiff's claim for Declaratory Judgment is to compare their investigation with that contained in the sealed report, Id. at ¶¶ 264-65, and to reference "Defendants, who purposely avoided pursuing this matter in Family Court," Id. at ¶ 272, which is likely a typographical error, considering no other allegation of the Trooper Defendants being parties in the Family Court proceedings is contained in the Amended Complaint.

The Plaintiff also mischaracterizes his own pleading in claiming that "the effort to seal was part of the conspiracy to protect the trooper defendants, who reviewed the report and therefore were aware of the facts and evaluations contained therein, but who nonetheless ignored it," citing paragraphs 265-66 of the Amended Complaint in support. Response at p. 6. The paragraphs cited state the following:

> 265. Though WVSP troopers reviewed only limited correspondence provided to them by Costlow, Cooper-Lehki reviewed all correspondence between Costlow and Ballock.
>
> 266. At Costlow's request, the Family Court sealed Dr. Cooper-Lehki's findings.

Nowhere in these paragraphs, or anywhere else in the Amended Complaint, is it alleged that the Trooper Defendants reviewed the document, were aware of the document or its contents, or that it was sealed as part of a conspiracy to protect the Trooper Defendants. As such, production of the document seems to be sought more for purposes of embarrassing Ms. Costlow, than for the probative value of such documents.

The facts the Plaintiff actually alleges in his Amended Complaint reveal the irrelevance of the sealed document. The Plaintiff claims an evaluation was conducted, to determine if Ms. Costlow suffered domestic violence at the hands of the Plaintiff. Amended Complaint at ¶¶ 256-64. The Plaintiff was charged with a non-violent offense, Id. at 40, consisting of sending unwanted communications to Ms. Costlow, Id. at 39, and was based upon information provided solely by Ms. Costlow to the Trooper Defendants. Id. at 46. The Plaintiff's admits sending at least some of the communications serving as the basis for the charges against him, Dismissal Agreement at ¶ 2, and admits that the information Ms. Costlow provided to the Troopers established probable cause for the charges against him. Id. at ¶ 1. Information concerning whether the Plaintiff beat Ms. Costlow as well, thus, has no relevance to his arrest, prosecution and the criminal charges made against him, and the Plaintiff's request to have the document unsealed is based upon malice and a desire to embarrass, rather than upon a genuine claim for relevant evidence. Additionally, the Plaintiff's request will become moot if the Court dismisses his claims against Ms. Costlow.

## V.   CONCLUSION

The Plaintiff's Response does nothing to challenge the grounds for dismissal contained in Ms. Costlow's and the Trooper Defendants' Motions. He makes no serious argument against all claims based upon the Plaintiff's 2013 arrest being barred by applicable statutes of limitations, except for Federal and State claims based upon Malicious Prosecution, which are dismissed, based upon the Plaintiff's admission that probable cause for his arrest existed.

All § 1983 claims against Ms. Costlow also fail, because of the Plaintiff's inability to allege any set of facts sufficient to reasonably conclude that Ms. Costlow acted under "color of

law." The Plaintiff's sole attempt at bringing Ms. Costlow into the Federal claims consists of alleging a conspiracy existing between her and the Trooper Defendants but, as shown above, once the "conspiracy" label is stripped away, the facts alleged by the Plaintiff establish nothing more than an ordinary criminal investigation, with Ms. Costlow doing nothing more than providing the Troopers with information establishing probable cause of criminal activity, and the Troopers doing nothing more than to investigate the information they were given, which is insufficient to conclude that Ms. Costlow was in any way a "state actor," in reporting receiving unwanted communications from the Plaintiff.

The Plaintiff also fails to allege damages and/or a change in employment status, necessary to maintain his Tortious Interference and Breach of Contract claims. In addition, the Plaintiff is barred from damages on his Breach of Contract claim, based upon his breach in alleging lack of probable cause to support claims related to his 2013 arrest. The Plaintiff does not dispute dismissal of his State law Defamation claim as being time-barred by the applicable statute of limitations. The Plaintiff requests unsealing of a document which does not relate to the criminal offense he was charged with, and which is requested for oppressive purposes.

For these reasons, Ms. Costlow is entitled to dismissal of all claims against her with prejudice, and an award of attorney fees, based upon the frivolous nature of the Plaintiff's Amended Complaint.

WHEREFORE, Ms. Costlow prays that this Honorable Court grants her Motion, dismisses all claims against her with prejudice, awards her all fees and costs, including attorney's fees, incurred in defending against this action, and any and all other such relief as the Court finds just and proper.

**RESPECTFULLY SUBMITTED,
ELLEN RUTH COSTLOW,
By counsel,**

_____
P. Todd Phillips (WV State Bar #9499)
P. TODD PHILLIPS & ASSOCIATES
235 High Street-Suite 322
Morgantown, WV 26505
304-296-3200
304-413-0202 *fax*
toddphillips.law@gmail.com

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

    Plaintiff,

v.

                                                      CIVIL ACTION NO.: 1:17-CV-52
                                                      Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 17th day of August 2017, I filed the foregoing "Defendant Ellen Ruth Costlow's Reply to Plaintiff's Response in Opposition to Motion to Dismiss" with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

    Mark G. Jeffries, Esq.
    STEPTOE & JOHNSON, PLLC
    400 White Oaks Boulevard
    Bridgeport, WV 26330-4500

    Montè L. Williams
    STEPTOE & JOHNSON, PLLC
    PO Box 1616
    Morgantown, WV 26507-1616

    *Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins and State Trooper Chris Berry*

    Frederick R. Juckniess, Esq.
    302 E. Liberty St., Suite 203
    Ann Arbor, MI 48104

Charles J. Crooks, Esq.
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505

*Counsel for Plaintiff*

                                  **RESPECTFULLY SUBMITTED,**

                                  */s/ P. Todd Phillips*
                                  _____
                                  P. Todd Phillips (WV State Bar #9499)
                                  P. TODD PHILLIPS & ASSOCIATES
                                  235 High Street-Suite 322
                                  Morgantown, WV 26505
                                  304-296-3200
                                  304-413-0202 *fax*
                                  toddphillips.law@gmail.com