UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**SCOTT T. BALLOCK,**

    **Plaintiff,**

                                                        **Case No.: 1:17-CV-52**

**v.**                                                     **(JUDGE KEELEY)**

**ELLEN RUTH COSTLOW, et al.**

    **Defendants.**

## ORDER GRANTING DECLARATORY JUDGMENT

On December 6, 2017, the undersigned entered a Report and Recommendation on Defendants' motions to dismiss considering, in relevant part, Plaintiff's request for a declaratory judgment that the custody evaluation report (hereinafter "the report") was relevant to these proceedings. (ECF No. 48 at 40-43). In that Report and Recommendation, the undersigned analyzed the relevancy of the report and concluded that it did appear relevant. Id. "However, in order to maximize fairness to both [Plaintiff and Defendant Costlow]," the Monongalia County Family Court was directed to provide the report directly to the undersigned's chambers for *in camera* review to permit a more thorough determination of relevance.

On January 11, 2018, the undersigned received a mailed copy of the report accompanied by an Order from Monongalia Family Court Judge Randal Minor. After reviewing the report *in camera*, it is apparent that the report and its contents are largely as described in the complaint. Accordingly, for the same reasons articulated in the first Report and Recommendation, Plaintiff's request is **GRANTED** and it is **DECLARED** that the report contains evidence relevant for discovery purposes to Plaintiff's claims.

However, there are also portions of the report that have no apparent relevance. Accordingly, one portion has been redacted by this Court as having no discernible probative value in this matter, in addition to its sensitivity.

While some remaining portions of the report are relevant, the undersigned also observes that portions of the report are also sensitive in nature. (The undersigned recognizes the importance of protecting the privacy of Plaintiff Ballock and Defendant Costlow's minor children, in particular). Accordingly, the parties continue to be bound by the terms of the joint agreed protective order filed in this case, (ECF No. 47), with the following corrections:

1. Although the parties' protective order cites "Local Rule of Civil Procedure 26.4," (ECF No. 47 at 3), the applicable rule in the Northern District of West Virginia is Local Rule of Civil Procedure 26.**5** (Protective Orders and Sealed Documents);

2. Although the parties' protective order cites, in relevant part, the "Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12," (ECF No. 47 at 3), the applicable procedure is the Administrative Procedures for Electronic Filing in the **Northern** District of West Virginia § 12 (titled *Sealed Documents, Sealed Cases, Documents Presented for In Camera Review and Documents Filed with the Court*).

Moreover, **under no circumstances shall any party file the report or any portion of the report on the public docket.** Any disputes that the parties are unable to resolve amongst themselves should be brought to the Court in accordance with the terms of the protective order. Chambers will provide a redacted copy of the report to the parties directly, via email, at the addresses listed for counsel on the docket.

The Clerk of Court is **DIRECTED** to provide a copy of this Order to counsel of record.

Entered this 8th day of February, 2018.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE