**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**  Case No.: 1:17-CV-52

        Plaintiff,

v.  JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

        Defendants.

### SCOTT BALLOCK'S OPPOSITION TO MOTION TO QUASH SUBPOENA BY CUSTODIAN OF RECORDS FOR THE WEST VIRGINIA STATE POLICE

Plaintiff's counsel arranged service of a subpoena on the West Virginia State Police (WVSP) after counsel for the trooper defendants refused to accept it on behalf of the WVSP. The WVSP has now appeared through those same lawyers with a motion to quash.

The WVSP's motion is without merit. Worse, it declares a style of obstructive defense the trooper defendants apparently intend for this litigation. They oppose discovery, avoid conferring with opposing counsel, seek delay of the proceedings, and are content to outspend or outlast the Plaintiff, Scott Ballock. The Third Amended Complaint alleges in detail that the defendant troopers of the West Virginia State Police conspired to abuse their authority and destroy Scott Ballock's career, in fact his life, all at the request of Defendant Trooper Berry who was sleeping with Ballock's wife. Their outrageous conduct was damaging not only to Scott Ballock but his family as well, including his children and father. Inasmuch as they utilized their status as West Virginia State Troopers, it is reasonable to expect their employer to possess relevant discovery.

1

The WVSP's motion serves no purpose other than delay discovery. Defendants' employer has a duty to fully participate in discovery and to produce all discovery described in the subpoena, not play games to increase costs and delay these proceedings.

Further, the WVSP had ample opportunity to lodge objections — 21 days from the date their counsel received the subpoena (though they declined to accept service) — and because it was required to timely object in order to support its motion to quash, all objections other than those to 25 and 28 were waived.

## LEGAL STANDARD

On a motion to quash, "the party opposing discovery has the obligation to submit evidence supporting its claims that the discovery is unduly burdensome, oppressive, or irrelevant." Adkins v. CMH Homes Inc., 2014 U.S. Dist. LEXIS 68998. Furthermore, "the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments." Id.

In making a motion to quash, a litigant is required to raise all objections at once: "Rule 45 requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a game." Paulino v. Dollar Gen. Corp., 2013 U.S. Dist. LEXIS 59371; In Deakins v. Pack, 2012 U.S. Dist. LEXIS 9409, 2012 WL 242859, *4 (S.D.W. Va. Jan. 25, 2012) (citing Sabol v. Brooks, 469 F. Supp. 2d 324, 328 (D. Md. 2006)) the Court stated that:

> [i]n most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections.

Paulino v. Dollar Gen. Corp., 2013 U.S. Dist. LEXIS 59371, at 36. Waiver attaches in this instance.

I.  **THE WVSP'S MOTION IS LEGALLY AND FACTUALLY WRONG — THE SUBPOENA TO WVSP IS PROPER AND REASONABLE.**

The WVSP constructs an argument on non-N.D.W.V. opinions that a subpoena is "unthinkable" if it is returnable before a document request, because a defendant should have 30 days to object before a "non-party" has to. This is legally wrong in N.D.W.V. and misrepresents even the law from other courts.  Under cases from this district -- none of which are cited by WVSP's/Defendants' counsel -- a party is not required to seek documents from a party first before subpoenaing them from a non-party. Munson v. Potter, 2010 U.S. Dist. LEXIS 63354, 2010 WL 2814115 ("the Court noted that it did not agree that a party could not use a subpoena to obtain information from a non-party that it had not already sought from a party during discovery"). Furthermore, the courts in this district have likewise held that a subpoena can be served on a party, even if to obtain the documents outside of the time limits of Rule 34 or even a scheduling order. Shire Dev. LLC v. Mylan Pharms., Inc., 2013 U.S. Dist. LEXIS 181134.

The WVSP is not only wrong because of the cases it fails to cite, it inaccurately represents the holdings of the cases it does cite.  To take first the case primarily relied upon by the WVSP, Joiner v. Choicepoint Servs., 2006 U.S. Dist. LEXIS 70239 the WVSP omits the key provision of the holding.  The WVSP claims that the court in Joiner quashed a subpoena where it sought documents also sought under Rule 34.  No so.  The subpoena recipient in Joiner sought to quash the portion of the subpoena seeking documents that it demonstrated were exclusively in the possession of the party Defendant.  The Joiner court even expressly recognizes that subpoenas duces cecum "can be served upon both a party and non-party under Rule 45" the limitation is where the subpoena seeks documents "possessed exclusively by Defendant." This limitation

3

makes sense, but does not apply here. The WVSP does not argue any category sought is "possessed exclusively by Defendant[s]" and thus cannot rely on Joiner because it does not even acknowledge this limitation in the rule it cites.

