IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:17CV52
                                           (Judge Keeley)

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
**and STATE TROOPER CHRIS BERRY**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 48] AND ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 50]

On April 6, 2017, the plaintiff, Scott T. Ballock ("Ballock"), filed a pro se Complaint pursuant to 42 U.S.C. § 1983, naming as defendants his former spouse, Ellen Ruth Costlow ("Costlow"), and West Virginia State Troopers Michael Kief, Ronnie M. Gaskins, and Chris Berry ("State Troopers")(Dkt. No. 1). Ballock's claims arise out of a September 2013 arrest, which he characterizes as "an attempt to assist Costlow in an ongoing Family Court dispute." Id. at 1. Pursuant to 28 U.S.C. § 636(b) and the local rules, the Court referred this matter to the Honorable Michael J. Aloi, United States Magistrate Judge for initial screening and a Report and Recommendation ("R&R") (Dkt. No. 5).

On May 25, 2017, Ballock filed an Amended Complaint (Dkt. No. 14), which the State Troopers moved to dismiss on June 8, 2017

(Dkt. No. 15). Costlow then moved to dismiss the claims against her on June 9, 2017 (Dkt. No. 17).

On October 12, 2017, Ballock moved for and was granted leave to file a Second Amended Complaint (Dkt. No. 42, 44). At a hearing held on October 13, 2017, Magistrate Judge Aloi heard argument on the defendants' pending motions to dismiss. Id.

In an R&R entered on December 6, 2017, Magistrate Judge Aloi recommended that the Court grant in part and deny in part the defendants' motions to dismiss (Dkt. No. 48). He first determined that Ballock's claims are not barred by the applicable statutes of limitations; that Ballock's termination from employment rendered the defendants' argument as to lack of damages moot; and that Ballock had alleged facts sufficient to show that Costlow was acting under color of law as to the § 1983 claims against her. Id. at 6-10.

After analyzing Ballock's claims, Magistrate Judge Aloi also concluded that Ballock had sufficiently pled claims for abuse of process (Counts One and Four), malicious prosecution (Counts Two and Five), conspiracy (Count Six), defamation (Counts Seven and Twelve), slander (Count Eight), tortious interference with contract (Counts Ten and Eleven), and breach of contract (Count Thirteen), and recommended that the defendants' motions to dismiss be denied

2

as to those claims. Id. at 43-44. He further concluded, however, that Ballock had failed to allege facts sufficient to support claims for denial of access to the courts (Count Three) and "color of law" (Count Fourteen) and recommended dismissal of those claims. Id. at 44. Finally, he concluded that Ballock had failed to plead the severity element of his intentional infliction of emotional distress claim (Count Nine) with sufficient specificity and directed Ballock to amend his complaint regarding this issue within fourteen (14) days of entry of the R&R. Id. at 31, 43.

After Ballock timely filed a Third Amended Complaint, alleging additional facts regarding the severity of the emotional distress he allegedly suffered (Dkt. No. 49), Magistrate Judge Aloi issued a second R&R, finding that Ballock's complaints pled severity of distress with sufficient specificity to survive a motion to dismiss (Dkt. No. 50 at 2). Accordingly, he recommended that the Court deny the defendants' motions to dismiss Ballock's claim for intentional infliction of emotional distress. Id.

Both of the R&Rs informed the parties of their right to file any objections within fourteen (14) days and further warned that the failure to do so would result in waiver of the right to appeal from the judgment of this Court. The parties filed no objections.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 48]
AND ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 50]**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court need not conduct a de novo review. Dellacirprete, 479 F. Supp. 2d at 603-04. Therefore, following review of the R&Rs and the record for clear error, it:

1) **ADOPTS** the R&Rs (Dkt. Nos. 48, 50);

2) **GRANTS in PART** the defendants' motions to dismiss (Dkt. Nos. 15, 17) and **DISMISSES** Counts Three and Fourteen **WITH PREJUDICE**; and

3) **DENIES in PART** the defendants' motions to dismiss as to Counts One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen (Dkt. Nos. 15, 17).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: March 9, 2018.

> /s/ Irene M. Keeley
> IRENE M. KEELEY
> UNITED STATES DISTRICT JUDGE