## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

      **Plaintiff,**

**v.**
                                       **CIVIL ACTION NO.:  1:17-CV-52**
                                       **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

      **Defendants.**

### DEFENDANTS STATE TROOPER MICHAEL KIEF, STATE TROOPER RONNIE M. GASKINS, AND STATE TROOPER CHRIS BERRY'S ANSWER TO THIRD AMENDED COMPLAINT

COME NOW, Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry (collectively, the "State Police Defendants"), by counsel, and answer Plaintiff's Third Amended Complaint as follows:

### INTRODUCTION

1.      The State Police Defendants admit that Sgt. Kief and Trooper Gaskins arrested Plaintiff Scott T. Ballock.  The State Police Defendants deny the remaining allegations in Paragraph 1.

2.      The State Police Defendants deny the allegations in Paragraph 2.

3.      The State Police Defendants deny the allegations in Paragraph 3.

4.      The State Police Defendants deny the allegations in Paragraph 4.

5.      The State Police Defendants deny the allegations in Paragraph 5.

## VENUE AND JURISDICTION

6.      The State Police Defendants admit the allegations in Paragraph 6.

7.      The State Police Defendants admit the allegations in Paragraph 7.

9. [*sic*] The State Police Defendants admit the allegations in Paragraph 9.

## PARTIES

10.      The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 10.

11.      The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 11.

12.      The State Police Defendants admit the allegations in Paragraph 12.

13.      The State Police Defendants admit the allegations in Paragraph 13.

14.      The State Police Defendants admit the allegations in Paragraph 14.

15.      The State Police Defendants admit the allegations in Paragraph 15.

16.      The State Police Defendants admit the allegations in Paragraph 16.

17.      The State Police Defendants admit the allegations in Paragraph 17.

18.      The State Police Defendants deny the allegations in Paragraph 18.

19.      The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 19, as they do not know what information and belief Plaintiff has.

## ALLEGATIONS COMMON TO ALL COUNTS

20.      The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 20.

2

7889305

21.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 21.

22.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 22.

23.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 23.

24.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 24.

25.     The State Police Defendants admit that Plaintiff alleges Defendant Ellen Ruth Costlow had an affair with Trooper Berry, but deny that Ms. Costlow actually did so.

26.     The State Police Defendants deny the allegations in Paragraph 26.

27.     The State Police Defendants deny the allegations in Paragraph 27.

28.     The State Police Defendants deny the allegations in Paragraph 28.

29.     The State Police Defendants admit that Tom Ballock contacted Sgt. Kief on or about August 13, 2013 claiming that Trooper Berry was having an affair with Ms. Costlow, but deny that Trooper Berry actually was having an affair with Ms. Costlow.

30.     The State Police Defendants admit the allegations in Paragraph 30.

31.     The State Police Defendants admit that Plaintiff claimed to Sgt. Kief that Trooper Berry was having an affair with Ms. Costlow and that Trooper Berry was conducting surveillance of Plaintiff and Plaintiff's parents, but deny that Trooper Berry actually was having an affair with Ms. Costlow or conducting surveillance of Plaintiff and Plaintiff's parents.

7889305

32.     The State Police Defendants admit only that Sgt. Kief advised, in a professional manner, Plaintiff that Trooper Berry had not engaged in wrongdoing, but deny the remaining allegations in Paragraph 32.

33.     The State Police Defendants deny the allegations in Paragraph 33.

34.     The State Police Defendants deny the allegations in Paragraph 34.

35.     The State Police Defendants admit that Sgt. Kief arrested Plaintiff outside the Monongalia Family Court courtroom on September 13, 2013, but deny the remaining allegations in Paragraph 35.

36.     The State Police Defendants admit that Plaintiff was arrested by two State Troopers and taken to the Magistrate Court.  The State Police Defendants deny the remaining allegations in Paragraph 36.

37.     The State Police Defendants admit the allegations in Paragraph 37.

38.     The State Police Defendants admit the allegations in Paragraph 38.

39.     The State Police Defendants deny the allegations in Paragraph 39.

40.     The State Police Defendants deny the allegations in Paragraph 40.

41.     The State Police Defendants admit that Plaintiff was not summoned, but was arrested pursuant to a warrant.  The State Police Defendants deny the remaining allegations in Paragraph 41.

42.     The State Police Defendants admit that, as an FBI agent, Plaintiff carried a firearm and that part of the reason Plaintiff was arrested at a Family Court hearing was because it was known he would not have his firearm during the hearing.

