## UNITED STATES DISTRICT COURT
## NOTHERN DISTTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

> **Plaintiff,**

v.                                                **CIVIL ACTION NO..: 1:17-CV-52**
                                                   **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

> **Defendants.**

## ELLEN RUTH COSTLOW'S ANSWER
## TO THIRD AMENDED COMPLAINT

Ellen Ruth Costlow, by counsel, hereby responds to the Plaintiff's Third Amended Complaint as follows:

### INTRODUCTION

1. The allegations in Paragraph No. 1 are denied.

2. The allegations in Paragraph No. 2 are denied.

3. The allegations in Paragraph No. 2

4. The allegations in Paragraph No. 4 are denied, in so far as an abuse of the judicial system by the Defendants is alleged.

5. The allegations in paragraph 5 are denied, in so far as it is alleged that the Plaintiff suffered a deprivation of Constitution rights or that the Defendants violated West Virginia law.

## VENUE AND JURISDICTION

6.     The allegations in Paragraph No. 6 are admitted.

7.     The allegations in Paragraph No. 7 are admitted.

9.     The allegations in Paragraph No. 9 are admitted. (The Third Amended Complaint contains no paragraph No. 8).

## PARTIES

10.    Based upon information and belief, the allegations in Paragraph No. 10 are admitted.

11.    The allegations in Paragraph No. 11 are admitted.

12.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 12.

13.    The allegations in Paragraph No. 13 are admitted.

14.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 14.

15.    The allegations in Paragraph No. 15 are admitted.

16.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 16.

17.    The allegations in Paragraph No. 17 are admitted.

18.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 18.

19.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 19.

## ALLEGATIONS COMMON TO ALL COUNTS

20.    The allegations in Paragraph No. 20 are admitted.

21.    The allegations in Paragraph No. 21 are denied in so far as they allege that Ms. Costlow sued for divorce for any reason other than the abusive relationship she endured with the Plaintiff.

22.    The allegations in Paragraph No. 22 are admitted.

23.    The allegations in Paragraph No. 23 are denied.

24.    The allegations in Paragraph No. 24 are denied in so far as they allege that Ms. Costlow was employed at the time she filed for divorce.

25.    Ms. Costlow is unaware of anyone other than the Plaintiff and his father making the allegation contained in paragraph No. 25, which Ms. Costlow denies.

26.    The allegations in Paragraph No. 26 are denied.

27.    The allegations in Paragraph No. 27 are denied.

28.    The allegations in Paragraph No. 28 are denied.

29.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 29.

30    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 30.

31.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 31.

32.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 32.

33.    The allegations in Paragraph No. 33 are denied.

34.    The allegations in Paragraph No. 34 are denied.

35.   By information and belief, Ms. Costlow admits that the Plaintiff was arrested by Sgt. Kief. She denies the existence of an "elaborate production," as alleged in paragraph No. 35.

36.   Ms. Costlow admits that the Plaintiff was arrested. She is without sufficient knowledge to admit or deny the remainder of the allegations in paragraph No. 36.

37.   By information and belief, Ms. Costlow admits that the Plaintiff was not permitted broad discretion to "leave" while he was being arrested, as alleged in paragraph No. 37.

38.   By information and belief, Ms. Costlow admits the allegations contained in paragraph No. 38.

39.   By information and belief, the allegations in Paragraph No. 39 are admitted.

40.   The allegations in Paragraph No. 40 are denied in so far as they allege that Ms. Costlow provided information to the Magistrate issuing a warrant for the Plaintiff's arrest. By information and belief, the WV Troopers presented information obtained in an investigation to the Magistrate, who found probable cause to charge the Plaintiff.

41.   By information and belief, Ms. Costlow admits that the Plaintiff was arrested pursuant to a warrant as alleged in Paragraph No. 41.

42.   Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 42.

43.   Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 43.

44.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 44.

45.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 45.

46.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 46.

47.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 47.

