UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

   Plaintiff,

v.             CIVIL ACTION NO.:  1:17-CV-52
               Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

   Defendants.

**DEFENDANTS STATE TROOPER MICHAEL KIEF, STATE TROOPER
RONNIE M. GASKINS, AND STATE TROOPER CHRIS BERRY'S
MOTION FOR PRIVACY ACT ORDER**

   Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry (collectively, the "State Police Defendants") present the Court with the following issue:

   A party may discover materials protected by the Privacy Act, subject to the normal discovery standard of relevance.  Plaintiff alleges that he was discharged from employment with the FBI because of the acts of Defendants, but the FBI will not disclose Plaintiff's personnel file or other documents related to his employment without a court order.  May the State Police Defendants obtain an order authorizing the FBI to release documents related to Plaintiff's employment and discharge?

## I.      STATEMENT OF RELEVANT FACTS[1]

Plaintiff Scott T. Ballock was an employee of the Federal Bureau of Investigation ("FBI"). 3d Am. Compl. ¶ 125 (ECF No. 49).  Mr. Ballock alleges that after he filed the initial complaint in this matter, "a uniformed representative with the West Virginia State Police appeared at the Clarksburg Resident Agency of the FBI to lodge a complaint with the Senior Superviosry Resident Agent" about the filing of the complaint. *Id.* at ¶ 225.  The State Police Defendants do not know the identity of the unidentified state trooper mentioned in the Third Amended Complaint; apparently, Mr. Ballock does not, either.   Nevertheless, Mr. Ballock alleges that as a result of Defendants' acts, he was discharged from employment with the FBI. *Id.* at ¶¶ 124-25, 216, 223, 226-28.  Mr. Ballock claims that his discharge from employment caused him financial loss, including his pay; overtime; medical, vision, and dental insurance; participation in an employee "thrift plan," including employer contributions; and his pension.  *Id.* at ¶ 125.

Counsel for the State Police Defendants sent a letter to Mr. Ballock's counsel, asking that Mr. Ballock execute an employment records release so that counsel could obtain his personnel file from the FBI.  Letter from Mark G. Jeffries to Frederick R. Juckniess and Charles J. Crooks (Mar. 6, 2018), attached as "Exhibit 1."  The State Police Defendants' counsel asked that Plaintiff's counsel inform him no later than March 16, 2018 whether Mr. Ballock would execute the release.  *Id.*  Plaintiff's counsel did not respond to the letter.

The State Police Defendants' counsel therefore submitted a subpoena and *Touhy* request (*see United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)) to the FBI, seeking any and all

---

[1] Facts taken from the Third Amended Complaint are accepted as true only for the purposes of this Motion.

8004877

documents related to Mr. Ballock's termination from employment with the FBI, including but not limited to his complete personnel file.  Letter from Mark G. Jeffries to FBI Civil Litigation Unit Office of General Counsel (Apr. 2, 2018), attached as "Exhibit 2"; subpoena *duces tecum* (Mar. 29, 2018), attached as "Exhibit 3."  In the *Touhy* letter, counsel explained that the records sought were directly relevant to Mr. Ballock's allegation that his employment was terminated as a result of the State Police Defendants' actions.  Ex. 2.  Counsel also argued that disclosure of the personnel documents sought would be authorized under the Privacy Act, 5 U.S.C. § 552a(b)(3) (2012), as a "routine use."  *Id.*  Specifically, counsel for the State Police Defendants' position was that release of the information subject to the subpoena would fall under "Blanket Routine Use 5," established by the FBI, which provides for use of records by a party or his attorney for the purpose of informal discovery proceedings in matters where the records are arguably relevant, and in which the FBI has an official interest.

The FBI's Office of General Counsel refused to comply with the subpoena *duces tecum*. Letter from Paul R. Wellons to Mark G. Jeffries (Apr. 18, 2018), attached as "Exhibit 4."  Of particular relevance to this Motion, the FBI disagreed that the records sought fell under Blanket Routine Use 5, and the FBI would require either a federal court order or a waiver executed by Mr. Ballock in order to comply with the request.  *Id.* at 2.

## II.     STANDARD OF DECISION

"[A] party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP."  *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987). The Privacy Act does not require a party to "show actual

need as a prerequisite to invoking discovery." *Id.* at 888. Under Rule 26(b)(1), a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Thus, once a court determines the information sought under the Privacy Act is relevant, it can compel its production.  *Ford Motor Co. v. United States*, 17 C.I.T. 584, 586 (Ct. Int'l Trade 1993).

## III.   ARGUMENT

The Court should issue a Privacy Act order so that the State Police Defendants may obtain documents from the FBI that are directly relevant to Plaintiff's claims, the State Police Defendants' defenses, and the issue of damages.

