# EXHIBIT 1



400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000   (304) 933-8183 Fax
www.steptoe-johnson.com

Writer's Contact Information

**DIRECT DIAL**
Phone: (304) 933-8155
Fax: (304) 933-8183

E-mail:
Mark.Jeffries@steptoe-johnson.com

March 6, 2018

Frederick R. Juckniess, Esquire
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104

Charles J. Crooks, Esquire
CROOKS LAW FIRM PLLC
244 Pleasant Street
Morgantown, WV 26505

Re:  Ballock v. Costlow, et al.
     Civil Action No. 1:17-CV-52
     United States District Court for the Northern District, WV

Dear Mr. Crooks and Mr. Juckniess:

    I am seeking your assistance in obtaining records related to your client that I believe you will agree are critical to both Mr. Ballock's claims and my clients' defenses. In particular, I request that you have Mr. Ballock execute the attached employment records release so that I may request his personnel file from the FBI Criminal Justice Information System office where he worked. Obviously, records pertaining to Mr. Ballock's employment with, and discharge from, the FBI are critical to his tortious interference with contract claim and his claim for damages related to the other counts.

    I also request that Mr. Ballock move the Monongalia County Magistrate Court to release the records from criminal Case Nos. 13-M31M-06741 and 13-M31M-06739, which he had expunged. As you know, Mr. Ballock's claims center on his allegation that he was unlawfully arrested on these charges. Yet, according to West Virginia's expungement statute, "[u]pon expungement, the proceedings in the matter shall be deemed never to have occurred." W. Va. Code § 61-11-25(e). According to the law, then, the criminal investigation and arrest of Mr. Ballock, which form the bases of many of his causes of action, never occurred. More practically, equity demands that Mr. Ballock releases the expunged records. My clients cannot defend their actions without access to the expunged records. The shield of expungement cannot be converted into a sword upon which to impale the officers who made the arrest. Releasing the expunged records would benefit Mr. Ballock, too. It must be remembered that he bears the burden of proof in this matter. It would seem difficult, if not impossible, for Mr. Ballock to prove that he was arrested without probable cause without the documents contained in the expunged file.

    Furthermore, based upon my research, it appears that only Mr. Ballock can obtain the release of the expunged files. Inspection of expunged records may be permitted by the

Frederick R. Juckniess, Esquire
Charles J. Crooks, Esquire
March 6, 2018
Page 2

expunging court "*only* (1) upon a motion by the person who is the subject of the records or (2) upon a petition filed by a prosecuting attorney that inspection and possible use of the records in question are necessary to the investigation or prosecution of a crime. . . ." W. Va. Code § 61-11-25(f) (numbering, emphasis added). Mr. Ballock's expunged records are not necessary in this case for the investigation or prosecution of a crime, so the prosecuting attorney cannot petition for their release. Thus, the only way Mr. Ballock's records can be released is if he moves the Magistrate Court for their release. I therefore request that Mr. Ballock move that the Monongalia Magistrate Court provide copies of the entire file to counsel for the parties in this matter.

Please let me know no later than **March 16, 2018** whether Mr. Ballock will execute the attached release and move for the release of his expunged criminal records. I appreciate your cooperation in this matter. If you would like to discuss the issue further, feel free to contact me at your convenience.

Very truly yours,

Mark G. Jeffries

MGJ/dsr
Enclosure
cc (w/encl.):   P. Todd Phillips, Esquire

7959658.1