# EXHIBIT 2



400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000   (304) 933-8183 Fax
www.steptoe-johnson.com

Writer's Contact Information

**DIRECT DIAL**
Phone: (304) 933-8155
Fax: (304) 933-8183

E-mail:
Mark.Jeffries@steptoe-johnson.com

April 2, 2018

<u>Certified Mail – Return Receipt Requested</u>
Office of General Counsel
Civil Litigation Unit
Headquarters, Federal Bureau of Investigation
935 Pennsylvania Avenue, NW.
Washington, D.C. 20535-0001

RE:  Ballock v. Costlow, *et al.*
 Civil Action No. 1:17-CV-52
 In the United States District Court
 Northern District of West Virginia
 <u>Request for Scott Ballock Personnel File</u>

Dear Sir or Madam:

I represent Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry in the above referenced case. Pursuant to Title 28, C.F.R. § 16.21 *et seq.*, I am requesting that the FBI produce any and all documents related to Scott T. Ballock's termination from employment with the FBI, including but not limited to Mr. Ballock's complete personnel file, for use in the above referenced case. It is requested that the FBI produce the documents to my office no later than April 30, 2018. (Subpoena *Duces Tecum*, "Attachment 1"). Per the Scheduling Order in this case, discovery must be complete no later than September 14, 2018, and I would like to have the requested documents well in advance of discovery completion so that we may use them in Plaintiff's deposition and so that we may follow up with a request for a deposition of an FBI official if necessary.

Documents related to Mr. Ballock's discharge from employment, including his personnel file, have been requested because he has alleged that his employment as a Supervisory Senior Resident Agent at the FBI's Criminal Justice Information Services Division was terminated as a result of the actions of the Defendants in the above referenced case, including my clients. In particular, Mr. Ballock alleges that he was discharged from employment with the FBI on September 25, 2017 as a result of his arrest on September 13, 2013. (3d Am. Compl. ¶ 125, "Attachment 2"). Mr. Ballock also alleges that after he filed the initial complaint in this matter, an unnamed, uniformed representative of the West Virginia State Police lodged a complaint with the Clarksburg Resident Agency's Supervisory Senior Resident Agent about Mr. Ballock's civil action, and that this visit was intended to, and did, result in the loss of Mr. Ballock's job. *Id.* at ¶¶ 225-27. My clients vigorously deny Mr. Ballock's allegations and believe that Mr. Ballock

West Virginia • Ohio • Kentucky • Pennsylvania • Texas • Colorado



Office of General Counsel
April 2, 2018
Page 2

was terminated from the FBI for reasons wholly unrelated to their arrest of him. Mr. Ballock's personnel file and other documents related to his termination from the FBI are therefore not only relevant, but critical, to the defense of this case.

Release of documents related to Mr. Ballock's employment with the FBI should not pose a Privacy Act concern. Disclosure of the record would be authorized as a "routine use." Privacy Act of 1974, 5 U.S.C. § 552a(b)(3) (2012). In particular, the records sought by this request are for what the FBI has determined to be a "blanket routine use": to a party or his attorney for the purpose of informal discovery proceedings, in matters in which the FBI has an official interest and in which the FBI determines records in the system to be arguably relevant. (BRU-5, Blanket Routine Uses (BRU) Applicable to More Than One FBI Privacy Act System of Records, 66 Fed. Reg. 33,558 (June 11, 2001)). In this case, the FBI has an official interest in this matter because Mr. Ballock is questioning the propriety of the FBI's decision to discharge him from employment, particularly whether the FBI's decision was improperly influenced by the Defendants in this matter. As Mr. Ballock was discharged on September 25, 2017, he is still well within the statute of limitations to file a lawsuit or amend the current lawsuit to include allegations against the FBI; thus, the FBI, its employees who participated in the decision to discharge Mr. Ballock, or both, are potential parties to this litigation or separate litigation based on the same facts. As previously discussed, documents related to Mr. Ballock's discharge from employment, including his personnel file, are relevant to the questions of not only causation, but also potential damages.

If you have questions or concerns arising from this request for documentation, please contact me either via telephone or email as provided above.

Sincerely,

Mark G. Jeffries

Attachments

cc (w.encls.):   Charles J. Crooks, Esq.
                 Frederick R. Juckniess, Esq.
                 P. Todd Phillips, Esq.