**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK,**

       **Plaintiff,**

**v.**                                                                  **CIVIL ACTION NO.:  1:17-CV-52**
                                                                        **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

       **Defendants.**

**DEFENDANTS STATE TROOPER MICHAEL KIEF, STATE TROOPER**
**RONNIE M. GASKINS, AND STATE TROOPER CHRIS BERRY'S**
**MOTION TO COMPEL**

       Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and

State Trooper Chris Berry (collectively, the "State Police Defendants"), by counsel, move the

Court under Rule 37 of the Federal Rules of Civil Procedure for an Order compelling Plaintiff

Scott T. Ballock to produce full and complete responses to discovery requests propounded by the

State Police Defendants.

**I.      BACKGROUND**

       Plaintiff[1] brings nine causes of action against the State Police Defendants, all

related to his arrest on September 13, 2013 and his subsequent discharge from employment with

the FBI on September 25, 2017. *See generally*, 3d Am. Compl. (ECF No. 49). In particular,

Plaintiff alleges that shortly after he filed the original pleading in this action, an unnamed

representative of the West Virginia State Police visited the FBI's Clarksburg Resident Agency

and lodged a complaint with the Senior Supervisory Resident Agent about Plaintiff's filing of

---

[1] Because this Motion discusses Plaintiff's father, Tom Ballock, the State Police Defendants will refer to
Scott Ballock as "Plaintiff" and his father as "Mr. Ballock" for clarity.

this action. *Id.* at ¶ 225. Plaintiff claims that as a result of Defendants' actions, he was discharged by the FBI, resulting in a loss of earnings and benefits. *Id.* at ¶ 125. In addition, one of Plaintiff's claims against the State Police Defendants is for Intentional Infliction of Emotional Distress. *Id.* at ¶¶ 217-223. Plaintiff claims that as a result of Defendants' actions, he has suffered "multiple years of debilitating distress," "[l]oss of sleep," and "involuntary tics," all of which have required "visits to medical professionals who have prescribed medications to address the emotional trauma, depression and distress suffered by [Plaintiff], including suicidal thoughts." *Id.* at ¶ 223.

Also relevant to the present motion is Plaintiff's allegation that his father, Tom Ballock, contacted Sgt. Kief prior to Plaintiff's arrest to complain about alleged conduct of Trooper Berry. *Id.* at ¶¶ 29-30. Mr. Ballock also maintains a website related to this civil action, www.wvsp.us.

On March 14, 2018, the State Police Defendants served their First Set of Requests for Production to Plaintiff and First Set of Interrogatories to Plaintiff. (ECF Nos. 60-61). After receiving two extensions of time, Mr. Ballock responded to the requests on May 21, 2018. There was an additional delay while the parties worked out how best to exchange an extremely large volume of information, chiefly the results of a forensic analysis of the cell phone of Defendant Ellen Ruth Costlow's boyfriend, Kenny Ice, Jr. The initial upload to the Sharefile site the parties agreed to use to exchange documents occurred on June 7, 2018, and the final files were not uploaded until June 18, 2018. On June 28, 2018, counsel for the State Police Defendants received a "thumb drive" from Mr. Ballock, which also contained .pdf versions of the files downloaded as part of the forensic analysis of the Kenny Ice cell phone. Letter from Thomas

Ballock to Mark G. Jeffries, Monte' L. Williams, P. Todd Phillips, Frederick R. Juckniess, and Charles J. Crooks (June 25, 2018), attached as "Exhibit 1."

After reviewing Plaintiff's discovery responses, counsel for the State Police Defendants sent a letter to Plaintiff's counsel on June 12, 2018, detailing issues with those responses. Letter from Mark G. Jeffries to Frederick R. Juckniess and Charles J. Crooks (June 12, 2018), attached as "Exhibit 2." This letter initiated a series of e-mails and telephone conversations between counsel in an attempt to resolve the issues identified in the letter without action by the Court. This effort culminated in a telephone conversation between counsel on July 10, 2018, which was then summarized in a confirmatory e-mail that same day. E-mail from Mark G. Jeffries to Frederick R. Juckniess (July 10, 2018, 2:55 p.m.), attached as "Exhibit 3." After these discussions, Plaintiff's counsel agreed to supplement his responses as to all disputed interrogatories or requests, with two exceptions: (1) Plaintiff would not provide information related to any counseling he may have had with a pastor, priest, or cleric; and (2) Plaintiff would not produce any documents or a privilege log between his counsel and Tom Ballock. *Id.*[2] Plaintiff served supplemental interrogatory answers on August 6, 2018. Plaintiff has not yet served a supplemental response to the requests for production.

