# EXHIBIT 2



400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000   (304) 933-8183 Fax
www.steptoe-johnson.com

Writer's Contact Information

**DIRECT DIAL**
Phone: (304) 933-8155
Fax: (304) 933-8183

E-mail:
Mark.Jeffries@steptoe-johnson.com

June 12, 2018

Frederick R. Juckniess, Esquire
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104

Charles J. Crooks, Esquire
CROOKS LAW FIRM PLLC
244 Pleasant Street
Morgantown, WV 26505

Re: **Ballock v. Costlow, et al.**
**Civil Action No. 1:17-CV-52**
<u>United States District Court for the Northern District, WV</u>

Dear Charles and Rick,

Having reviewed Plaintiff's Responses to Trooper Defendants' First Set of Interrogatories and Plaintiff's Responses to Trooper Defendants' First Set Requests for Production, I wish to raise issues I noted with the responses. Please consider this letter an attempt under Rule 37 of the Federal Rules of Civil Procedure to resolve a discovery issue without resort to the Court.

<u>Interrogatory Answers</u>

**Interrogatories Nos. 2 and 4:** Interrogatory No. 2 asked Plaintiff to identify and provide contact information for every person known to have relevant knowledge of facts related to this action. Interrogatory No. 4 asked Plaintiff to identify every person reasonably expected to be called as a fact witness at trial, along with contact information and the subject of the person's testimony. Plaintiff's answers to both interrogatories were the same. For some individuals, however, the answer was incomplete. There was no telephone number provided for Diane Halbritter. The subject of Kathie Giesleman's expected testimony was not identified. No addresses were provided for Dave Pennypacker or Kenny Ice, Sr. There was no contact information provided for Amy Fetty. Also, no addresses were provided for Steve Secor or Sue Lucas. Finally, in the answer to Interrogatory No. 15, SSA Soo Barrow and SSA Ed Ryan are identified as possessing knowledge about the purported visit by a uniformed representative of the West Virginia State Police to the FBI's Clarksburg Resident Agency to lodge a complaint about Mr. Ballock filing the initial Complaint in this matter; yet, neither individual was identified in the answers to Interrogatories 2 and 4, and no contact information was provided for these two individuals. Please supplement the answers to these interrogatories to provide all requested information.



Frederick R. Juckniess, Esquire
Charles J. Crooks, Esquire
June 12, 2018
Page 2

**Interrogatory No. 9:** This interrogatory asked Plaintiff to identify every psychologist, psychiatrist, physician, cleric, or other person from whom he has sought treatment or counseling for his psychological or emotional conditions within the last ten years. You objected on the grounds that the request was overbroad by seeking information going back ten years. I disagree. The events at issue in the Third Amended Complaint occurred five years ago, in 2013. While you provided the names of individuals from whom Mr. Ballock has received "formal treatment" for psychological or emotional issues "since the events alleged in the Third Amended Complaint," any treatment, whether formal or informal, Mr. Ballock received *before* the events alleged in the Third Amended Complaint is relevant to determine the existence, cause, and extent of any preexisting psychological or emotional conditions. This request only seeks information regarding treatment going back five years before the events alleged in the Third Amended Complaint. Please supplement the answer to this interrogatory to provide responsive information going back to 2008.

In addition, for the three individuals identified, you did not provide the dates of treatment, as requested in the Interrogatory. Also, you objected to providing an answer for "any cleric" or "other person" from whom Mr. Ballock has sought counseling or treatment on the grounds that any communications with a religious leader would not be relevant and would be privileged. If Mr. Ballock sought counseling with a religious leader for emotional or psychological issues, that fact would be relevant to his emotional and psychological condition. Moreover, even if communications with a religious leader or cleric were privileged, the mere fact that Mr. Ballock sought counseling from that person for emotional or psychological conditions would not be. Furthermore, no privilege log was produced. Of course, informal counseling with a "person" other than a religious leader would not be privileged. Please supplement this answer to fully respond to the interrogatory, including a privilege log if Mr. Ballock is claiming the parishioner-clergy privilege.

<u>Responses to Requests for Production</u>

**Requests Nos. 8 and 11:** These requests sought Mr. Ballock's medical and prescription records, or in the alternative, an executed medical release so that we may obtain the records. You responded that Plaintiff will provide a medical records release, but none has been produced. Please provide us with an executed copy of the medical records release that was attached as an exhibit to the requests for production.

**Request No. 10:** This request sought Mr. Ballock's mental health records for the last ten years, or in the alternative, executed medical, mental health, and psychotherapy releases. In response, you stated, "Plaintiff will provide a medical records release[.]" No medical records release has been produced. In addition, all three releases that were attached to the requests for production—medical, mental health, and psychotherapy—are required in order to obtain Mr. Ballock's mental health records. Please provide executed copies of all three releases.

