# EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.

                                                                   CIVIL ACTION NO.: 1:17-CV-52
                                                                   Honorable Irene M. Keeley
ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

      Defendants.

STATEMENT IN SUPPORT OF MOTION TO COMPEL

In accordance with Local Rule of Civil Procedure 37.02, the undersigned counsel submits

the following statement in support of "Defendants State Trooper Michael Kief, State Trooper

Ronnie M. Gaskins, and State Trooper Chris Berry's Motion to Compel":

(1)   This motion seeks to compel a complete answer or response to the following

discovery requests, which are provided verbatim, along with Plaintiff's answers and responses to

which an exception is taken:

> **INTERROGATORY NO. 2**: With respect to each and every   person whom you
> or your counsel knows to have knowledge of any relevant fact or allegation
> pertaining to this lawsuit, please state the person's name, last known address
> (including street, street number, city, state and zip code), telephone number and
> current employer.
>
> **ANSWER NO. 2**: Plaintiff objects to the request to the extent it seeks to pose an
> interrogatory directly to counsel, as seeking work product and privileged
> information, and as overbroad and seeking irrelevant information in asking for
> "current employer." It likewise asks Ballock to speculate as to who "counsel
> knows" to have any kind of "knowledge" and is thus overbroad, vague, and
> improper. Plaintiff further objects to the interrogatory as compound. Subject to
> these objections, Plaintiff responds:

* * *

**Diane Halbritter**, MSW, 235 High Street, Morgantown, WV 26505

Halbritter was the children's counselor. Halbritter will be asked to testify as to the children's observations regarding both Ballock and Costlow. Halbritter is expected to testify that neither child reported ever witnessing any violent or aggressive behavior by Ballock, but both independently reported witnessing violent behaviors by Costlow, including physical violence directed toward Tommy Ballock. Halbritter will be asked to testify about Costlow's aggressive efforts to alienate the children from Ballock, and Costlow coaching her then-nine-year old daughter to lie to her counselor (Halbritter).

* * *

**Kathie Gieselman**, Marriage and Family Therapist, MA, LMFf, LPCC, Twin Cities Therapy and Counseling Associates, 5851 Duluth St., Suite 306, Golden Valley, Minnesota, 55422, (952) 314-3975.

* * *

**Kenny Ice, Sr.**, (681) 753-1260

Kenny Ice, Sr. has knowledge regarding Costlow's conduct and statements, as well as physical and psychological abuse by Costlow offered to meet with Ballock to share his observations about Costlow. Ice, Sr. Will be asked to testify about his observations of Costlow, including lies she has told about being physically assaulted by Kenny Ice, Sr. Ice, Sr. Ice, Sr. will also be asked to testify about Costlow's giving him FBI property which Costlow stole from Ballock. Most recently, Ice, Sr. appeared unannounced at Ballock's residence in the summer of 2017 and again in October 2017 and shared that Costlow had willfully violated the Family Court order that she not have unsupervised visits with her daughter. Ice, Sr. will be asked to testify about these events.

**Amy Fetty**

Fetty will be asked to testify about her arrest at the request of Costlow. Fetty will be asked to testify about her interactions with Costlow.

* * *

Ballock also incorporates the answers to interrogatories 3, 4, 8 and 9.

**SUPPLEMENTAL ANSWER NO. 2**:  Plaintiff objects to the request to the extent it seeks to pose an interrogatory directly to counsel as that violates attorney work product and attorney-client privilege and is overbroad. It likewise  asks Ballock to speculate as to who "counsel knows" to have  any kind of "knowledge" and is thus overbroad,

2

8104256

vague, and improper. Plaintiff further objects to the interrogatory as compound. Subject to these objections, Plaintiff responds:

* * *

**Diane Halbritter**, MSW, 235 High Street, Morgantown, WV 26505. Ms. Halbritter was the children's counselor. She will be asked to testify as to the children's observations regarding both Ballock and Costlow. Ms. Halbritter is expected to testify that neither child reported ever witnessing any violent or aggressive behavior by Ballock, but both independently reported witnessing violent behaviors by Costlow, including physical violence directed toward Tommy Ballock. Ms. Halbritter will be asked to testify about Costlow's aggressive efforts to alienate the children from Ballock, and Costlow coaching her then-nine-year old daughter to lie to Ms. Halbritter.

* * *

**Kathie Gieselman**, Marriage and Family Therapist, MA, LMFf, LPCC, Twin Cities Therapy and Counseling Associates, 5851 Duluth St., Suite 306, Golden Valley, Minnesota, 55422, (952) 314-3975. Ms. Gieselman has knowledge and information regarding Costlow's demands of Ballock, abuse of Ballock, and that the claims and accusations by Costlow against Ballock are false. She may also have information relevant to the question of damages and emotional distress. Scott Ballock began counseling with Gieselman shortly before Costlow separated from Ballock. Ms. Gieselman has knowledge regarding the harm to Ballock and circumstances surrounding the divorce as well as damage to his career and family life. She also has knowledge regarding Costlow's conduct and attempts to sabotage Ballock's career and damage him. Gieselman also has knowledge regarding Ballock's conduct and the lack of any abusive behavior, and that Costlow was mentally ill and that she was violent, verbally and physically abusive, and a danger to the children and family.

