UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                                 CIVIL ACTION NO.: 1:17-CV-52
                                                    Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

      Defendants.

**DEFENDANTS STATE TROOPER MICHAEL KIEF, STATE TROOPER RONNIE M. GASKINS, AND STATE TROOPER CHRIS BERRY'S RENEWED MOTION TO REQUIRE PLAINTIFF TO RELEASE EXPUNGED RECORDS, OR IN THE ALTERNATIVE, TO PROHIBIT PLAINTIFF FROM <u>PRESENTING EVIDENCE OF HIS ARREST AND PROSECUTION</u>**

Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry (collectively, the "State Police Defendants") present the Court with the following issue:

West Virginia's expungement statute provides (1) that expunged proceedings are deemed never to have occurred; and (2) for purposes of this action, *only* the person whose records were expunged can move for inspection of the expunged records. Plaintiff's claims all relate to his expunged criminal proceeding. If his arrest is deemed never to have occurred, must Plaintiff either request the release of his expunged records or be prohibited from presenting evidence of his arrest?

## I.  STATEMENT OF RELEVANT FACTS[1]

On September 13, 2013, Plaintiff Scott T. Ballock was arrested on two misdemeanor charges related to e-mail and text messages Mr. Ballock sent to his then-wife, Defendant Ellen Ruth Costlow.  3d Am. Compl. ¶¶ 35-40 (ECF No. 49).  Two and a half years after Mr. Ballock was arrested, on April 7, 2016, the Monongalia County, West Virginia Prosecutor dismissed the criminal charges against him.  *Id.* at ¶ 56.  Mr. Ballock then had record of the criminal proceeding expunged on July 13, 2017.  *Id.* at ¶ 57.

In the current version of the complaint, Mr. Ballock asserts nine causes of action against the State Police Defendants:  (1) Abuse of Process under 42 U.S.C. § 1983; (2) Malicious Prosecution under 42 U.S.C. § 1983; (3) State Law Abuse of Process; (4) State Law Malicious Prosecution; (5) Conspiracy; (6) Defamation under 42 U.S.C. § 1983 (against only Ms. Costlow and Trooper Gaskins); (7) Slander; (8) Intentional Infliction of Emotional Distress; and (9) Tortious Interference with Contract.[2]  All nine claims stem, to some degree, from the State Police Defendants' investigation and arrest of Mr. Ballock.

Counsel for the State Police Defendants sent a letter to Mr. Ballock's counsel, asking that Mr. Ballock move the Monongalia County, West Virginia Magistrate Court to release the expunged criminal records for use in this case.  Letter from Mark G. Jeffries to Frederick R. Juckniess and Charles J. Crooks (Mar. 6, 2018), attached as "Exhibit 1."  The State Police Defendants' counsel asked that Plaintiff's counsel inform him no later than March 16, 2018

---

[1] Facts taken from the Third Amended Complaint are accepted as true only for the purposes of this Motion.

[2] Mr. Ballock asserts three additional counts against only Ms. Costlow.  Additionally, two of Mr. Ballock's counts were dismissed by the Court.  (ECF Nos. 48, 49, 58).

whether Mr. Ballock would move for release of the expunged records. *Id.* Plaintiff's counsel did not respond to the letter.

Consequently, the State Police Defendants moved the Court to order Mr. Ballock to either request that the Monongalia County Magistrate Court and Prosecuting Attorney's Office release his expunged records or be prohibited from introducing any evidence of his alleged arrest and criminal prosecution in support of his claims. Mot. to Require Pl. to Release Expunged Records (ECF No. 66, hereinafter, the "Original Motion"). Afterwards, counsel for Plaintiff agreed to submit a motion to the Magistrate Court for release of the expunged records and a release directed to the Prosecuting Attorney's Office for release of expunged records there. E-mail from Charles Crooks to Mark Jeffries (Apr. 10, 2018, 10:02 a.m. EDT), attached as "Exhibit 2." Based on this agreement, counsel for the State Police Defendants withdrew the Original Motion. Notice of Withdrawal of Mot. (ECF No. 69).

To date, however, counsel for the State Police Defendants has received none of the expunged records from either the Magistrate Court or the Prosecuting Attorney's Office. Nor did the undersigned counsel receive a copy of any submission to those offices. Inquiries to Plaintiff's counsel regarding the status of the promised motion and release have gone unanswered. Therefore, the State Police Defendants renew their previously withdrawn motion.

