UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                       CIVIL ACTION NO.: 1:17-CV-52
                                             Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

      Defendants.

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff Scott T. Ballock; Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry (collectively, the "State Police Defendants"); and Defendant Ellen Ruth Costlow, by their respective counsel, jointly move the Court under Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.01(f) to amend the Scheduling Order in this matter. Despite the good faith efforts of all concerned, the parties will not be able to complete discovery within the timeframe set in the current Scheduling Order (ECF No. 38) and therefore request to continue this matter for approximately six months.

Mr. Ballock is a former employee of the FBI. He alleges that he was discharged by the FBI as a result of Defendants' actions. 3d Am. Compl. ¶ 125 (ECF No. 49). Consequently, counsel for the State Police Defendants issued a subpoena to the FBI on March 29, 2018, followed by a *Touhy* request on April 2, 2018, both attached as "Exhibit 1," seeking Mr. Ballock's personnel file and all documents related to his discharge from the FBI. By letter dated April 18, 2018, the FBI's Office of the General Counsel ("OGC") responded, indicating that they would not comply with the subpoena on the grounds that it was overly broad, and the documents

sought were protected by the Privacy Act. Letter from Paul R. Wellons to Mark G. Jeffries (Apr. 18, 2018), attached as "Exhibit 2."[1]

Therefore, on April 20, 2018, State Police Defendants moved the Court, without opposition, for a Privacy Act Order. (ECF No. 71). The Court granted the motion and entered the Privacy Act Order on May 24, 2018. (ECF Nos. 74-75).

Armed with the Privacy Act Order, the State Police Defendants issued a second, more narrowly-tailored subpoena and *Touhy* request to the FBI on May 30, 2018, commanding that the FBI produce documents related to Mr. Ballock's employment with, and discharge from, the FBI, both attached as "Exhibit 3." The subpoena commanded that the FBI produce the requested documents no later than June 30, 2018—two and a half months before the discovery completion date currently set in this case.

On June 29, 2018, the FBI's OGC contacted the State Police Defendants' counsel by telephone to inform him that the FBI could neither produce responsive documents by the June 30th deadline nor provide an accurate estimate of when it might be able to do so. Letter from Kartic Padmanabhan to Mark G. Jeffries (July 2, 2018), attached as "Exhibit 4." The FBI advised the State Police Defendants' counsel to check back in four weeks, at which time the FBI hoped to be able to have an accurate estimate of when it would be able to respond to the subpoena.

Counsel for the State Police Defendants telephoned the FBI OGC four weeks later, on July 30, 2018. At that time, counsel was informed that the FBI still did not have an estimate of when it would be able to respond to the subpoena, but would know by the end of that week, August 3, 2018. When the State Police Defendants' counsel did not hear from the FBI

---

[1] Only counsel for the State Police Defendants has been involved in discussions with the FBI OGC. Counsel for the other parties, however, accept as accurate the State Police Defendants' counsel's representations as to discussions with the FBI OGC.

8119522.1

OGC, he followed up by e-mail, explaining that the delay in getting responsive documents from the FBI would necessarily result in a motion to amend the scheduling order in this matter, but the parties needed to know when the FBI expected to respond to the subpoena in order to know how much additional time to seek from this Court to complete discovery. E-mail from Mark G. Jeffries to Kartic Padmanabhan (Aug. 13, 2018, 3:35 p.m.), attached as "Exhibit 5." The FBI OGC responded on August 15, 2018, stating that the FBI planned on having a response to the subpoena by the end of that same week, August 17, 2018. *Id.*

