# EXHIBIT 3



| | |
|---|---|
| 400 White Oaks Boulevard | Writer's Contact Information |
| Bridgeport, WV 26330 | |
| (304) 933-8000    (304) 933-8183 Fax | **DIRECT DIAL** |
| www.steptoe-johnson.com | Phone: (304) 933-8155 |
| | Fax: (304) 933-8183 |

**E-mail:**
Mark.Jeffries@steptoe-johnson.com

May 30, 2018

*Certified Mail  No. 7017 1450 0000 9200 9674*
*Return Receipt Requested*
Paul R. Wellons, Esq.
Unit Chief
Office of General Counsel
Headquarters, Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
Washington, DC 20535-0001

RE:     **Ballock v. Costlow, *et al.***
**Civil Action No. 1:17-CV-52**
**In the United States District Court for**
**The Northern District of West Virginia**
***Touhy* Request**

Dear Mr. Wellons:

I am following up to your letter of April 18, 2018, which was in response to my initial *Touhy* request in the above-referenced matter, dated April 9, 2018. I represent Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry in the Ballock v. Costlow matter.  Pursuant to Title 28, C.F.R. § 16.21 *et seq.*, I am requesting that the FBI produce two categories of documents: (1) Documents regarding Scott T. Ballock's termination from employment with the FBI, including all documents related to his termination from employment, all documents related to any disciplinary measures taken against Mr. Ballock, all documents related to any investigation of Mr. Ballock by the FBI's Office of Professional Responsibility, and all documents related to any communications between any representative of the West Virginia State Police and the FBI; and (2) Documents that concern Scott T. Ballock's pay and benefits while he was employed by the FBI. It is requested that the FBI produce the documents to my office no later than June 30, 2018.  (Subpoena *Duces Tecum*, "Attachment 1"). Per the Scheduling Order in this case, discovery must be complete no later than September 14, 2018, and I would like to have the requested documents well in advance of discovery completion so that we may use them in Plaintiff's deposition and so that we may follow up with a request for a deposition of an FBI official if necessary.

8045278.1

West Virginia  •  Ohio  •  Kentucky  •  Pennsylvania  •  Texas  •  Colorado      

Paul R. Wellons, Esq.
May 30, 2018
Page 2


Documents related to Mr. Ballock's discharge from employment have been requested because he has alleged that his employment as a Supervisory Senior Resident Agent at the FBI's Criminal Justice Information Services Division was terminated as a result of the actions of the Defendants in the above referenced case, including my clients. In particular, Mr. Ballock alleges that he was discharged from employment with the FBI on September 25, 2017 as a result of his arrest on September 13, 2013. (3d Am. Compl. ¶ 125, "Attachment 2"). Mr. Ballock also alleges that after he filed the initial complaint in this matter, an unnamed, uniformed representative of the West Virginia State Police lodged a complaint with the Clarksburg Resident Agency's Supervisory Senior Resident Agent about Mr. Ballock's civil action, and that this visit was intended to, and did, result in the loss of Mr. Ballock's job. *Id.* at ¶¶ 225-27. My clients vigorously deny Mr. Ballock's allegations and believe that the FBI terminated Mr. Ballock's employment for reasons wholly unrelated to their arrest of him. Therefore, documents related to his termination from the FBI—including any underlying investigations or discipline leading up to his termination—are not only relevant, but critical, to the defense of this case.

Contrary to your assertion in your letter of April 18, the information sought by this request is not "equally available from Mr. Ballock himself." Mr. Ballock has not produced any documents related to his discharge from employment in response to discovery requests propounded to him. Furthermore, should he produce such documents in the future, it is probable that he did not receive all such documents, as some documents likely would contain information regarding other individuals that the FBI would decline to provide to him. At the very least, the parties would have no way of knowing whether Mr. Ballock had all relevant documents. Therefore, I am requesting documents directly from the FBI to ensure that the parties have all relevant documents.

In your letter of April 18, you also indicated that the FBI could not comply with the previously-issued subpoena due to the Privacy Act, 5 U.S.C. § 552a. In response to your concerns, I have obtained a Privacy Act Order, authorizing the FBI to release information protected by the Privacy Act under 5 U.S.C. § 552a(b)(11) ("Attachment 3").

Besides information related to Mr. Ballock's discharge from employment, I am also seeking information related to Mr. Ballock's pay and benefits as an employee of the FBI. Mr. Ballock alleges that Defendants' actions caused him economic damages, including loss of "his base compensation as a GS 14, Step 6 Federal Employee, including the law enforcement authorized-overtime allowance, medical, vision and dental insurance, participation in the employee thrift plan including employer contributions, as well as his federal pension." (Att. 2, 3d Am. Compl. ¶ 125). Thus, the parties need information on Mr. Ballock's pay and benefits for purposes of calculating his potential damages. Such information is usually obtained from a plaintiff's personnel file or other employment records.

Paul R. Wellons, Esq.
May 30, 2018
Page 3


     If you have questions or concerns arising from this request for documentation, please contact me either via telephone or email as provided above.

                    Sincerely,

                    Mark G. Jeffries

Attachments

cc (w/encls.):  Charles J. Crooks, Esq.
                Frederick R. Juckniess, Esq.
                P. Todd Phillips, Esq.

AO 88B (Rev 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of West Virginia

| | | |
|---|---|---|
| SCOTT T. BALLOCK | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:17-CV-00052-IMK-MJA |
| ELLEN RUTH COSTLOW, | ) | |
| STATE TROOPER MICHAEL KIEF, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Records Management Division Headquarters, Federal Bureau of Investigation
935 Pennsylvania Avenue, NW,  Washington, DC 20535-0001

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents on Attachment A related to former FBI Supervisory Senior Resident Agent Scott T. Ballock (SSN xxx-xx-4494).

| Place: Steptoe & Johnson PLLC<br>400 White Oaks Boulevard<br>Bridgeport, WV  26330 | Date and Time:<br><br>06/30/2018 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/30/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Mark G. Jeffries (WV Bar # 11618) |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Michael Kief, Ronnie Gaskins, and Chris Berry_____ , who issues or requests this subpoena, are:

Mark G. Jeffries, 400 White Oaks Blvd., Bridgeport, WV  26330, mark.jeffries@steptoe-johnson.com, 304-933-8155.

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Attachment 1**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:17-CV-00052-IMK-MJA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   VIA CERTIFIED MAIL to:

Records Management Division Headquarters, Federal Bureau of Investigation, 935 Pennsylvania Avenue, NW,

Washington, DC 20535-0001 _____ on *(date)*    05/30/2018    ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    05/30/2018

_____
*Server's signature*

Leann Smith, Paralegal
*Printed name and title*
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV  26330

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

        Plaintiff,

v.                                                                    CIVIL ACTION NO.: 1:17-CV-52
                                                                      Honorable Irene M. Keeley
ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

        Defendants.

# "ATTACHMENT A" TO SUBPOENA FOR RECORDS

1. All documents related to Mr. Ballock's termination from employment with the FBI.

2. All documents related to any disciplinary measures taken against Mr. Ballock.

3. All documents related to any investigation of Mr. Ballock by the FBI's Office of
   Professional Responsibility.

4. All documents related to any communications between any representative of the West
   Virginia State Police and the FBI concerning Mr. Ballock.

5. All documents that concern pay and benefits Mr. Ballock received or was entitled to
   while employed by the FBI.

8043880