**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK,**

        Plaintiff,                              Case No.: 1:17-CV-52-IMK

v.                                                    JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
and
**STATE TROOPER CHRIS BERRY,**

        Defendants.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM STATE TROOPER DEFENDANTS KIEF, GASKINS AND BERRY

Plaintiff, Scott T. Ballock, presents this motion pursuant to LR Civ P 37.02 and FRCP, Rule 37 (a) (3) (B) (iv). Specifically, this motion seeks to compel the Trooper Defendants to (1) produce electronic communications (texts and emails); or (2) permit inspection of the devices (smart phones and computers) utilized for those communications; or (3) cooperate in requesting production from third parties (data providers and WV State Police), as requested under Rule 34.

The following is a verbatim recital of the requests for production as well as the responses, all as required by LR Civ P 37.02 (a) (1):

**FIRST REQUEST** (served January 18, 2018):

All documents regarding or related to Scott Ballock, including but not limited to documents within any of the following categories:

a. All investigations, formal or informal, relating to Ballock including members of his family including his father Thomas Ballock;

1

b. All photos and videos of Scott Ballock and his family

c. All electronic surveillance of Scott Ballock and any member of his family;

d. All documents, emails and communications regarding Ballock's relationship or communications with Costlow;

e. All documents, emails or communications relating to the family court matter and divorce proceedings between Costlow and Ballock;

f. All documents relating to Ballock's employment.

**RESPONSE** (served February 20, 2018): OBJECTION: The State Police Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to and without waiving this objection, the State Police investigation file of Ms. Costlow's complaints against Plaintiff is included on the disk attached as "Exhibit 1," Bates stamped Troopers 00001 through Troopers 00393. Although Plaintiff's name mostly has been redacted, pursuant to the expungement of his criminal record, counsel are advised that there are approximately ten instances in which Plaintiff's name was overlooked by those performing the redaction. This file has not been disclosed outside of the West Virginia State Police's Morgantown, West Virginia detachment since the expungement of Plaintiff's criminal record, however. In addition, a fax sent to the FBI's Clarksburg Resident Agency at the request of Senior Supervisory Resident Agent James Herman, regarding the dismissal of the criminal charges against Plaintiff, is included on Exhibit 1, Bates-stamped Troopers 00402-05.

**[FIRST] SUPPLEMENTAL RESPONSE** (March 9, 2018): The State Police Defendants renew their previous objection to this request. Subject to and without waiving

that objection, additional responsive documents are included on the disk attached as "Exhibit l," Bates-stamped Troopers 00406 through Troopers 00816.

**SECOND REQUEST** (served January 18, 2018):

Documents regarding Ellen Costlow, including but not limited to documents within any of the following categories:

a. All communications, text messages or voice messages with Costlow;

b. All documents, emails and communications regarding Costlow's relationship with Berry;

c. All documents, emails and communications regarding Costlow's relationship with Ballock;

d. All documents, emails and communications regarding Ballock's children and Costlow's relationship with them;

e. All records, notes and calendar entries regarding meetings and phone calls between the defendants and Costlow, individually as well as in groups;

f. All documents and communications relating to the family court proceedings between Costlow and Ballock;

g. All notes and memoranda regarding Costlow's communications, whether official or unofficial, with each Defendant;

h. All photos, video and recordings of Costlow as well as such as include Costlow;

i. All communications, memos or notes regarding any complaint by Costlow against Ballock;

j. All social media posts, communications or messages relating to Costlow or any Defendant's involvement with Costlow;

3

k. All records of payments and loans to or from Costlow;

l. All records of gifts to or from Costlow.

The Trooper Defendants responded on February 20, 2018 and supplemented on March 9, 2018:

**RESPONSE** (served February 20, 2018): OBJECTION: The State Police Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Subject to and without waiving this objection, see the documents included in Exhibit 1.

**[FIRST] SUPPLEMENTAL RESPONSE** (March 9, 2018): The State Police Defendants renew their previous objection to this request. Subject to and without waiving that objection, additional responsive documents are included on the disk attached as "Exhibit 1," Bates-stamped Troopers 00406 through Troopers 00816.

