## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                              Case No.: 1:17-CV-52 IMK

             Plaintiff,

v.                                                               JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

             Defendants.

## PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

In accordance with the Second Amended Scheduling Order (Doc 88), the Plaintiff, Scott T. Ballock, through his counsel, hereby moves pursuant to F.R. Civ. P., Rule 56 for partial summary judgment against the Defendants, Ellen Ruth Costlow and Michael Kief, on the elements of duty and breach.

### As to Ellen Ruth Costlow

Scott T. Ballock served a third amended complaint[1] (Doc 49) in which he pleaded multiple causes of action, including breach of contract and tortious interference with contract. The action for breach of contract against Ellen Ruth Costlow relies in significant part on the Divorce Decree entered by the Honorable Randal Minor, Judge of the Family Court of

---

[1]     The third amended complaint (Doc 49) was allowed (Doc. 48) in order to address a sufficiency objection raised by the defense as to the seriousness of the damages suffered by Scott T. Ballock. The third amended complaint was judged to be sufficient in this regard. (Doc 50).

1

Monongalia County, West Virginia. That order was entered May 9, 2014. Paragraph 4 was captioned **PERMANENT INJUNCTIVE RELIEF** and stated as follows:

> Neither party will abuse, threaten, or harass the other party. Neither party will contact any employer regarding the other party in any fashion whatsoever. Communications between the parties will be limited to matters involving the parties' children, and all such communication will be by text or email.

Exhibit 1.

Attached to the Divorce Decree was a piece of notebook paper bearing handwritten terms that were initialed and signed by the parties, then countersigned by their counsel. After addressing some property division items, the attachment stated: "Mutual No Contact Order. She is not to communicate with SB's employer FBI, ever. He is not to contact/communicate EB's employer, ever, present or future. Email & text only as to kids. Nothing will be posted on the internet by SB or TB."[2] Id.

Although the F.B.I. was notified in advance by Sgt. Kief of the planned arrest of Scott T. Ballock on September 13, 2013, no internal investigation was commenced by the F.B.I. until after the criminal case against Scott T. Ballock was dropped on April 7, 2016. Sgt. Kief and Ellen Ruth Costlow were primary sources of information, notwithstanding the entry of an expungement order on July13, 2016. See Exhibit 2.

Discovery has confirmed that Ellen Ruth Costlow intentionally violated the permanent injunction contained in the Divorce Decree as well as her agreement affirming her duty to refrain. These facts are sufficiently established such that summary judgment on the elements of duty and breach is proper.

---

[2]     The initials EB referred to Ellen Ballock. As part of the final divorce she took back her maiden name of Costlow. For consistency, this motion refers to Ellen Ruth Costlow, even though her married name appears in some exhibits.

## As to Michael Kief

The Defendant, Michael Kief, was at all times at issue a Sergeant of the West Virginia State Police. Discovery confirmed that he conspired with Ellen Ruth Costlow to knowingly violate the Family Court order. Sgt. Kief's involvement directly caused and contributed to actionable damages, the measure of which will be proven at trial. The WVSP investigative file obtained in discovery revealed emails from Ellen Ruth Costlow to Sgt. Kief as late as November 4, 2016 (Troopers 803) and Sgt. Kief appears to have pulled down web content from Thomas Y. Ballock's blogging website as late as February 14, 2018, (Troopers 804-816).

Discovery revealed that Sgt. Kief and Ellen Ruth Costlow were aware of, understood and even discussed the Family Court order, but chose to collaborate on the means and substance of defamatory communications to Scott T. Ballock's employer, the F.B.I. Those communications not only took a private domestic dispute out of the Family Court where it belonged, they also set in motion the F.B.I. administrative proceedings that have so far wrongfully cost Scott T. Ballock his career.[3]

The Defendants will no doubt argue at trial over the veracity of these communications in an effort to defend against Claim One (abuse of process in violation of 42 U.S.C. § 1983); Claim Two (malicious prosecution in violation of 42 U.S.C. § 1983); Claim Four (abuse of process in violation of West Virginia State law); Claim Five (malicious prosecution in violation of West Virginia State law); Claim Six (conspiracy of all Defendants); Claim Seven (defamation against Cpl. Gaskins and Costlow in violation of 42 U.S.C. § 1983); Claim Eight (slander as against Cpl.

