# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**  Case No.:   1:17-CV-52

Plaintiff,

v.   JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
and
**STATE TROOPER CHRIS BERRY,**

Defendants.

### PLAINTIFF'S OPPOSITION TO TROOPER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

March 4, 2016 family court order entered by Judge Randal Minor, cited at page 4, footnote 5.

Exhibit No. 2

IN THE FAMILY COURT OF MONONGALIA COUNTY, WEST VIRGINIA

IN RE THE MARRIAGE/CHILDREN OF:

| | | |
|---|---|---|
| PETITIONER: | and | RESPONDENT: |
| Scott T. Ballock | | Ellen R. Costlow |

CIVIL ACTION NUMBER:     12-D-529 (Minor)

## ORDER

This matter came on for hearing on March 4, 2016 pursuant to the Petitioner's Motion to Unseal Custody Evaluation Report. Petitioner Scott Ballock and Respondent Ellen Costlow appeared for the hearing. Gabrielle Mucciola of the Monongalia County Prosecutor's Office also appeared for the hearing with leave of this Court.

WHEREUPON, based upon the Findings of Fact and Conclusions of Law indicated below and/or stated upon the record, this Court ADJUDGES and ORDERS as follows:

1. **JURISDICTION AND VENUE**

    a.  This Court has subject matter jurisdiction, personal jurisdiction over the parties, and venue.

2. **MINOR CHILDREN**

    a.  The parties are the parents of the following minor children:

    i.  [REDACTED]

    ii. [REDACTED]

3. **MOTION TO UNSEAL CUSTODY EVALUATION REPORT**

    a.  By order entered June 3, 2014, this Court sealed the Guardian Ad Litem's report and all related exhibits, the custody evaluation report prepared by Dr. Christi Cooper-Lehki, and the transcript of Dr. Cooper-Lehki testimony in this case.

    b.  While Mr. Ballock's motion is styled a motion to unseal the custody evaluation report, it appears from the motion that Mr. Ballock is seeking to unseal all of the records referred to in the preceding paragraph. Mr. Ballock confirmed that was his intent at the hearing on March 4, 2016.

    c.  The Court is unwilling to unseal the records as requested by Mr. Ballock. In reaching that conclusion the Court notes the following:

    i.  The records relate to the parties' divorce case and custody of the parties' two children. The records stem from this Court's orders authorizing a custody evaluation of the parties and appointing a Guardian Ad Litem (GAL) for the children in the divorce case. The

        GAL and the custody evaluator were charged with investigating relevant facts and reporting back to the Court regarding parental fitness and the allocation of custodial responsibility between the parties. The parties were ordered by the Court to cooperate with the GAL and custody evaluator in carrying out their duties.

ii.    The records include highly sensitive information, including psychiatric records and evaluations related to the parties and the children. The records include opinions regarding psychiatric evaluations and diagnoses of both parties. The records include extensive information regarding the parties' past sexual practices in and outside of the marriage. Though unviewed by this Court, it is believed the records include explicit video and pictures related to Ms. Costlow's sexual practices. The records also refer to interviews conducted by the GAL and the custody evaluator with the children, as well as sessions with the children by treating professionals.

iii.    In sealing the records, the records the Court was very concerned that none of the information become part of the public domain.

iv.    The Court has to believe it would be embarrassing in the extreme for all concerned were the information to become part of the public domain. In particular, the Court was concerned regarding the potential emotional harm to the children should the information become public whereby the children or their peers might somehow access the information at the present time or at any time in the future. It is the Court's recollection that the GAL, the custody evaluator, and all treating professionals for the parties and the children agreed with the Court in this concern to protect the children.

v.    The children's paternal grandfather has a history of utilizing the internet to publish negative information about the Mother, including some information referenced in the sealed records. Were the sealed records to become part of the public domain, the Court is concerned the paternal grandfather would post the records on the internet where anyone might access them.

vi.    Family Court proceedings are closed proceedings, the Court believes in large part due to the sensitive nature of much of the evidence typically presented in Family Court proceedings. The hearings are not open to the public. Everything in the court record but

the Court's orders is unavailable for public inspection.

  vii. In contrast to Family Court proceedings, criminal proceedings generally are open to the public. Anyone may attend hearings. Moreover, it is this Court's understanding that most adult criminal files are open to the public. If the records in question were utilized in a criminal proceeding, it seems to this Court it would be almost impossible to keep the records out of the public domain.

  viii. It appears to this Court that the records in question would have minimal if any relevance to Mr. Ballock's criminal case. In reaching that conclusion, the Court found persuasive the arguments of the prosecuting attorney in the criminal case, Ms. Mucciola, relating to the nature of the charges against Mr. Ballock. The Court also reviewed the criminal statutes under which Mr. Ballock has been charged, W. Va. Code 61-2-9a & 61-3c-14a, and it is not obvious to the Court that Ms. Costlow's actions or evaluations referenced in the records would operate as a defense to the matters charged. Whatever relevance and probative value the records might possibly have in the criminal case would seem to be greatly outweighed by the prejudice to the children's best interests and the other concerns giving rise to the sealing of the records by this Court. The Court does not know if the criminal case will be a jury trial, but if so the records might also be unduly prejudicial to the State's case.

d. While the Court is sensitive to Mr. Ballock's due process rights, it simply is not clear to this Court that those rights should trump the other concerns supporting the sealing of the records. Moreover, this Court recognizes it is a civil court and that it lacks the expertise to fully evaluate the due process claim. In that regard, a criminal court would be far better situated to address that argument. Mr. Ballock may appeal this order, and if he does the Circuit Court may decide how much weight to give to the due process argument. Or the Court supposes Mr. Ballock might choose instead to pursue a mandamus action in the Circuit Court.

e. Should Mr. Ballock choose to pursue a claim in the Circuit Court, this Court Orders that the records will be unsealed for the sole purpose of allowing the Circuit Court to review the records in camera should it deem that necessary.

f. Based upon the foregoing, Mr. Ballock's motion is DENIED.

4. **NOTICE OF RIGHT TO APPEAL**

   a. This is a Final Order which either party may appeal. An appeal of this Order must be filed in the office of the Circuit Clerk for this Court. A party to this Order may appeal to the Circuit Court if an appeal is filed within 30 days of the date of entry of this Order by the Family Court. If both parties file a Notice of Waiver and Appeal to the West Virginia Supreme Court within 14 days of the date of entry of this Order, the parties may appeal directly to the West Virginia Supreme Court. If only one party timely files a Notice of Waiver and Appeal to the Supreme Court, that appeal will be treated as a Petition for Appeal to the Circuit Court. A packet of forms which may be used to bring an appeal is available at the Circuit Clerk's office.

5. **COPIES TO ALL INTERESTED PARTIES**

   a. Upon the entry of this Order, the Clerk of this Court shall mail a certified copy of the same to:

      i. Petitioner Scott Ballock, at 51 Summit Overlook Dr., Morgantown, WV 26508.

      ii. Respondent Ellen Costlow, at undisclosed address.

      iii. Assistant Prosecuting Attorney Gabrielle Ash, at the Monongalia County Prosecuting Attorney's Office.

   b. Upon the entry of this Order, the Clerk of this Court shall cause a certified copy of the same to be placed in Mr. Ballock's criminal case file.

Date: March 4, 2016

Family Judge Randal Minor

STATE OF WEST VIRGINIA, SS:
I, Jean Friend, Clerk of the Circuit and Family Courts of Monongalia County, State aforesaid, do hereby certify that the attached instrument is a true copy of the original Order made and entered by said Court.

Circuit Clerk