UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

       **Plaintiff,**

v.                                            **CIVIL ACTION NO.: 1:17-CV-52**
                                                      **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M.**
**GASKINS, AND STATE TROOPER**
**CHRIS BERRY,**

       **Defendants.**

### RESPONSE OF DEFENDANT ELLEN RUTH COSTLOW TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Ellen Ruth Costlow, by counsel, hereby responds to the Plaintiff's Motion for Partial Summary Judgment, filed on July 9, 2019[1], requesting that the Court denies the Motion, on the grounds that it: (1) was not timely filed; (2) requests dispositive relief on subject matter not related to any claim pleaded by the Plaintiff; (3) provides no support for this Court to conclude, as a matter of law, that a West Virginia Family Court order creates an enforceable contract between the parties subject to the order; and (4) requests relief that is moot, based upon the Plaintiff's inability to prove the damages necessary for him to maintain a claim for breach of contract against Ms. Costlow.

### I.    INTRODUCTION/STATEMENT OF FACTS

The Plaintiff's Motion for Summary Judgment asks the Court to grant him partial summary judgment on the elements of duty and breach of duty related to his claim for breach of contract against Ms. Costlow (Thirteenth Claim), based upon an allegation that Ms. Costlow

---

[1] The Plaintiff's Motion (Doc. 117) was filed at 12:05 a.m. on July 9, 2019. The Court's Second Amended Scheduling Order (Doc. 88) required dispositive motions to be filed on July 8, 2019.

1

"violated the permanent injunction contained in the Divorce Decree [between Ms. Costlow and the Plaintiff, entered on May 9, 2014] as well as her agreement affirming her duty to refrain." Plaintiff's Motion, pp. 1-2, 8. The Plaintiff supports his request for relief with the claim that "[t]he action for breach of contract against Ellen Ruth Costlow relies in significant part on the Divorce Decree entered by the Honorable Randal Minor, Judge of the Family Court of Monongalia County, West Virginia…[on] May 9, 2014." *Id.* at pp. 1-2. This claim is thoroughly false.

The Plaintiff's breach of contract claim against Ms. Costlow, contained in his Third Amended Complaint, alleges that, "[i]n an attachment to the motion to dismiss criminal charges in Magistrate Court dated April 7, 248, (*sic.*)[2] Defendant Costlow specifically agreed that 'she will not communicate any disparaging information or commentary to Scott Ballock's employer or place of employment.'" Third Amended Complaint (Doc. 49), ¶¶ 247-48. This cause of action continues to allege that Ms. Costlow violated the April 7, 2016 agreement and that the Plaintiff was injured as a result. *Id.* at ¶¶ 249-251. The Plaintiff's breach of contract claim against Ms. Costlow, thus, is based entirely upon allegations that Ms. Costlow violated an agreement attached to an April 7, 2016 motion filed in the Magistrate Court of Monongalia County and does not reference the parties' Divorce Decree, entered on May 9, 2014.

Furthermore, in the Plaintiff's voluminous Third Amended Complaint, consisting of 40 substantive pages and 298 numbered paragraphs, the injunction contained in the Divorce Decree receives no mention. The Divorce Decree itself is not identified by name in the Plaintiff's Third Amended Complaint. The only occasion for terms of the Divorce Decree between Ms. Costlow and the Plaintiff to be found in the Plaintiff's pleading occurs at paragraph Nos. 87-89, and these

---

[2] The motion was dated April 7, 2016. The number "248" appears to be a paragraph number inadvertently inserted into the allegations contained in paragraph No. 247.

2

paragraphs do not reference the injunction cited by the Plaintiff in his motion or make any allegation relevant to the Plaintiff's 14 causes of action. Rather, paragraph Nos. 87-89 present allegations concerning child custody and alimony provisions awarded by the Family Court.

The Plaintiff, thus, makes no request for relief related in any way to the May 9, 2014 Divorce Decree between Ms. Costlow and the Plaintiff, and is not entitled to dispositive relief on subject matter unrelated to any claim or defense alleged by any party.

## II. ARGUMENT

### A. Standard for Summary Judgment

"Summary judgment 'should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Cloaninger v. McDevitt, 555 F.3d 324, 332 (4th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). As shown below, the Plaintiff's request for relief does not relate to the breach of contract claim he has alleged, creates a new cause of action, which he has not properly pleaded, does not allege the formation of a contract, enforceable in a suit for breach, and is moot, based upon the Plaintiff's inability to produce evidence of breach of contract damages.

