UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

    Plaintiff,

v.

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M.
GASKINS, AND STATE TROOPER
CHRIS BERRY,

    Defendants.

CIVIL ACTION NO.: 1:17-CV-52
Honorable Irene M. Keeley

### DECLARATION OF CINDY SCOTT

Under the penalties of perjury, the undersigned hereby declares:

1. This declaration is being provided in connection with the above-captioned civil action.

2. I am an individual over the age of twenty-one years. Unless specifically noted otherwise, I make this declaration based on my personal knowledge.

3. I am an attorney admitted to the West Virginia Bar. In September 2013, I was an Assistant Prosecuting Attorney for the Monongalia County, West Virginia Prosecuting Attorney's Office.

4. In September 2013, Corporal Ronnie Gaskins and I met to discuss his investigation of Scott T. Ballock, who was an FBI agent at that time. Cpl. Gaskins informed me that Mr. Ballock's estranged wife, Ellen Ballock (now Ellen Costlow) had made a complaint to the State Police that Mr. Ballock was harassing her via e-mails and text messages. Ms. Ballock's attorney in the divorce had provided the State Police with a disc containing over 3,000 e-mails Mr. Ballock had sent to his wife since the couple separated. Cpl. Gaskins informed of the

**EXHIBIT 1**

harassing nature of the communications and that Mr. Ballock had continued to send his estranged wife communications even after she repeatedly asked him to stop.

5. Prior to Mr. Scott Ballock's arrest, and at the aforementioned meeting, Cpl. Gaskins, among other things, presented me with a letter from Ms. Ellen Costlow's attorney directing Mr. Scott Ballock to cease communicating with Ms. Costlow except as was related to their children.

6. Cpl. Gaskins also provided me with a copy of the disc of e-mails and text messages to review. To the best of my recollection, Cpl. Gaskins also had printed the emails and text messages for my review. I put the disc in my computer and reviewed the e-mails myself. To the best of my recollection, I also reviewed the printed set of emails and text messages provided to me. Cpl. Gaskins did not point me to any particular e-mails; I perused through the information myself, stopping at random to read various e-mails. My recollection is that in addition to communications insisting that Mr. Ballock cease contact with Ms. Costlow, there we also communications from Ms. Costlow asking that he cease as well.

6. Cpl. Gaskins asked me if he should request a search warrant to search Mr. Ballock's cell phone and computer for additional evidence. Based upon my review of Mr. Ballock's communications with his wife, I agreed that the communications on the disc could be considered harassing, based on the large number of communications and the number of communications that Mr. Ballock continued sending despite being told to cease, I felt the reviewed communications provided probable cause to charge Mr. Ballock with a criminal offense. Therefore, I told Cpl. Gaskins that there was no need to apply for a search warrant.

7. Based upon the information provided to me by Cpl. Gaskins and my own review of Mr. Ballock's communications with his estranged wife, I believed there was probable cause to believe Mr. Ballock had committed a criminal offense. I instructed Cpl. Gaskins to

8471175                                                2

charge Mr. Ballock with one count each of violating West Virginia Code § 61-2-9a, stalking and harassment, and West Virginia Code § 61-3C-14a, harassment by computer or electronic device.

8.  Sometime shortly after Mr. Ballock was arrested, Cpl. Gaskins contacted me and informed me that FBI officials had requested a copy of the disc containing the communications between Mr. Ballock and his estranged wife. Cpl. Gaskins wanted to know if he could provide a copy of the disc to the FBI officials. I informed him that he could.

**Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my personal knowledge, and that I execute this declaration within the United States.**

Dated: 8/12/19

_____
CINDY SCOTT