UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

Plaintiff,

v.

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
and
**STATE TROOPER CHRIS BERRY,**

Defendants.

Case No.: 1:17-CV-52 IMK

JURY TRIAL REQUESTED

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELLEN RUTH COSTLOW

The Plaintiff, Scott T. Ballock, moved for partial summary judgment against the Defendant, Ellen Ruth Costlow, as to the duty and breach elements of Claim Thirteen (breach of contract), (Doc 122) and she has responded, (Doc 125). This reply memorandum is submitted in support of the motion for partial summary judgment.

**I. INTRODUCTION/STATEMENT OF FACTS**

Ellen Costlow's opposition brief starts by arguing an exceedingly technical point. The ECF system transmitted the Plaintiff's motion to opposing counsel at five minutes past the hour of midnight. If this merits denial of the motion, then so be it.

The second argument is only a little more substantive. Relying on the *pro se* third amended complaint (Doc 49) and utterly ignoring the extensive discovery record, Ellen Costlow argues the Plaintiff should be foreclosed from arguing his breach of contract claim to the extent it relies on the Permanent Injunction and appended, handwritten agreement *both she and her*

1

*counsel signed.* The injunction and agreement were entered of record by Family Judge Minor on May 9, 2014. Based on this myopic reading of the *pro se* third amended complaint, she suggests the Court cannot countenance anything other than the agreement attached to the prosecutor's motion to dismiss, entered April 7, 2016.

Ellen Costlow not only signed the agreement appended to the permanent injunction, she produced it in discovery. The argument is curiouser still as it would avail her little or nothing against the current motion for partial summary judgment. Her violation of the injunction and appended agreement, thoroughly briefed to this point, occurred after she signed the document she allows was fairly pleaded.

Her opposition brief points out the third amended complaint (Doc 49) includes 40 substantive pages and 298 enumerated paragraphs. Yet, it was insufficiently comprehensive, as only three paragraphs alerted Ellen Costlow and her counsel that there was a final divorce decree. See 125, at 3-4. The implication appears to be that they were left on her own to discover the permanent injunction and appended agreement she signed.

It also bears mention that the agreement Ellen Costlow admits she was on notice of, the one signed April 7, 2016, relies upon the continuing jurisdiction of the family court for enforcement.

Frankly speaking, it is frivolous to suggest the divorce decree, including the permanent injunction and appended agreement are "unrelated to any claim or defense alleged by any party." See Doc 125 at 3.

## II. ARGUMENT

### A. Standard for Summary Judgment

The standard for decision of the current motion is well known to the Court.

### B. The Plaintiff's Claim is Not Novel and has Already Been Found to be Sufficient Pleaded

This claim was tested at the Rule 12 motion stage of these proceedings. (Doc 48 at 5). The adopted Report and Recommendation, relying only on the document appended to the prosecutor's motion to dismiss charges, filed April 7, 2016, found the Plaintiff's *pro se* claim was adequately pleaded to give Ellen Costlow notice of the contract claim and the allegations concerning her defamatory lies about the Plaintiff, told his employer, were adequate allegations of breach. (Doc 48 at 35-36). This argument has already lost in court.

The opposition brief also reprises the notice argument, suggesting without proffer that Defendant Costlow was unfairly prejudiced by the motion for partial summary judgment as she had no reason to anticipate it. It is also argued the Plaintiff should have moved under Fed. R. Civ. P., Rule 15 (a) (2) to amend the third amended complaint to include an express reference to the divorce decree. There is no merit in the argument as the evidence was developed and argued by the parties without any hint of surprise or prejudice. It is a pettifogging argument to suggest a fourth amendment to the complaint was necessary to avoid injustice on this point.

### C. This Court has Jurisdiction to Award Damages for Breach

The family court had jurisdiction to impose and police injunctive relief for contempt. W.V. Code § 59-2A-9:

> (a) In addition to the powers of contempt established in chapter forty-eight [§§ 48-1-101 et seq.] of this code, a family court judge may:

> (1) Sanction persons through civil contempt proceedings when necessary to preserve and enforce the rights of private parties or to administer remedies granted by the court;
> (2) Regulate all proceedings in a hearing before the family court judge; and
> (3) Punish direct contempts that are committed in the presence of the court or that obstruct, disrupt or corrupt the proceedings of the court.
>
> (b)     A family court judge may enforce compliance with his or her lawful orders with remedial or coercive sanctions designed to compensate a complainant for losses sustained and to coerce obedience for the benefit of the complainant. Sanctions must give the contemnor an opportunity to purge himself or herself. In selecting sanctions, the court must use the least possible power adequate to the end proposed. A person who lacks the present ability to comply with the order of the court may not be confined for a civil contempt. Sanctions may include, but are not limited to, seizure or impoundment of property to secure compliance with a prior order. Ancillary relief may provide for an award of attorney's fees.
>
> (c)     Upon a finding that a person is in civil contempt, the court, when otherwise appropriate and in its discretion, and as an alternative to incarceration, may place the person on work release, in a weekend jail program, in an existing community service program, in an existing day-reporting center program, in any other existing community corrections program or on home confinement until the person has purged himself or herself of the contempt.

