IN THE FAMILY COURT OF Monongalia COUNTY, WEST VIRGINIA

IN RE THE MARRIAGE OF:

PETITIONER:                    and         RESPONDENT:

Ellen Ballock                              Scott Ballock

CIVIL ACTION NUMBER:    12-D-529 (Minor)

### DIVORCE DECREE

This matter came on for hearing on May 9, 2014. Petitioner Ellen Ballock and Respondent Scott Ballock appeared for the hearing. Petitioner's counsel, Kevin T. Tipton, Respondent's counsel, Delby Pool, and the Guardian Ad Litem (GAL), Teresa Lyons, also appeared for the hearing.

WHEREUPON, based upon the Findings of Fact and Conclusions of Law indicated below and/or stated upon the record, this Court ADJUDGES, ORDERS AND DECREES as follows:

1. **JURISDICTION AND VENUE**
   a. This Court has subject matter jurisdiction, personal jurisdiction over the parties, and venue.

2. **THE PARTIES' MARRIAGE, SEPARATION, AND GROUNDS FOR DIVORCE**
   a. The parties were married on June 8, 1991, in Monroe County, Indiana.
   b. The parties last lived and cohabited together as husband and wife on September 14, 2012, in Monongalia County, West Virginia.
   c. The parties have filed a verified complaint and verified answer respectively alleging and admitting that irreconcilable differences have arisen and exist between the parties.
   d. The parties are granted a divorce based upon the ground of irreconcilable differences.

3. **RESTORATION OF THE WIFE'S FORMER NAME**
   a. The Wife has requested she be restored to her former name of Ellen Ruth Costlow, and that request is hereby granted.

4. **PERMANENT INJUNCTIVE RELIEF**
   a. Neither party will abuse, threaten, or harass the other party. Neither party will contact any employer regarding the other party in any fashion whatsoever. Communication between the parties will be limited to matters involving the parties' children, and all such communication will be by text or email.

**EXHIBIT 6**

5. **EQUITABLE DISTRIBUTION OF THE MARITAL ESTATE**

   a. The parties have entered into a written agreement by which the parties' marital assets and debts are to be divided, and the same is hereby ratified and affirmed by this Court. The parties' agreement is fair, valid, enforceable, and is not the result of fraud, duress or other unconscionable conduct by either party. The parties' agreement has been made part of the record, it is attached hereto and incorporated herein by reference, and the same is fully operative and enforceable in every way and to the same extent as if fully contained within this Order.

   b. Consistent with the parties' agreement, the Court Orders as follows:

      i. The parties will retain all marital personal property currently within their respective possessions, except as otherwise provided herein.

      ii. The Husband will be awarded the following property:

         (1) The former marital home.

         (2) His vehicle.

         (3) His copies of the family photos and the electronic journal, as previously Ordered. The Wife's counsel will provide the same to the Husband's counsel by no later than June 15, 2014.

      iii. The Wife will be awarded the following property:

         (1) Her vehicle.

         (2) The monies currently held in the IOLTA account of Delby Pool related to the Husband's purchase of the Wife's interest in the former marital home, less the Wife's portion of the remainder of the GAL's fee. Delby Pool will forward to the GAL the Wife's portion of the GAL's remaining fee.

      iv. The Husband will be solely responsible for the marital debts listed below:

         (1) The mortgage and all other debts associated with the former marital home. The parties will cooperate to absolve the Wife of all responsibility related to any such debt as soon as possible, but in no event later than January 1, 2015. Unless this occurs, the Husband will make arrangements to list and sell the property as soon as possible after January 1, 2015. In such event, the Husband shall be entitled to all net proceeds remaining after the sale of the property.

    (2) The Husband's share of the GAL's remaining fee.

 v. The parties will cooperate to file a joint Federal and State return for Tax Year 2013 as soon as possible, and the Husband will be entitled to any refund related to the returns.

 vi. The Wife is hereby awarded 50% of the marital portion of the other party's interest in his TSP and FERS retirement accounts. The marital portion is defined as all Plan/Account benefits arising from contributions made from the date of the parties' marriage on June 8, 1991 through the date of the parties' separation on September 14, 2012, including subsequent gains or losses related to market performance. THE WIFE WILL BE RESPONSIBLE FOR PREPARING QUALIFIED DOMESTIC RELATIONS ORDERS DIVIDING THE PLAN/ACCOUNT BENEFITS AS PROVIDED HEREIN.

 c. A party who retains property awarded to the other party at the time of entry of the divorce decree will relinquish such property to the other party forthwith, but in no event more than 30 days from entry of the divorce decree. During such time as the property remains in the party's possession prior to relinquishment to the other party, that party will hold all such property in constructive trust until relinquishment to the other party.

 d. Both parties are under an obligation to complete any and all documents and take such other action as may be necessary to implement the distribution of assets provided in this divorce decree by no later than 30 days from the date of entry of the divorce decree, except that no party will be compelled to relinquish title to property so long as the party remains subject to liability for a debt secured by such property.

 e. Each party shall be solely responsible for any debt arising from the individual acts of that party subsequent to the date of the parties' separation, any debt secured by property awarded to the party, and any other debt assigned to the party pursuant to this divorce decree, and he or she shall indemnify and save harmless the other party with regard to all such debts.

