UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

    Plaintiff,

v.                                              CIVIL ACTION NO.: 1:17-CV-52
                                                Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
AND STATE TROOPER RONNIE M. GASKINS,

    Defendants.

### DEFENDANT STATE TROOPER MICHAEL KIEF'S
### MOTION *IN LIMINE* NO. 1
*(To Exclude Clifford B. Hawley as an Expert Witness)*

**I.    INTRODUCTION**

Defendant State Trooper Michael Kief, by counsel, move the Court *in limine* pursuant to Federal Rules of Evidence 401, 402, and 403 for an Order precluding Plaintiff Scott T. Ballock from offering, either through report or testimony, Dr. Clifford B. Hawley as an expert witness or from eliciting "expert" opinions from Dr. Hawley at trial.[1] Dr. Hawley has been disclosed as an economist for purposes of offering an opinion on Plaintiff's alleged past and future economic losses. Federal Rules of Evidence 401, 402, and 403 operate together to permit the admission of relevant, but not irrelevant, evidence if its probative value is not substantially outweighed by certain dangers, including the dangers of unfair prejudice, confusing the issues, or misleading the jury. Several of Dr. Hawley's assumptions and decisions, which significantly affect his

---

[1] To the extent that it may be considered at the motion *in limine* stage, Sgt. Kief also reiterates and incorporates by reference the arguments based on Rule 702 of the Federal Rules of Evidence and related case law, as set forth in "Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry's Motion to Exclude Clifford B. Hawley as an Expert Witness," (ECF No. 134), and in "Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry's Reply to Plaintiff's Memorandum in Response to Motion to Exclude Clifford B. Hawley as an Expert Witness," (ECF No. 137).

calculations and opinions, have no factual basis, demonstrate a misunderstanding of relevant facts and applicable law, do not account for relevant facts, and depend on an unsupported and unreliable vocational assessment. Because Dr. Hawley's calculations and conclusions are based upon unfounded or incorrect assumptions, his report and testimony should be excluded as lacking relevance and because any nominal probative value they could have is substantially outweighed by the dangers that Rule 403 protects against.

## II. BACKGROUND

Plaintiff disclosed Dr. Hawley as an economics expert on March 27, 2019. Pl.'s Expert Witness Disclosures ¶ 2, attached as "Exhibit 1." Dr. Hawley's report assumes, based on Plaintiff's own statements, that Plaintiff would have obtained post-retirement employment paying at least $100,000. "Economic Losses of Scott Ballock" by Clifford B. Hawley, Ph.D., attached as "Exhibit 2," at 3. Dr. Hawley's report also assumes, again based on Plaintiff's own assertions, that when Plaintiff was employed as an FBI agent, he received a flat 25% supplement in addition to his federal employee "GS" salary. *Id.* at 2. Finally, Dr. Hawley's report assumes Plaintiff would have received the full amount of his pension had he not been discharged from the FBI in September 2017. *Id.* at 4. Based upon such assumptions and other calculations, Dr. Hawley's report concludes Plaintiff's alleged economic losses to be approximately $2 million. *Id.* at 1.

During Dr. Hawley's deposition, he admitted that he is not a vocational expert. Hawley Dep. 22:15–17, excerpts of which are attached as "Exhibit 3." Dr. Hawley further testified that he did not review a vocational assessment in determining the $100,000 post-retirement employment salary. *Id.* at 22:18–21. Rather, Dr. Hawley based the $100,000 figure solely on a statement provided by Plaintiff in an e-mail. *Id.* at 22:22-23:9, 50:12–22; *see also* E-mail from

Scott Ballock to Clifford Hawley & Charles Crooks (Mar. 14, 2019, 10:02 p.m EST), attached as "Exhibit 4." In determining and applying the $100,000 per year salary, Dr. Hawley did not consider any specific job, the type of work the post-retirement job would involve, or the geographic location of the job. Ex. 3 at 20:5-21:18. Additionally, the hypothetical $100,000 annual salary was not specifically based on work in the private sector, state government, or local government. *Id.* at 21:21–22:6. Nor was the figure based on a national average. *Id.* at 21:19–20. Dr. Hawley further testified that he did not know the average salary for a retired FBI agent with a master's degree in criminal justice in the private sector or in state or local government. *Id.* at 22:7–14.

