UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

    Plaintiff,

v.                                         CIVIL ACTION NO.: 1:17-CV-52
                                             Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
AND STATE TROOPER RONNIE M. GASKINS,

    Defendants.

### DEFENDANT STATE TROOPER MICHAEL KIEF'S
### MOTION *IN LIMINE* NO. 2
*(To Exclude Dr. Cooper-Lehki's Testimony, Evaluation, and Related Evidence)*

### I.    INTRODUCTION

Defendant State Trooper Michael Kief, by counsel, moves the Court *in limine* pursuant to Federal Rules of Evidence 401, 402, 403, 701, and 802, as well as Federal Rule of Civil Procedure 26 and Local Rule of Civil Procedure 26.01, for an Order precluding Plaintiff Scott T. Ballock and his counsel from eliciting testimony from Dr. Christi Cooper-Lehki; from introducing her evaluation, which was undertaken solely for purposes of resolving a child custody dispute during the divorce proceedings involving Mr. Ballock and Defendant Ellen Ruth Costlow; and from introducing any evidence about Dr. Cooper Lehki's evaluation, opinions, and past testimony.

### II.    RELEVANT BACKGROUND

Mr. Ballock is a former FBI employee and the former husband of Ms. Costlow. During their divorce, Mr. Ballock and Ms. Costlow disputed the custody of their children in Family Court. 3d Am. Compl. ¶¶ 1, 20, 23, 42 (ECF No. 49). The Family Court appointed Dr. Cooper-Lehki to conduct forensic evaluations of both parents as part of its custody determination. *Id.* at ¶ 242, 267. Dr. Cooper-Lehki has confirmed that she did not provide treatment to Mr. Ballock, and her role

was limited to a "forensic standpoint." Facsimile from Dr. Christi Cooper-Lehki to Paralegal Leann Smith (Aug. 29, 2018), attached as "Exhibit 1."

It is undisputed that Sgt. Kief neither had access to Dr. Cooper-Lehki's report nor spoke to her as part of the investigation of Mr. Ballock. 3d. Am. Compl. ¶ 90; Ballock Dep. 148:23-25, attached as "Exhibit 2"; Kief Dep. 174:11-24, attached as "Exhibit 3." On the other hand, Sgt. Kief had access to more than 3,000 communications via text and email that Mr. Ballock sent to Ms. Costlow in the span of approximately a year following their separation, many of which were harassing in nature. *See* Mem. in Supp. of Mot. for Summ. J. 4-8, Exs. 4-15 (ECF No. 120-1, 120-5-16).

During his criminal proceedings, Mr. Ballock attempted to have the Family Court unseal a copy of Dr. Cooper-Lehki's evaluation and related testimony for his criminal defense. 3d Am. Compl. ¶ 255. The Family Court, however, refused Mr. Ballock's request. After reviewing the statutes under which Mr. Ballock was charged, the Family Court concluded that "the records in question would have minimal if any relevance to Mr. Ballock's criminal case" because "it [was] not obvious . . . that Ms. Costlow's actions or evaluations referenced in the records would operate as a defense to the matters charged." Order at 3, *In re: Ballock and Costlow* (Mar. 4, 2016) (Civil Action No. 12-D-529), attached as "Exhibit 4."

As part of its internal investigation of Mr. Ballock's misconduct, however, the FBI "carefully considered" Dr. Cooper-Lehki's evaluation and a transcript of her Family Court testimony, but the FBI still determined that discharge was proper because of Mr. Ballock's unprofessional conduct. Letter from Nancy McNamara to Scott T. Ballock (Mar. 5, 2019) at 1-2, n.2, attached as "Exhibit 5." Mr. Ballock argued in the FBI administrative appeal, as he does here, that the charges against him were based on solely on Ms. Costlow's credibility. *Id.* at 19; Letter

from Asst. Dir. Candice M. Will to Scott T. Ballock (Sept. 21, 2017) at 17, attached as "Exhibit 6." Yet, the FBI was clear that its decision was based on Mr. Ballock's actions, independent of the credibility of Ms. Costlow. Ex. 5 at 19; Ex. 6 at 17.

In this civil action, Mr. Ballock did not disclose Dr. Cooper-Lehki as an expert witness. Instead, he merely stated in his disclosure that "[t]here have been several healthcare providers identified in discovery who examined and or treated Scott Ballock, Ellen Costlow and their children at various relevant times." Pl.'s Expert Witness Disclosures, attached as "Exhibit 7." Mr. Ballock then misquoted Local Rule of Civil Procedure 26.01(b) as providing that "[t]he *disclosures* described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of witnesses who have not been specially retained or employed by a party to give expert testimony in the case, including physicians and other medical providers . . . ." *Id.* (emphasis added to illustrate the portion that was misquoted).

