# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

      **Plaintiff,**

**v.**

                                     **CIVIL ACTION NO.:  1:17-CV-52**
                                     **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

      **Defendants.**

## DEFENDANT STATE TROOPER MICHAEL KIEF'S
## PROPOSED JURY INSTRUCTIONS[1]

      Defendant State Trooper Michael Kief, by counsel, hereby submits the following proposed

jury instructions.  Pursuant to the Court's Scheduling Order, a copy of these instructions is being

provided to the Court by e-mail.

      Dated this 6th day of December, 2019.

                      Respectfully submitted,


                      */s/ **Mark G. Jeffries***
                      Mark G. Jeffries (WV Bar No. 11618)
                      STEPTOE & JOHNSON PLLC
                      400 White Oaks Boulevard
                      Bridgeport, WV 26330
                      (304) 933-8000
                      mark.jeffries@steptoe-johnson.com

---

[1] Depending on the evidence adduced at trial, instructions may be modified, added to, and/or withdrawn to comport with the evidence.

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendant State Trooper Michael Kief*

10554028.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                                    CIVIL ACTION NO.:  1:17-CV-52
                                                    Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 1
### (*Section 1983 Claims – In General*)

      Plaintiff Scott T. Ballock brings some of his claims under a federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

      In order to prevail on his § 1983 claims against the Defendant, Plaintiff must prove each of the following elements as to each of the Defendant by a preponderance of the evidence:

      1. That particular Defendant acted under color of law; and

      2. The acts of that particular Defendant deprived Plaintiff of specific rights under the United States Constitution, as explained in later instructions.

      A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. You are instructed that Defendant was acting under the color of law when he arrested Plaintiff.

      If you find that Plaintiff has proved each of these elements as to each Defendant by a preponderance of the evidence, and if you find that the Plaintiff has proved all the elements he is required to prove under each specific claim under § 1983, your verdict should be for Plaintiff for that claim against that Defendant. If, on the other hand, Plaintiff has failed to prove any one or more of these elements as to one or more Defendant, your verdict should be for that Defendant or those Defendants.

42 U.S.C. § 1983.

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn


_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

10554028.1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

      **Plaintiff,**

**v.**                                     **CIVIL ACTION NO.:  1:17-CV-52**
                                                  **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

      **Defendants.**

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 2
### (*Internal Policies and Procedures*)

        The law is clear that a violation of an internal department policy, such as those adopted by the West Virginia State Police, does not equate to a constitutional violation.

*Abney v. Coe*, 493 F.3d 412, 419 (4th Cir. 2007).


\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn


                               _____

                               **IRENE M. KEELEY**
                               **UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                        CIVIL ACTION NO.:  1:17-CV-52
                                            Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 3
### (*Good Faith*)

      The jury is instructed that, in performing their duty, officers are presumed to have acted in good faith.  The law does not require that they be infallible.  They must be an individual whose abilities to exercise sound judgment are at least up to the average.  It is the duty of the jury to judge whether or not this is true.  When acting in good faith, police officers are to be afforded the utmost protection, and it must be recognized that when emergencies arise, officers are not expected to exercise that cool and deliberate judgment with which judges and juries exercise afterwards upon investigations in court.

*Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *State ex rel. Mullins v. McClung*, 123 W.Va. 682, 688-689, 17 S.E.2d 621, 625 (1941); *City of McMechen ex rel. Willey v. Fidelity & Cas. Co. of N.Y.*, 145 W. Va. 660, 667, 116 S.E.2d 388, 392 (1960).


\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn


                                  _____
                                  IRENE M. KEELEY
                                  UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

       **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO.:  1:17-CV-52**
                                                         **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

       **Defendants.**

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 4
### (*Official's Underlying Intentions*)

       An official's underlying intentions are irrelevant to your analysis as to the reasonableness of Defendant's conduct. In other words, the fact that an official may have disliked a person or possessed some other underlying intent or motivation should not factor into your consideration as to the reasonableness of the official's conduct. So long as the official's actions were otherwise reasonable considering the situation as it presented itself to the official, then the official's actions are constitutional.

*Brigham City v. Stuart*, 547 U.S. 398, 404 (2006); *Wren v. United States,* 517 U.S. 806, 813 (1996).