The subpoena to WVSP properly seeks any documents it has. Employees and agents, like the trooper defendants in this case, typically cannot produce their employers' records, or the records they generated as employees. State troopers cannot produce the files of the WVSP or records in the possession of their employer as they relate to them or their conduct. In point of fact, the WVSP does not argue otherwise. Without the subpoena, the trooper defendants would no doubt object and say they cannot produce WVSP documents. The documents sought are official WVSP records, a subpoena is the proper method for obtaining them. If any subpoenaed documents are exclusively in the individual trooper defendants' possession, the WVSP could not produce the documents anyway and would simply say so. Since the troopers and WVSP have the same lawyers they can certainly speak with confidence on such a point of fact.

The WVSP cannot seriously contend that it is just a "non-party" who is being unfairly burdened by a subpoena that seeks the same documents available from a party. The WVSP enjoys sovereign immunity, meaning claims like the one asserted here must be brought against the individuals employed by the WVSP. It cannot, and should not even be trying to use that status to frustrate discovery and make this litigation more expensive and burdensome for Scott Ballock. The trooper defendants have already inflicted serious damage on Scott Ballock's life. They must participate in the discovery process and afford Scott Ballock his opportunity to rectify those wrongs rather than compounding them with meritless motions.

The WVSP also argues that F.R.C.P., Rule 45 should be limited to the scope of F.R.C.P., Rule 26. Plaintiff does not disagree and the WVSP was free to timely present those objections.

Indeed, the WVSP had the distinct advantage of using the same lawyers defending the trooper defendants to present those objections. Accordingly, the trooper defendants' counsel were free to assert whatever objections they and the WVSP wished to present.

Finally, counsel for the WVSP argues that they were required to provide objections before the 30 days that would apply to a F.R.C.P., Rule 34 request. These same lawyers received the subpoena by email on January 18, when they refused a request to accept service. They had the requests for 21 days before they filed the current motion to quash.[1] They could have called and requested additional time and conferred about their anticipated objections. They did not, choosing instead to begin outspending Scott Ballock in fees and costs.

Counsel for both the trooper defendants and the WVSP complain that responding to the subpoena would "force the WVSP to assert those objections in response to his subpoena before the State Police Defendants have had the opportunity to fully evaluate the requests and possible objections." Frankly, when the same lawyers represent all concerned, they had ample opportunity to assert these most generic objections, and they elected not to request additional time or discuss their concerns, such an argument offends not only to their obligations but the dignity of these proceedings.

The remaining authority cited does not help the WVSP's argument against production. The first case, Kahle's Kitchens v. Shulter Cabinets,Inc., No. 17-0036, Slip op. at 15 9W. Va. Jan 24, 2018) was not decided under the federal rules of civil procedure. Furthermore, the motion to quash in that case was granted because the documents were shown to be available from another source.

---

[1] The subpoena was prepared January 23, 2018. The production date was inadvertently entered on the form with a date and time stamp indicating when it was prepared, January 23, 2018 at 6:03 p.m., rather than the date intended. This error went unnoticed by local counsel for Scott Ballock until the motion to quash was received, no email or telephone call about the obvious error was received.

Here, the WVSP does not suggest that the documents possessed by the WVSP are available from the trooper defendants, much less exclusively so. There is no "other source" proffered as in Kahle.

The South Carolina case of Layman v. Junior Players Golf Academy, 314 F.R.D. 379, 385 (D.S.C 2016) is also inapplicable and inaccurately cited. There, the court quashed a subpoena because it was served less than 30 days before the close of discovery and was thus found to be a direct attempt to circumvent the scheduling order. That court also found that the documents were in fact available from a party — something that the WVSP does not argue or establish is the case in the case at bar. Indeed, their argument seems to be that the trooper defendants should be allowed a chance to object before the WVSP is required to comply with the subpoena.

The WVSP failed to present applicable law, and misrepresented the Joiner opinion which was limited to quashing a subpoena where the moving party showed the documents were "exclusively" in the Defendants' possession. The WVSP makes no such showing, because the WVSP did not correctly cite the North Carolina case on which it relies. In making its meritless argument to dodge its discovery obligations, the WVSP has only increased the expense of litigation and delayed discovery without good cause. The WVSP was required to respond and to support any objections — it failed to do so and any remaining objections should be declared waived.

## II. THE WVSP'S OBJECTIONS TO CATEGORIES 25 AND 48 - THE ONLY CATEGORIES OBJECTED TO - ARE WITHOUT MERIT.

The WVSP does not present or support objections with respect to any categories except for two. The objections are insufficiently supported and should be overruled.