43.     The State Police Defendants deny the allegations in Paragraph 43.

7889305

44.      The State Police Defendants admit the allegations in Paragraph 44.

45.      The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 45.

46.      The State Police Defendants admit the allegations in Paragraph 46.

47.      The State Police Defendants deny the allegations in Paragraph 47.

48.      The State Police Defendants deny the allegations in Paragraph 48.

49.      The State Police Defendants deny the allegations in Paragraph 49.

50.      The State Police Defendants deny the allegations in Paragraph 50.

51.      The State Police Defendants deny the allegations in Paragraph 51.

52.      The State Police Defendants deny the allegations in Paragraph 52.

53.      The State Police Defendants deny the allegations in Paragraph 53.

54.      The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 54.

55.      The State Police Defendants lack sufficient knowledge or information to form a belief about any communications between Plaintiff and the Monongalia County Prosecutor, but deny that Plaintiff's arrest was an abuse of the judicial process.

56.      The State Police Defendants admit the allegations in Paragraph 56.

57.      The State Police Defendants admit Plaintiff's criminal record was expunged.  The State Police Defendants deny the State Police was ordered to destroy any and all records related to its investigation.  The State Police Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 57.

58.      The State Police Defendants deny the allegations in Paragraph 58.

5

59.     The State Police Defendants deny the allegations in Paragraph 59.

60.     The State Police Defendants deny that Ms. Costlow had a romantic relationship with Trooper Berry.  The State Police Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 60.

61.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 61.

62.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 62.

63.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 63.

64.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 64.

65.     The State Police Defendants deny the allegations in Paragraph 65.

66.     The State Police Defendants deny the allegations in Paragraph 66.

67.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 67.

68.     The State Police Defendants admit that Trooper Gaskins prepared incident report 1210-43774 on or about September 2, 2013 based on information provided by Ms. Costlow.  The State Police Defendants deny the remaining allegations in Paragraph 68.

69.     The State Police Defendants admit the allegations in Paragraph 69.

70.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 70.

7889305

71.     The State Police Defendants deny the allegations in Paragraph 71.

72.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 72.

73.     The State Police Defendants deny that Trooper Berry was having an affair with Ms. Costlow and that Trooper Berry was conducting surveillance of Plaintiff.  The State Police Defendants admit that Sgt. Kief did not recuse himself or the West Virginia State Police from the investigation of Plaintiff.

74.     The State Police Defendants deny the allegations in Paragraph 74.

75.     The State Police Defendants admit that Sgt. Kief participated in the investigation of Plaintiff.  The State Police Defendants deny that Sgt. Kief directly participated in the prosecution of Plaintiff and further deny the implication in Paragraph 75 that it was improper for Sgt. Kief to participate in the investigation of Plaintiff.

76.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 76.

77.     The State Police Defendants deny the allegations in Paragraph 77.

78.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 78.

79.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 79.

80.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 80.

81.     The State Police Defendants deny the allegations in Paragraph 81.

7889305

82.     The State Police Defendants deny the allegations in Paragraph 82.

83.     The State Police Defendants admit that Ms. Costlow sent an e-mail to Trooper Gaskins on September 8, 2013.  The State Police Defendants deny the remaining allegations in Paragraph 83.

84.     The State Police Defendants admit that Paragraph 83 accurately excerpts part of the September 8, 2013 e-mail referred to in Paragraph 82.

85.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 85.

86.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 86, including each of its subparts.

87.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 87.

88.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 88.

89.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 89.

90.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 90 because it is not clear what "above-noted information" is referred to.  To the extent Paragraph 90 refers to the allegations in Paragraphs 86-89, the State Police Defendants deny that the information alleged in those paragraphs was relevant to their investigation.

91.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 91.

92.     The State Police Defendants admit that they knew that Plaintiff and Ms. Costlow were involved in divorce proceedings at the time of Plaintiff's arrest but deny the remaining allegations in Paragraph 92.

93.     The State Police Defendants deny that they had ulterior motives for arresting Plaintiff.  The State Police Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 93.

94.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 94.

95.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 95.

96.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 96.

97.     The State Police Defendants admit the allegations in Paragraph 97.

98.     The State Police Defendants deny that Trooper Berry was having an affair with Ms. Costlow.  The State Police Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in Paragraph 98.

99.     The State Police Defendants deny that Trooper Berry and Ms. Costlow exchanged inappropriate communications.   The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 99.