48.     The allegations in Paragraph No. 48 are denied.

49.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 49.

50.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 50.

51.     The allegations in Paragraph No. 51 are denied.

52.     The allegations in Paragraph No. 52 are denied.

53.     By information and belief, the allegations in Paragraph No. 53 are denied.

54.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 54.

55.     By information and belief, the allegations in Paragraph No. 55 are denied.

56.     The allegations in Paragraph No. 56 are admitted.

57.     By information and belief, Ms. Costlow admits that the case against the Plaintiff was expunged. She lacks sufficient information to admit or deny the remaining allegations in paragraph No. 57.

58.     The allegations in Paragraph No. 58 are denied.

59.     The allegations in Paragraph No. 59 are denied.

60.     Ms. Costlow denies having a romantic relationship with Trooper Berry and lacks sufficient information to admit or deny the remaining allegations in paragraph No. 60.

61.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 61.

62.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 62.

63.     Ms. Costlow admits receiving a threatening email, accusing her of stealing government property, as alleged in paragraph No. 63. She denies stealing any such property.

64.     The allegations in Paragraph No. 64 are admitted.

65.     The allegations in Paragraph No. 65 are denied.

66.     The allegations in Paragraph No. 66 are denied.

67.     The allegations in Paragraph No. 67 are denied.

68.     The allegations in Paragraph No. 68 are denied.

69.     Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 69.

70.     The allegations in Paragraph No. 70 are admitted.

71.     The allegations in Paragraph No. 71 are denied.

72.     The allegations in Paragraph No. 72 are denied.

73.    By information and belief Ms. Costlow admits that Trooper Kief investigated the Plaintiff's criminal acts. She denies the remaining allegations contained in paragraph No. 73.

74.    Ms. Costlow lacks sufficient information to admit or deny whether Tom and Scott Ballock were interviewed by WV Troopers. She denies the remaining allegations contained in paragraph No. 74.

75.    By information and belief Ms. Costlow admits that Trooper Kief investigated the Plaintiff's criminal acts. She lacks sufficient information to admit or deny whether he was involved in the Prosecution of the Plaintiff, as alleged in paragraph No. 75.

76.    The allegations in Paragraph No. 76 are denied.

77.    The allegations in Paragraph No. 77 are denied.

78.    The allegations in Paragraph No. 78 are denied.

79.    The allegations in Paragraph No. 79 are denied.

80.    The allegations in Paragraph No. 80 are denied.

81.    The allegations in Paragraph No. 81 are denied.

82.    The allegations in Paragraph No. 82 are denied.

83.    The allegations in Paragraph No. 83 are denied in so far as an improper motive on the part of Ms. Costlow is alleged.

84.    Ms. Costlow lacks sufficient information to admit or deny the allegations contained in Paragraph No. 84.

85.    The allegations in Paragraph No. 85 are denied.

86. The allegations in Paragraph No. 86, including all sub parts, are denied in so far as they allege that Ms. Costlow was concerned about the Plaintiff having primary custody of the children for any reason other than the children's best interests.

87. The allegations in Paragraph No. 87 are admitted.

88. The allegations in Paragraph No. 88 are denied.

89. Ms. Costlow admits that she was not awarded alimony and was ordered to pay child support, as alleged in Paragraph No. 89. She denies the allegation that she stopped paying child support.

90. Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 90.

91. By information and belief, the allegations in Paragraph No. 91 are admitted

92. Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 92.

93. The allegations in Paragraph No. 93 are denied.

94. Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 94.

95. Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 95.

96. Ms. Costlow denies working with Trooper Berry to find a way to have the Plaintiff arrested. She lacks sufficient information to admit or deny the remaining allegations contained in paragraph No. 96.

97. The allegations in Paragraph No. 97 are admitted, if the ambiguous, unspecified modifying phrase "yet another" is removed.

98.    Ms. Costlow lacks sufficient information to admit or deny allegations regarding what Mr. Ice may have said. She denies having an affair with Trooper Berry, as alleged in paragraph No. 98.