"In assessing discovery requests based on 5 U.S.C. § 552a(b)(11), courts need only apply the ordinary relevancy standard set forth in Fed. R. Civ. P. 26(b)(1)." *Ford Motor Co.*, 17 C.I.T. at 586.  The Privacy Act does not impose any higher standard than the usual discovery standards found in Rules 26 and 45 of the Federal Rules of Civil Procedure.  *Lexalt*, 809 F.2d at 888.

The materials sought by the State Police Defendants are not only relevant, but critical, to their defense of this case. Therefore, a Privacy Act order is appropriate so that the State Police Defendants may obtain those documents.  *Id.* at 887 (reversing district court's denial of request for Privacy Act order so that defendants could obtain production of FBI records to be used in defending libel claim).   Mr. Ballock alleges that his employment as a Supervisory Senior Resident Agent at the FBI's Criminal Justice Information Services Division was terminated as a result of the actions of Defendants.  In particular, Mr. Ballock alleges that he was discharged from employment with the FBI on September 25, 2017 as a result of his arrest on September 13, 2013.  3d Am. Compl. ¶ 125. Mr. Ballock also alleges that after he filed the initial complaint in

this matter, an unnamed, uniformed representative of the West Virginia State Police lodged a complaint with the Clarksburg Resident Agency's Supervisory Senior Resident Agent about Mr. Ballock's civil action, and that this visit was intended to, and did, result in the loss of Mr. Ballock's job.  *Id.* at ¶¶ 225-27.  The State Police Defendants vigorously deny Mr. Ballock's allegations and believe that Mr. Ballock was terminated from the FBI for reasons wholly unrelated to their arrest of him. Furthermore, the State Police Defendants deny that any of them visited the Clarksburg Resident Agency to lodge a complaint after Mr. Ballock filed the initial pleading in this matter or that any representative of the West Virginia State Police did so with their knowledge or consent.  The State Police Defendants do not know who this unidentified trooper was, and Mr. Ballock apparently does not, either. State Police Defs.' Answer ¶ 225 (ECF No. 66).  There may be documents in the FBI's possession that identifies this individual, if the visit actually took place.

Additionally, Mr. Ballock claims lost income, benefits, and pension as damages.  3d Am. Compl. ¶¶ 125, 298.  Mr. Ballock's personnel file will be necessary to compute the value of those damages.

Furthermore, release of the requested documents will not implicate Mr. Ballock's privacy concerns.  Mr. Ballock put the records at issue by filing this action, alleging that his discharge was caused by Defendants and claiming damages based upon his pay and benefits as an FBI employee.  A court may consider the use of a protective order when it considers a request for a Privacy Act order.  *Laxalt*, 809 F.2d at 889.  There is a protective order entered in this case (ECF No. 47), and the State Police Defendants do not object to designating any records produced by

8004877

the FBI (whether related to Mr. Ballock or anyone else), which are subject to the Privacy Act, as "Confidential" in accordance with the terms of the protective order.

The FBI has among its records documents that are relevant to both the State Police Defendant's defenses and the issue of damages in this matter. The State Police Defendants have been unable to obtain these documents without the Court's assistance.  The FBI has indicated that it will not release the records without a Privacy Act order.  Therefore, the Court should enter a Privacy Act order so that the parties may obtain relevant discovery materials for use in litigating this case.

## IV.    CONCLUSION

A Privacy Act order from this Court is necessary in order for the State Police Defendants to subpoena documents from the FBI related to Mr. Ballock's employment and termination from employment.  The documents sought are directly relevant to the claims and defenses in this matter.  Accordingly, the Court should enter a Privacy Act order so that the State Police Defendants can subpoena documents from the FBI for use in this litigation.  For the Court's convenience, a proposed order is attached as "Exhibit 5."

WHEREFORE, Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry respectfully request that the Court GRANT their Motion and enter an Order authorizing the Federal Bureau of Investigation to release documents in response to a subpoena, which are otherwise protected by the Privacy Act.

8004877

Dated this 20th day of April 2018.

Respectfully submitted,

*/s/ Mark G. Jeffries*
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper
Michael Kief, State Trooper Ronnie M.
Gaskins, and State Trooper Chris Berry*

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                            CIVIL ACTION NO.:  1:17-CV-52
                                            Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of April 2018, I filed the foregoing "*Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry's Motion for Privacy Act Order*" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Frederick R. Juckniess, Esq.
        302 E. Liberty St., Suite 203
        Ann Arbor, MI 48104

        Charles J. Crooks, Esq.
        CROOKS LAW FIRM PLLC
        244 Pleasant Street
        Morgantown, WV 26505
        *Counsel for Plaintiff*

        P. Todd Phillips, Esq.
        LYONS PHILLIPS LEGAL GROUP PLLC
        141 Walnut Street
        Morgantown, WV 26505
        *Counsel for Defendant Ellen Ruth Costlow*

8004877

*/s/ Mark G. Jeffries*
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*

9

8004877