As set forth above and in the Statement in Support of Motion to Compel (attached as "Exhibit 4"), the undersigned counsel certifies in accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure that counsel for the State Police Defendants have conferred in good faith with Plaintiff's counsel in an attempt to obtain the discovery sought in this Motion without action by the Court.

---

[2] Although as of July 10, 2018, Plaintiff's counsel indicated he would not ask his client about counseling with a religious leader, Plaintiff's supplemental answer to the State Police Defendants' Interrogatories affirmatively stated that he had not sought counseling with a cleric. Thus, there is only one issue where the parties disagree whether a supplemental response is necessary—communications with Tom Ballock.

## II.    ARGUMENT

For convenience and ease of consideration, the discovery requests at issue can be broken down into six categories: (1) witness information (Interrogatories 2 and 4); (2) Plaintiff's medical and mental health history and treatment (Interrogatories 2, 4, and 9; Requests 8, 10, and 11); (3) Plaintiff's discharge from employment (Request 18); (4) communications with Tom Ballock (Request 23); (5) tax returns (Request 26); and (6) Plaintiff's current employment (Request 30).[3] The State Police Defendants will address each in turn.

### A.    Witness Information

Interrogatory No. 2 asked Plaintiff to identify and provide contact information for every person known to have relevant knowledge of facts related to this civil action. Interrogatory No. 4 asked Plaintiff to identify every person reasonably expected to be called as a fact witness at trial, along with contact information and the subject of the person's testimony. Plaintiff's answers to both interrogatories were the same. For some individuals, however, the answer was incomplete. There was no telephone number provided for Diane Halbritter. No address was provided for Kenny Ice, Sr. There was no contact information at all provided for Amy Fetty. In particular, Plaintiff should have contact information for Amy Fetty, as he alleges that Ms. Fetty provided him with information about Ms. Coslow. 3d Am. Compl. ¶ 127a. Yet, he has not even provided Ms. Fetty's telephone number.

The information sought in these interrogatories is clearly relevant and should be produced. *See Buckner v. United Parcel Svc., Inc.*, No. 5:09-CV-00411-BR, 2011 WL 6748522, at *7 (E.D.N.C. Dec. 22, 2011) (granting motion to compel plaintiff to answer interrogatories

---

[3] In accordance with Local Rule of Civil Procedure 37.02, each discovery request at issue, along with the response and supplemental response to which an exception is taken, is reproduced verbatim in the Statement in Support of Motion to Compel (Ex. 4).

seeking information regarding identity, contact information, and subjects of knowledge for persons having knowledge of facts relating to allegations in the complaint). Furthermore, the fact that the State Police Defendants' counsel could call the individuals for whom telephone numbers were provided does not excuse Plaintiff from his obligation to fully respond to the interrogatories. "The fact that the information sought is equally available to the interrogator . . . does not render the interrogator[y] objectionable." *Amick v. Ohio Power Co.*, No. 2:13-cv-06593, 2013 WL 6670238, at *2 (S.D.W. Va. Dec. 18, 2013) (internal quotation and citation omitted).

Thus, the Court should order Plaintiff to supplement his answers to these interrogatories to provide all the information requested therein.

### B. Plaintiff's Medical and Mental Health History and Treatment

Interrogatory No. 9 asked Plaintiff to identify every "psychologist, psychiatrist, physician, cleric, or other person" with whom he has sought counseling or mental health treatment over the past ten years. Plaintiff objected to answering for the time period requested and also objected to providing information about any counseling he may have sought with a priest, pastor, or other cleric. Instead, Plaintiff identified two providers from whom he "received *formal* treatment . . . *since the events alleged in the Third Amended Complaint*" and referred back to his answers to Interrogatories 2 and 4, which contained contact information and other details about the providers. Ex. 4 (emphasis added). Thus, because Plaintiff limited his answer to formal treatment since the events alleged in the Third Amended Complaint, his answer and supplemental answer were evasive and incomplete.