**Request No. 12:** Here, we asked Mr. Ballock to produce copies of all letters or other correspondence he had sent or received from Medicare, Medicaid, or any other government agency related to treatment for injuries he contends are related to this case. The response was,

Frederick R. Juckniess, Esquire
Charles J. Crooks, Esquire
June 12, 2018
Page 3

"Plaintiff will produce responsive documents, if any." No responsive documents have been produced. Can you verify that Mr. Ballock has not received treatment for any injuries he contends are related to the facts of this case, which has been paid for by Medicare, Medicaid, or any other government agency?

**Request No. 14:** This request was for all documents that support the allegation in the Third Amended Complaint that Trooper Berry was conducting surveillance of Mr. Ballock, his parents, or both. Although the response indicated that "Plaintiff will produce responsive documents," no responsive documents were produced. Please supplement this response to include all responsive documents or affirmatively state that no responsive documents exist.

**Request No. 17:** This request was for a complete, unedited copy of the "recovered audio recording" of Ms. Costlow purportedly "interrogating" her daughter and coaching her daughter what to say before a counseling session. Although the response indicated that a responsive document will be produced, no copy of the recording has been produced. Please supplement this response and provide the audio recording.

**Request No. 18:** This request sought all documents relating to negative repercussions Mr. Ballock allegedly suffered during his employment with the FBI, including but not limited to any documents related to his discharge from employment. No documents related to Mr. Ballock's employment with the FBI were produced. It seems unlikely that Mr. Ballock did not receive any documentation regarding the alleged negative repercussions he experienced at the FBI; at a minimum, he would likely have received written notification of his discharge. Please supplement this response to produce all documents related to any negative repercussions Mr. Ballock experienced while employed by the FBI, or in the alternative, to state that no such documents exist.

**Request No. 22:** Here, we sought all documents that support Mr. Ballock's claim that my clients tortiously interfered with his employment. You responded that responsive documents will be produced, yet no documents related to Mr. Ballock's employment with the FBI were produced at all, much less any documents that could support a claim that the State Police Defendants tortiously interfered with Mr. Ballock's employment. Please supplement this response to provide all responsive documents, or in the alternative, to affirmatively state that no such documents exist.

**Request No. 23:** This request sought all communications between Mr. Ballock or his attorneys and his father, Tom Ballock, which relate to or mention any of the State Police Defendants or which relate to the allegations in the Third Amended Complaint. You objected that the request was vague and overbroad. As to vagueness, I am not sure what about the request was unclear. We are seeking all communications—such as letters, e-mails, or text messages—between Tom Ballock and either Scott Ballock, Rick Juckniess, or Charles Crooks, which mention any or all of the State Police Defendants—Mike Kief, Ronnie Gaskins, and Chris Berry—or which relate to the allegations in the Third Amended Complaint. As to the overbreadth objection, simply stating that the request is overbroad is not a valid objection. "[T]he 'mere statement by a party that the interrogatory [or request for production] was "overly broad,

Frederick R. Juckniess, Esquire
Charles J. Crooks, Esquire
June 12, 2018
Page 4

burdensome, oppressive and irrelevant" is not adequate to voice a successful objection.'" *Jackson v. W. Virginia Univ. Hosps., Inc.*, No. 1:10CV107, 2011 WL 1831591, at *3 (N.D.W. Va. May 12, 2011) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982)). Please supplement this response to produce all responsive documents.

**Request No. 26:** In this request, we asked for Mr. Ballock's federal and state income tax returns for 2012 through 2017. Again, you objected on the grounds of overbreadth, but you did not explain how producing Mr. Ballock's tax returns for the period from five years before filing the current action was overly broad. Thus, the overbreadth objection is not a valid objection. Nevertheless, Mr. Ballock produced his tax returns for 2014-17; but he did not produce his tax returns for 2012 and 2013. Please supplement this production to include the 2012 and 2013 tax returns.

**Request No. 30:** This request sought information related to Mr. Ballock's current employment, including documents reflecting any employee benefits he is eligible for. Although you produced an offer letter and a pay stub from Mr. Ballock's current employment, no documents related to the type, cost, or value of benefits Mr. Ballock may be eligible for were produced. Please supplement this response to include all documents that reflect benefits Mr. Ballock is eligible to receive in his new position.

I appreciate your anticipated cooperation in resolving these issues. Please do not hesitate to contact me if you should have any questions.

Sincerely,

*[signature]*

Mark G. Jeffries

MGJ/dsr

cc: P. Todd Phillips, Esquire