* * *

**Kenny Ice, Sr.**, Address unknown, (681) 753-1260. Kenny Ice, Sr. has knowledge regarding Costlow's conduct and statements, as well as physical and psychological abuse by Costlow. He offered to meet with Ballock to share his observations about Costlow. Ice, Sr. will be asked to testify about his observations of Costlow, including lies she has told about being physically assaulted by Kenny Ice, Sr. He will also be asked to testify about Costlow's giving him FBI property which Costlow stole from Ballock. Most recently, Ice, Sr. appeared unannounced at Ballock's residence in the summer of 2017 and again in October 2017 and shared that Costlow had willfully violated the Family Court order that she not have unsupervised visits with her daughter. Ice, Sr. will be asked to testify about these events.

3

**Amy Fetty,** Address unknown. Ms. Fetty will be asked to testify about her arrest at the request of Costlow. Ms. Fetty will be asked to testify about her interactions with Costlow.

\* \* \*

Ballock also incorporates the answers to interrogatories 3, 4, 8 and 9.

**INTERROGATORY NO. 4**: With respect to each and every person whom you or your attorney reasonably expect to call as a witness at the trial of this case, please state the person's name, last known address (including street, street number, city, state and zip code), telephone number, current employer, and the subject of the person's testimony.

**ANSWER NO. 4**: Ballock objects to the interrogatory as compound, as overbroad as seeking irrelevant information by asking for "current employer" and seeking knowledge of "your attorney." Subject to these objections, Plaintiff responds:

\* \* \*

**Kathie Giesleman**, Marriage and Family Therapist, MA, LMFf, LPCC, Twin Cities Therapy and Counseling Associates, 5851 Duluth St., Suite 306, Golden Valley, Minnesota, 55422, (952) 314-3975.

\* \* \*

**Kenny Ice, Sr.**, (681) 753-1260

Kenny Ice, Sr. has knowledge regarding Costlow's conduct and statements, as well as physical and psychological abuse by Costlow offered to meet with Ballock to share his observations about Costlow. Ice, Sr. Will be asked to testify about his observations of Costlow, including lies she has told about being physically assaulted by Kenny Ice, Sr. Ice, Sr. Ice, Sr. will also be asked to testify about Costlow's giving him FBI property which Costlow stole from Ballock. Most recently, Ice, Sr. appeared unannounced at Ballock's residence in the summer of 2017 and again in October 2017 and shared that Costlow had willfully violated the Family Court order that she not have unsupervised visits with her daughter. Ice, Sr. will be asked to testify about these events.

**Amy Fetty**

Fetty will be asked to testify about her arrest at the request of Costlow. Fetty will be asked to testify about her interactions with Costlow.

\* \* \*

4

8104256

Ballock also incorporates the answers to interrogatories 3, 4, 8 and 9 herein.'

**SUPPLEMENTAL ANSWER NO. 4**: Ballock objects to the interrogatory as compound, as overbroad as seeking irrelevant information by asking for "current employer" and seeking knowledge of "your attorney." Subject to these objections, Plaintiff responds:

**Diane Halbritter**, MSW, 235 High Street, Morgantown, WV 26505. Ms. Halbritter was the children's counselor. She will be asked to testify as to the children's observations regarding both Ballock and Costlow. Ms. Halbritter is expected to testify that neither child reported ever witnessing any violent or aggressive behavior by Ballock, but both independently reported witnessing violent behaviors by Costlow, including physical violence directed toward Tommy Ballock. Ms. Halbritter will be asked to testify about Costlow's aggressive efforts to alienate the children from Ballock, and Costlow coaching her then-nine-year old daughter to lie to Ms. Halbritter.

\* \* \*

**Kathie Gieselman**, Marriage and Family Therapist, MA, LMFf, LPCC, Twin Cities Therapy and Counseling Associates, 5851 Duluth St., Suite 306, Golden Valley, Minnesota, 55422, (952) 314-3975. Ms. Gieselman has knowledge and information regarding Costlow's demands of Ballock, abuse of Ballock, and that the claims and accusations by Costlow against Ballock are false. Ms. Gieselman may also have information relevant to the question of damages and emotional distress. Scott Ballock began counseling with Gieselman shortly before Costlow separated from Ballock. Ms. Gieselman has knowledge regarding the harm to Ballock and circumstances surrounding the divorce as well as damage to his career and family life. She also has knowledge regarding Costlow's conduct and attempts to sabotage Ballock's career and damage him. Ms. Gieselman also has knowledge regarding Ballock 's conduct and the lack of any abusive behavior, and that Costlow was mentally ill and that she was violent, verbally and physically abusive, and a danger to the children and family.