## II. STANDARD OF DECISION

This motion presents an unusual situation, which does not appear to be contemplated by the Rules of Civil Procedure. Nevertheless, when there is no controlling law, "[a] judge may regulate practice in any manner" consistent with federal law and court rules. Fed. R. Civ. P. 83(b). Similarly, the Federal Rules of Evidence are to be construed so as to ascertain the truth

and secure a just determination of an action. Fed. R. Evid. 102. Moreover, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotation and citation omitted); *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007). Thus, even the absence of a controlling rule specifically authorizing a particular procedure does not prevent a court from using its inherent power to order litigants to take certain actions related to the matter before the court. *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 651-52 (7th Cir. 1989) (en banc) (affirming district court's inherent power to order litigants to appear at pre-trial settlement conference even though Rule 16(a) only provides that courts may direct litigants' attorneys to attend the conference); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006) (recognizing that if a party cannot obtain documents in possession of a non-party through the use of a subpoena, the court can compel a party to execute an appropriate release pursuant to the court's general powers).

**III.    ARGUMENT**

The factual allegations in Mr. Ballock's Third Amended Complaint present a paradox: If certain facts are true, then other facts legally are deemed to have never happened—if it is true that Mr. Ballock's criminal file was expunged, then his arrest and prosecution are considered to have never happened. Therefore, Mr. Ballock seeks to impose liability on the State Police Defendants largely based upon an arrest and prosecution that is legally deemed never to have occurred.

Because of this paradox, a plaintiff must allow for the inspection and copying of expunged criminal records as a condition to maintaining a lawsuit based upon events reflected in those expunged records. *Ulinsky v. Avignone*, 148 N.J. Super. 250, 256-57, 372 A.2d 620, 623 (N.J. Super. Ct. App. Div. 1977). This is because "[t]he remedy of expungement was never intended as a device for a plaintiff in a lawsuit related to the expunged matter to control the availability of relevant evidence." *Goss v. Houston Community Newspapers*, 252 S.W.3d 652, 657 (Tex. App. 2008).

Most of Mr. Ballock's claims against the State Police Defendants stem from an alleged criminal investigation of Mr. Ballock, along with his alleged subsequent arrest and criminal prosecution. Yet, according to West Virginia's expungement statute, "[u]pon expungement, the proceedings in the matter shall be deemed never to have occurred." W. Va. Code § 61-11-25(e). According to the law, then, the criminal investigation and arrest of Mr. Ballock, which form the factual bases of most of his causes of action, never occurred.

This paradox is no mere exercise in mental gymnastics. Defendants cannot defend their actions without access to the expunged records. "The shield of expungement cannot be converted into a sword upon which to impale defendants[.]" *Ulinsky*, 148 N.J. Super. at 258, 372 A.2d at 624. Equity demands that Mr. Ballock release the expunged records. Just as Mr. Ballock sought and received release of the sealed Family Court forensic psychiatrist report from this Court for use in this case (ECF No. 54), the State Police Defendants should be permitted to use Mr. Ballock's expunged criminal record for their defense. In other words, Mr. Ballock, who purposely sought expungement of his criminal records in Magistrate Court, should not be permitted to now hide behind the protective shield of expungement. *See* 3d Am. Compl. ¶ 279

5

("Defendants, who purposely avoided pursuing this matter in Family Court, should not be permitted to now hide behind the protective shield of Family Court.")

Only Mr. Ballock can move for the release of his expunged records. Under West Virginia's expungement statute, inspection of expunged records may be permitted by the expunging court "*only* upon a motion by the person who is the subject of the records or upon a petition filed by a prosecuting attorney that inspection and possible use of the records in question are necessary to the investigation or prosecution of a crime. . . ." W. Va. Code § 61-11-25(f) (emphasis added). There is no mechanism for the State Police Defendants to request that the state court allow them access to the records from Mr. Ballock's criminal prosecution so that they may defend themselves from Mr. Ballock's claims. Nor is there any way for this Court to order the release of the expunged records. *See In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) ("Federal courts have no general power to compel action by state courts."), citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.1988) and *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir.1969). Similarly, a subpoena issued to the Monongalia County Prosecuting Attorney's Office likely would not be effective. *See* W. Va. Code § 61-11-25(e) ("The court and *other agencies* shall reply to *any inquiry* that no record exists on the matter.") (emphasis added). Thus, Mr. Ballock is the only party to this case who can move the expunging court and the Prosecuting Attorney's office to allow inspection and copying of the records related to his arrest. Mr. Ballock, however, appears to have refused to release his expunged record for use in this case, despite his agreement to do so. Exs. 1, 2.

One who has sought the protection of expungement should not be permitted to then bring suit based on the expunged records, while denying the defendants access to those very records. It

was for this reason that the Superior Court of New Jersey's Appellate Division, in a case with very similar facts, stated, "The remedy of expungement was never intended as a device by which a plaintiff in a malicious prosecution suit could control the availability of evidence relevant thereto." *Ulinsky*, 148 N.J. Super. at 255, 372 A.2d at 622.