As set forth above, there is good cause for the Court to amend the current scheduling order. Circumstances beyond the parties' control have prevented them from obtaining documents related to Mr. Ballock's employment with, and discharge from, the FBI, which are crucial to all parties' claims and defenses. Moreover, the parties have not been lackadaisical in attempting to obtain this information from the FBI. The State Police Defendants' counsel first attempted to obtain this material at the end of March, nearly six months before discovery completion. Ex. 1. Also, when the FBI denied the original *Touhy* request because of a lack of a Privacy Act Order, counsel moved the Court for an order within two days. (ECF No. 71). Furthermore, the parties have cooperated in an attempt to obtain this information. Counsel for the other parties did not object to the Motion for Privacy Act Order and informed the Court of the lack of opposition, as they need the documents from the FBI, too. When it became apparent that the FBI was not going to respond to the subpoena within sufficient time for the parties to complete discovery by the current discovery deadline, counsel for the parties conferred and agreed to move the Court to amend the scheduling order and also agreed on the amount of additional time to request.

Consequently, the parties respectfully request an additional six months to complete discovery in this case. Pursuant to Local Rule of Civil Procedure 16.01(f), the parties submit the following three proposed discovery completion and trial dates:

1. **Discovery completion: March 1, 2019; Trial: August 5, 2019;**

2. **Discovery completion: March 15, 2019; Trial August 19, 2019; or**

3. **Discovery completion: March 29, 2019; Trial: September 3, 2019.**

The parties request that all current intermediate dates between discovery completion and trial be adjusted accordingly, by approximately six months. Should the Court desire, of course, counsel for the parties may appear for a scheduling conference.

Because good cause exists, Plaintiff Scott T. Ballock and Defendants Ellen Ruth Costlow, State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry respectfully request that the Court GRANT their Motion and enter an amended scheduling order in this matter.

Dated this 17th day of August 2018.

> **/s/ *Frederick R. Juckniess* (email consent 8/17/18)**
> Frederick R. Juckniess *Pro Hac Vice*
> 302 E. Liberty St., Suite 203
> Ann Arbor, MI 48104
> (734) 707-1515
> rick@juckniesslaw.com
>
> **/s/ *Charles J. Crooks*  (email consent 8/17/18)**
> Charles J. Crooks (WV Bar No. 4633)
> CROOKS LAW FIRM PLLC
> 244 Pleasant Street
> Morgantown, WV 26505
> (304) 282-1039
> Charles@crookslawfirm.org
> *Counsel for Plaintiff*

**/s/ *P. Todd Phillips* (email consent 8/17/18)**
P. Todd Phillips (WV Bar No. 9499)
LYONS PHILLIPS LEGAL GROUP PLLC
141 Walnut Street
Morgantown, WV 26505
(304) 296-3200 or (304) 296-0123
toddphillips.law@gmail.com
*Counsel for Defendant Ellen Ruth Costlow*


**/s/ *Mark G. Jeffries***
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com
*Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK,**

       **Plaintiff,**

v.                                        **CIVIL ACTION NO.:  1:17-CV-52**
                                            **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

        **Defendants.**

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 17th day of August 2018, I filed the foregoing "***Joint Motion to Amend Scheduling Order***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Frederick R. Juckniess, Esq.
        302 E. Liberty St., Suite 203
        Ann Arbor, MI 48104

        Charles J. Crooks, Esq.
        CROOKS LAW FIRM PLLC
        244 Pleasant Street
        Morgantown, WV 26505

        *Counsel for Plaintiff*

8119522.1

        P. Todd Phillips, Esq.
        LYONS PHILLIPS LEGAL GROUP PLLC
        141 Walnut Street
        Morgantown, WV 26505

        *Counsel for Defendant Ellen Ruth Costlow*


                              **s/ Mark G. Jeffries**
                              Mark G. Jeffries (WV Bar No. 11618)
                              STEPTOE & JOHNSON PLLC
                              400 White Oaks Boulevard
                              Bridgeport, WV 26330-4500
                              (304) 933-8000
                              mark.jeffries@steptoe-johnson.com

                              Montè L. Williams (WV Bar No. 9526)
                              STEPTOE & JOHNSON PLLC
                              P.O. Box 1616
                              Morgantown, WV 26507-1616
                              (304) 598-8000
                              monte.williams@steptoe-johnson.com

                              *Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry*

8119522.1