**[SECOND] SUPPLEMENTAL RESPONSE** (July 3, 2018): Pursuant to the e-mail from Plaintiff's counsel to the State Police Defendants' counsel of March 9, 2018, this request is "narrowed to the period when Berry was engaged in a relationship with Costlow." Trooper Berry was never engaged in a relationship with Ms. Costlow; therefore, he has no responsive documents. Furthermore, per agreement between the parties' counsel, s reflected in the e-mail from Plaintiff's counsel to the State Police Defendants' counsel of March 9, 2018 and the March 9, 2018 and the March 14, 2018 letter from counsel for the State Police Defendants to counsel for Plaintiff, this request is limited to "any payments or deposits relating to Costlow." Trooper Berry has no responsive documents.

**[THIRD] SUPPLEMENTAL RESPONSE** (served July 16, 2018): The State Police Defendants renew their previous objection to this request. Subject to and without

4

waiving that objection, additional responsive documents are included on the disk attached as "Exhibit 1," Bates-stamped Troopers 00871 through Troopers 00874.[1]

**REQUEST NO. 3** (served January 18, 2018):

All cancelled checks and bank statements for Berry from September 2012 to September 2014.

**RESPONSE** (served February 20, 2018): OBJECTION: The State Police Defendants object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this case. There are no allegations in the Third Amended Complaint related to Trooper Berry's banking. The State Police Defendants also object to this request on the ground that it seeks sensitive financial information.

**[FIRST] SUPPLEMENTAL RESPONSE** (served July 3, 2018): Per agreement between the parties' counsel, as reflected in the e-mail from Plaintiff's counsel to the State Police Defendants' counsel of March 9, 2018 and the March 14, 2018 letter from counsel for the State Police Defendants to counsel for Plaintiff, this request is limited to "any payments or deposits relating to Costlow." Throoper berry has no responsive documents.

**REQUEST NO. 4** (served January 18, 2018):

All records of complaints, reviews, or disciplinary proceedings involving any defendant with the WVSP or ay [sic] documents related to any such complaints, reviews or disciplinary proceedings.

**RESPONSE** (served February 20, 2018): OBJECTION: The State Police Defendants object to this request on the grounds that it seeks information that is not

---

[1] A privilege log was produced on July 16, 2018. A copy is submitted with this motion as Ex. A.

5

relevant to the parties' claims or defenses in this case. The existence of any complaints, reviews, or disciplinary proceedings related to any matter other than the investigation of Plaintiff and his arrest has no bearing on whether Plaintiffs arrest was proper. Subject to and without waiving this objection, the State Police Defendants have no responsive documents.

**[FIRST] SUPPLEMENTAL RESPONSE** (July 3, 2018): The State Police Defendants renew their objection to this request. Subject to and without waiving this objection, a responsive document, Bates-stamped Troopers 00817 through Troopers 00826 is included in Exhibit 1.

**REQUEST NO. 5** (served January 18, 2018):

All communications relating to the above-captioned litigation.

**RESPONSE 5** (served February 20, 2018): OBJECTION: The State Police Defendants object to this request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine.

**[FIRST] SUPPLEMENTAL RESPONSE** (served March 9, 2018): The State Police Defendants renew their objection to this request. A privilege log is attached as "Exhibit 2." Communications between the undersigned counsel and the State Police Defendants are not included on the privilege log because of their voluminous nature and clear entitlement to attorney-client privilege.

**REQUEST NO. 6** (served January 18, 2018):

All email between any defendants between September 2012 and the present.

**RESPONSE 6** (served February 20, 2018): OBJECTION: The State Police Defendants object to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. The State Police also object to this

request on the grounds that it is overly broad and unduly burdensome in that it would require the State Police Defendants to search their emails for a period of more than seven years. The State Police further object to this request on the grounds that it is seeks information that is not relevant to the parties' claims and defenses and is not proportional to the needs of the case because it is not limited to emails that are reasonably related to the subject matter of this litigation. Subject to and without waiving these objections, e mails between Ms. Costlow and Kenny Ray Ice, Jr. and Sgt. Kief and Trooper Gaskins are included in the State Police investigation file.

**[FIRST] SUPPLEMENTAL RESPONSE** (served March 9, 2018): The State Police Defendants renew their objection to this request. A privilege log is attached as "Exhibit 2."

**REQUEST NO.12** (served January 18, 2018):

WVSP's policy guidelines for preparation of reports when conducting a criminal investigation, to include when responding to violent domestic disturbances.

**RESPONSE** (served February 20, 2018): The State Police Defendants will supplement their response with responsive documents.

**[FIRST] SUPPLEMENTAL RESPONSE** (served March 9, 2018): Responsive documents, Bates-stamped Troopers 00827 through Troopers 00870, are included in Exhibit 1. The State Police Defendants will supplement their response to include the WVSP policies for responding to domestic violence calls.