---

[3]     Evidence on damages at trial will show Scott T. Ballock became a federal employee, a federal probation officer, in September, 1994, at the age of 26. He joined the F.B.I. in 2005, nine years later. There was no history of misconduct or reprimand until the defamatory matters at issue in this action were reported. Dr. Clifford Hawley calculates special damages totaling between $1,951,329 and $2,094,492.

Gaskins and Costlow); Claim Nine (intentional infliction of emotional distress against all Defendants); Claim Ten (damages resulting from tortious interference with contract of employment, as against all Trooper Defendants); Claim Eleven (tortious interference with contract of employment as against Costlow); and Claim Twelve (defamation against Cpl. Gaskins and Costlow). However, those arguments summarily fail at the close of discovery as against the pleaded allegations of duty and breach. Those elements have been established in discovery on Claim Thirteen (breach of contract against Costlow) and  Claim Ten (tortious interference with contract of employment, at least as to Sgt. Kief).  According to Judge Minor's permanent injunction, voluntarily affirmed by Ellen Ruth Costlow as part of the final divorce decree, the communications with Scott T. Ballock's employer, true or false, were not to occur. Judge Minor was within his jurisdiction to keep the dispute before him, so sharing it with the F.B.I. violated a legally-cognizable duty.

This sad and costly affair was the result of a coordinated effort to:

1. prejudice Family Court Judge Randal Minor against Scott T. Ballock on the custody of the children;

2. get Scott T. Ballock fired from his job as an F.B.I. agent if possible; and

3. to prosecute Scott T. Ballock in an effort to intimidate his father, Thomas Y. Ballock, who was publishing an Internet blog about Ellen Ruth Costlow, despite Scott's wishes.[4]

Fortunately for the Ballock children, the effort to prejudice the award of custody failed. Their mother moved for a forensic custodial evaluation and Judge Minor appointed Dr. Christi Cooper-Lehki, a psychiatrist, published in the field of domestic abuse. Her extensive

---

[4]      Judge Minor expressly stated in an order following Scott T. Ballock's arrest on September 13, 2013, that it appeared to be orchestrated for the purpose of prejudicing his decision.

investigation throughout the spring and summer of 2013 and her in-court testimony resulted in the award of exclusive custody to Scott T. Ballock.[5] Ellen Ruth Costlow ultimately agreed to surrender all visitation rights.

The economic damages Scott T. Ballock has suffered as a result of the violation of Judge Minor's permanent injunction are contingent on Scott T. Ballock's appeal of the F.B.I.'s March 5, 2019 decision to terminate his employment.[6] Scott T. Ballock has separate counsel in the administrative action.[7] A decision on his appeal is expected before this civil action comes on for trial beginning January 13, 2020, (Doc 88).

---

[5]     Had the investigation been conducted in accordance with WVSP policy and procedures obtained through discovery (Troopers 844-868), it could have been discovered that Dr. Cooper-Lehki counseled Judge Minor that Scott T. Ballock was suffering anxiety, feelings of nervousness and excessive worry, and was a "codependent" in his relationship with Ellen Ruth Costlow, though he did not have a Dependent Personality Disorder. (Dr. Cooper-Lehki's report was produced in-camera to Magistrate Judge Michael J. Aloi).

        Scott's codependent condition explained the volume of texts and emails decrying the loss of family and seeking reconciliation. Guided by the court-appointed psychiatrist, Judge Minor was in a position to understand and deal with this, given the chance and some respect for his jurisdiction. In an order (PL 00289-302) entered September 20, 2013, Judge Minor said: "While the Court in no way condones any potential criminal behavior on anyone's part, the Court has to believe the timing of the arrest represented primarily a strategic decision to gain advantage in this case. In that regard, the Court notes the father's communications at issue occurred over several months with no apparent effort by the Mother to seek assistance from this Court or any other judicial body until the time of the hearing. This Court almost certainly would have been willing to enjoin such communications by the Father if the Mother had raised the issue at any time." (PL00293).