### B. The Plaintiff's Motion Creates a New Claim, Which He Has Not Properly Pleaded

A statement of a claim in a pleading "must give the defendant 'fair notice' of the claim and the 'grounds upon which it rests.'" Feldman v. Pro Football, Inc., 419 Fed. Appx. 381, 388, 2011 U.S. App. LEXIS 6188 (4th Cir. 2011), *quoting*, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007). The Plaintiff filed his Third Amended Complaint on December 20, 2017, alleging breach of contract against Ms. Costlow, based upon an attachment to a motion in a criminal case

3

executed on April 7, 2016. This cause of action first appeared, in identical form, in his Amended Complaint (Doc 14), filed on May 25, 2017.

Now, in a motion for partial summary judgment, filed after the close of discovery, the Plaintiff attempts to refashion this claim, basing it instead upon a Family Court order entered on May 9, 2014, and requests that the Court grant him dispositive relief related to such claim. The existence of the Divorce Decree was obviously known to the Plaintiff at the time he filed this Complaint and his previous pleadings, and basing any claim, in contract or tort, upon this document constitutes a new cause of action, dependent upon allegations not contained in any prior pleading, and would require the Plaintiff to file for leave to amend, pursuant to Rule 15(a)(2), Fed. R. Civ. P., which the Plaintiff failed to do. As the relief the Plaintiff requests in his motion does not relate to any claim presently alleged, his motion must be denied.

### C. The Family Court Order Did Not Create a Contract Between the Parties, Enforceable in a Suit for Damages in Another Forum

In addition, the Family Court order does not constitute a contract between Ms. Costlow and the Plaintiff. *See,* McCormick v. Hamilton Bus. Sys., 175 W. Va. 222, 322 S.E.2d 234, fn. 1 (1985)("The elements of a contract are an offer and an acceptance supported by consideration.") *citing,* Syl. pt. 1, First National Bank v. Marietta Mfg. Co., 151 W. Va. 636, 153 S.E.2d 172 (1967), Fulton v. Messenger, 61 W. Va. 477, 483, 56 S.E. 830, 832 (1906)(elements of a contract include "parties, subject-matter, consideration, meeting of minds, and mutuality of remedy and obligation"). The documents attached by the Plaintiff provide no evidence that the parties contemplated or agreed upon the creation of a contract, enforceable in a suit for breach or in any other action other than in a motion for contempt filed in the Family Court entering the Decree. The May 9, 2014 Divorce Decree includes no provision creating a right of either Ms. Costlow or the Plaintiff to file an action for damages in any court, based upon an allegation of a violation of

4

the order by the other party, and the attachment expresses nothing more than a request for the Family Court to adopt certain terms in its Decree. The Family Court specifically mentioned that three provisions it included in its order were entered upon agreement by Ms. Costlow and the Plaintiff: (1) division of marital assets and debts; (2) waiver of spousal support; and (3) waiver of right to appeal. Plaintiff's Exhibit 1, Divorce Decree, ¶¶ 5, 6, 16. The Family Court order includes no such indication in the section providing injunctive relief, *Id.* at ¶ 4, which provides the basis for the Plaintiff's request for partial summary judgment. The Divorce Decree is not identified as an "Agreed Order" or "Agreed Divorce Decree" and is not signed by the parties.

In light of these facts, the Plaintiff fails to cite any statute or case law which would support the proposition that a West Virginia Family Court order could create a contract, enforceable outside the Family Court in a suit for damages, between parties subject to the order, absent any language in the order creating such right, or that a joint request for a court to include certain terms in its order could create a contract, enforceable in a suit for damages in another forum after entry of the order. The "Settlement Agreement" attached to the Divorce decree does not create any obligation for either party and cannot be considered to be a contract. If the Family Court had rejected the parties' agreement concerning distribution of marital assets and debts and entered an order deviating from the terms proposed by the parties, the parties' rights and obligations would be determined by the order the court entered, and not by any agreement the parties had requested the court to adopt. The Plaintiff provides no grounds for this Court to determine, as a matter of law, that the May 9, 2014 order creates a contract, enforceable in a suit for damages in this action, or that the Plaintiff is entitled to the summary relief he requests.