Ellen Costlow's argument neglects the statutory jurisdiction of the family court. It seeks to cast the claim as one of strictly private contract law when in fact the parties clearly intended to stipulate the terms for injunctive enforcement. Ms. Costlow's argument would negate the existence of consent decrees and similar situations where the parties who are properly before a court with jurisdiction choose to agree upon an enforcement mechanism.

Ellen Costlow suggests the family court either lacked jurisdiction or simply did not take cognizance of the appended agreement. The content of the divorce decree speaks sufficiently well for itself and suffers no deficiency in clarity on what the parties mutually agreed to do, which is the essence of contract law, or Judge Minor's intention to accept and enforce it. The

4

sufficiency of the damages aspect of Ellen Costlow's position was decided in the Report and Recommendation, (Doc 48, at 36). No objection to that ruling was made by Ms. Costlow.

Of course, the difficulty in calling upon the family court for a remedy lay partly in the fact that the violation of the agreed injunction was but one of several actionable injuries Ellen Costlow visited upon Scott Ballock. The contract claim is joined with other claims that give rise to federal jurisdiction. There is also the actionable conduct by the Trooper Defendants over whom Judge Minor had no jurisdiction. These parties and the joinder of claims into a unitary action for damages brings the entire matter before this Court.

### D. Damages are Not at Issue in the Current Motion for Partial Summary Judgment

The current motion does not address damages. Ellen Costlow appears to suggest they will not be provable in any event. Again, the Report and Recommendation disposed of this. The agreed injunction forbid Ms. Costlow from communicating with the FBI about Scott Ballock. She did so, with the willful aid of Sgt. Kief.

In a discontinuous fashion, Ms. Costlow's fourth argument ventures into a causation argument similar to that advanced on behalf of Sgt. Kief. In that respect, the reply is the same. The very act of communicating with the FBI was a violation of the agreements and stipulated injunction. The fact the information was false and defamatory is further ground for relief, but that will have to await trial. For now, the issue is the volitional act of giving interviews to the FBI, furthering a process that is still pending resolution on appeal. Arguments over the disciplinary counsel's original and revised position are beside the point of the current motion and subject to rejection or modification on the *de novo* appeal.

### III. CONCLUSION

There is nothing meritorious in Ellen Costlow's opposition to Plaintiff's motion for partial summary judgment. She twice agreed to refrain from contacting the FBI about Scott Ballock and she stipulated to permanent injunctive relief to the same effect. She violated those agreements and the family court's injunction. Her lack of argument on the discovery related to this concedes the point. This was all fairly litigated to the point of an undisputed discovery record. The Plaintiff is entitled to summary judgment on both elements of his breach-of-contract claim.

This reply brief is respectfully submitted this 12th day of August, 2019.

/S/ *Charles J. Crooks, Esq.*
Charles J. Crooks, Esq.
WVSB # 4633
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505
charles@crookslawfirm.org
(304) 282-1039
***Counsel for Plaintiff,***
***Scott T. Ballock***

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                                    Case No.:    1:17-CV-52

      Plaintiff,

v.                                                                                              JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**STATE TROOPER RONNIE M. GASKINS,**
and
**STATE TROOPER CHRIS BERRY,**

      Defendants.

## CERTIFICATE OF SERVICE

I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify that on the 12th day of August, 2019, I filed the foregoing "**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELLEN RUTH COSTLOW**" with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

P. Todd Phillips, Esq.
P. Todd Phillips & Associates
235 High Street
Suite 322
Morgantown, WV 26505
ToddPhillips.Law@gmail.com
**Counsel for Defendant,**
**Ellen Ruth Costlow**

And

Mark G. Jeffries (WV Bar No. 11618)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330-4500

Mark.jeffries@steptoe-johnson.com

Monté L. Williams (WV Bar No. 9526)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
Monte.williams@steptoe-johnson.com
**Co-counsel for Defendants State Trooper**
**Michael Kief, State Trooper Ronnie M.**
**Gaskins and State Trooper Chris Berry**

7