6. **SPOUSAL SUPPORT**

 a. The parties have agreed to waive any claim either may have to spousal support and to be forever barred from seeking the same. The parties' agreement is fair, valid, enforceable, and is not the result of fraud, duress or other unconscionable conduct by either party. The parties' agreement is ratified and affirmed by this Court and, accordingly, both parties are barred from seeking spousal

support from the other party in the future based upon the marriage herein dissolved.

    b.    The provisions of the most recent Temporary Order entered previously by this Court with regard to temporary spousal support will be vacated effective at midnight on May 31, 2015.

## 7. MINOR CHILDREN

    a.    The parties are the parents of the following minor children:



        i.    █████████ DOB ████████, SSN ████████

        ii.    █████████ DOB ████████ SSN ████████.

## 8. PARENTING PLAN

    a.    The parties have been unable to agree on a parenting plan for the parties' minor children. After considering the evidence, the Court hereby enters a parenting plan, dated May 9, 2014, which the Court believes to be in the best interests of the parties' children.

    b.    The Father is designated as the party with primary custodial responsibility of the parties' children.

## 9. CHILD SUPPORT

    a.    The parties' respective incomes and allowable deductions are as indicated per the child support worksheet attached hereto and incorporated herein.

    b.    Pursuant to the West Virginia Guidelines for Child Support Awards, the Mother shall have a child support obligation to the Father in the amount of $178.53 per month, effective August 1, 2014.

    c.    The provisions of the most recent Temporary Order entered previously by this Court with regard to temporary child support will be vacated on the effective date of the child support obligation entered herein.

## 10. INCOME TAX FILINGS

    a.    As the party with primary custodial responsibility for the parties' children, the Father is granted the income tax dependency exemption for the children effective Tax Year 2015.

## 11. MEDICAL INSURANCE AND UNINSURED MEDICAL COSTS

    a.    Medical insurance coverage for the parties' minor children is reasonably available to the Father through that party's employer.

    b.    the Father shall maintain or enroll forthwith, if not already enrolled, the parties' minor children in the medical insurance plan offered by that party's employer or union.

    c.    Based upon the parties' respective incomes, all reasonable and necessary uninsured medical costs

for the parties' minor children over $250.00 per year per child shall be paid 90% by the Father and 10% by the Mother. Uninsured medical costs below $250.00 per year per child will be the responsibility of the Father.

12. **METHOD OF PAYMENT OF SUPPORT**

   a. Support should be paid by income withholding through the Bureau for Child Support Enforcement (BCSE), and the same is hereby Ordered. In order for the BCSE to begin the wage withholding process, one of the parties must apply for BCSE services by completing a BCSE Application for Services. An Application for Services may be obtained at www.wvdhhr.org/bcse or by contacting the Monongalia County BCSE office at 304-285-3218, or 118 South High Street, Morgantown, WV 26501. Until such time as the BCSE begins withholding wages for child support, the support obligor is obligated to pay child support directly to the BCSE.

13. **GUARDIAN AD LITEM**

   a. The GAL is released from further responsibility in this matter.

14. **DOCUMENTS TO BE SEALED**

   a. By agreement of the parties, the GAL report, the GAL's exhibits on disc, the report of Dr. Cooper-Lehki, and the transcript of the testimony of Dr. Cooper-Lehki shall be maintained in the Court file under seal, and shall not be released without Order of this Court.

15. **ATTACHMENTS TO THIS ORDER**

   a. The provisions of this Order are supplemented by the following documents, attached hereto and incorporated herein unless inconsistent with specific provisions contained in this Order:

      i. Child Support Worksheet

      ii. Appendix: Child Support

      iii. Parenting Plan dated May 9, 2014

      iv. Parties' written settlement agreement dated May 9, 2014

16. **NOTICE OF RIGHT TO APPEAL**

   a. The parties have agreed in consideration of their settlement agreement that each party shall be contractually barred from appealing this Order and the entry of the Court's parenting plan adopted herein, and the same is hereby Ordered.

17. **COPIES TO ALL INTERESTED PARTIES**

   a. Upon the entry of this Order, the Clerk of this Court shall mail a certified copy of the same to:

      i. Petitioner's counsel, Kevin T. Tipton, at 316 Merchant Street, Suite 100, Fairmont, WV 26554.

      ii. Respondent's counsel, Delby Pool, at 230 Court Street, Clarksburg, WV 26301.

      iii. GAL, Teresa Lyons, at 141 Walnut Street, Morgantown, WV 26505.

      iv. The BCSE at 118 South High Street, Morgantown, WV 26501.

Date: May 9, 2014

_____
Family Judge Randal Minor

STATE OF WEST VIRGINIA, SS:
I, Jean Friend, Clerk of the Circuit and Family Courts of Monongalia County, state aforesaid, do hereby certify that the annexed and foregoing is a true copy of the original Order and filed of record in said Court.

_____
Jean Friend, Circuit Clerk