Dr. Hawley also testified that Plaintiff's e-mail statement was the source of the flat 25% supplement for "availability" or "on-call" pay used to calculate Plaintiff's future losses. *Id.* at 49:24–50:11. Availability pay for criminal investigators is authorized and governed by Title 5 of the United States Code. 5 U.S.C. § 5545a (2012). According to the governing statute, a "criminal investigator" receives availability pay, if "the annual average of unscheduled duty hours worked by the investigator in excess of each work day" and "the annual average of unscheduled duty hours such investigator is available to work on each regular work day upon request of the employing agency" equals or is greater than two hours. *Id.* § 5545a(d). The same section defines "criminal investigator" for purposes of availability pay. *Id.* § 5545a(a)(2); *see also Fact Sheet: Availability Pay*, United States Office of Professional Management, https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/availability-pay/, attached as "Exhibit 5." And while the standard pay rate for availability pay is 25% of the criminal investigator's base salary, there are limitations that may result in it not being exactly 25%. *See* 5 U.S.C. § 5547; *see also* Ex. 5. For example, an employee may only

10564419.1

receive premium pay to the extent that the aggregate of the basic and premium pay does not exceed the greater of "the maximum rate of basic pay payable for GS-15" or "the rate payable for level V of the Executive Schedule." 5 U.S.C. § 5547(a). In his deposition, Dr. Hawley demonstrated an overall lack of awareness of the applicable qualifications and limitations for the award and calculation of availability pay under these statutes. Ex. 3 at 14:3–16:21.

Furthermore, before merely applying the flat 25% rate in calculating Plaintiff's future losses, Dr. Hawley did not calculate and check that Plaintiff actually earned 125% of his base salary in his last full year of employment with the FBI. *Id.* at 17:10–12. In fact, for at least the last three full years of his employment, Plaintiff's employment earnings reflected on his tax returns did not equal 125% of his base pay according to the applicable salary tables. *Id.* at 39:4–41:10. Nevertheless, Dr. Hawley based his calculations of Plaintiff's lost earnings on the assumption that, had he remained employed by the FBI, Plaintiff would have been paid a full 125% of the applicable GS pay scale.

Finally, Dr. Hawley testified that he did not review the divorce decree between Plaintiff and Ms. Costlow and did not account for it in calculating the pension portion of Plaintiff's alleged damages. *Id.* at 34:18–24. According to the divorce decree, issued by the Family Court of Monongalia County, Ms. Costlow was awarded fifty percent of Plaintiff's retirement accounts arising from the date of their marriage on June 8, 1991, through the date of their separation on September 14, 2012. Divorce Decree ¶ 5(b)(vi), attached as "Exhibit 6." Dr. Hawley's calculations of Plaintiff's potential damages from lost pension, however, were not based upon Ms. Costlow getting any portion of the pension. Ex. 3 at 38:2–4.

4

## III. STANDARD OF DECISION

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if "it has any tendency to make a fact," which is "of consequence in determining the action," "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible unless the Federal Rules of Evidence or certain other rules or laws provide otherwise. Fed. R. Evid. 402. "Irrelevant evidence is not admissible." *Id.* Rule 403 provides a balancing test by which "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury . . ." Fed. R. Evid. P. 403.

## IV. ARGUMENT

Dr. Hawley's report and potential testimony should be excluded both because they are irrelevant and because any minimal probative value they could have is substantially outweighed by the dangers of unfair prejudice to Sgt. Kief, confusing the issues, and misleading the jury. Dr. Hawley's report and any testimony he could offer are irrelevant because they are based on assumptions and unsupported statements by Plaintiff, rather than on facts and an accurate understanding of the law and relevant vocational opportunities. Dr. Hawley, who is not a vocational expert and who did not review a vocational assessment, assumed (based on Plaintiff's statements) what Plaintiff's post-retirement employment would pay without considering what that employment could be. He also assumed, without informing himself of either the law governing how to calculate the supplement or what supplement (if any) Plaintiff had been earning, that Plaintiff had been receiving and would continue to receive a 25% supplement to his base salary. Dr. Hawley also did not account for Plaintiff's divorce decree, which awarded Ms. Costlow approximately 50% of Plaintiff's retirement accounts, when calculating Plaintiff's

5

alleged potential damages resulting from lost pension. Based on these assumptions and misapprehensions, Dr. Hawley has over-estimated Plaintiff's past and future economic loss by over $1 million.[2]

Because Dr. Hawley's opinion is based on unsupported conjecture and on ignorance of facts and laws that are necessary to the formation of a reliable expert opinion in the area of economics, his opinion is inherently irrelevant. That is, an unsupported opinion has no tendency to make any fact any more or less probable than it would otherwise be. Instead of reflecting Plaintiff's actual past and future economic losses, Dr. Hawley's opinion and report are exercises in wishful thinking and, as such, should be excluded as irrelevant.