More recently, Mr. Ballock listed Dr. Cooper-Lehki as a witness he expects to call at trial. Pl.'s Pretrial Witness List 8 (ECF No. 142). Mr. Ballock states that Dr. Cooper-Lehki is expected to offer testimony regarding both his and Ms. Costlow's psychological conditions and diagnoses *Id.*, at 8-9. Mr. Ballock also listed Dr. Cooper-Lehki's report among the exhibits he plans to introduce at trial. Pl.'s Pretrial Ex. List 5 (ECF No. 143).

### III. STANDARD OF DECISION

Evidence is relevant if "it has any tendency to make a fact," which is "of consequence in determining the action," "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible, but irrelevant evidence is not. Fed. R. Evid. 402-403. Additionally, Rule 403 provides a balancing test by which "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of

10582511.2

the following: unfair prejudice, confusing the issues, [or] misleading the jury . . ." Fed. R. Evid. 403.

Additionally, hearsay is generally inadmissible. Fed. R. Evid. 802. Hearsay is a statement made while the declarant is not testifying at the current trial or hearing that is offered as proof of the matter asserted. Fed. R. Evid. 801.

Rule 701 of the Federal Rules of Evidence addresses lay opinion testimony. Rule 701 provides that non-expert (lay) witnesses may offer only opinions that are "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "*not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (emphasis added). Similarly, while Local Rule of Civil Procedure 26.01(b) provides that not all expert witnesses need provide a written report, it also provides that, "[i]n all events, a party seeking to elicit opinion testimony under Federal Rules of Evidence 702, 703 or 705 from" expert witnesses must, at the least, "identify each such person as an expert witness who is anticipated to testify at trial." The same Rule provides that, "[i]n no event may a health care provider or other person relying on scientific, technical or other specialized knowledge be considered a lay witness under Fed. R. Evid. 701."

IV. **ARGUMENT**

  A. **Dr. Cooper-Lehki's Report and Testimony Are Inadmissible as Irrelevant and Because of Substantial Dangers of Confusing the Issues, Misleading the Jury, and Prejudicing Sgt. Kief.**

Dr. Cooper-Lehki's testimony, her evaluation and her past testimony, and any outside evidence about her evaluation and testimony should be excluded as irrelevant under Rule 402 of the Federal Rules of Evidence. Mr. Ballock has repeatedly referred to Dr. Cooper-Lehki's evaluation and testimony as evidence that Ms. Costlow is an unreliable witness and, thus, Sgt. Kief

4

violated his rights by relying on Ms. Costlow's statements rather than conducting a more thorough investigation before bringing charges against him and allegedly harming his employment relationship with the FBI. However, Ms. Costlow's reliability as a witness does not matter with regard to the counts against Sgt. Kief, whose actions in pursuing criminal charges against Mr. Ballock were premised on physical evidence.

Specifically, Sgt. Kief had access to more than 3,000 written communications that Mr. Ballock sent to Ms. Costlow after their separation, despite Ms. Costlow's repeated requests that he stop seeking reconciliation and otherwise harassing her. Whatever opinions Dr. Cooper-Lehki formed about Ms. Costlow (or Mr. Ballock) in her evaluation, they are of no consequence with regard to whether Sgt. Kief violated Mr. Ballock's rights in pursuing charges against him because he did not base the charges against Mr. Ballock on Ms. Costlow's statements, but on Mr. Ballock's own communications to her.

It is undisputed that Sgt. Kief neither spoke to Dr. Cooper-Lehki nor reviewed her forensic evaluation. 3d. Am. Compl. ¶ 90; Ex. 2, Ballock Dep. 148:23-25; Ex. 3, Kief Dep. 174:11-24. Thus, Dr. Cooper-Lehki's evaluation and opinions played no role in the determination that there was probable cause to charge Mr. Ballock. Indeed, as the Family Court found, Ms. Costlow's actions and psychological condition, as allegedly found by Dr. Cooper-Lehki, would not operate as a defense to the crimes with which Mr. Ballock was charged. Ex. 4 at 3. Consequently, Dr. Cooper-Lehki's evaluation and opinions have no relevance to the counts related to Mr. Ballock's arrest and criminal prosecution.

Nor do Dr. Cooper-Lehki's opinions have any relevance to the tortious interference with contract count. The issue in this count is whether any acts of Ms. Costlow or Sgt. Kief caused Mr. Ballock to lose his job. Mr. Ballock presented Dr. Cooper-Lehki's report and Family Court

5

testimony to the FBI, but the FBI nevertheless decided that her opinions did not exonerate him. Ex. 5 at 19. There is therefore no reason for a jury to hear these opinions, as they have no bearing on whether any Defendant caused Mr. Ballock to lose his job.