\_\_\_\_\_  Given
\_\_\_\_\_  Given as Modified
\_\_\_\_\_  Refused
\_\_\_\_\_  Refused as Modified
\_\_\_\_\_  Withdrawn


          _____

          **IRENE M. KEELEY**
          **UNITED STATES DISTRICT JUDGE**

10554028.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

> **Plaintiff,**

**v.**                                                CIVIL ACTION NO.:  1:17-CV-52
                                                   Honorable Irene M. Keeley

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

> **Defendants.**

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 5
### (*Probable Cause*)

The jury is instructed that the Fourth Amendment prohibits police officers from arresting a person unless there is probable cause to do so. In this case, Plaintiff alleges that Defendant arrested him without probable cause. Therefore, you will be asked to determine whether Defendant had probable cause to charge Plaintiff or whether Plaintiff has proven by a preponderance of the evidence that he was arrested without probable cause.

In this case, Plaintiff was charged with two offenses: (1) Stalking/Harassment, in violation of West Virginia Code § 61-2-9a(b); and (2) Harassment by Electronic Communications Device, in violation of West Virginia Code § 61-3C-14a. Under West Virginia Code § 61-2-9a(b), it is a misdemeanor offense for any person to repeatedly harass or repeatedly make credible threats against another person. For purposes of this statute, "harass" means willful conduct directed at a specific person or persons which would cause a reasonable person mental injury or emotional distress. "Repeatedly" means on two or more occasions.  Under West Virginia Code § 61-3C-14a(a), it is unlawful for any person, with the intent to harass or abuse another person, to use a computer, mobile phone, personal digital assistant or other electronic communication device to make contact with a person after being requested by that person to desist from contacting him or her. For purposes of this statute, "use of a computer, mobile phone, personal digital assistant or other electronic communication device" includes, but is not limited to, the transmission of text messages, electronic mail, photographs, videos, images or other nonvoice data by means of an electronic communication system, and includes the transmission of such data, documents, messages and images to another's computer, e-mail account, mobile phone, personal digital assistant or other electronic communication device.

I am providing you with the elements of the criminal offenses with which Plaintiff was charged, but you are not to determine whether Plaintiff actually committed either offense. Rather, I am providing you with the elements of the criminal offenses so that you may determine whether Defendant had probable cause to believe that Plaintiff had committed either or both of the offenses with which he was charged.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that Plaintiff has committed or was committing a crime. In order to have probable cause for an arrest, an officer need not have enough evidence to support a conviction, but only enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed. Furthermore, any improper motive is irrelevant to the question of whether the objective facts available to the officers at the time reasonably could have led the officers to believe that Plaintiff had committed an offense.

Also, in this case, the Prosecuting Attorney eventually decided to dismiss the charges against Plaintiff. The decision whether to prosecute is within the prosecutor's decision, and she may choose not to prosecute a charge for any reason. Thus, the decision to dismiss the charges against Plaintiff does not establish that Defendant lacked probable cause to charge Plaintiff. You must determine whether Defendant had probable cause based upon the facts and circumstances known to them at the time of the arrest, not based upon what happened afterwards.

*McKinney v. Richland Cty. Sheriff's Dept.*, 431 F.3d 415, 418 (4th Cir. 2005); *Taylor v. Waters*, 81 F.3d 429 (4th Cir. 1996); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); 3B O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 165:21 (6th ed. 2013); W. Va. Code §61-2-9a; W. Va. Code § 61-3C-14a.


\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn


_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

10554028.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

        **Plaintiff,**

v.                                         **CIVIL ACTION NO.:  1:17-CV-52**
                                               **Honorable Irene M. Keeley**

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

        **Defendants.**

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 6
### (*Section 1983 Malicious Prosecution*)

As previously explained, Plaintiff has the burden to prove that the acts of Defendant deprived him of particular rights under the United States Constitution. In this case, Plaintiff alleges that Defendant maliciously prosecuted him in violation of his Fourth Amendment rights.

To succeed on a malicious prosecution claim under § 1983, Plaintiff must prove as to each Defendant each of the following elements by a preponderance of the evidence:

1. The particular Defendant caused;

2. A seizure of Plaintiff pursuant to legal process unsupported by probable cause; and

3. Criminal proceedings terminated in Plaintiff's favor.

The Court instructs you that the criminal proceedings against Plaintiff terminated in his favor. Therefore, you only must decide the first two elements of this offense: whether each particular Defendant caused Plaintiff's arrest, and whether Plaintiff's arrest was unsupported by probable cause.

Because the absence of probable cause is an essential element of a malicious prosecution claim, probable cause to arrest is an absolute defense to any claim under § 1983 for malicious prosecution. This is so even where the Defendant allegedly acted upon a malicious motive. Furthermore, acts of independent decision-makers in the criminal justice system, such as a prosecuting attorney, insulate a police officer from liability under a § 1983 malicious prosecution claim.