### Request No. 25

The first category objected to, numbered 25, seeks "All documents regarding any criminal complaint lodged by Costlow from 2010 to the present." The objection by WVSP is that the information is not relevant because no criminal complaint other than the one in 2013 where the

6

trooper defendants conspired to have Scott Ballock arrested in family court could possibly be relevant. Not so.

It is the WVSP's burden to demonstrate that the documents would not be relevant. The WVSP fails in this. The WVSP acknowledges there are allegations regarding other 911 calls by Costlow to which Trooper Berry responded. (Dkt. 53 at 7). The WVSP then argues that "there are no allegations that those calls led to Ms. Costlow filing a criminal complaint." But this argument too narrowly interprets the request, especially in light of the complaint allegations so exhaustively analyzed in the motions to dismiss. The documents concerning other criminal complaints by Costlow are relevant for several reasons.

Initially, it must be pointed out that the counsel for the WVSP and trooper defendants does not acknowledge all the criminal complaints that are addressed in the complaint and form part of the motive, mode of operation, and conduct at issue. For example, Scott Ballock includes detailed allegations regarding similarly false criminal allegations made by Ellen Costlow against Amy Fetty, who was a witness in the underlying divorce proceedings. (Dkt. 49 at 127). She likewise threatened to lodge false criminal complaints including for rape, ("Costlow was threatening to have sex with other men then report to the hospital to falsely claim she had been raped by them" and illegal drug possession, ("In recovered communications between Costlow and Kenny Ray Ice, Jr., it was discovered that Costlow had threatened to plant drugs in Kenny Ray Ice, Jr.'s residence in order to get him arrested") among other allegations.

The complaint also alleges in detail the false claims and assertions made by Ellen Costlow against Scott Ballock in particular. The multiple criminal complaints made by Costlow will also be relevant to the truth or falsity of the claimed basis of her fear of abuse on which she based the 2013 complaint concerning texting. This evidence will likewise be relevant to Ellen Costlow's

7

knowing misuse of legal proceedings by lodging criminal complaints, she knew how to work the system.

Relatedly, notice, knowledge and intent on the part of the trooper defendants will be demonstrated by evidence of the then-recent history of other baseless complaints made by Ellen Costlow. The trooper defendants were familiar with Ellen Costlow, her means and methods, because of their knowledge of these prior baseless complaints. They knew all this when they undertook to arrest a man they knew to be an FBI agent, Scott Ballock. The absence of complaints relating to Ballock will likewise be relevant on this same point.

As alleged in the complaint, Ellen Costlow was having sexual relations with Trooper Berry. Her other criminal complaints will provide information regarding other complaints where Costlow interacted with Berry, exploiting his status as a West Virginia State Trooper.

The subpoenaed documents will also afford an opportunity for discovering as-yet unknown coordinated actions Ellen Costlow coordinated with Trooper Berry and possibly his colleagues at the WVSP. The Court will recall that Trooper Berry and Costlow conspired with Troopers Gaskins and Kief to arrest Scott Ballock in family court. It is reasonable to inquire whether their involvement with Ellen Costlow on other complaints is reflected in such documents.

The WVSP also says the request is "vastly disproportional" to the need for the information, to the extent it is relevant. Yet, it proffers nothing to support this significant assertion. It should first determine what other complaints were lodged by Costlow and allow the Court to decide such a profoundly important issue of fact and law. Unless Ellen Costlow used the WVSP to lodge hundreds of complaints — a fact that itself would be relevant — there is no undue burden. In any event, it is not for them to summarily pronounce on the matter.

**Request No. 28**

The second category objected to, number 28, seeks: "All communications between the WVSP and the prosecutor's office regarding Scott Ballock." The WVSP asserts that all such documents are covered by the attorney-client and deliberative process privilege. Neither assertion is correct, nor does the WVSP support this conclusory claim with a privilege log.

The WVSP did not provide any authority demonstrating that a police department qualifies as a client to the prosecutor's office, thus supposedly making all communications between them "attorney-client privileged." The principal case cited by WVSP, United States v. Zingsheim, 384 F.3 867 (7th Cir. 2004), does not support any privilege between state police and prosecutors. The Zingheim court held that a district court erred in unilaterally requiring the US attorney's office to provide written reports from all agencies and the US Attorney's office recommending any downward departure in sentencing and downward departure as a condition to considering a downward-departure request. There, the Court ordered production of "c) a copy of a recommendation approved and signed by an individual holding a supervisory position in the law enforcement agency with whom the defendant cooperated (multiple agencies require multiple submissions), d) a written recommendation of a supervisor in the office of the prosecutor (e.g. United States Attorney, local district attorney or state attorney general)" as a condition of USSG Section 5K1.1.