100.    The State Police Defendants deny the allegations in Paragraph 100.

9

7889305

101.    The State Police Defendants admit the allegations in Paragraph 101.

102.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 102.

103.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 103.

104.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 104.

105.    The State Police Defendants admit that car break-ins had occurred in Ms. Costlow's neighborhood.   The State Police Defendants deny the remaining allegations in Paragraph 105.

106.    The State Police Defendants admit the allegations in Paragraph 106.

107.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 107.

108.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 108.

109.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 109.

110.    The State Police Defendants deny the allegations in Paragraph 110.

111.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 111.

112.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 112.

7889305

113.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 113.

114.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 114.

115.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 115.

116.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 116.

117.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 117.

118.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 118.

119.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 119.

120.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 120.

121.    The State Police Defendants admit that the criminal charges against Plaintiff were dismissed on April 7, 2016.  The State Police Defendants deny that the criminal prosecution of Plaintiff caused him harm.   The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 121.

122.    The State Police Defendants admit the allegations in Paragraph 122.

7889305

123.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 123.

124.     The State Police Defendants deny the allegations in Paragraph 124.

125.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 125.

126.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 126.

127.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 127, including each of its subparts.

128.     The State Police Defendants deny the allegations in Paragraph 128.

129.     The State Police Defendants deny the allegations in Paragraph 129.

130.     The State Police Defendants deny the allegations in Paragraph 130.

131.     The State Police Defendants deny the allegations in Paragraph 131.

132.     The State Police Defendants deny the allegations in Paragraph 132.

133.     The State Police Defendants deny the allegations in Paragraph 133.

134.     The State Police Defendants deny the allegations in Paragraph 134.

135.     The State Police Defendants deny the allegations in Paragraph 135.

136.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 136.

137.     The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 137.

7889305

138.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 138.

139.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 139.

140.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 140.

141.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 141.

142.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 142.

143.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 143.

144.    The State Police Defendants admit the allegations in Paragraph 144.

145.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 145.

146.    The State Police Defendants admit that the 911 report of this incident reflects that the caller stated that the male involved, who was believed to be an FBI agent, had weapons.  The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 146.

147.    The State Police Defendants admit the State Police did not write a report regarding the March 6, 2013 call referred to in Paragraph144.  The State Police Defendants deny

that the March 6, 2013 incident was a "violent domestic episode" and deny the remaining allegations in Paragraph 147.

148.    The State Police Defendants lack sufficient knowledge or information to form a belief about what Mr. Ice said or believed, but deny that State Troopers did not file a report regarding the March 6, 2013 incident referred to in Paragraph 144 at Ms. Costlow's request.  The State Police Defendants deny the remaining allegations in Paragraph 148.

149.    The State Police Defendants deny the allegations in Paragraph 149.

150.    The State Police Defendants deny the allegations in Paragraph 150.

151.    The State Police Defendants deny the allegations in Paragraph 151.

152.    The State Police Defendants deny the allegations in Paragraph 152.

153.    The State Police Defendants deny the allegations in Paragraph 153.

**FIRST CLAIM FOR RELIEF**
**(Section 1983 Abuse of Process)**

154.    The State Police Defendants incorporate their answers to Paragraphs 1 through 153 of the Third Amended Complaint as if set forth fully herein.

155.    Paragraph 155 contains a partial sentence to which no answer is required or possible.

156.    The State Police Defendants admit that Paragraph 156 accurately states the substance of part of 42 U.S.C. § 1983.

157.    The State Police Defendants admit the allegations in Paragraph 157.

158.    The State Police Defendants admit that they were acting under color of law at relevant times to the Third Amended Complaint and that their actions were within the scope of

their employment.  The State Police Defendants deny that they committed any act or omission that was a violation of the law.

159.    The State Police Defendants deny the allegations in Paragraph 159.

160.    The State Police Defendants deny the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 call for a legal conclusion.  Therefore, no response is required.  To the extent that a response is required, the State Police Defendants deny that they violated Plaintiff's rights.

162.    The State Police Defendants deny the allegations in Paragraph 162.

163.    The State Police Defendants deny the allegations in Paragraph 163.

**SECOND CLAIM FOR RELIEF**
**(Section 1983 Malicious Prosecution)**

164.    The State Police Defendants incorporate their answers to Paragraphs 1 through 163 of the Third Amended Complaint as if set forth fully herein.