99.    Ms. Costlow lacks sufficient information to admit or deny allegations regarding what Mr. Ice may have said. She denies inappropriate communications with Trooper Berry, as alleged in paragraph No. 99.

100.   The allegations in Paragraph No. 93 are denied.

101.   Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 101.

102.   Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 102.

103.   Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 103.

104.   Ms. Costlow admits that Trooper Berry had been at her home that day, pursuant to an investigation, as alleged in Paragraph No. 104. She lacks sufficient information to admit or deny that she told this to the dispatcher

105.   Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 105.

106.   The allegations in Paragraph No. 106 are admitted.

107.   The allegations in Paragraph No. 107 are admitted.

108.   Ms. Costlow admits that the Deputies found an injury to her lip, as alleged in Paragraph 108. She lacks sufficient information to admit or deny the remainder of the Paragraph.

109.   Ms. Costlow admits asking Deputies to keep her name out of any police report, as alleged in Paragraph No. 109, for fear that the Plaintiff or his father might post the report on the internet.

110.   Ms. Costlow lacks sufficient information to admit or deny the allegations contained in paragraph No. 110.

111.   Ms. Costlow admits that she told Deputies that Trooper Berry has been at her home earlier in the day in regard to neighborhood car break ins and a stolen and recovered laptop computer, as alleged in Paragraph 111.

112.   Ms. Costlow admits that she told Deputies that Trooper Berry has been at her home earlier in the day in regard to neighborhood car break ins and a stolen and recovered laptop computer, as alleged in Paragraph 112.

113.   The allegations in Paragraph No. 113 are admitted.

114.   The allegations in Paragraph No. 114 are denied.

115.   Ms. Costlow denies having said she had such a strategy. She lacks sufficient information to admit or deny the remaining allegations contained in paragraph No. 115.

116.   The allegations in Paragraph No. 116 are denied.

117.   Ms. Costlow denies receiving inappropriate help from the Troopers. She lacks sufficient information to admit or deny the remaining allegations contained in paragraph No. 117.

118.   Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 118.

119. Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 119.

120. Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 120.

121. Ms. Costlow admits that the charges were dismissed. She denies that great harm was done to the Plaintiff's "rising career" in 2016 and lacks sufficient information to admit or deny the remaining allegations contained in paragraph No. 121.

122. The allegations in Paragraph No. 122 are admitted, assuming the date alleged in said paragraph is a typographical error.

123. The allegations in Paragraph No. 123 are denied.

124. The allegations in Paragraph No. 124 are denied.

125. Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 125.

126. The allegations in Paragraph No. 126 are denied.

127. Ms. Costlow denies abusing "the system," as alleged in paragraph 127, and does not to what "system" the Plaintiff is talking about. In regard to the sub parts: a) Ms. Costlow admits that Ms. Fetty was providing information to the Plaintiff, but denies any allegation that the information provided was true; (1) and (2) are denied (Ms. Costlow believes that the Plaintiff was an FBI agent at the time); (4), (5) and (6) are admitted; and she lacks knowledge to admit or deny (3). She denies committing her son to Chestnut Ridge Hospital, and denies all subparts alleged in b); and denies c), d), e), f) [including subparts], g) and h).

128. The allegations in Paragraph No. 128 are denied.

129.    The allegations in Paragraph No. 129 are denied.

130.    The allegations in Paragraph No. 130 are denied.

131.    The allegations in Paragraph No. 131 are denied.

132.    The allegations in Paragraph No. 132 are denied.

133.    The allegations in Paragraph No. 133 are denied.

134.    The allegations in Paragraph No. 134 are denied.

135-148. Paragraph Nos. 135-148 appear to allege a series of facts that the WV Troopers
would have learned, if they had conducted an "actual investigation." By
information and belief, Ms. Costlow believes that the Troopers conducted an actual
(not imaginary) investigation of the Plaintiff's criminal acts, does not believe that
the Troopers learned anything alleged and, thus, will deny the same upon
information and belief.