The Interrogatory sought the identities of every person from whom he has sought counseling, not just those from whom he has sought *formal* treatment. The interrogatory

8104236.1

therefore would include anyone from whom he sought counseling or mental health treatment on an informal basis, such as a friend or family member who is a psychologist, psychiatrist, or counselor.

The answer also does not cover the complete time period for which information is requested. Contrary to Plaintiff's objection, ten years is not an overly broad period. The events at issue in this matter began six years ago, in 2012. 3d Am. Compl. ¶¶ 20, 22. The interrogatory only covers four years prior to the events alleged in Plaintiff's complaint. In addition, Plaintiff claims to have suffered severe emotional distress, resulting in medical treatment and medication as a result of Defendants' actions. *Id.* at ¶ 223. Because Plaintiff has put his mental health status at issue, the State Police Defendants are entitled to know what his mental health status was before the events alleged in this civil action. Such information is relevant to both the causation and extent of Plaintiff's emotional distress damages. *Carpenter v. Res-Care Health Servs., Inc.*, No. 3:12-CV-08047, 2013 WL 1750464, at *2 (S.D.W. Va. Apr. 23, 2013) (citing cases). Thus, Plaintiff should respond by indicating *all* mental health treatment or counseling he has sought within the requested time period, not just "since the events alleged in the Third Amended Complaint."

Furthermore, as to Kathie Giselman, Plaintiff did not identify the dates he saw this provider. Although Plaintiff indicated in his supplemental answer that he "began counseling with Gieselman shortly before Costlow separated from Ballock," he does not indicate when this counseling concluded or if it is continuing.

Requests 8, 10, and 12 asked Plaintiff to either produce his medical and mental health records or execute releases so that the State Police Defendants' counsel could obtain the records directly from the providers identified in Interrogatory No. 9. Although Plaintiff

8104236.1

responded that he would provide executed releases (and in subsequent discussions between counsel, agreed to provide releases that would allow the State Police Defendants' counsel to obtain relevant records back to January 1, 2008), no releases or records have been produced to date.

Because these requests seek information relevant to Plaintiff's claimed emotional distress damages, the Court should order Plaintiff to supplement his responses to provide all requested information and to provide the releases he agreed to execute.

### C.    Plaintiff's Discharge from Employment

Request 18 asked Plaintiff to produce all documents related to the "negative repercussions" he allegedly suffered at work, including his discharge from employment. 3d Am. Compl. ¶¶ 124-25. Plaintiff responded that he would "identify and produce responsive documents, if any, to the extent not already produced." Ex. 4. Plaintiff did not deny that he had responsive documents, but he did not produce any documents related to his employment with the FBI, either.   From Plaintiff's response, it appears that he has responsive documents. Consequently, the State Police Defendants' counsel asked Plaintiff's counsel to supplement the response to either produce responsive documents or state that no responsive documents exist. During discussions among counsel, it was agreed that, at a minimum, Plaintiff likely received written notification of his discharge from employment. Common sense and experience dictates that he likely received documents detailing his alleged "negative repercussions at work," including documents denying him "promotional and transfer opportunities," as well. 3d. Am. Compl. ¶ 124. Plaintiff's counsel agreed to check with Plaintiff to see if there are any responsive documents to produce. To date, however, Plaintiff has not supplemented his response to Request 18 to either produce documents or indicate that no responsive documents exist.

8104236.1

This request seeks information related to Plaintiff's discharge from employment. Plaintiff has indicated that he may have responsive documents, yet Plaintiff has neither produced documents nor supplemented his response to indicate that he has no responsive documents. Therefore, the Court should order Plaintiff to supplement his response to this request to either produce all responsive documents or clarify that he has no responsive documents in his possession, custody, or control.

### D.      Communications with Tom Ballock

In Request No. 23, the State Police Defendants asked for documents reflecting any communications between Plaintiff or his counsel and Plaintiff's father, Tom Ballock, related to any of the State Police Defendants or the allegations in the Third Amended Complaint. Plaintiff objected on overbreadth and vagueness grounds, claiming that it was unclear what the request was seeking and then incorrectly stating that the request would encompass all communications between Plaintiff and his father, including such topics as house-hunting. The request is clear, and even to the extent it could be interpreted as vague, the State Police Defendants' counsel clarified to Plaintiff's counsel that the request sought "any communications between either Plaintiff and his father, Tom Ballock, or between [Plaintiff's counsel] and Tom Ballock related to the State Police Defendants or any allegations in the Third Amended Complaint" and did *not* include attorney-client privileged communications or "subjects that are only tangentially related to the issues in this case, such as househunting." Ex. 3. After discussions between counsel, Plaintiff's counsel stated that all responsive documents between Plaintiff and his father from before this litigation was commenced have been produced, and no responsive documents between Plaintiff and his father had been produced after this litigation commenced. *Id.* Counsel for the State Police Defendants asked that Plaintiff supplement his

response to reflect this understanding, as the formal response only consists of an objection to producing any responsive documents at all. *Id.*