\* \* \*

**Kenny Ice, Sr.**, (681) 753-1260. Kenny Ice, Sr. has knowledge regarding Costlow's conduct and statements, as well as physical and psychological abuse by Costlow offered to meet with Ballock to share his observations about Costlow. Ice, Sr. Will be asked to testify about his observations of Costlow, including lies she has told about being physically assaulted by Kenny Ice, Sr. Ice, Sr. Ice, Sr. will also be asked to testify about Costlow's giving him FBI property which Costlow stole from Ballock. Most recently, Ice, Sr. appeared unannounced at Ballock's residence in the summer of 2017 and again in October 2017 and shared that Costlow had willfully violated the Family Court order that she not have

5

8104256

unsupervised visits with her daughter. Ice, Sr. will be asked to testify about these events.

**Amy Fetty**

Fetty will be asked to testify about her arrest at the request of Costlow . Fetty will be asked to testify about her interactions with Costlow.

* * *

Ballock also incorporates the answers to interrogatories 3, 8 and 9.

**INTERROGATORY NO. 9**:   Please identify each and every psychologist, psychiatrist, physician, cleric, or other person with whom you have counseled or treated concerning his psychological or emotional condition within the last 10 years, including the dates of counseling or treatment.

**ANSWER NO. 9**:   Ballock objects to the request as over broad in seeking 10 years of psychologist or psychiatrist records.   Ballock further objects to the request as over broad in seeking any "cleric" or "other person" with whom he has "counseled" because Ballock's communications with any religious leaders would not be relevant and would be privileged. Likewise, the request asks for any "other person" which would encompass anyone with whom Ballock discussed his case, including his attorneys. Subject to these objections, Ballock received formal treatment concerning his psychological or emotional condition since the events alleged in the Third Amended Complaint as follows :

     Dr. Edward Baker.

     Kathie Giselman.

Ballock also incorporates the responses to Interrogatories 2 and 4 above

**SUPPLEMENTAL ANSWER NO. 9**:   Ballock objects to the request as overbroad in seeking 10 years of psychologist or psychiatrist records. Ballock further objects to the request as overbroad  in  seeking  any "cleric" or "other person" with whom he has "counseled" because Ballock's communications with any religious leaders would not be relevant and would be privileged. Likewise, the request asks for any "other person" which would encompass anyone with whom Ballock discussed his case, including his attorneys. Subject to these objections, Ballock  received formal treatment concerning his psychological or emotional condition since the events alleged in the Third Amended Complaint as follows:

Dr. Edward Baker.

6

Kathie Gieselman.

Ballock confirms that no "cleric" was consulted.

Ballock also incorporates the responses to Interrogatories Nos.2 and 4.

**REQUEST NO. 8**:  Please produce a copy of all documents, records, reports, correspondence, notes, images, x-rays, MRIs, CT scans, invoices, writings of any kind, and recordings of any kind that relate to medical care, treatment, consultations, and evaluations that you received as a result of the incidents described in the Third Amended Complaint.  This request encompasses, but is not limited to, documents, records, images, and invoices that reflect medical care, treatment, or evaluations provided to you, as well as medications prescribed to you, by healthcare providers, physicians, nurses, chiropractors, therapists or emergency medical technicians.  Alternatively, please return a fully-executed original of the medical records release attached as Exhibit 1, so that the State

**RESPONSE**:  Plaintiff will provide a medical records release with all production subject to the protective order and appropriately limited.

**REQUEST NO. 10**:  Please produce a copy of all documents, records, reports, correspondence, notes, invoices, writings of any kind, and recordings of any kind that relate to mental health care, treatment, counseling, and evaluations that you have received at any time within the last ten years.  This request encompasses, but is not limited to, documents, records, and invoices that reflect psychological, psychiatric, or emotional care, treatment, counseling, or evaluations provided to you, as well as medications that you have been prescribed.  Alternatively, please return a fully executed original of the medical and mental health records releases attached as Exhibits 1, 2 and 3 so that the State Police Defendants may obtain a copy of all documents and materials covered under the releases.

**RESPONSE**:  Plaintiff will provide a medical records release with all production subject to the protective order and appropriately limited.

**REQUEST NO. 11**:  Please provide the complete prescription records from any and all pharmacies of any kind from which you have obtained prescription medications for the last 10 years.  In the alternative, please execute the attached medical records release attached as Exhibit 1 so that the State Police Defendants may obtain those records.

**RESPONSE**:  Plaintiff will provide a medical records release with all production subject to the protective order and appropriately limited.