The plaintiff in *Ulinsky* was arrested on a charge of indecent exposure but was acquitted at trial. *Id.* at 252, 372 A.2d at 621. After his acquittal, the plaintiff applied for an order expunging all records pertaining to his arrest, detention, and trial, which application was granted. *Id.* Afterwards, the plaintiff filed a civil complaint alleging that the defendants, a child and her mother, charged him with indecent exposure without probable cause. *Id.*

The defendant's attorneys were able to get from the plaintiff's attorney some, but not all, of the records from the criminal proceeding. *Id.* at 253, 372 A.2d at 621. The defendants therefore moved the expunging court for production of all the records and a complete trial transcript. *Id.* The motion was denied because the municipal court believed it lacked jurisdiction to grant the requested relief. The defendants appealed to the Superior Court, which also denied the motion due to lack of jurisdiction, and then to the Appellate Division. *Id.*

The New Jersey expungement statute at that time provided, as the West Virginia statute does, that if an expungement order was entered, the arrest and any related proceedings "'shall be deemed not to have occurred.'" *Id.* at 254, 372 A.2d at 622 (quoting N.J.S.A. 2A:85-21). Unlike the West Virginia expungement statute, however, the New Jersey statute at that time made the protection provided by the expungement order complete: even the person who sought the expungement order could not inspect the expunged records. *Id.* As the appellate court noted,

"Taking literally, the records, although in existence, are in contemplation of law nonexistent." *Id.* at 255, 372 A.2d at 622.

The court further observed, however, that the plaintiff had specifically drawn those records into issue himself by filing the civil case. *Id.* The court noted that the plaintiff in *Ulinsky*, as Mr. Ballock does here, asserted that his arrest did occur, sought to impose liability on the defendants for its occurrence, but at the same time, sought the protection of the expungement statute by denying the defendants access to the records that evidenced the arrest and criminal proceeding. *Id.*

The court therefore held that:

> as a condition to maintaining a suit for malicious prosecution based upon events reflected in records which have been expunged, a plaintiff must consent to defendants' request for inspection and copying of the expunged records and authorize the court to order the custodian thereof to make available to defendants all of the records which have been expunged.

*Id.* at 256-57, 372 A.2d at 623. The court further held that a refusal to authorize the disclosure of the expunged records would require dismissal of the suit. *Id.* at 257, 372 A.2d at 623. "In short, a plaintiff must choose: either he leaves the events evidenced in the expunged records in the obscurity from which a trial, with its attendant discovery, may draw them, or he must expose them in full for trial purposes. He cannot do both." *Id.* at 257, 372 A.2d at 624; *see also Thomas v. City of Selma*, Civil Action No. SA-06-CA-0119-XR, 2006 WL 2854405, at *3 (W.D. Tex. Oct. 4, 2006) (granting defendants' motion for order directing release of expunged records for use in defense of civil suit related to underlying criminal charge).

Here, as in *Ulinsky*, Mr. Ballock has sought the protection of the expungement of his arrest record, while at the same time seeking to impose liability on the State Police Defendants

8

8104616

for his arrest. He seeks to use expungement as a shield, while also using the expunged proceeding as a sword. On the one hand, by operation of the law, Mr. Ballock's arrest never occurred. On the other hand, Mr. Ballock alleges that it did occur, and that the State Police Defendants therefore are liable to him under several causes of action. He cannot maintain that paradox in this civil proceeding. By filing this lawsuit related to his arrest, Mr. Ballock put the expunged records at issue, and the State Police Defendants are entitled to use those records in their defense. *Goss*, 252 S.W.3d at 656.

Unlike the plaintiff in *Ulinsky*, however, Mr. Ballock has the ability to seek the release of the expunged records at issue. Contrary to the New Jersey statute in *Ulinsky*, West Virginia's expungement statute permits the person who was subject to the expunged proceeding—but not any other party to the present case—to move the expunging court for inspection of the expunged records. W. Va. Code § 61-11-25(f). Nevertheless, neither an order from the Monongalia Magistrate Court nor a subpoena issued from this Court would result in the release of sealed records maintained by the Monongalia Prosecuting Attorney's Office. W. Va. Code § 61-11-25(e).[3] This Court has recognized that when documents in possession of a non-party are not available through a subpoena, a motion to order a party to request the release of those documents may be proper. *Ayers v. Continental Cas. Co.*, Civil Action No. 5:05CV95, 2007 WL 2156553,

---

[3] Note that under the expungement statute, a motion by the person whose records were expunged would only permit the court to release "the sealed records in the court's possession." *Id.* A motion to the Monongalia Magistrate Court would not appear to be sufficient to permit the Monongalia Prosecuting Attorney's Office to release records in its possession. Therefore, the State Police Defendants request that the Court not only order Mr. Ballock to file a motion with the Monongalia Magistrate Court under W. Va. Code 61-11-25(f) for the release of its records, but also to execute a release permitting the Monongalia County Prosecuting Attorney's Office to release police reports, documentation, and evidence related to Mr. Ballock's arrest and prosecution that are in its possession.