### Argument

The Trooper Defendants' entire document production, except for three pages, 871 through Troopers 00874[2] supplementally produced on July 16, 2018, were addressed in emails and discussed in a

---

[2] A copy of pages 871-874 is attached as Exhibit B.

meet-and-confer telephone conference conducted by Rick Juckniess and Mark Jeffries on July 10, 2018. Counsel certifies in accordance with FRCP, Rule 37 that the ongoing dialogue has been civil and conducted in good faith. This dialogue has in some few respects moved the process along; however, in respect to the outstanding requests, counsel must now agree to disagree and seek a ruling.

In response to the subpoena served on the West Virginia State Police (WVSP), the Defendants and the WVSP on March 19, 2018 produced about 20 documents in addition to hundreds of pages of duplicative emails.[3] The following is a summary of the disclosed documentation:

1. Pages 001-816 appear to be the investigative file generated and retained by the WVSP. All but a handful of documents are multi-page emails about Tom Ballock and his website, sent from Ellen Costlow to Trooper Michael Kief. In fact, the three additional pages supplementally produced on August 16, 2018, pages 871 through 874, are of the same provenance.

2. Pages 817 - 826 appear to be first document not part of investigation file. This appears to be a complaint and reprimand of Trooper Michael Kief.

3. Pages 827-844 appears to be from the WVSP. The "Criminal Investigation Policies and Procedures Domestic Violence" and the "Protocol for Law Enforcement to Domestic Violence."

4. Pages 845-868 appear to be a WVSP Department Memoranda regarding Criminal Investigations.

5. Pages 869-870 - Appear to be pages from the policy book Criminal Investigation, Secondary Criminal Investigation Log (generic).

The Defendants only produced the investigative file and said nothing to describe any efforts made to search personal and official emails. Communications between counsel established that the State Police

---

[3] Other than the duplicative emails about Tom Ballock and his website, sent from Ellen Costlow to Trooper Michael Kief, the first 870 pages of documents that were produced can add little to the resolution of the current motion. The 870 pages of produced documents are accurately summarized and they do not begin to answer to the categories of documents the Trooper Defendants have so far refused to search for and produce. If the Court desires to review them, they can be supplied in whatever electronic storage format is most convenient.

Defendants refused to do so. They also refused to produce emails between and among the Defendants because they said through their counsel that they would be too difficult to search.

The production to date does not include any emails concerning the Defendant, Trooper Chris Barry. Through his counsel, he said he may have found one, but clearly that is not likely the only one.

The Defendants said they did not produce duplicate copies. This is misleading. They produced the investigative file, and looked for nothing else on the assumption the investigative file included everything.

Concerning the objections to the Plaintiff's request for email communications between the Defendant Troopers back to September 2012, the objections by the WVSP were waived and were not preserved by the motion to quash. This was briefed to the Court (Doc 56):

> In making a motion to quash, a litigant is required to raise all objections at once: "Rule 45 requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a game." Paulino v. Dollar Gen. Corp., 2013 U.S. Dist. LEXIS 59371; In Deakins v. Pack, 2012 U.S. Dist. LEXIS 9409, 2012 WL 242859, *4 (S.D.W. Va. Jan. 25, 2012) (citing Sabol v. Brooks, 469 F. Supp. 2d 324, 328 (D. Md. 2006)) the Court stated that:
>
>> [i]n most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections.
>
> Paulino v. Dollar Gen. Corp., 2013 U.S. Dist. LEXIS 59371, at 36. Waiver attaches in this instance.

9

See Doc 56 at pages 2-3.

The privilege log demonstrates the overly-aggressive application of attorney work-product and attorney-client privilege. These objections have been asserted in many instances where Ellen Costlow has communicated with counsel for the Trooper Defendants. These objections obviously do not apply.

The email produced on July 16, 2018 demonstrates Ellen Costlow accessed emails at least as far back as June of 2015 as she was collaborating with the Trooper Defendants. The privilege log shows she communicated many times with the Trooper Defendants. The WV State Police have been represented in this action by current defense counsel who moved on its behalf to quash a subpoena served on that institution. They can search the email accounts for each Trooper Defendant using relevant search terms, yet this has apparently not been done. In any event, any searches have been made must be described to demonstrate they were adequate. There is precedent:

> Ford's assertion that sharing facts about its search terms and the identities of custodians who searched their records will require disclosure of attorney work product is equally unavailing. See FormFactor, Inc. v. Micro-Probe, Inc., 2012 U.S. Dist. LEXIS 62233, 2012 WL 1575093, at *7, n. 4 (N.D. Cal. May 3, 2012) (finding that search terms and custodian names are not work product and collecting cases). Ford argues that its counsel met with each custodian and discussed the case, and that based upon these communications, each custodian selected search terms and reviewed his or her personal files for documents. For that reason, Ford claims work product protection, citing cases that ostensibly support that position. However, as the court explains in FormFactor, "[s]uch information is not subject to any work product protection because it goes to the underlying facts of what documents are responsive to Defendants' document request, rather than the thought processes of Plaintiff's counsel." Id. Undoubtedly, the search terms used by the custodians and the names of the custodians that ran searches can be disclosed without revealing [*97] the substance of discussions with counsel. See, also, Nissan North America, Inc. v. Johnson Electric North America, Inc., No. 09-CV-11783, 2011 U.S. Dist. LEXIS 16022, 2011 WL 1002835, at *4 (E.D. Mich. Feb. 17, 2011) (stating that the party issuing document request "is of course entitled to know what search criteria was used in retrieving relevant ESI"); Apple Inc. v. Samsung Electronics Co. LTD, No. 12-CV-0630-LHK (PSG), 2013 U.S. Dist. LEXIS 67085, 2013 WL 1942163, at *2 (N.D. Cal. May 9, 2013) (noting that case law suggests that search terms and choice of custodians used in the document collection and production process are not protected as

10

attorney work product). Ford argues that its 30(b)(6) witness on this topic would likely be an attorney; however, that argument contradicts Ford's prior description of its document retrieval process as a "self-select" method by which the individual employees conducted searches of their own documents using terms of their own choosing. Thus, while Ford correctly notes that the deposition of a party's attorney is generally not permitted, Ford should also understand that it cannot avoid a legitimate area of inquiry simply by selecting an attorney as its corporate designee.

Johnson v. Ford Motor Co., 2015 U.S. Dist. LEXIS 90108, at 96-97.

Electronic discovery is no longer seen as innovative or exotic. Likewise, the results will be governed by the protective order currently in effect. Counsel for the Plaintiff is prepared to work in collaboration with defense counsel to develop search terms and parameters that would get the job done without undue expense or undue intrusion into privacy interests.

Will the Court please order the collaborative development of such a plan for email, texts and financial records that will meet the requests that were served? Plaintiff's counsel asks that such a plan be developed within 30 days, longer if necessary due to existing schedules, and if the parties cannot agree, would the Court please take those issues under consideration and impose costs if warranted?

Respectfully submitted this 20th day of August, 2018.

/s/ *Charles J. Crooks*
Charles J. Crooks
Crooks law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505
Charles@CrooksLawFirm.org

WV Bar # 4633

and

/S/ *Frederick R. Juckniess*
Frederick R. Juckniess
Juckniess Law Firm PLC
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104
Phone: (734) 707-1515

11

Rick@juckniesslaw.com

Case 1:17-cv-00052-IMK   Document 85   Filed 08/20/18   Page 12 of 14   PageID #: 856

12

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**　　　　　　　　　　Case No.:　　1:17-CV-52

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
and
**STATE TROOPER CHRIS BERRY,**

　　　　　Defendants.

### CERTIFICATE OF SERVICE

　　　　I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify that on the 20th day of August, 2018, I filed the foregoing **"PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM STATE TROOPER DEFENDANTS KIEF, GASKINS AND BERRY"** with the Clerk of the Court using the CM/ECF system, and the full document to the following by U.S. Mail:

| | |
|---|---|
| P. Todd Phillips<br>Lyons Phillips Legal Group PLLC<br>141 Walnut Street<br>Morgantown, WV 26505<br>toddphillips.law@gmail.com<br>**Counsel for Defendant,**<br>**Ellen Ruth Costlow** | Mark G. Jeffries (WV Bar No. 11618)<br>Steptoe & Johnson PLLC<br>400 White Oaks Blvd.<br>Bridgeport, WV 26330-4500<br>Mark.jeffries@steptoe-johnson.com<br>**Co-counsel for Defendants State Trooper**<br>**Michael Kief, State Trooper Ronnie M.**<br>**Gaskins and State Trooper Chris Berry** |
| | and |

Monté L. Williams (WV Bar No. 9526)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
Monte.williams@steptoe-johnson.com
**Co-counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins and State Trooper Chris Berry**

/s/ *Charles J. Crooks*

14