[6]     The F.B.I.'s Office of Professional Responsibility (OPR) rendered a final decision to terminate Scott T. Ballock on September 21, 2017. That final decision was appealed and then promptly remanded for further investigation and re-adjudication by the Office of Disciplinary Appeals (ODA) on January 19, 2018. The further investigation (including another interview with Ellen Ruth Costlow in violation of the permanent injunction) was completed by July 2, 2018 and the second termination decision, rendered by the Acting Assistant Director for the Office of Disciplinary Review, was rendered on March 5, 2019. That decision is now on appeal to the ODA, comprised of a five-member review board.

        The second termination decision, rendered March 5, 2019, occurred after entry of this Court's order (Doc 91) on November 29, 2018 concerning discovery of the F.B.I. administrative action. The administrative action documents post-dating the discovery order entered November 29, 2018 have been produced on the mutual expectation this Court would so order.

[7]     Scott T. Ballock's counsel in the administrative action by J. Cathryne Watson, Esquire of Swick & Shapiro P.C., 1101 15th Street, N.W. Washington, D.C. 20005.

The effort to intimidate Scott T. Ballock's father out of his Internet blogging activities by prosecuting Scott followed other unsuccessful direct efforts to stop him. Discovery revealed an on-going effort first by Ellen Ruth Costlow,[8] then with the help of Sgt. Kief, to shut down Tom Ballock's Internet blog. Those efforts failed so they prosecuted his son, Scott, threatening his parental rights and potentially his career. This coercion forced Scott to sign a document stating there was probable cause for his arrest in order to have the criminal charges dropped and expunged.[9]

The Defendant, Ellen Ruth Costlow also violated her agreement that was attached to the prosecutor's motion to dismiss the criminal charges against Scott t. Ballock. Exhibit 3. Again, she promised to refrain, yet she did not. It should be noted that the attachment to the prosecutor's motion to dismiss defers to the continuing jurisdiction of the Family Court. The attachment to the prosecutor's motion essentially reaffirmed what had already been agreed on May 9, 2014 and ordered by way of permanent injunction.

## Evidence Established in Discovery

Discovery included data obtained from a cell phone belonging to Kenny R. Ice, Jr., Ellen Ruth Costlow's boyfriend for whom she divorced Scott T. Ballock. Ice approached Scott unsolicited and offered the phone for analysis; the contents were produced in discovery. Texts were found on the phone dating to May of 2013. Ellen Ruth Costlow told Kenny Ice she had the "upper hand" in "possibly ruining Scott's career" and she was going to proceed with charges

---

[8]      She filed an unsuccessful civil action against Scott and Thomas Y. Ballock on April 23, 2013 and petitioned the Family Court on June 10, 2014, about a month after the permanent injunction was entered. Scott was not involved and the family Court lacked jurisdiction over his father.

[9]      The evidence at trial will include an offer to drop the criminal case if only Tom Ballock would agree to take down his Internet blog.

against him. Exhibit 4.  Three months later, on September 13, 2013, Sgt. Kief arrested Scott after arranging for an agent from the F.B.I. to attend and witness the event.

The permanent injunction was entered May 9, 2014. Two days later, Ellen Ruth Costlow emailed Sgt. Kief on May 11, 2014. She acknowledged signing the agreement to refrain from contacting Scott's employer but felt obliged to do so because Scott's father was posting to his Internet blog. Clearly, she understood the permanent injunction and her agreement to abide by it, yet she was ready to violate both in an effort to combat Scott's father. (Troopers 524), Exhibit 5.