5

## D. The Plaintiff's Request for Relief is Moot, Based Upon His Inability to Prove Damages in a Breach of Contract Claim Against Ms. Costlow

Even if the Plaintiff could establish, as a matter of law, that he had properly pleaded a breach of contract claim, based upon an alleged violation of a provision in the Divorce Decree entered on May 9, 2014, the Plaintiff's request for partial summary judgment on the issues of duty and breach would still be moot, as the Plaintiff is unable to produce evidence to establish the damages he is required to prove in a breach of contract claim. To maintain a breach of contract claim against Ms. Costlow, the Plaintiff would be required to prove that he suffered economic loss as a result of Ms. Costlow's alleged breach and that it was reasonably anticipated this loss was a probable result of such breach at the time the contract was created. Under West Virginia law, the elements of breach of contract claim are: "(1) a contract exists between the parties; (2) a defendant failed to comply with a term in the contract; and (3) damage arose from the breach." Nance v. Huntington W. Va. Hous. Auth., 2017 W. Va. LEXIS 345, 2017 WL 2210152 (W. Va. 2017)(memorandum decision), *citing*, Wittenberg v. Wells Fargo Bank, N.A., 852 F. Supp. 2d 731, 749 (N.D.W.Va. 2012).

Consequential damages must be proven by the Plaintiff "with reasonable certainty." Rice v. Community Health Ass'n, 203 F.3d 283, 287 (4th Cir. 2000), *citing*, Kentucky Fried Chicken v. Sellaro, 158 W. Va. 708, 214 S.E.2d 823, 828 (W. Va. 1975). "In addition, a plaintiff must demonstrate that when the parties entered the contract, they 'could reasonably have anticipated' that the claimed consequential damages 'would be a probable result of a breach.'" Rice, 203 F.3d at 287-88, Desco Corp. v. Harry W. Trushel Constr. Co., 186 W. Va. 430, 413 S.E.2d 85, 89 (W. Va. 1991) (*citing*, Sellaro, 214 S.E.2d at 827. Compensatory damages for emotional distress are unavailable in the absence of physical injury or economic loss, "[e]xcept in extraordinary circumstances." Allen v. Smith, 179 W. Va. 360, 363, 368 S.E.

6

2d 924, 927 (1988)(citing breach of promise to marry as an "extraordinary circumstance," which cause of action is now not permitted by statute, <u>See,</u> W. Va. Code § 56-3-2a). As described in Ms. Costlow's Motion for Summary Judgment (Doc 116), the Plaintiff is unable to produce any evidence to convince a reasonable juror that he was terminated from his employment, and thereby incurred economic loss, as a result of any act omission on the part of Ms. Costlow.

Letters to the Plaintiff from the FBI's Office of Professional Responsibility (OPR), attached to this Response and Ms. Costlow's Motion for Summary Judgment, conclusively establish that the Plaintiff was dismissed from his employment with the FBI for: (1) Misuse of Weapon/Safety Violation, for an act (using the weapon to vaginally penetrate Ms. Costlow) which he acknowledges committing, <u>Exhibit A, OPR Letter to Plaintiff, March 5, 2019, pp.20, 23</u>; (2) Unprofessional Conduct of Duty, which included, among other offenses, harassing Ms. Costlow with thousands of unwanted emails and text messages, providing material for defamatory websites operated by his father, associating with "low level criminals," and employing other FBI agents, including at least one subordinate, to conduct an "unauthorized investigation," undertaken to assist the Plaintiff in his divorce, <u>Id. at 5-16, 20-21, 23-24</u>; and (3) Lack of Candor/Lying – Under Oath, for lying to FBI investigators. <u>Id. at 17-19, 22, 24</u>.

OPR notes that it did not have to assess Ms. Costlow's credibility to determine that the Plaintiff had engaged abusive, unprofessional conduct. <u>Exhibit B, Letter from OPR to Plaintiff, September 21, 2017 at 16</u>. Rather, OPR came to these conclusions solely from a review of the Plaintiff's own words, as expressed in the thousands of unwanted emails and texts he sent to Ms. Costlow, <u>Id. at fn 17</u>, and from the Plaintiff's statements to the FBI and production of material the Plaintiff obtained in his "unauthorized investigation," which the Plaintiff delivered to OPR to argue for his reinstatement. <u>Exhibit A, Letter from OPR to Plaintiff, March 5, 2019 pp. 19-20</u>.

7

OPR concluded that tactics the Plaintiff used to obtain the material he submitted in his defense to constitute "further evidence the disturbing extent of [his] intrusion into EC's life and complete invasion of her privacy." *Id*. OPR noted in the course of its investigation that, as the Plaintiff is attempting to do in this action, the Plaintiff defended serious acts of misconduct he had committed with unceasing attacks on Ms. Costlow's character, observing that, "disturbing evidence of your misconduct cannot be ignored despite your relentless attempts to distract from the focus of this inquiry, your own misconduct." *Id.* at 3. As for the third independent ground for termination of the Plaintiff's employment,[3] Lack of Candor/Lying – Under Oath, the dishonesty the Plaintiff displayed in dealing with FBI investigators obviously cannot be attributed to any act or omission of Ms. Costlow.