Furthermore, any probative value Dr. Hawley's opinion may have despite the major flaws that undermine it are substantially outweighed by the dangers of unfairly prejudicing Sgt. Kief, confusing the issues, and misleading the jury. Dr. Hawley would purport to testify as an expert, and yet his opinions are unsupported by facts or applicable law. A jury hearing his testimony or otherwise presented with his opinions could easily become confused or misled into thinking that the "facts" and "law" underlying Dr. Hawley's opinion are settled and accurate and that his opinion is therefore, or is likely, sound. *See Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (noting that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading, and therefore, given its potential persuasiveness, expert evidence that has a greater potential to mislead than to enlighten should be excluded). A jury could also become confused or misled into thinking that it may enter an award that is not based on the facts of the case (or on a sound methodology). As a sister court in this circuit found:

---

[2] Sgt. Kief showed how Dr. Hawley's report resulted in errors amounting to over $1 million in "Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry's Motion to Exclude Clifford B. Hawley as an Expert Witness." (ECF No. 134).

> If the proffered expert testimony is speculation, or conjecture, it is not relevant. This is because it has no tendency to make a significant fact more or less probable than otherwise, as guesswork is the very antithesis of probability. Even if arguably relevant, conjectural opinion testimony should be excluded under Rule 403 because whatever minimal probative value it may be said to possess clearly is substantially outweighed by the danger of confusion.

*Samuel v. Ford Motor Co.*, 112 F. Supp. 2d 460, 470 (D. Md. 2000), *aff'd sub nom. Berger v. Ford Motor Co.*, 95 F. App'x 520 (4th Cir. 2004).

Permitting Dr. Hawley to present his conjecture as "expert opinion" would unfairly prejudice Sgt. Kief. Any award intended to compensate Plaintiff should be based on calculations that use accurate facts and that account for applicable laws. If the jury accepts Dr. Hawley's opinion, Plaintiff will be overcompensated because his opinion is based on assumptions about facts and law that overestimate Plaintiff's alleged loss. Again, Dr. Hawley does not know what post-retirement employment would or could be available to Plaintiff and thus does not know how much it might pay, whether Plaintiff would be qualified for or able to perform it, or where it could or would be available. Dr. Hawley does not know what supplement to his base pay Plaintiff was earning before his discharge and is unfamiliar with the law governing that calculation, and thus he cannot accurately testify about Plaintiff's future losses. And Dr. Hawley has wholly failed to account for the provisions of Plaintiff's divorce decree when calculating Plaintiff's alleged pension-related damages. Because it is based on these major flaws, Dr. Hawley's opinion has exaggerated Plaintiff's alleged past and future economic losses in at least three ways, resulting in an error of over $1 million.

Sgt. Kief will be unfairly prejudiced if Dr. Hawley's uninformed opinion is allowed to reach the jury, which may become confused or misled into crediting Dr. Hawley's opinion and

awarding Plaintiff compensatory damages that are significantly in excess of the amount that would actually compensate him.

## V. CONCLUSION

Dr. Hawley's report and potential testimony are based on several unfounded assumptions and overlooked facts and applicable laws. These faults evidence a pattern of inconsistency and lack of thorough expert analysis, which undermine Dr. Hawley's calculations and conclusions. Ultimately, Dr. Hawley's opinion is based on mere speculation that approximately doubles Plaintiff's economic losses, resulting in an error of over $1 million. Because Dr. Hawley's opinion is in error, based as it is on unfounded assumptions and ignorance of the law and facts, Dr. Hawley's report is irrelevant to the issue of the amount that would actually compensate Plaintiff for his alleged past and future economic damages. If Dr. Hawley's opinion is presented to the jury in any form, it would present the dangers of unfairly prejudicing Sgt. Kief, confusing the issues, and misleading the jury, all of which substantially outweigh any nominal probative value his opinion could have.

WHEREFORE, Defendant State Trooper Michael Kief respectfully requests that the Court GRANT his Motion *in Limine* and enter an Order excluding the report and testimony of Dr. Clifford B. Hawley from being offered in this case and preventing Plaintiff's attorneys from eliciting any testimony or opinions from him at the trial of this matter.

Dated this 6th day of December 2019.

                                      Respectfully submitted,

*/s/ Mark G. Jeffries*
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendant*
*State Trooper Michael Kief*

10564419.1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

    **Plaintiff,**

**v.**                                               **CIVIL ACTION NO.: 1:17-CV-52**
                                                      **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**AND STATE TROOPER RONNIE M. GASKINS,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December 2019, I filed the foregoing "*Defendant State Trooper Michael Kief's Motion* in Limine *No. 1 (To Exclude Clifford B. Hawley as an Expert Witness)*" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Charles J. Crooks, Esq.
    CROOKS LAW FIRM PLLC
    244 Pleasant Street
    Morgantown, WV 26505

    *Counsel for Plaintiff*

    P. Todd Phillips, Esq.
    LYONS PHILLIPS LEGAL GROUP PLLC
    141 Walnut Street
    Morgantown, WV 26505

    *Counsel for Defendant Ellen Ruth Costlow*

s/ Mark G. Jeffries
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants*
*State Trooper Michael Kief*

10564419.1