As Assistant Director Will succinctly stated in the initial letter discharging Mr. Ballock, "Nothing in my findings depends on [Ms. Costlow's] credibility. The findings in OPR's proposal letter and this final letter are based on independent record evidence, including your own communications, that in no way turn on her credibility." Ex. 6 at 17. So, too, with the State Police's investigation of Mr. Ballock and the subsequent criminal prosecution. Because Ms. Costlow's credibility is not at issue, Dr. Cooper-Lehki's opinions about Ms. Costlow simply have no relevance to this case.

Furthermore, Dr. Cooper-Lehki's evaluation and testimony, as well as any evidence about them, should be excluded under Rule 403 because any probative value the evidence could have is substantially outweighed by the dangers of confusing the issues, misleading the jury, and unfairly prejudicing Sgt. Kief.

Sgt. Kief would be unfairly prejudiced if the jury is presented with Dr. Cooper-Lehki's testimony, her evaluation, or evidence about either. Sgt. Kief was not privy to Dr. Cooper-Lehki's evaluation and testimony, both of which were sealed by the Family Court. However, a jury presented with evidence of Dr. Cooper-Lehki's testimony or evaluation may be confused or misled into thinking that Sgt. Kief should have known the contents of that information, though it was unavailable to them. A jury could also be improperly confused or misled into thinking that Sgt. Kief failed in some way because, before pursuing criminal charges against Mr. Ballock, they should have independently investigated until they came to conclusions similar to those that Dr. Cooper-Lehki allegedly came to. Such an improper conclusion would be unfairly prejudicial to

Sgt. Kief. It is well-established that failure to conduct a more thorough investigation before seeking an arrest warrant does not negate probable cause that is already established. *McKinney v. Richland Cty. Sheriff's Dep't*, 431 F.3d 415, 418–19 (4th Cir. 2005).

The highly sensitive information that Dr. Cooper-Lehki could testify to and that is contained in her evaluation is of an extremely sensitive nature; was gathered for the sole purpose of resolving a child custody dispute; and has no relevance to any issues the jury must decide. Mr. Ballock's only purpose in bringing such information into this lawsuit would be to improperly relitigate his divorce in this Federal Court, to prejudice all of the Defendants, and to continue to harass Ms. Costlow. Federal Court is no forum for free-for-all mud-slinging or the rehashing of vitriolic divorce proceedings, and Mr. Ballock should be precluded from attempting such inappropriate actions by introducing irrelevant testimony or other evidence from or about Dr. Cooper-Lehki or her evaluation. Pursuant to Federal Rules of Evidence 401, 402, and 403, such evidence should be excluded at trial.

### B. Mr. Ballock Is Precluded from Calling Dr. Cooper-Lehki Because He Failed to Timely Disclose her as an Expert Witness.

Dr. Cooper-Lehki's expert opinion as a psychiatrist could be introduced (if at all) only under Rule 702 of the Federal Rules of Evidence. However, Mr. Ballock did not disclose Dr. Cooper-Lehki as an expert in Plaintiff's Expert Witness Disclosures. Mr. Ballock therefore may not seek to qualify Dr. Cooper-Lehki as an expert witness or elicit expert testimony from her at trial – including testimony about any opinions she expressed in the evaluation she created for purposes of child custody proceedings in Family Court. *See* L.R. Civ. P. 26.01(b) ("In all events, a party seeking to elicit opinion testimony under Federal Rules of Evidence 702, 703 or 705" must identify the expert).

Mr. Ballock also cannot treat Dr. Cooper-Lehki as a lay witness and elicit opinions from her under Federal Rule of Evidence 701; Local R. Civ. P. 26.01(b) ("In no event may a health care provider or other person relying on scientific, technical or other specialized knowledge be considered a lay witness under Fed. R. Evid. 701."). Rule 701 also expressly prohibits lay witnesses from testifying as to any opinion "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Mr. Ballock's Pretrial Witness List characterizes Dr. Cooper-Lehki as "an expert in psychiatry." Dr. Cooper-Lehki's expert psychiatric opinions, according to Mr. Ballock, include opinions about Mr. Ballock and Ms. Costlow's psychological profiles, including her diagnoses or opinions. These are unquestionably expert opinions admissible only under Rule 702; they are not admissible lay opinion testimony and thus are not admissible under Rule 701. Thus, if he intended to introduce Dr. Cooper-Lehki's testimony at trial, Mr. Ballock had a duty to disclose her on or before the deadline this Court set for expert witness disclosures.

Mr. Ballock appears to have tried to avoid his responsibility to timely disclose Dr. Cooper-Lehki in his Expert Witness Disclosures by incorrectly quoting from Local Rule of Civil Procedure 26.01(b) as providing that "[t]he *disclosures* described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required" of certain expert witnesses. (Emphasis added.) However, Local Rule of Civil Procedure 26.01(b) actually provides that "[t]he *written report* described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required" of certain expert witnesses. The Local Rule does not exempt parties from the duty of identifying any expert witness but, rather, requires all experts at the least to be identified "as an expert witness who is anticipated to testify at trial." Local R. Civ. P. 26.01(b) (emphasis added.) Mr. Ballock cannot avoid the duty to disclose an expert by misquoting a Local Rule of Civil Procedure.