The burden of proving malicious prosecution is on Plaintiff, and if you conclude from the evidence that Plaintiff has failed to establish by a preponderance of the evidence that any particular Defendant maliciously prosecuted Plaintiff, then you must return a verdict in favor of that Defendant or those Defendants.

*Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

10554028.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

       Plaintiff,

v.                                         CIVIL ACTION NO.:  1:17-CV-52
                                           Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

       Defendants.

### STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 7
*(State Law Malicious Prosecution)*

Along with a § 1983 malicious prosecution claim, Plaintiff alleges that Defendant maliciously prosecuted Plaintiff in violation of West Virginia law.

To prove this theory against Defendants, Plaintiff must prove by a preponderance of the evidence that:

    1.   The criminal prosecution was set on foot and conducted to its termination, resulting in a favorable outcome for Plaintiff;

    2.   That it was caused or procured by Defendants;

    3.   That it was without probable cause: and

    4.   That it was malicious.

"Procurement" within the meaning of a malicious prosecution suit requires more than just the submission of a case to a prosecutor; it requires that a defendant assert control over the pursuit of the prosecution. Similarly, acting on the advice of counsel can be an absolute defense in an action for malicious prosecution. "Malicious" means "characterized by, or involving, malice; having, or done with, wicked, evil or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse or as a result of ill will."

Therefore, if you find that Plaintiff has not proven each of the above elements by a preponderance of the evidence as to each Defendant, you are to return a verdict for that Defendant or those Defendants on Plaintiff's state law malicious prosecution claim.

10554028.1

Syl. Pt. 2, in part, *Norfolk S. Ry. Co. v. Higgenbotham*, 228 W. Va. 522, 721 S.E.2d 541 (2011); *Pote v. Jarrell*, 186 W. Va. 369, 374, 412 S.E.2d 770, 775 (1991); *Goodwin v. City of Shepherdstown*, 241 W. Va. 416, 421, 825 S.E.2d 363, 368 (2019); *State v. Burgess*, 205 W. Va. 87, 89, 516 S.E.2d 491, 493 (1999).


\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn


_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

        **Plaintiff,**

v.                                                    CIVIL ACTION NO.:  1:17-CV-52
                                                        Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

        **Defendants.**

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 8
### (*Section 1983 Abuse of Process*)[2]

As previously explained, Plaintiff has the burden to prove that the acts of Defendant deprived him of particular rights under the United States Constitution. In this case, Plaintiff alleges that Defendant used the criminal process for an improper purpose after charges were filed against Plaintiff.

Thus, in order to prevail on his § 1983 Abuse of Process claim against Defendant, in addition to proving that Defendant acted under color of law, Plaintiff must prove each of the following elements as to each of the Defendant by a preponderance of the evidence: (1) that his prosecution was initiated legitimately; and (2) thereafter used for a purpose other than that intended by the law. The touchstone of a § 1983 abuse of process action is a perversion of the process for a purpose for which it was not intended. Only when process is used to effect an extortionate demand, or to cause the surrender of a legal right, or is used in any other way not so intended by proper use of the process, can a cause of action for abuse of process be maintained.

An abuse of process claim against a police officer based upon his arrest of an individual requires more than merely showing that the officer charged the individual and participated in the prosecution of those charges. Regardless of whether the initial decision to file a criminal complaint is proper, the prosecution of that complaint by an officer is a proper use of the legal process.

---

[2] Sgt. Michael Kief has found no cases in the Fourth Circuit that recognize an abuse of process claim under § 1983. Other courts, however, have rejected the theory.  *See*, *e.g. Cloutier v. Town of Epping*, 714 F.2d 1184, 1190 (1st Cir. 1983) (observing that neither the Fourteenth Amendment nor the Civil Rights Act secures a person against abuse of process, especially when state laws provide a remedy); *Lackawanna Trans. Co. v. Hughes*, Civil Action No. 5:16CV19, 2016 WL 6459804, at * (N.D.W. Va. Oct. 31, 2016) (Stamp, J.) ("a claim for abuse of process is not itself addressable under § 1983.") Sgt. Michael Kief only submits this instruction in the event that the Court finds a § 1983 abuse of process claim to be a viable cause of action.