The only other case, Worldnetdaily.com, Inc. v. US Dept. of Justice, 215 F.Supp.3d 81 (D.D.C. 2016), the WVSP cites is to support the claim of deliberative-process privilege, but that case had nothing to do with communications between police and prosecutors. That case was instead limited to one document — a specifically-identified internal Declination Memo sought by a FOIA request describing it as a "96-page Memorandum written by the investigative Assistant United States Attorneys to their superiors recommending against prosecution." That case does not

9

say that communications were privileged. To the contrary, the Worldnetdaily.com court confirmed that the government properly produced pursuant to the FOIA requests "all the 'materials used in the investigation by the Washington, D.C. Metropolitan Police Department, and reviewed by the U.S. Attorney's Office for the District of Columbia, into the October[] 3, 2013 fatal shooting of Miriam Carey by uniformed agents of the U.S. Secret Service and officers of the U.S. Capitol Police Department.'" There, the only withheld document was the specifically-identified report which was internal to the United States Attorneys recommending against prosecution. Accordingly, the Worldnetdaily.com decision defeats the argument that the communications relating to Ballock and his prosecution are somehow privileged.

Not only is there no blanket privilege protecting these communications, but asserted privileges may be overcome in § 1983 cases. See, e.g., Jones v. City of Coll Park, Ga., 237 F.R.D. 517, 520 (N.D. Ga. 2006). Other exceptions, such as the crime-fraud exception, may also apply where the communications are in connection with or furtherance of a crime or fraud — an exception that likewise would apply in this matter. Before we can determine and fully argue the application of one or more exceptions to an asserted privilege, the WVSP will need to identify and describe the document(s) on a privilege log that provides sufficient information for a challenge to be made, and the documents may also need to be submitted for in camera review.

Furthermore, the Defendants have already argued at the 12(b)(6) stage that there was probable cause for the arrest and continuing prosecution. As a result, the trooper defendants have put these communications at issue, and any supposed privilege has been waived.

Concerning the "deliberative-process privilege" to the extent that it exists, it would not apply to communications from the WVSP to or from the Monongalia County Prosecuting Attorney, but would be limited to documents revealing the actual internal process of consideration

10

within the prosecutor's office. Communications with the WVSP would not apply, nor does the WVSP attempt to explain how or why it would.

If the Court is inclined to allow the assertion of any privileges for communications between the WVSP and the prosecutor's office relating to Scott Ballock, then the WVSP should be required to produce a privilege log so that the assertion of privilege can be properly examined and challenged.

## CONCLUSION

The WVSP has apparently presented a meritless and unsupported motion because its counsel, simultaneously representing the trooper defendants, wanted an additional week to present objections to the F.R.C.P., Rule 34 requests served on the troopers. They failed to present or support the objections to the subpoena, relying on inapplicable and mis-applied cases.

The WVSP is properly the subject of a subpoena for the documents in its custody and control. Plaintiff would have allowed whatever reasonable time the WVSP requested, but it chose instead to move to quash. In doing so, it has also chosen to waive objections to all categories other than 25 and 28. The Court should order the production of the remaining documents, to the extent they are in the WVSP's custody and control, and grant Plaintiff any additional relief the Court deems justified and necessary to promote discovery and avoid unnecessary cost and delay.

Respectfully submitted by Scott T. Ballock, by and through his counsel, this 21st day of February, 2018.

*/S/ Frederick R. Juckniess*
Frederick R. Juckniess, Esquire
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104

Phone (734) 707-1515

Rick@Juckniesslaw.com

*/S/ Charles J. Crooks*
Charles J. Crooks, Esquire
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505

WV State Bar # 4633
Phone (304) 282-1039

Charles@CrooksLawFirm.org

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                                      Case No.: 1:17-CV-52

    Plaintiff,

v.                                                                                            JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

    Defendants.

## CERTIFICATE OF SERVICE

I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify that on January 18, 2018, I served the foregoing "SCOTT BALLOCK'S OPPOSITION TO MOTION TO QUASH SUBPOENA BY CUSTODIAN OF RECORDS FOR THE WEST VIRGINIA STATE POLICE" by electronic filing with the ECF system:

P. Todd Phillips, Esq.
141 Walnut St,
Morgantown, WV 26505
**Counsel for Defendant,**
**Ellen Ruth Costlow**
toddphillips.law@gmail.com


And

Mark G. Jeffries (WV Bar No. 11618)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330-4500
Mark.jeffries@steptoe-johnson.com

Monté L. Williams (WV Bar No. 9526)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
Monte.williams@steptoe-johnson.com
**Co-counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins and State Trooper Chris Berry**


*/S/ Charles J. Crooks, Esq.*