165.    Paragraph 165 contains a partial sentence to which no answer is required or possible.

166.    The State Police Defendants admit that Paragraph 166 accurately states the substance of part of 42 U.S.C. § 1983.

167.    The State Police Defendants admit the allegations in Paragraph 167.

168.    The State Police Defendants admit that they were acting under color of law at relevant times to the Third Amended Complaint and that their actions were within the scope of their employment.  The State Police Defendants deny that they committed any act or omission that was a violation of the law.

169.    The State Police Defendants deny the allegations in Paragraph 169.

15

170.    The State Police Defendants deny the allegations in Paragraph 170.

171.    The State Police Defendants admit Plaintiff's criminal proceedings terminated in his favor, but deny the remaining allegations in Paragraph 171.

172.    The allegations in Paragraph 172 call for a legal conclusion.   Therefore, no response is required.  To the extent that a response is required, the State Police Defendants deny that they violated Plaintiff's rights.

173.    The State Police Defendants deny the allegations in Paragraph 173.

174.    The State Police Defendants deny the allegations in Paragraph 174.

**THIRD CLAIM FOR RELIEF**
**(Section 1983 Redress of Courts)**

175.    The Court has dismissed this Count by Order entered March 9, 2018 (ECF No. 58); therefore, no answer is necessary.  To the extent an answer is deemed necessary, the State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 175, but deny that any representative of the West Virginia State Police lodged a complaint with the Senior Resident Agent at the FBI's Clarksburg Resident Agency at their request or with their knowledge.

176.    The Court has dismissed this Count by Order entered March 9, 2018 (ECF No. 58); therefore, no answer is necessary. To the extent an answer is deemed necessary, the State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 176, but deny that any representative of the West Virginia State Police lodged a complaint with the Senior Resident Agent at the FBI's Clarksburg Resident Agency at their request or with their knowledge.

7889305

177.    The Court has dismissed this Count by Order entered March 9, 2018 (ECF No. 58); therefore, no answer is necessary.  To the extent an answer is deemed necessary, the State Police Defendants admit that they were aware of Plaintiff's employment with the FBI.  The State Police Defendants deny the remaining allegations in Paragraph 177.

178.    The Court has dismissed this Count by Order entered March 9, 2018 (ECF No. 58); therefore, no answer is necessary.  To the extent an answer is deemed necessary, the State Police Defendants deny the allegations in Paragraph 178.

179.    The Court has dismissed this Count by Order entered March 9, 2018 (ECF No. 58); therefore, no answer is necessary. To the extent an answer is deemed necessary, the State Police Defendants deny the allegations in Paragraph 179.

**FOURTH CLAIM FOR RELIEF**
**(State Law Abuse of Process)**

180.    The State Police Defendants incorporate their answers to Paragraphs 1 through 179 of the Third Amended Complaint as if set forth fully herein.

181.    The State Police Defendants admit that they were acting under color of law at relevant times to the Third Amended Complaint and that their actions were within the scope of their employment.  The State Police Defendants deny that they committed any act or omission that was a violation of the law.

182.    The State Police Defendants deny the allegations in Paragraph 182.

183.    The State Police Defendants deny the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 call for a legal conclusion.  Therefore, no response is required.  To the extent that a response is required, the State Police Defendants deny that they violated Plaintiff's rights.

185.    The State Police Defendants deny the allegations in Paragraph 185.

186.    The State Police Defendants deny the allegations in Paragraph 186.

### FIFTH CLAIM FOR RELIEF
#### (State Law Malicious Prosecution)

187.    The State Police Defendants incorporate their answers to Paragraphs 1 through 186 of the Third Amended Complaint as if set forth fully herein.

188.    The State Police Defendants admit that they were acting under color of law at relevant times to the Third Amended Complaint and that their actions were within the scope of their employment.  The State Police Defendants deny that they committed any act or omission that was a violation of the law.

189.    The State Police Defendants deny the allegations in Paragraph 189.

190.    The State Police Defendants deny the allegations in Paragraph 190.

191.    The State Police Defendants admit Plaintiff's criminal proceedings terminated in his favor, but deny the remaining allegations in Paragraph 191.

192.    The allegations in Paragraph 192 call for a legal conclusion.  Therefore, no response is required.  To the extent that a response is required, the State Police Defendants deny that they violated Plaintiff's rights.