149.    Ms. Coslow lacks sufficient information to admit or deny the allegations contained
in paragraph No. 149.

150.    The allegations in Paragraph No. 150 are denied.

151.    The allegations in Paragraph No. 151 are denied.

152.    The allegations in Paragraph No. 152 are denied.

153.    Ms. Coslow lacks sufficient information to admit or deny the allegations contained
in paragraph No. 153.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

#### Abuse of Process in violation of 42 U.S.C. § 1983

154.    Incorporates previous paragraphs. No response required.

155.   Paragraph No. 155 does not make an allegation.

156.   The allegations in Paragraph No. 156 are admitted.

157.   The allegations in Paragraph No. 157 are admitted.

158.   Ms. Costlow denies any tortious acts or omissions occurred. By information and belief, the remainder allegations in Paragraph No. 158 are admitted.

159.   The allegations in Paragraph No. 159 are denied.

160.   The allegations in Paragraph No. 160 are denied.

161.   Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 161. The paragraph does not make clear to which "rights" the Plaintiff is referring.

162.   The allegations in Paragraph No. 162 are denied.

163.   The allegations in Paragraph No. 163 are denied.

## SECOND CLAIM FOR RELIEF

### Malicious Prosecution in violation of 42 U.S.C. § 1983

164.   Incorporates previous paragraphs. No response required.

165.   Paragraph No. 165 does not make an allegation.

166.   The allegations in Paragraph No. 166 are admitted.

167.   The allegations in Paragraph No. 167 are admitted.

168.   Ms. Costlow denies any tortious acts or omissions occurred. By information and belief, the remainder allegations in Paragraph No. 168 are admitted.

169.   The allegations in Paragraph No. 169 are denied.

170.   The allegations in Paragraph No. 170 are denied.

171.   Ms. Costlow admits that criminal proceedings terminated in favor of the Plaintiff, but deny the remaining allegations contained in paragraph No. 171.

172.   Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 172. The paragraph does not make clear to which "rights" the Plaintiff is referring.

173.   The allegations in Paragraph No. 173 are denied.

174.   The allegations in Paragraph No. 174 are denied.

## THIRD CLAIM FOR RELIEF

### Violation of First Amendment Right to Seek Redress in the Courts in violation of 42 U.S.C. section 1983

175-179   This claim was dismissed by order of the Court on March 9, 2018 (ECF No. 58). To the extent that any answer is necessary, Ms. Costlow has no knowledge of the appearance of the unidentified WV State Police officer at the Clarksburg FBI office, denies that she played any role in facilitating such appearance and denies that the Plaintiff's rights were violated.

## FOURTH CLAIM FOR RELIEF

### Abuse of Process under West Virginia State Law

180.   Incorporates previous paragraphs. No response required.

181.   Ms. Costlow denies any tortious acts or omissions occurred. By information and belief, the remainder allegations in Paragraph No. 181 are admitted.

182.   The allegations in Paragraph No. 182 are denied.

183.   The allegations in Paragraph No. 183 are denied.

184. Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 184. The paragraph does not make clear to which "rights" the Plaintiff is referring.

185. The allegations in Paragraph No. 185 are denied.

186. The allegations in Paragraph No. 186 are denied.

## FIFTH CLAIM FOR RELIEF

### Malicious Prosecution under West Virginia State Law

187. Incorporates previous paragraphs. No response required.

188. Ms. Costlow denies any tortious acts or omissions occurred. By information and belief, the remainder allegations in Paragraph No. 188 are admitted.

189. The allegations in Paragraph No. 189 are denied.

190. The allegations in Paragraph No. 190 are denied.

191. Ms. Costlow admits that criminal proceedings terminated in favor of the Plaintiff, but deny the remaining allegations contained in paragraph No. 191.

192. Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 192. The paragraph does not make clear to which "rights" the Plaintiff is referring.