Plaintiff's counsel, however, refused to produce any documents reflecting communications between themselves and Tom Ballock. *Id.* Counsel cites no authority to support their position. To the knowledge of the State Police Defendants, Mr. Ballock is not a client of either of Plaintiff's counsel, and he almost certainly is not a client for purposes of this litigation, as Mr. Ballock is not a party to this matter. Moreover, communications between Plaintiff's counsel and Mr. Ballock are relevant. Mr. Ballock maintains a website about this very action. Mr. Ballock produced discovery materials directly to the parties' counsel. Ex. 1. Mr. Ballock made a complaint to Sgt. Kief about Trooper Berry's alleged affair with Ms. Costlow, and Plaintiff claims that Trooper Berry was conducting surveillance of Mr. Ballock. 3d Am. Compl. ¶¶ 29-31. Any communications with Tom Ballock about the State Police Defendants or the allegations underlying this matter are certainly relevant.

Furthermore, such communications—even if they involved Plaintiff's counsel—are subject to discovery under Rule 34. Documents that are within a party's "possession, custody, or control" are discoverable. Fed. R. Civ. P. 34(a)(1). "For discovery purposes, a party is generally considered to have possession and control over documents in the possession of its current or form[er] legal counsel." *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, Civil Action No. 9:14-cv-00230-RMG, 2017 WL 1282012, at *3 (D.S.C. Apr. 5, 2017); *McGraw-Hill Global Education, LLC v. Griffin*, Civil Action No. 5:14-CV-00042-TR-LLK, 2015 WL 9165965, at *1 (W.D. Ky. Dec. 16, 2015) (noting that many courts consider things in the possession of a party's attorney to be in that party's custody or control for purposes of Rule 34); *Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL 2311565, at *5 n.3 (W.D. Va. June 4, 2008)

("'Documents turned over by a party to the party's attorney remain within the party's control. In addition, "if an attorney comes into possession of a document as attorney for that party his [or her] possession of the documents is the possession of the party."'") (quoting 7 James Wm. Moore et al., *Moore's Federal Practice* § 34.14[2][b] (3d ed. 1997)); *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 509-10 (D.S.D. 2015) ("Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control.") (internal quotation and citation omitted). Thus, any communications between Plaintiff's counsel and Tom Ballock are within Plaintiff's possession, custody, or control and are discoverable. Moreover, the mere fact that Plaintiff may be included in the communications with counsel does not make them privileged. Because Tom Ballock is not a client of Mr. Juckniess or Mr. Crooks, including him in a communication between Plaintiff and his counsel precludes application of the attorney-client privilege. "[I]f a client communicates information to his attorney with the understanding that the information will be revealed to others, that information as well as the details underlying the data which was to be published will not enjoy the privilege." *United States v. (Under Seal)*, 748 F.2d 871, 875 (4th Cir. 1984) (internal quotation and citation omitted).

Plaintiff's counsel refuses to produce documents responsive to Request No. 23, even though they identify no authority permitting them to refuse to disclose such documents. Furthermore, Plaintiff has not supplemented his response as to documents between Tom Ballock and himself. The Court should issue an order compelling Plaintiff to fully respond to this request and produce all responsive documents between either himself or his counsel and Tom Ballock.

E.     **Tax Returns**

Because Plaintiff is claiming lost earnings as a result of his discharge from employment, the State Police Defendants asked him in Request No. 26 to produce his state and federal income tax returns from 2012 to the present. Plaintiff produced his returns for 2014 through 2017 but did not produce returns for 2012 or 2013. Without providing a specific reason, Plaintiff objected that a request for tax returns going back to 2012 was overly broad. Ex. 4. Nevertheless, after discussions between counsel, Plaintiff agreed to execute an IRS Form 4506 so that the State Police Defendants' counsel could obtain Plaintiff's 2012 and 2013 tax return information from the IRS. Ex. 3. Nevertheless, Plaintiff has not yet produced an executed copy of the Form 4506 counsel for the State Police Defendants attached to the July 10, 2018 e-mail to Plaintiff's counsel.