7

8104256

**REQUEST NO. 18**: Please produce all documents reflecting any "negative repercussions" you suffered at your employment, including but not limited to all documents that refer to or relate to your termination from employment on September 25, 2017, as set forth in Paragraphs 124-125 of the Third Amended Complaint.

**RESPONSE**: Plaintiff objects to the request as overbroad and vague, as well as duplicative of the requests already sent to the FBI. Plaintiff will work with counsel for Defendants to identify and produce responsive documents, if any, to the extent not already produced.

**REQUEST NO. 23**: Please produce a copy of any and all communications, including but not limited to letters, e-mails, and text messages between you or your attorneys and Tom Ballock, which are related to or mention any of the State Police Defendants, or are related in any to the allegations in the Third Amended Complaint.

**RESPONSE**: Plaintiff objects to the request as vague and overbroad in seeking communications between attorneys and Tom Ballock, and seeking any and all communications with Tom Ballock without limitation other than "related to" or "mention any" of the Defendants.

**REQUEST NO. 26**: Please produce your federal and state income tax returns for calendar years 2012, 2013, 2014, 2015, and 2016, as well as your 2017 federal and state income tax returns when they are prepared.

**RESPONSE**: Plaintiff objects to the request to the extent it seeks confidential information, and is overbroad. Nevertheless, Plaintiff will produce these tax returns as "confidential" subject to the protective order.

**REQUEST NO. 30**: Please produce any documents relating to any employment you have held since September 25, 2017, including copies of any employment contracts, offer letters, pay stubs, documents reflecting employee benefits that you are receiving and any employee handbooks.

**RESPONSE**: Plaintiff objects to the request as overbroad and vague in seeking "any documents" that are "relating" to any employment, including "employee handbooks." The request likewise seeks irrelevant information and will not lead to the discovery of relevant information. Subject to these objections, Ballock has produced information regarding his current employment.

8

8104256

(2)  The following authority supports the movant's position as to each request:

   a.  Interrogatories Nos. 2 and 4: Fed. R. Civ. P. 26(b)(1); *Buckner v. United Parcel Serv., Inc.*, No. 5:09-CV-00411-BR, 2011 WL 6748522, at *7 (E.D.N.C. Dec. 22, 2011);

   b.  Interrogatory No. 9: Fed. R. Civ. P. 26(b)(1); *Carpenter v. Res-Care Health Servs., Inc.*, No. 3:12-CV-08047, 2013 WL 1750464, at *2 (S.D.W. Va. Apr. 23, 2013) (citing cases);

   c.  Requests Nos. 8, 10, 11: Fed. R. Civ. P. 26(b)(1); *Carpenter v. Res-Care Health Servs., Inc.*, No. 3:12-CV-08047, 2013 WL 1750464, at *2 (S.D.W. Va. Apr. 23, 2013) (citing cases);

   d.  Request No. 18: Fed. R. Civ. P. 26(b)(1);

   e.  Request No. 23: Fed. R. Civ. P. 26(b)(1); *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 509-10 (D.S.D. 2015); *Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL 2311565, at *5 n.3 (W.D. Va. June 4, 2008); *McGraw-Hill Global Educ., LLC v. Griffin*, Civil Action No. 5:14-CV-00042-TR-LLK, 2015 WL 9165965, at *1 (W.D. Ky. Dec. 16, 2015); *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, Civil Action No. 9:14-cv-00230-RMG, 2017 WL 1282012, at *3 (D.S.C. Apr. 5, 2017); 7 James Wm. Moore et al., *Moore's Federal Practice* ¶ 34.14[2][c] (3d ed. 2018);

   f.  Request No. 26: Fed. R. Civ. P. 26(b)(1); *Susko v. City of Weirton*, No. 5:09-CV-1, 2010 WL 3584425, at *3 (N.D.W. Va. Sept. 10, 2010); *Besco v. City of Longview*, No. 3:15-CV-05493-RJB, 2016 WL 1077266, at *3-4 (W.D. Wash. Mar. 18, 2016);

   g.  Request No. 30: Fed. R. Civ. P. 26(b)(1).

(3)  Mark G. Jeffries, counsel for the State Police Defendants, conferred with Frederick R. Juckniess, counsel for Plaintiff, on numerous occasions, by letter, e-mail, and telephone call, beginning with the undersigned counsel's letter to Plaintiff's counsel of June 12, 2018 and culminating in a telephone conference on July 10, 2018, which was followed by an e-mail at 2:55 p.m. that same day, confirming the results of the telephone conference.

8104256

Dated this 15th day of August 2018.

Respectfully submitted,

*/s/ Mark G. Jeffries*

Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper
Michael Kief, State Trooper Ronnie M.
Gaskins, and State Trooper Chris Berry*

10

8104256