9

at *5 (N.D.W. Va. July 25, 2007) (citing *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006)).

Mr. Ballock therefore must choose: "either he leaves the events evidenced in the expunged records in the obscurity from which a trial, with its attendant discovery, may draw them, or he must expose them in full for trial purposes. He cannot do both." *Ulinsky*, 148 N.J. Super. at 257, 372 A.2d at 624. He must choose to either maintain the benefit of expungement and lose the ability to present in this action evidence of his arrest and prosecution or to take the necessary action to release records of his arrest and prosecution to the parties in this case for use as evidence before this Court. If Mr. Ballock continues to refuse to release his expunged records, justice requires that this Court enter an order prohibiting Mr. Ballock from offering any evidence of his arrest and criminal prosecution to support his various causes of action.[4]

## IV. CONCLUSION

Mr. Ballock has a choice to make. He must decide whether to maintain the legal fiction that his arrest never occurred, or whether he wants to proceed with this civil action based upon that arrest. Before he can use his arrest as evidence in support of his claims, Mr. Ballock must move the expunging state court and execute a release to the Prosecuting Attorney's Office to permit the parties to inspect and copy the expunged records of the proceeding that forms the foundation of this action. Unless and until Mr. Ballock releases his expunged records to the

---

[4] The State Police Defendants recognize that Mr. Ballock makes allegations in support of some of his causes of action that are independent of his arrest and criminal prosecution. Thus, while an order prohibiting Mr. Ballock from offering evidence of his arrest and prosecution would necessarily result in the dismissal of some counts, unlike in *Ulinsky*, an order dismissing this entire case as an alternative to the release of the expunged records would not be appropriate. This is why the State Police Defendants only seek an order prohibiting Mr. Ballock from offering evidence of his arrest and prosecution should he refuse to move for the release of the expunged records.

State Police Defendants, he should not be able to offer any evidence based upon that proceeding.[5]

WHEREFORE, Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry respectfully request that the Court GRANT their Motion and enter an Order directing that if Plaintiff Scott T. Ballock does not move the Monongalia County West Virginia Magistrate Court to permit Defendants to inspect and copy his expunged criminal records and execute a release permitting the Monongalia County West Virginia Prosecuting Attorney's Office to provide its evidentiary records of his arrest and prosecution to Defendants within thirty days, he will not be permitted to offer any evidence or testimony related to his underlying arrest and prosecution in support of his claims.

---

[5] Although, as discussed above, this motion is not one for an order compelling disclosure or a discovery response under Rule 37, and indeed, does not strictly fall under any particular Rule of Civil Procedure, in the spirit of Rule 37 and the corresponding local rule, the statement required under LR Civ. P. 37.02 is attached as "Exhibit 3."

Dated this 15th day of August 2018.

Respectfully submitted,

*/s/ Mark G. Jeffries*
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      **Plaintiff,**

v.                                                **CIVIL ACTION NO.: 1:17-CV-52**
                                                    **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 15th day of August 2018, I filed the foregoing "***Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry's Renewed Motion to Require Plaintiff to Release Expunged Records, or in the Alternative, to Prohibit Plaintiff from Presenting Evidence of His Arrest and Prosecution***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Frederick R. Juckniess, Esq.
        302 E. Liberty St., Suite 203
        Ann Arbor, MI 48104

        Charles J. Crooks, Esq.
        CROOKS LAW FIRM PLLC
        244 Pleasant Street
        Morgantown, WV 26505
        *Counsel for Plaintiff*

8104616

        P. Todd Phillips, Esq.
        LYONS PHILLIPS LEGAL GROUP PLLC
        141 Walnut Street
        Morgantown, WV 26505
        *Counsel for Defendant Ellen Ruth Costlow*

        ***/s/ Mark G. Jeffries***
        Mark G. Jeffries (WV Bar No. 11618)
        STEPTOE & JOHNSON PLLC
        400 White Oaks Boulevard
        Bridgeport, WV 26330-4500
        (304) 933-8000
        mark.jeffries@steptoe-johnson.com

        Montè L. Williams (WV Bar No. 9526)
        STEPTOE & JOHNSON PLLC
        P.O. Box 1616
        Morgantown, WV 26507-1616
        (304) 598-8000
        monte.williams@steptoe-johnson.com

        *Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*