An email from Sgt. Kief to Ellen Ruth Costlow dated March 8, 2016, one month before the criminal case was dropped, betrayed his personal interest. Scott T. Ballock went to Family Court seeking leave to use the Christi Cooper-Lehki report in his defense of the criminal case, but the prosecutor's office appeared and persuaded Judge Minor to deny the request. Sgt. Kief was delighted to hear this from Ellen Ruth Costlow: This is great news!! I'm sure he has tucked his tail between his legs and was humiliated… I'm so glad he shot Scott down on everything." (Troopers 623-624), Exhibit 6.

The criminal charges were dropped April 7, 2016. A week later, on April 14, 2016, Ellen Ruth Costlow emailed Sgt. Kief, thanking him for soliciting her suggestions on what she might want him to tell the F.B.I. in his interview. She proceeded to supply him numerous suggestions. (Troopers 669-674), Exhibit 7. On April 22, 2016, Ellen Ruth Costlow emailed Sgt. Kief regarding her upcoming meeting with the F.B.I. on April 26, 2016, and to thank him for the information he already provided. (Troopers 698), Exhibit 8.

The April 26 appointment had to be rescheduled, so Ellen Ruth Costlow went to Clarksburg and gave an interview to Agent Herman of the F.B.I. on May 12, 2016, essentially a

month after the criminal charges were dropped and she promised to refrain from communicating with Scott's employer. Emails between her and Sgt Kief preceding and following the interview detailed the defamatory statements she made. (Troopers 733-735), Exhibit 9.

## Argument

Judge Minor's permanent injunction was within his jurisdiction to issue and it was embraced by the parties at the time and again on April 7, 2016. The violations of the permanent injunction are actionable in this litigation.

Most of the evidence proffered in support of this motion comes from the investigation file obtained from the WVSP. Sgt. Kief and Ellen Ruth Costlow were clearly conspiring to brief the F.B.I. about Ellen Ruth Costlow's false and defamatory allegations against Scott T. Ballock. Again, the truth or falsity of the allegations is for another day, a trial day. However, discovery has demonstrated that the permanent injunction and two affirmations binding upon Ellen Ruth Costlow were in effect, understood and deliberately violated by her and with the assistance of Sgt. Kief.

For his part, Sgt. Kief encouraged and assisted Ellen Ruth Costlow in violating a permanent injunction of the Family Court, done for the purpose of helping Ellen Ruth Costlow get Scott T. Ballock fired from his job as an F.B.I. agent. This was an unlawful interference with Scott T. Ballock's employment with the F.B.I.

Accordingly, the Plaintiff, Scott T. Ballock, moves pursuant to the Fed. Rules Civ. Proc., Rule 56 (a) for partial summary judgment on Claim Thirteen (breach of contract against Costlow) and Claim Ten (tortious interference with contract of employment as to Sgt. Kief).

This motion is respectfully submitted this 8th day of July, 2019.


*/S/ Charles J. Crooks, Esq.*
Charles J. Crooks, Esq.
WVSB # 4633
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505
charles@crookslawfirm.org
(304) 282-1039
***Counsel for Plaintiff,***
***Scott T. Ballock***

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**                                         Case No.:       1:17-CV-52

      Plaintiff,

v.                                                                      JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

      Defendants.

<u>**CERTIFICATE OF SERVICE**</u>

I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify

that on the 8th day of July, 2019, I filed the foregoing "**PLAINTIFF'S MOTION FOR**

**PARTIAL SUMMARY JUDGMENT**" with the Clerk of the Court using the CM/ECF system,

which will send notification of the filing to the following:

P. Todd Phillips, Esq.
P. Todd Phillips & Associates
235 High Street
Suite 322
Morgantown, WV 26505
ToddPhillips.Law@gmail.com
**Counsel for Defendant,**
**Ellen Ruth Costlow**

And

Mark G. Jeffries (WV Bar No. 11618)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330-4500
Mark.jeffries@steptoe-johnson.com

Monté L. Williams (WV Bar No. 9526)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
Monte.williams@steptoe-johnson.com
**Co-counsel for Defendants State Trooper**
**Michael Kief, State Trooper Ronnie M.**
**Gaskins and State Trooper Chris Berry**


*/S/ Charles J. Crooks, Esq.*