The Plaintiff's inclusion of material he acquired during his "unauthorized investigation," which provided one ground for termination of his employment, as exhibits to his Motion, is a continuation of behaviors OPR found to be unacceptable for an FBI special agent. OPR commented that the Plaintiff's "extensive unprofessional conduct was disgraceful and demonstrated a depravity of character that is fundamentally incompatible with [his] continued service as an FBI Special Agent." *Id.* at 24. The Plaintiff, thus, cannot establish that the May 9, 2014 Divorce decree was a contract, did not properly plead any claim based upon the document and can produce no evidence of suffering economic loss caused by the breach he alleges, making his Motion for Partial Summary Judgment on the elements of duty and breach moot, even if the subject matter of his Motion was found to refer to the breach of contact claim alleged in his Third Amended Complaint, and requiring that the Court deny his Motion.

---

[3] The Plaintiff was dismissed from his employment for each of the three offenses. Each resulted in his termination independently of the other two. *See*, Exhibit A, Letter from OPR to Plaintiff, March 5, 2019 pp. 23-24.

8

### III.  CONCLUSION

Ms. Costlow respectfully requests that this Court DENIES the Plaintiff's Motion for Partial Summary Judgment against her on the elements of duty and breach in his claim for breach of contract (Thirteenth Claim) on the grounds that: (1) the Motion was not timely filed; (2) the Motion relates to subject matter not alleged in the Plaintiff's Third Amended Complaint, creating a cause of action which has not been pleaded; (3) the May 9, 2014 Divorce Decree entered by the Family Court of Monongalia County does not create a contract, which can be enforced by a suit for breach in this Court; and (4) the Plaintiff's request for relief is moot, based upon his inability to provide any evidence of damages necessary to sustain a breach of contract claim.

The injunctive relief provision contained in the May 9, 2014 Divorce Decree was not mentioned in the Plaintiff's 298 paragraph Third Amended Complaint, which alleged breach of an April 7, 2016 attachment to a motion to dismiss criminal charges. The Plaintiff also has failed to cite any authority on the proposition that a provision in a West Virginia Family Court order can create a contract, enforceable in a suit for damages in another forum, absent the Family Court order clearly stating such. Finally, the relief requested by the Plaintiff is moot, where the evidence presented in this action conclusively demonstrates that the Plaintiff was dismissed from employment with the FBI for his misuse of a weapon, unprofessional conduct and lying under oath - conduct unrelated to any act or omission alleged against Ms. Costlow. WHEREFORE, Ms. Costlow requests that this Honorable Court DENIES the Plaintiff's Motion for partial Summary Judgment, and any other such relief that the Court finds in the interests of justice.

Dated this 29th day of July 2019.

**RESPECTFULLY SUBMITTED,**
**ELLEN RUTH COSTLOW,**
**By counsel,**


/s/ P. Todd Phillips
P. Todd Phillips (WV State Bar #9499
LYONS PHILLIPS LEGAL GROUP PLLC
141 Walnut Street
Morgantown, WV 26505
304-296-3200
304-296-0713 *fax*
toddphillips.law@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

    Plaintiff,

v.

                                    CIVIL ACTION NO.: 1:17-CV-52
                                    Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July 2019, I electronically filed Response of Defendant Ellen Ruth Costlow to Plaintiff's Motion for Partial Summary Judgment with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

                                    Mark Jeffries, Esq.
                                    STEPTOE & JOHNSON, PLLC
                                    400 White Oaks Boulevard
                                    Bridgeport, WV 26330-4500

                                    Montè L. Williams, Esq.
                                    STEPTOE & JOHNSON, PLLC
                                    PO Box 1616
                                    Morgantown, WV 26507-1616

*Counsel for Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins and State Trooper Chris Berry*

                                    Charles J. Crooks, Esq.
                                    CROOKS LAW FIRM PLLC
                                    244 Pleasant Street
                                    Morgantown, WV 26505

*Counsel for Plaintiff*

**RESPECTFULLY SUBMITTED,**

/s/ P. Todd Phillips
P. Todd Phillips (WV State Bar #9499)
LYONS PHILLIPS LEGAL GROUP PLLC
141 Walnut Street
Morgantown, WV 26505
304-296-3200
304-296-0713 *fax*
toddphillips.law@gmail.com

*Counsel for Ellen Ruth Costlow*