10582511.2

Therefore, Dr. Cooper-Lehki is precluded from offering expert testimony at trial, including any expert opinions subject to Rule 702 of the Federal Rules of Evidence.

### C. Dr. Cooper-Lehki's Evaluation and Past Testimony, as well as Evidence About Them, Are Inadmissible Hearsay.

Finally, Mr. Ballock should be precluded under Federal Rule of Evidence 802 from introducing Dr. Cooper-Lehki's evaluation or her Family Court testimony, as well as any outside evidence or testimony (for example, testimony by Mr. Ballock) about her evaluation or its alleged significance, because all such evidence is inadmissible hearsay. Mr. Ballock would be offering evidence about Dr. Cooper-Lehki's evaluation or past testimony containing her opinions, which were not made under oath for purposes of the present civil action, and he would offer that evidence as proof of the matter asserted, for example, that Ms. Costlow had a certain psychological profile at the time of their divorce. Dr. Cooper-Lehki cannot be called as an expert witness, and so she may not offer opinion testimony in support of (or, frankly, contrary to) her evaluation. Thus, her evaluation remains hearsay despite the provisions of Federal Rule of Evidence 801(d)(1). Therefore, Dr. Cooper-Lehki is precluded from testifying under the Federal and Local Rules of Civil Procedure, and her evaluation, her past testimony in Family Court, and any evidence about her evaluation or past testimony are inadmissible hearsay pursuant to Rules 801 and 802 of the Federal Rules of Evidence.

### V. CONCLUSION

Mr. Ballock did not timely disclose Dr. Cooper-Lehki as an expert witness, and therefore he is prohibited from seeking to qualify her as a witness and from eliciting any expert opinion testimony from her at trial. Furthermore, Dr. Cooper-Lehki's past testimony, her evaluation, and any outside evidence about them are inadmissible hearsay; they are irrelevant to all issues the jury must decide; and they would serve to confuse the issues, mislead the jury, and severely unfairly

prejudice Sgt. Kief. Admission of this irrelevant but highly sensitive information, which was relevant only to Mr. Ballock and Ms. Costlow's child custody dispute as part of their divorce proceedings, would serve only to permit Mr. Ballock to drag his contentious divorce proceedings into this Federal Court action. The evidence should be excluded at trial pursuant to Federal Rules of Evidence 401, 402, 403, 701, and 802, as well as Federal Rule of Civil Procedure 26 and Local Rule of Civil Procedure 26.01.

WHEREFORE, Defendant State Trooper Michael Kief respectfully requests that the Court GRANT his Motion *in Limine* and enter an Order excluding any testimony of Dr. Cooper-Lehki, her evaluation, her past testimony in Family Court, and any evidence about Dr. Cooper-Lehki's evaluation or her related testimony from being offered in this case, and preventing Plaintiff's attorneys from eliciting any testimony from any witness about Dr. Cooper-Lehki's statements, opinions, and evaluation at the trial of this matter.

Dated this 6th day of December 2019.

Respectfully submitted,

*/s/ Mark G. Jeffries*
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendant*
*State Trooper Michael Kief*

10582511.2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                              CIVIL ACTION NO.: 1:17-CV-52
                                               Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
AND STATE TROOPER RONNIE M. GASKINS,

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December 2019, I filed the foregoing "*Defendant State Trooper Michael Kief's Motion in Limine No. 2 (To Exclude Dr. Cooper-Lehki's Testimony, Evaluation, and Related Evidence)*" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Charles J. Crooks, Esq.
        CROOKS LAW FIRM PLLC
        244 Pleasant Street
        Morgantown, WV 26505

        *Counsel for Plaintiff*

        P. Todd Phillips, Esq.
        LYONS PHILLIPS LEGAL GROUP PLLC
        141 Walnut Street
        Morgantown, WV 26505

        *Counsel for Defendant Ellen Ruth Costlow*

                          *s/ Mark G. Jeffries*
                          Mark G. Jeffries (WV Bar No. 11618)
                          STEPTOE & JOHNSON PLLC
                          400 White Oaks Boulevard
                          Bridgeport, WV 26330-4500
                          (304) 933-8000
                          mark.jeffries@steptoe-johnson.com

                          Montè L. Williams (WV Bar No. 9526)
                          STEPTOE & JOHNSON PLLC
                          P.O. Box 1616
                          Morgantown, WV 26507-1616
                          (304) 598-8000
                          monte.williams@steptoe-johnson.com

                          *Counsel for Defendant*
                          *State Trooper Michael Kief*

10582511.2