Therefore, if you find that Plaintiff has proven by a preponderance of the evidence that a particular Defendant acting under the color of law, used the criminal process for a purpose other than what it was intended by law, you should return a verdict for Plaintiff. On the other hand, if you find that Plaintiff has not met his burden to prove by a preponderance of the evidence that a particular Defendant, acting under color of law, used the criminal process for a purpose other than what it was intended, you must return a verdict for that Defendant as to Plaintiff's § 1983 Abuse of Process claim.

*Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (citing *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)); *Williams v. Fedor*, 69 F. Supp. 2d 649, 673 (M.D. Pa. 1999); *Dunne v. Twp. of Springfield*, No. CIV. 08-5605, 2011 WL 2269963, at *9 (D.N.J. Jan. 31, 2011), *aff'd*, 500 F. App'x 136 (3d Cir. 2012).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

        Plaintiff,

v.                                                    CIVIL ACTION NO.:  1:17-CV-52
                                                      Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

        Defendants.

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 9
### (*State Law Abuse of Process*)

Plaintiff alleges that Defendants took action after filing the criminal complaint against him that was not a proper use of the criminal process. This is known as abuse of process. Abuse of process differs from malicious prosecution in that the gist of abuse of process is not commencing an action or causing process to issue without justification, but misusing process that is justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance.

Under West Virginia law, the essential elements of the tort of abuse of process are:

1. An ulterior purpose; and

2. A willful act in the use of the process not proper in the regular conduct of the proceeding.

Because a claim for abuse of process requires misuse of process, the mere filing of a complaint does not give rise to a claim. Similarly, there is no liability for abuse of process where a party has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose necessary to sustain a claim of abuse of process usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as the threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

If you find that Defendants did nothing more than carry out the criminal process against Plaintiff to its authorized conclusion, even with bad intentions, then you must find in favor of the Defendant.

16

*Preiser v. MacQueen*, 177 W. Va. 273, 279, 352 S.E.2d 22, 28 (1985); *Rahmi v. Sovereign Bank N.A.*, Civil Action No. 3:12-CV-87, 2013 WL 412623, at *2 (N.D.W. Va. Feb. 1, 2013); *S. States Coop., Inc. v. I.S.P. Co., Inc.*, 198 F. Supp. 2d 807, 816 (N.D.W. Va. 2002).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____

**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

       **Plaintiff,**

**v.**                                                                          **CIVIL ACTION NO.:  1:17-CV-52**
                                                                                 **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

       **Defendants.**

### STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 10
#### (*Intentional Infliction of Emotional Distress*)

Plaintiff alleges that Defendants engaged in conduct that reasonably could be considered outrageous. The tort of intentional infliction of emotional distress, sometimes referred to as the tort of outrage, is recognized in West Virginia. To prove this theory against Defendants, Plaintiff must prove by a preponderance of the evidence that:

1.  The Defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency;

2.  That the Defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct;

3.  That the actions of the Defendant caused the Plaintiff to suffer emotional distress; and

4.  That the emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

Again, Plaintiff must prove all of these elements.  If even one of these four elements is absent, then Plaintiff's claim for the tort of intentional infliction of emotional distress must fail.

*Travis v. Alcon Labs, Inc.*, 202 W. Va. 369, 374, 504 S.E.2d 419, 425 (1998).

18

10554028.1

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____

**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

19

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

       Plaintiff,

v.                                        CIVIL ACTION NO.:  1:17-CV-52
                                            Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

       Defendants.

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 11
### (*Intentional Infliction of Emotional Distress--Intent*)

In order for Plaintiff to prove the tort of intentional infliction of emotional distress, among other things, he must prove by the greater weight of the evidence that each Defendant, by his or her actions, intended to inflict emotional distress upon Plaintiff or acted recklessly when it was certain or substantially certain that Plaintiff would suffer extreme emotional distress.

Therefore, if you believe that any Defendant did not intend to inflict emotional distress nor act recklessly, then you should find in favor of that Defendant or those Defendants on Plaintiff's intentional infliction of emotional distress claim.

*Travis v. Alcon Labs., Inc.*, 202 W. Va. 369, 378-79, 504 S.E.2d 419, 428-29 (1998); *Johnson v. Hills Dep't Stores*, 200 W. Va. 196, 199, 488 S.E.2d 471, 474 (1997); *Harless v. First Nat'l Bank of Fairmont*, 169 W. Va. 673, 693, 289 S.E.2d 692, 703 (1982).