193.    The State Police Defendants deny the allegations in Paragraph 193.

194.    The State Police Defendants deny the allegations in Paragraph 194.

### SIXTH CLAIM FOR RELIEF
#### (Conspiracy)

195.    The State Police Defendants incorporate their answers to Paragraphs 1 through 194 of the Third Amended Complaint as if set forth fully herein.

196.    The State Police Defendants deny the allegations in Paragraph 196.

197.    The State Police Defendants deny the allegations in Paragraph 197.

198.    The State Police Defendants deny the allegations in Paragraph 198.

### SEVENTH CLAIM FOR RELIEF
### (Section 1983 Defamation)

199.    The State Police Defendants incorporate their answers to Paragraphs 1 through 198 of the Third Amended Complaint as if set forth fully herein.

200.    The State Police Defendants deny the allegations in Paragraph 200.

201.    The State Police Defendants admit that Ms. Costlow's statements to Trooper Gaskins and Sgt. Kief communicated that Plaintiff engaged in criminal behavior.  The State Police Defendants deny the remaining allegations in Paragraph 201.

202.    The State Police Defendants deny the allegations in Paragraph 202.

203.    The State Police Defendants deny the allegations in Paragraph 203.

204.    The State Police Defendants deny the allegations in Paragraph 204.

205.    The State Police Defendants deny the allegations in Paragraph 205.

206.    The State Police Defendants deny the allegations in Paragraph 206.

207.    The State Police Defendants deny the allegations in Paragraph 207.

### EIGHTH CLAIM FOR RELIEF
### (Slander)

208.    The State Police Defendants incorporate their answers to Paragraphs 1 through 207 of the Third Amended Complaint as if set forth fully herein.

209.    The State Police Defendants deny the allegations in Paragraph 209.

210.    The State Police Defendants admit that Ms. Costlow's statements to Trooper Gaskins and Sgt. Kief communicated that Plaintiff engaged in criminal behavior.  The State Police Defendants deny the remaining allegations in Paragraph 210.

211.    The State Police Defendants deny the allegations in Paragraph 211.

212.    The State Police Defendants deny the allegations in Paragraph 212.

213.    The State Police Defendants deny the allegations in Paragraph 213.

214.    The State Police Defendants deny the allegations in Paragraph 214.

215.    The State Police Defendants deny the allegations in Paragraph 215.

216.    The State Police Defendants deny the allegations in Paragraph 216.

## NINTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

217.    The State Police Defendants incorporate their answers to Paragraphs 1 through 216 of the Third Amended Complaint as if set forth fully herein.

218.    The State Police Defendants deny the allegations in Paragraph 218.

219.    The State Police Defendants deny the allegations in Paragraph 219.

220.    The State Police Defendants deny the allegations in Paragraph 220.

221.    The State Police Defendants deny the allegations in Paragraph 221.

222.    The State Police Defendants deny the allegations in Paragraph 222.

223.    The State Police Defendants deny the allegations in Paragraph 223, including each of its subparts.

## TENTH CLAIM FOR RELIEF
### (Tortious Interference with Contract)

224.    The State Police Defendants incorporate their answers to Paragraphs 1 through 223 of the Third Amended Complaint as if set forth fully herein.

225.    The State Police Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 225, but deny that any representative of the West

7889305

Virginia State Police lodged a complaint with the Senior Resident Agent at the FBI's Clarksburg Resident Agency at their request or with their knowledge.

226.    The State Police Defendants admit they were aware of Plaintiff's employment with the FBI, but deny the remaining allegations in Paragraph 226.

227.    The State Police Defendants deny the allegations in Paragraph 227.

228.    The allegations in Paragraph 228 are not directed at the State Police Defendants, and therefore, no response from the State Police Defendants is required.  To the extent any allegation in Paragraph 228 is directed towards the State Police Defendants, the State Police Defendants deny the allegations in Paragraph 228.

## ELEVENTH CLAIM FOR RELIEF
### (Tortious Interference with Contract)

(Plaintiff against Defendant Costlow)

229-234.    The allegations in Paragraphs 229 through 234 are not directed at the State Police Defendants, and therefore, no response from the State Police Defendants is required.  To the extent any allegations in Paragraphs 229 through 234 are directed towards the State Police Defendants, the State Police Defendants deny the allegations in Paragraphs 229-234.