193. The allegations in Paragraph No. 193 are denied.

194. The allegations in Paragraph No. 194 are denied.

## SIXTH CLAIM FOR RELIEF – Conspiracy

195. Incorporates previous paragraphs. No response required.

196. The Plaintiff denies that any tortious acts occurred, by agreement or otherwise.

197. The allegations in Paragraph No. 197 are denied.

198.    The allegations in Paragraph No. 198 are denied.

## SEVENTH CLAIM FOR RELIEF

### Defamation in violation of 42 U.S.C. § 1983

199.    Incorporates previous paragraphs. No response required.

200.    The allegations in Paragraph No. 200 are denied.

201.    The allegations in Paragraph No. 201 are denied.

202.    The allegations in Paragraph No. 202 are denied.

203.    The allegations in Paragraph No. 203 are denied.

204.    The allegations in Paragraph No. 204 are denied.

205.    The allegations in Paragraph No. 205 are denied.

206.    The allegations in Paragraph No. 206 are denied.

207.    The allegations in Paragraph No. 207 are denied.

## EIGHTH CLAIM FOR RELIEF – Slander

208.    Incorporates previous paragraphs. No response required.

209.    The allegations in Paragraph No. 209 are denied.

210.    The allegations in Paragraph No. 210 are denied.

211.    The allegations in Paragraph No. 211 are denied.

212.    The allegations in Paragraph No. 212 are denied.

213.    The allegations in Paragraph No. 213 are denied.

214.    The allegations in Paragraph No. 214 are denied.

215.    The allegations in Paragraph No. 215 are denied.

216.    The allegations in Paragraph No. 216 are denied.

## NINTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

217.   Incorporates previous paragraphs. No response required.

218.   The allegations in Paragraph No. 218 are denied.

219.   The allegations in Paragraph No. 219 are denied.

220.   The allegations in Paragraph No. 220 are denied.

221.   The allegations in Paragraph No. 221 are denied.

222.   The allegations in Paragraph No. 222 are denied.

223.   The allegations in Paragraph No. 223, including sub parts, are denied.

## TENTH CLAIM FOR RELIEF

### Tortious Interference with Contract (Employment)

224.   Incorporates previous paragraphs. No response required.

225.   Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 225.

226.   Ms. Costlow admits that she was aware of the Plaintiff's employment with the FBI but denies being involved with or having knowledge of the visit at the Clarksburg FBI office by a WV Trooper alleged in Paragraph No. 226.

227.   The allegations in Paragraph No. 227 are denied.

228.   The allegations in Paragraph No. 228 are denied.

## ELEVENTH CLAIM FOR RELIEF

### Tortious Interference with Contract (Employment)

229.   Ms. Costlow admits that she was aware of the Plaintiff's employment with the FBI. She denies that she was aware that her action and conduct had caused an investigation of the Plaintiff.

230.   The allegations in Paragraph No. 230 are denied.

231.   The allegations in Paragraph No. 231 are denied.

232.   The allegations in Paragraph No. 232 are denied.

233.   The allegations in Paragraph No. 233 are denied.

234.   The allegations in Paragraph No. 234 are denied.

### TWELFTH CLAIM FOR RELIEF

### Defamation in violation of West Virginia State Law

235.   Incorporates previous paragraphs. No response required.

236.   The allegations in Paragraph No. 236 are denied.

237.   The allegations in Paragraph No. 237 are denied.

238.   The allegations in Paragraph No. 238 are denied.

239.   The allegations in Paragraph No. 239 are denied.

240.   The allegations in Paragraph No. 240 are denied.

241.   The allegations in Paragraph No. 241 are denied.

242.   The allegations in Paragraph No. 242 are denied.

243.   The allegations in Paragraph No. 243 are denied.

244.   The allegations in Paragraph No. 244 are denied.

245.   The allegations in Paragraph No. 245 are denied.

246.   The allegations in Paragraph No. 246 are denied.

### THIRTEENTH CLAIM FOR RELIEF – BREACH OF CONTRACT

247. Paragraph No. 247 makes no allegation and no response is required.

248. The allegations in Paragraph No. 248 are admitted.

249. The allegations in Paragraph No. 249 are denied.

250. The allegations in Paragraph No. 250 are denied.

251. The allegations in Paragraph No. 251 are denied.

### FOURTEENTH CLAIM FOR RELIEF-Color of Law

252-262. This count was dismissed by Order entered March 9, 2018 (ECF No. 58).