Tax returns are discoverable if "1) the tax return is relevant to the subject matter in dispute; and 2) a compelling need exists for the return, because the information sought is not obtainable from other sources." *Susko v. City of Weirton*, No. 5:09-CV-1, 2010 WL 3584425, at *3 (N.D.W. Va. Sept. 10, 2010). "While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information." *Id.* Plaintiff claims to have suffered over $1.8 million in lost income. He has placed his financial condition at issue, and tax returns going back to five years before the complaint was filed, including the years immediately prior to his and Ms. Costlow's divorce, are relevant and necessary for the purposes of determining his damages. *See Besco v. City of Longview*, No. 3:15-CV-05493-RJB, 2016 WL 1077266, at *4 (W.D. Wash. Mar. 18, 2016) (granting motion to compel plaintiff to produce five years of tax returns when plaintiff put his lost earnings in controversy).

8104236.1

Plaintiff's 2012 and 2013 tax returns are relevant to his claimed economic damages. He has not made a proper objection to providing them, but to the contrary, agreed to execute a release so that the State Police Defendants' counsel may obtain those records from the IRS. Therefore, the Court should order Plaintiff to execute an IRS Form 4506 and produce the same to counsel for the State Police Defendants.

### F.    Plaintiff's Current Employment

Again owing to Plaintiff's claim of lost earnings, Request No. 30 sought information on Plaintiff's current employment. Particularly pertinent to the current motion, the request included "documents reflecting employee benefits that [Plaintiff is] receiving." Ex. 4. Although Plaintiff produced some documents related to his current employment, he did not produce any documents to reflect what benefits he is eligible for with his current job. This portion of the request is especially important, as Plaintiff claims that he was eligible for a host of benefits through his former employment at the FBI, including overtime, "medical, vision and dental insurance, participation in the employee thrift plan including employer contributions, as well as his federal pension." 3d Am. Compl. ¶ 125. Thus, information on Plaintiff's current benefits will be necessary for an economist to calculate the value of Plaintiff's claimed lost earnings.

Plaintiff's counsel agreed to determine what benefits Plaintiff is currently eligible for, provide that information to the State Police Defendants' counsel, and then the State Police Defendants would ask for particular documents. Ex. 3. To date, however, Plaintiff has not provided any supplemental information.

Because information on the benefits Plaintiff currently receives through his employment is necessary to determine Plaintiff's economic losses, if any, the Court should enter

an order requiring Plaintiff to fully respond to Request No. 30 and produce all documents that reflect any benefits he is entitled to through his current employment.

## III.    CONCLUSION

Plaintiff has not fully responded to the interrogatories and requests for production submitted to him by the State Police Defendants. Efforts by counsel to gain full responses without resort to the Court have failed. Therefore, Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry respectfully request that the Court GRANT their Motion and enter an Order compelling Plaintiff Scott T. Ballock to fully respond to their discovery requests, as discussed above, as well as for any and all other relief the Court deems just.

Dated this 15th day of August 2018.

*/s/ Mark G. Jeffries*
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*

8104236.1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK,**

   **Plaintiff,**

**v.**              **CIVIL ACTION NO.:  1:17-CV-52**
                 **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

   **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on the 15th day of August 2018, I filed the foregoing

"***Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins and State Trooper***

***Chris Berry's Motion to Compel***" with the Clerk of the Court using the CM/ECF system, which

will send notification of such filing to the following:

     Frederick R. Juckniess, Esq.
     302 E. Liberty St., Suite 203
     Ann Arbor, MI 48104

     Charles J. Crooks, Esq.
     CROOKS LAW FIRM PLLC
     244 Pleasant Street
     Morgantown, WV 26505

     *Counsel for Plaintiff*

8104236.1

P. Todd Phillips, Esq.
LYONS PHILLIPS LEGAL GROUP PLLC
141 Walnut Street
Morgantown, WV 26505

*Counsel for Defendant Ellen Ruth Costlow*

**s/  Mark G. Jeffries**
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper*
*Michael Kief, State Trooper Ronnie M.*
*Gaskins, and State Trooper Chris Berry*

8104236.1