\_\_\_\_\_  Given
\_\_\_\_\_  Given as Modified
\_\_\_\_\_  Refused
\_\_\_\_\_  Refused as Modified
\_\_\_\_\_  Withdrawn


                            _____
                            IRENE M. KEELEY
                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                     CIVIL ACTION NO.:  1:17-CV-52
                                         Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

### STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 12
#### (*Intentional Infliction of Emotional Distress--Severity*)

For Plaintiff to prove the tort of intentional infliction of emotional distress, among other things, he must prove by the greater weight of the evidence that he suffered severe emotional distress as a result of the alleged outrageous conduct of Defendants.  The law intervenes only when the distress suffered by an individual is so severe that no reasonable person could be expected to endure it. Although emotional distress passes under various names and includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, disappointment, worry, and nausea, liability arises only where the emotional distress is extreme. Complete emotional tranquility is seldom obtainable in this world, and some temporary and trivial emotional distress is a part of the price of living among people. Liability under the tort of intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, or other trivialities, nor does it arise merely when someone's feelings are hurt.

Thus, if you believe that Plaintiff has not proven that he suffered extreme emotional distress as a result of any alleged outrageous conduct of Defendants, then you should find in favor of Defendants on Plaintiff's intentional infliction of emotional distress claim.

*Johnson v. Hills Dep't Stores*, 200 W. Va. 196, 199, 488 S.E.2d 471, 474 (1997); *Tanner v. Rite Aid*, 194 W. Va. 643, 651, 461 S.E.2d 149, 157 (1995); *Harless v. First Nat'l Bank of Fairmont*, 169 W. Va. 673, 693, 289 S.E.2d 692, 703 (1982).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                CIVIL ACTION NO.:  1:17-CV-52
                                 Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

### STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 13
#### (*Intentional Infliction of Emotional Distress—Privilege*)

A qualified privilege to a claim of intentional infliction of emotional distress may exist where a party has done no more than to insist upon his or her legal rights in a permissible way, even though he or she is well aware that such insistence is certain to cause emotional distress. A party's conduct is subject to a qualified privilege when he or she acts to advance or protect his or her own legitimate interest, the legitimate interests of others, or the legitimate interests of the public.  If you find that the actions of any Defendant are protected by a qualified privilege, your verdict must be in their favor of that Defendant or those Defendants and against Plaintiff on the claim of intentional infliction of emotional distress.

Syl. Pts. 3 and 5, *Dzinglski v. Weirton Steel Corp.*, 191 W. Va. 278, 445 S.E.2d 219 (1994), *overruled in part on other grounds by Sheetz Inc. v. Bowles Rice McDavid Graff & Love*, 209 W. Va. 318, 547 S.E.2d 256 (2001); RESTATEMENT (SECOND) OF TORTS § 46 cmt. g.

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

                                _____

                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                                                          CIVIL ACTION NO.:  1:17-CV-52
                                                                            Honorable Irene M. Keeley
ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 14
### (*Tortious Interference with Contract*)

In order to establish a claim of tortious interference with contract under West Virginia law, Plaintiff must show:

1.  The existence of a contractual or business relationship or expectancy;

2.  An intentional act of interference by an outside party;

3.  That the interference caused harm; and

4.  Damages.

To prove this theory against Defendants, Plaintiff must prove that any information given to his employer was not truthful. Giving truthful information is an absolute bar to a claim of tortious interference whether or not the information is requested. Furthermore, Plaintiff must prove by a preponderance of the evidence that any interference was intentional; Defendants are not liable for interference that is negligent rather than intentional.

Plaintiff must prove all four elements of this claim as to each Defendant. If you find that Plaintiff has not established even one element by the greater weight of the evidence, your verdict must be for Defendant. Furthermore, if you find that Plaintiff has not established all four elements by the greater weight of the evidence as to a particular Defendant or Defendants, then your verdict should be for that Defendant or those Defendants.

Syl. Pt. 5, *Hatfield v. Health Mgmt. Assocs. of W. Va.*, 223 W. Va. 259, 672 S.E.2d 395 (2008); *Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W. Va. 135, 150, 506 S.E.2d 578, 593 (1998); RESTATEMENT (SECOND) OF CONTRACTS § 722(a) cmt. b (1981).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

10554028.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                                                  CIVIL ACTION NO.:  1:17-CV-52
                                                                    Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 15
### (*Section 1983 Civil Conspiracy*)

To prevail in a civil conspiracy claim under § 1983, Plaintiff must prove by a preponderance of the evidence that Defendants:

      (1) acted jointly in concert;

      (2) that some overt act was done in furtherance of the conspiracy;

      (3) which resulted in a deprivation of Plaintiff's constitutional rights.