## TWELFTH CLAIM FOR RELIEF
### (Defamation)

(Plaintiff against Defendant Costlow)

235-246.    The allegations in Paragraphs 235 through 246 are not directed at the State Police Defendants, and therefore, no response from the State Police Defendants is required.  To the extent any allegations in Paragraphs 235 through 246 are directed towards the State Police Defendants, the State Police Defendants deny the allegations in Paragraphs 235-246.

7889305

## THIRTEENTH CLAIM FOR RELIEF
### (Breach of Contract)

(Plaintiff against Defendant Costlow)

247-251.      The allegations in Paragraphs 247 through 251 are not directed at the State

Police Defendants, and therefore, no response from the State Police Defendants is required.  To

the extent any allegations in Paragraphs 247 through 251 are directed towards the State Police

Defendants, the State Police Defendants deny the allegations in Paragraphs 247-251.

## FOURTEENTH CLAIM FOR RELIEF
### (Color of Law)

252-262.      This count was dismissed by Order entered March 9, 2018 (ECF No. 58).

Therefore, no response is necessary.  To the extent a response is deemed necessary, the State

Police Defendants lack sufficient knowledge or information to form a belief about the allegations

in Paragraphs 252-262 and therefore deny the same.

## REQUEST FOR DECLARATORY JUDGMENT

263-296.      The Court granted this relief by Order entered February 8, 2018 (ECF No.

54).  Therefore, no response is necessary.  To the extent a response is deemed necessary, the

State Police Defendants lack sufficient knowledge or information to form a belief about the

allegations in Paragraphs 263-296 and therefore deny the same.

## JURY TRIAL DEMAND

297.      The State Police Defendants admit that Plaintiff demands a jury trial.

## DAMAGES AND RELIEF

298.      The State Police Defendants deny the allegations in Paragraph 298.

22

## FIRST DEFENSE

The Third Amended Complaint fails to state a claim against the State Police Defendants upon which relief can be granted.

## SECOND DEFENSE

The State Police Defendants are entitled to qualified immunity because they did not deprive Plaintiff of a right that was clearly protected under the federal Constitution or statutes, because their actions did not violate clearly established law of which a reasonable law enforcement officer would be aware, or both.

## THIRD DEFENSE

Plaintiff's claims against the State Police Defendants are barred by the applicable statutes of limitation.

## FOURTH DEFENSE

The State Police Defendants were privileged and within the scope of their lawful authority in all actions undertaken.

## FIFTH DEFENSE

Plaintiff's conduct was the proximate cause of Plaintiff's alleged injuries and damages.

## SIXTH DEFENSE

Plaintiff's damages, if any, were caused by his own comparative fault.

## SEVENTH DEFENSE

The State Police Defendants acted reasonably and in good faith under the circumstances.

## EIGHTH DEFENSE

By his actions, Plaintiff assumed the risk of any alleged injuries.

7889305

**NINTH DEFENSE**

The State Police Defendants were not responsible for any acts that proximately caused Plaintiff's alleged injuries.

**TENTH DEFENSE**

Any award of punitive damages in this case would be in violation of the United States and West Virginia Constitutions by reason of the failure to provide due process.

**ELEVENTH DEFENSE**

This action may be prohibited by application of the principles of *res judicata*, judicial estoppel, or collateral estoppel.

**TWELFTH DEFENSE**

The State Police Defendants reserve the right to raise all affirmative defenses permitted by the Federal Rules of Civil Procedure, which may be revealed as discovery progresses.

WHEREFORE, Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry respectfully request dismissal from this action and that an award for costs, including any attorney fees, be awarded to them.

7889305

Dated this 23rd day of March 2018.

Respectfully submitted,

*/s/ Mark G. Jeffries*

Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*

25

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

        **Plaintiff,**

**v.**                                               **CIVIL ACTION NO.:  1:17-CV-52**
                                                    **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

        **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 23rd day of March 2018, I filed the foregoing "*Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry's  Answer to Third Amended Complaint*" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Frederick R. Juckniess, Esq.
        302 E. Liberty St., Suite 203
        Ann Arbor, MI 48104

        Charles J. Crooks, Esq.
        CROOKS LAW FIRM PLLC
        244 Pleasant Street
        Morgantown, WV 26505
        *Counsel for Plaintiff*

        P. Todd Phillips, Esq.
        P. TODD PHILLIPS & ASSOCIATES
        235 High Street, Suite 322
        Morgantown, WV  26505
        *Counsel for Defendant Ellen Ruth Costlow*

7889305

*/s/ **Mark G. Jeffries***
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*

27