Therefore, no response is necessary.  To the extent a response is deemed necessary, the State Ms.

Costlow admits the allegations contained in Paragraph Nos. 259 and 260, denies the allegations

contained in Paragraph Nos. 252, 253, 256, 261 and 262, and lacks sufficient knowledge or

information to admit or deny Paragraph Nos. 254, 255 and 257. Paragraph No. 258 makes no

allegation and no response is required. and therefore, deny the same.

### REQUEST FOR DECLARATORY JUDGMENT

The Court granted this relief by Order entered February 8, 2018 (ECF No. 54).  Therefore,

no response is necessary.  To the extent a response is deemed necessary, Ms. Costlow responds as

follows:

263. The allegations in Paragraph No. 263 are denied.

264. The allegations in Paragraph No. 264 are denied.

265. The allegations in Paragraph No. 265 are denied.

266. Ms. Costlow denies that she tried to alienate or coach the children and the Plaintiff
does not make clear from what the children were alienated or in what discipline
they were coached, as alleged in Paragraph No. 266. She is without knowledge of
information given by the children to the court-appointed psychiatrist.

267.   The allegations in Paragraph No. 267 are denied.

268.   Ms. Costlow denies the allegation contained in Paragraph No. 268 as stated but will admit that her attorney requested Dr. Cooper-Lehki. Ms. Costlow had no knowledge of Cooper-Lehki when the request was made.

269.   Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 269.

270.   By information and belief, Ms. Costlow admits that Dr. Cooper-Lehki is or was a psychiatrist at Chestnut Ridge, as alleged in Paragraph 270. She lacks sufficient information to admit or deny the allegation that Cooper-Lehki is or was a professor at West Virginia University.

271.   Ms. Coslow lacks sufficient information to admit or deny the allegations contained in paragraph No. 271.

272.   Ms. Coslow lacks sufficient information to admit or deny the investigation comparison alleged contained in Paragraph No. 272.

273.   Ms. Costlow will admit the allegations contained in Paragraph 273 in part. She believes the same was also requested by the Plaintiff.

274.   Ms. Costlow will admit the allegations contained in Paragraph 274 in part. She believes the same was also requested by the Plaintiff.

275.   The allegations in Paragraph No. 275 are denied.

276.   The allegations in Paragraph No. 276 are denied.

277.   The allegations in Paragraph No. 277 are admitted.

278.   The allegations in Paragraph No. 278 are denied.

279.   The allegations in Paragraph No. 279 are denied.

280.   The allegations in Paragraph No. 280 are denied.

281.   The allegations in Paragraph No. 281 are denied.

282.   The allegations in Paragraph No. 282 are denied.

283.   The allegations in Paragraph No. 283 are denied.

284.   The allegations in Paragraph No. 284 are denied.

285.   The allegations in Paragraph No. 285 are denied.

286.   The allegations in Paragraph No. 286 are denied.

287.   The allegations in Paragraph No. 287 are denied.

288.   The allegations in Paragraph No. 288 are denied.

289.   The allegations in Paragraph No. 289 are denied.

290.   The allegations in Paragraph No. 290 are denied.

291.   The allegations in Paragraph No. 291 are denied.

292.   Ms. Costlow admits that the Plaintiff is unable to present the report to the children of Ms. Costlow and the Plaintiff, as alleged in Paragraph No. 292. She denies the remainder of the allegation contained in the Paragraph.