Furthermore, Plaintiff must prove that each member of the alleged conspiracy shared the same conspiratorial objective. Plaintiff carries a heavy burden; Plaintiff must prove that Defendant positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

Thus, if you find that Plaintiff has not proven each of the above elements as to each Defendant by a preponderance of the evidence, you are to return a verdict in favor of that Defendant or Defendants.

*Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996).

26

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____
**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

27

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                          CIVIL ACTION NO.:  1:17-CV-52
                                            Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

### STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 16
#### (*Consider Liability First*)

      The jury is instructed that, when you retire to your room to consider your verdict, you should first consider the question of liability and should give no consideration at all to the question of Plaintiff's damages, if any, unless and until the issue of liability has been resolved by you. Should you find that Defendants are not liable to Plaintiff, there is no reason for you even to consider the question of damages.

*McAllister v. Weirton Hosp. Co.*, 173 W. Va. 75, 79-80, 312 S.E.2d 738, 742 (1983); Syl. Pt. 3, *Morris v. Boppana*, 182 W. Va. 248, 387 S.E.2d 302 (1989).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

                                      _____

                                      IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

    **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO.:  1:17-CV-52**
                                                          **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

        **Defendants.**

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 17
### (*Damages—Burden of Proof*)

The Court instructs the jury that damages are not presumed, and Plaintiff cannot recover against Defendant for any damages that Plaintiff did not prove, by a preponderance of the evidence, that were actually sustained as a proximate result of Plaintiff's claims against Defendants. The burden is upon the Plaintiff to prove by a preponderance of the evidence the amount of damages that was actually sustained by him.  A "preponderance" means more likely than not. Plaintiff must show by a preponderance of the evidence not only that such damage, if any, really exists or has existed, but also the reasonable amount of that damage, and that such damage, if any, was or is the proximate result of the Plaintiff's claims.  The burden of proof is not upon Defendants to show that such alleged damages do not or did not exist, or that the alleged damages result from some other cause, or that the amount of damages sought are unreasonable.  You have no right to guess or conjecture as to the cause or amount of any damage claimed.  These matters must be proven to you by Plaintiff.

*State Farm Fire & Cas. Co. v. Barton*, 897 F.2d 729, 733 (4th Cir. 1990); *Taylor v. Elkins Home Show, Inc.*, 210 W. Va. 612, 619, 558 S.E.2d 611, 618 (2001); Syl. Pt. 1, *Spencer v. Steinbrecher*, 152 W. Va. 490, 164 S.E.2d 710 (1968).


\_\_\_\_\_  Given
\_\_\_\_\_  Given as Modified
\_\_\_\_\_  Refused
\_\_\_\_\_  Refused as Modified
\_\_\_\_\_  Withdrawn


                                    _____
                                    **IRENE M. KEELEY**
                                    **UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                     CIVIL ACTION NO.:  1:17-CV-52
                                         Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

## STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 18
### (*Reasonable Damages*)

The Court instructs the jury that the award of damages, if any, must be reasonable. If you should find that the Plaintiff is entitled to damages, you must award only such damages as would reasonably compensate him for such loss and damages that you may find, by a preponderance of the evidence, he has suffered.

You are not permitted to award damages based on sympathy, speculation, or guesswork. Any award of damages must be based upon reasonable probability, not merely a possibility. Accordingly, an award of damages, if any, against Defendants must be based upon competent evidence that you have heard or observed during this trial and the law as you are instructed by the Court.

*Carey v. Piphus*, 435 U.S. 247, 254-55 (1978); *State Farm Fire & Cas. Co. v. Barton*, 897 F.2d 729, 733 (4th Cir. 1990); *Konchesky v. S.J. Groves & Sons Co.*, 148 W. Va. 411, 417-18; 135 S.E.2d 299, 304 (1964).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

                           _____
                           IRENE M. KEELEY
                           UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                          CIVIL ACTION NO.:  1:17-CV-52
                                          Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

**STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 19**
(*Compensatory Damages*)

      Plaintiff has filed this lawsuit against Defendants, seeking to recover compensatory damages.  The Court instructs the jury that the basic goal in awarding damages to Plaintiff is to fairly and adequately compensate Plaintiff for the injuries and losses sustained, and only those injuries and losses sustained.  Thus, the aim of compensatory damages is to restore the Plaintiff to the financial position he would presently enjoy but for Defendants' conduct.  Consequently, you are further instructed that the goal, then, of compensatory damages is to place the injured party in the same, not a better, financial position than they would have been in but for Defendants' conduct.