293.   The allegations in Paragraph No. 293 are denied.

294.   The allegations in Paragraph No. 294 are denied.

295.   The allegations in Paragraph No. 295 are denied.

296.   The allegations in Paragraph No. 296 are denied.

## JURY TRIAL DEMAND

297.   Ms. Costlow admits that the Plaintiff has requested a jury trial.

## DAMAGES AND RELIEF

298.    The prayer for relief contained in Paragraph No. 298, including all sub parts, are

denied.

## DEFENSES

### FIRST DEFENSE

The Third Amended Complaint fails to state a claim against Ms. Costlow

upon which relief can be granted.

### SECOND DEFENSE

At no time was Ms. Costlow acting under the color of law and cannot be

liable to the Plaintiff on any of his 42 U.S.C. § 1983

### THIRD DEFENSE

The Plaintiff's claims against Ms. Costlow are barred by the applicable statutes

of limitation.

### FOURTH DEFENSE

The Plaintiff failed to mitigate damages, if any can be proven.

### FIFTH DEFENSE

Plaintiff's conduct was the proximate cause of Plaintiff's alleged injuries and

damages.

### SIXTH DEFENSE

Plaintiff's damages, if any, were caused by his own comparative fault.

### SEVENTH DEFENSE

By his actions, Plaintiff assumed the risk of any alleged injuries.

### EIGHTH DEFENSE

Ms. Costlow was not responsible for any acts that proximately caused

Plaintiff's alleged injuries.

### NINTH DEFENSE

Any award of punitive damages in this case would be in violation of the United

States and West Virginia Constitutions by reason of the failure to provide due process.

### TENTH DEFENSE

This action may be prohibited by application of the principles of res judicata,

judicial estoppel, or collateral estoppel.

### ELEVENTH DEFENSE

Ms. Costlow reserves the right to raise all affirmative defenses permitted by the

Federal Rules of Civil Procedure, which may be revealed as discovery progresses.

WHEREFORE, Ms. Costlow prays that this Honorable Court dismisses the Plaintiff's claims

against her, awards her all fees and costs, including attorney's fees, incurred in defending against

the Plaintiff's claims, and any and all other relief that the Court finds just and proper.


**RESPECTFULLY SUBMITTED,**
**ELLEN RUTH COSTLOW,**
**By counsel,**


P. Todd Phillips/WV State Bar #9499
*Lyons Phillips Legal Group PLLC*
141 Walnut Street
Morgantown, WV 26505
(304) 296-3200 or (304) 296-0123 phone
(304) 296-0713 fax
Toddphillips.law@gmail.com

# UNITED STATES DISTRICT COURT
## NOTHERN DISTTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

      **Plaintiff,**

**v.**

                                      **CIVIL ACTION NO..: 1:17-CV-52**
                                        **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
 **CHRIS BERRY,**

      **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 29th day of March 2018, I filed "Ellen Ruth Costlow's

Answer to Third Amended Complaint" with the Clerk of the Court, using the CM/ECF

system, which will send notification of such filing to the following:

> Mark G. Jeffries, Esq.
> STEPTOE & JOHNSON, PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330-4500

> Montè L. Williams, Esq.
> STEPTOE & JOHNSON, PLLC
> PO Box 1616
> Morgantown, WV 26507-1616

> *Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M.*
> *Gaskins and State Trooper Chris Berry*

> Frederick R. Juckniess, Esq.
> 302 E, Liberty St., Suite 203
> Ann Arbor, MI 48104

Charles J. Crooks, Esq.
CROOKS LAW FIRM PLLC
244 Pleasant Street
Morgantown, WV 26505

*Counsel for Plaintiff*

**RESPECTFULLY SUBMITTED,**

_____

P. Todd Phillips/WV State Bar #9499
*Lyons Phillips Legal Group PLLC*
141 Walnut Street
Morgantown, WV 26505
(304) 296-3200 or (304) 296-0123 phone
(304) 296-0713 fax
Toddphillips.law@gmail.com