*Carey v. Piphus*, 435 U.S. 247, 254-55 (1978); *Cook v. Cook*, 216 W. Va. 353, 361, 607 S.E.2d 459, 467 (2004).

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

                                      _____
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                       CIVIL ACTION NO.:  1:17-CV-52
                                       Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

**STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 20**
(*General Damages*)

      The Court instructs the jury that compensation for pain and suffering is a general item of damages.  There is no rule or measure upon which these damages can be based.  That is not to say that such damages are unimportant, only that there is no set method to determine such damages.  The amount of compensation to be awarded for such injuries, if any, is left in the law to the sound discretion of the jury as to what is fair and just.  Such general items of damages must also be proven by Plaintiff by a preponderance of the evidence if the damage is for past pain and suffering.

Syl. Pt. 2, *Richmond v. Campbell*, 148 W. Va. 595, 136 S.E.2d 877 (1964); 22 Am. Jur. 2d *Damages* § 46 (2016).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

                              _____
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

        Plaintiff,

v.                                        CIVIL ACTION NO.:  1:17-CV-52
                                         Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

        Defendants.

**STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 21**
(*Lost Earnings*)

        If you should find that Plaintiff is entitled to a verdict, and further that the evidence in the case establishes a reasonable probability of loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damage, since the award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.  Under the circumstances, the result is that Plaintiff will in effect be reimbursed in advance of the loss, and so will have the use of money which he would not have received until some future date, but for the verdict.

        Thus, Plaintiff's recovery of lost future earnings, if any, must be limited to the present value of these earnings.  In general, present value is the estimated worth today of an amount of money to be received at a future date.  Present value is an expression of what is known as the "time value" of money, which directly depends upon the period of time over which it is calculated and the discount rate of return. The concept is based on the notion that the right to receive, for example, $1.00 one year from today is worth some amount less than $1.00 today.  Stated another way, $1.00 to be received one year from today has a present value of some amount less than $1.00.

        As with all damages, any award of lost earnings damages must be reasonable and not based on speculation.

*Liston v. Univ. of W. Va. Bd. Of Trs.*, 190 W. Va. 410, 414, 438 S.E.2d 590, 594 (1993); *Adkins v. Foster*, 187 W. Va. 730, 733, 421 S.E.2d 271, 274 (1992); *Mooney v. E. Associated Coal Corp.*, 174 W. Va. 350, 354-55, 326 S.E.2d 427, 431-32 (1984); *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991) (finding front pay an equitable remedy for the court's determination); *Peyton v. DiMario*, 287 F.3d 1121, 1128-30 (D.C. Cir. 2002); *Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 839 (3d Cir. 1994) (concurrence and dissent); *Dominic v. Consolidated Edison*, 652 F. Supp. 815, 819-20 (S.D.N.Y. 1986); *Bonura v. Chase Manhattan Bank, N.A.*, 629 F. Supp. 353, 362 n.3 (S.D.N.Y. 1986).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____

**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

10554028.1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK,**

     **Plaintiff,**

**v.**                                                                       **CIVIL ACTION NO.:  1:17-CV-52**
                                                                       **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

     **Defendants.**

**STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 22**
(***Punitive Damages***)

The Court instructs the jury that punitive damages may not be awarded in this case.


\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn


                 _____

                 **IRENE M. KEELEY**
                 **UNITED STATES DISTRICT JUDGE**

10554028.1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK,**

       **Plaintiff,**

**v.**                                                                   **CIVIL ACTION NO.:  1:17-CV-52**
                                                                        **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

       **Defendants.**

**STATE TROOPER MICHAEL KIEF JURY INSTRUCTION NO. 23**
(***Punitive Damages***)[3]

I will now explain the law of punitive damages. Although I am explaining the law of punitive damages, it does not mean that I have any opinion on whether punitive damages should be awarded.  That decision is yours alone.  You are not required to award punitive damages.

If you award Plaintiff compensatory damages to compensate for his injuries or losses, then you may also award him punitive damages. You may not award punitive damages if you do not first find that Plaintiff is entitled to compensatory damages.

As a general proposition, the purposes of punitive damages are: (1) to punish a wrongdoer for conduct that has harmed another party; and (2) to discourage a wrongdoer and others from acting the same way in the future. Therefore, punitive damages are damages that are awarded to punish and deter wrongdoers. Punitive damages are in addition to damages you award to compensate a party for injuries or losses.

Punitive damages may be awarded where you find by clear and convincing evidence that Defendants acted with actual malice toward Plaintiff, or you find by clear and convincing evidence that Defendants acted with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others. "Clear and convincing evidence" is a higher standard than "the greater weight of the evidence" or "preponderance of the evidence." Clear and convincing evidence is the highest possible standard of proof in a civil case.  To be clear and convincing, evidence should be "clear" in the sense that it is certain, plain to the understanding, and unambiguous; and "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it.  The facts to which the witnesses testify must be distinctly remembered; the testimony must be precise

---

[3] This instruction is only offered if the Court rejects State Trooper Michael Kief's Proposed Jury Instruction No. 22 and permits the jury to consider punitive damages.  By submitting this proposed instruction, Sgt. Kief does not concede that punitive damages are applicable in this case and does not agree that the jury should consider the issue of punitive damages.

36

and explicit; and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in your mind a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.

"Actual malice" may be found if you find Defendants acted with a state of mind shown by conduct that was intended to or was substantially certain to injure Plaintiff, without any just cause or excuse.

Therefore, if you find clear and convincing evidence that Defendants committed a wrongful act with actual malice towards Plaintiff or acted with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, then you may award Plaintiff punitive damages in an amount you believe is sufficient to punish that Defendant or those Defendants and to serve as an example to prevent Defendants and others from acting in a similar way in the future. Remember, you are not required to award punitive damages, and any punitive damages that are awarded must be in addition to damages which are necessary to compensate Plaintiff for his injuries or losses.

There is no fixed formula to determine the amount of punitive damages, but you cannot just pull numbers out of the air. If you decide to award punitive damages, you should consider the following factors in determining the amount of punitive damages:

1. Punitive damages should bear a reasonable relationship to the harm that is likely to occur from Defendants' conduct as well as to the harm that actually has occurred. If Defendants' actions caused or would likely cause in a similar situation only slight harm, the punitive damages should be relatively small. If the harm or potential harm is severe, the punitive damages should be greater.

2. You may consider whether Defendants' conduct was reprehensible, and in doing so, you should take into account: (a) how long Defendants continued their actions; (b) whether Defendants were aware that their actions were causing, or were likely to cause, harm; (c) whether Defendants attempted to conceal or cover up their actions or harm caused by such actions; and (d) how often Defendants engaged in similar conduct in the past.

3. You may consider whether Defendants profited from their wrongful conduct, and if you find Defendants did profit from their conduct, you may remove the profit and your award may be in excess of the profit, so that the award discourages future bad acts.

4. As a matter of fundamental fairness, punitive damages must bear a reasonable relationship to compensatory damages.

5. In determining the amount of punitive damages, the financial position of Defendants is relevant.

W. Va. P.J.I. § 1500 (2017) (modified); *Wright v. Banks*, 232 W. Va. 602, 613, 753 S.E.2d 100, 111 n.22 (2013).

\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Refused as Modified
\_\_\_\_\_ Withdrawn

_____

**IRENE M. KEELEY**
**UNITED STATES DISTRICT JUDGE**

10554028.1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK,**

      **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.:  1:17-CV-52**
                                                  **Honorable Irene M. Keeley**
**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**
**and STATE TROOPER RONNIE M.**
**GASKINS.**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on the 6th day of December, 2019, I electronically filed the

foregoing "Defendant State Trooper Michael Kief's Proposed Jury Instructions" with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to the following:

                    Charles J. Crooks, Esquire
                    Crooks Law Firm PLLC
                    244 Pleasant Street
                    Morgantown, WV 26505
                    *Counsel for Plaintiff*

                    P. Todd Phillips, Esquire
                    Lyons Phillips Legal Group PLLC
                    141 Walnut Street
                    Morgantown, WV  26505
                    *Counsel for Defendant Ellen Ruth Costlow*

                                    **<u>s/  Mark G. Jeffries</u>**
                                    Mark G. Jeffries        (WV Bar No. 11618)
                                    STEPTOE & JOHNSON PLLC
                                    400 White Oaks Boulevard
                                    Bridgeport, WV 26330-4500
                                    (304) 933-8000
                                    mark.jeffries@steptoe-johnson.com
                                  Montè L. Williams (WV Bar No. 9526)
                                    STEPTOE & JOHNSON PLLC

10554028.1

P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendant State Trooper Michael Kief*