UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      **Plaintiff,**

v.
                           **CIVIL ACTION NO: 1:17-CV-52**
                           **Honorable Irene M. Keeley**

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

      **Defendants.**

## DEFENDANT ELLEN RUTH COSTLOW'S
## PROPOSED JURY INSTRUCTIONS

        The Plaintiff, Ellen Ruth Costlow, by counsel, submits the following jury instructions for

trial in the above-styled action.

        Dated December 6, 2019.


                              **RESPECTFULLY SUBMITTED,**


                              /s/ P. Todd Phillips
                      P. Todd Phillips/WV State Bar #9499
                      *Lyons Phillips Legal Group PLLC*
                      141 Walnut Street
                      Morgantown, WV 26505
                      (304) 296-3200 or (304) 296-0123 phone
                      (304) 296-0713 fax
                      Toddphillips.law@gmail.com
                      *Counsel for Defendant Ellen Ruth Costlow*

1

## UNITED STATES DISTRICT COURT
## NOTHERN DISTTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

      **Plaintiff,**

v.                                **CIVIL ACTION NO: 1:17-CV-52**
                                         **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW, and**
**STATE TROOPER MICHAEL KIEF,**

      **Defendants.**

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 1
### (Abuse of Process 42 U.S.C. § 1983)

      The Plaintiff has alleged an abuse of process claim in violation of his civil rights against Ms. Costlow. To prevail in this claim the Defendant must prove by a preponderance of the evidence that a lawfully issued process resulting in his prosecution was used for an unlawful purpose. That means, for a purpose other than to prosecute the Plaintiff on the offenses for which he was charged, with the effect that a civil right of the Plaintiff was violated. The Plaintiff also must show that Ms. Costlow was acting under the color of law using the prosecution of the Plaintiff for an improper purpose. Ms. Costlow was not a "state actor" in the prosecution of the Plaintiff, that is not someone who would be considered to be acting on the part of the state in the prosecution of the Plaintiff. Therefore, the Plaintiff has the burden of proving by a preponderance of the evidence that a sufficient nexus existed with state actors, such that the actions of Ms. Costlow could fairly be considered to be those of the state. More is required than providing information, offering to testify or encouraging that the Plaintiff be prosecuted. The Plaintiff must prove that Ms. Costlow's actions were so entwined with those of state actors that her acts could fairly be considered to be those of the state.

      Therefore, if you find that Plaintiff has proven by a preponderance of the evidence that, in the Plaintiff's prosecution, Ms. Costlow was so entwined with the prosecution to be considered to be acting under the color of law, used a lawfully issued criminal process for a purpose other than what it was intended by law, you should return a verdict for Plaintiff. On the other hand, if you find that Plaintiff has not met his burden to prove by a preponderance of the evidence that Ms. Costlow was not acting under the color of law or that the criminal process was used for a purpose other than his prosecution, you must return a verdict for Ms. Costlow as to Plaintiffs 1983 Abuse of Process claim.

2

Rossigold v. Voorhaar, 316 F.3d 516 (4th Cir. 2003)
Jackson v. Metro Edison Co., 419 U.S. 345 (1974)
Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999)

*These authorities are cited for all § 1983 claims against Ms. Costlow*

\_\_\_\_\_ Given

\_\_\_\_\_ Given as Modified

\_\_\_\_\_ Refused

\_\_\_\_\_ Refused as Modified

\_\_\_\_\_ Withdrawn


IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      **Plaintiff,**

v.                                        **CIVIL ACTION NO: 1:17-CV-52**
                                               **Honorable Irene M. Keeley**

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

      **Defendants.**

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 2
### (Malicious Prosecution 42 U.S.C. § 1983)

To prevail on a malicious prosecution claim under 1983, Plaintiff must prove by a preponderance of the evidence, that:

> 1. Ms. Costlow actions were so entwined with those of the West Virginia State Police that her actions could fairly be considered to be those of the state and that she caused;
>
> 2. A seizure of Plaintiff pursuant to legal process unsupported by probable cause; and
>
> 3. Criminal proceedings terminated in Plaintiffs favor.

Criminal proceedings against Plaintiff terminated in his favor. Therefore, you are only required to determine whether Ms. Costlow caused the Plaintiff to be arrested in a manner where she could fairly be considered to be acting on behalf of the state, and whether Plaintiffs arrest was not supported by probable cause. Probable cause means the facts and circumstances known at the time of the Plaintiff's arrest which were sufficient to reasonably believe that the Plaintiff had committed a crime. The Plaintiff was charged with harassment by electronic device and with harassment. Harassment by electronic device holds that "It is unlawful for any person, with the intent to harass or abuse another person, to use a computer, mobile phone, personal digital assistant or other electronic communication device to make contact with a person after being requested by the person to desist from contacting them." Under the harassment statute, "Any person who repeatedly harasses or repeatedly makes credible threats against another is guilty of a misdemeanor." The Plaintiff must prove by a preponderance of the evidence that it was not reasonable to believe that he had violated either law at the time he was arrested.

The burden of proving malicious prosecution is on Plaintiff, and if you conclude from the evidence that Plaintiff has failed to establish by a preponderance of the evidence that any particular Ms. Costlow maliciously prosecuted Plaintiff, then you must return a verdict in her favor.

Gerstein v. Pugh, 420 U.S. 103, 112 (1975)
Beck v. Ohio, 379 U.S. 89, 91 (1964)
W. Va. Code § 61-3C-14a(a)(2)
W. Va. Code § 61-2-9a(b)


_____ Given

_____ Given as Modified

_____ Refused

_____ Refused as Modified

_____ Withdrawn


                                        _____
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# NOTHERN DISTTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

      **Plaintiff,**

**v.**                              **CIVIL ACTION NO: 1:17-CV-52**
                                         **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW, and**
**STATE TROOPER MICHAEL KIEF,**

      **Defendants.**

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 3
### (Abuse of Process-State law)

In a state law abuse of process, a Plaintiff must show:

1.  An ulterior purpose; and

2.  A willful act in the use of the process not proper in the regular conduct of the proceeding.

To prevail, the Plaintiff, thus, would have to prove by a preponderance of the evidence that, after the Plaintiff's arrest, the process was used for something other than to prosecute the Plaintiff. Continuing a prosecution with bad intentions is not abuse of process. Rather, the process itself must be used for other ends.

If you find that Defendants did nothing more than carry out the criminal process against Plaintiff to its authorized conclusion, even with bad intentions, then you must find in favor of the Defendant.

Preiser v. MacQueen, 177 W. Va. 273, 279, 352 S.E.2d 22, 28 (1985)

_____ Given

_____ Given as Modified

_____ Refused

_____ Refused as Modified

_____ Withdrawn

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## NOTHERN DISTTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

     **Plaintiff,**

**v.**                                              **CIVIL ACTION NO: 1:17-CV-52**
                                                   **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW, and**
**STATE TROOPER MICHAEL KIEF,**

     **Defendants.**

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 4
### (Malicious Prosecution-State law)

To prove this theory against Defendants, Plaintiff must prove by a preponderance of the evidence that:

1. The criminal prosecution was set on foot and conducted to its termination, resulting in a favorable outcome for Plaintiff;

2. That it was caused or procured by Defendants;

3. That it was without probable cause: and

4. That it was malicious.

To prevail in a state law claim for malicious prosecution, the Plaintiff, thus, must prove not only that it was not reasonable to believe at the time of his arrest that he had committed the offenses of harassment by electronic device and harassment, but also that ill will or a bad motive was present in his prosecution.

Syl. Pt. 2, in part, Norfolk S. Ry. Co. v. Higgenbotham, 228 W. Va. 522, 721 S.E.2d 541 (2011)
State v. Burgess, 205 W. Va. 87, 89, 516 S.E.2d 491, 493 (1999)

\_\_\_\_\_ Given

\_\_\_\_\_ Given as Modified

\_\_\_\_\_ Refused

\_\_\_\_\_ Refused as Modified

_____ Withdrawn

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## NOTHERN DISTTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK,**

     **Plaintiff,**

**v.**                                 **CIVIL ACTION NO: 1:17-CV-52**
                                       **Honorable Irene M. Keeley**

**ELLEN RUTH COSTLOW, and**
**STATE TROOPER MICHAEL KIEF,**

     **Defendants.**

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 5
### (Conspiracy § 1983)

       To prevail in a civil conspiracy claim under 1983, Plaintiff must prove by a preponderance of the evidence that Ms. Costlow and Michael Kief:

     (1) acted jointly in concert;

     (2) that some overt act was done in furtherance of the conspiracy;

     (3) which resulted in a deprivation of Plaintiffs constitutional rights.

       Furthermore, Plaintiff must prove that each member of the alleged conspiracy shared the same conspiratorial objective. The Plaintiff must prove that Ms. Costlow and Lt. Kief came to a mutual understanding to try to accomplish a common and unlawful goal.

       Thus, if you find that Plaintiff has not proven each of the above elements as to each Defendant by a preponderance of the evidence, you are to return a verdict in favor of that Defendant or Defendants. If you find that only one Defendant had an unlawful goal, you must find that no conspiracy existed.

Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)

\_\_\_\_\_ Given

\_\_\_\_\_ Given as Modified

\_\_\_\_\_ Refused

\_\_\_\_\_ Refused as Modified

\_\_\_\_\_ Withdrawn

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                  CIVIL ACTION NO: 1:17-CV-52
                                  Honorable Irene M. Keeley

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

      Defendants.

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 6
### (Slander/Defamation)

      The elements of a defamation claim are a defamatory, false, nonprivileged communication to a third party with reference to the plaintiff, at least negligence on the part of the person making the communication and resulting injury. Slander is defamation in oral communication.

      The Plaintiff is required to prove all elements by a preponderance of the evidence. If the Plaintiff fails to prove that Ms. Costlow's communications with Trooper Gaskins of the West Virginia State Police during his investigation were not privileged, were false, defamatory, that Ms. Costlow was negligent or that he was injured as a result of the communications, then you must find for Ms. Costlow on this claim.

Syl. Pt. 1, Crump v. Beckley Newspapers, Inc., 173 W. Va. 699, 320 S.E.2d 70 (1983)

\_\_\_\_\_ Given

\_\_\_\_\_ Given as Modified

\_\_\_\_\_ Refused

\_\_\_\_\_ Refused as Modified

\_\_\_\_\_ Withdrawn

                            IRENE M. KEELEY
                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

     Plaintiff,

v.                                  CIVIL ACTION NO: 1:17-CV-52
                                  Honorable Irene M. Keeley

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

     Defendants.

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 8
### (Intentional Infliction of Emotional Distress)

     Plaintiff alleges that Defendants engaged in conduct that reasonably could be considered outrageous. The tort of intentional infliction of emotional distress, sometimes referred to as the tort of outrage, is recognized in West Virginia. To prove this theory against Defendants, Plaintiff must prove by a preponderance of the evidence that:

1. The Defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency;

2. That the Defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct;

3. That the actions of the Defendant caused the Plaintiff to suffer emotional distress; and

4. That the emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

     Again, Plaintiff must prove all of these elements. If even one of these four elements is absent, then Plaintiffs claim for the tort of intentional infliction of emotional distress must fail.

Travis v. Alcon Labs, Inc., 202 W. Va. 369, 374, 504 S.E.2d 419, 425 (1998).

_____ Given

_____ Given as Modified

_____ Refused

_____ Refused as Modified

_____ Withdrawn


                                                         _____

                                                         IRENE M. KEELEY
                                                         UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      **Plaintiff,**

v.
                              **CIVIL ACTION NO: 1:17-CV-52**
                              **Honorable Irene M. Keeley**

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

      **Defendants.**

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 9
### (Tortious Interference with Contract)

        In order to establish a claim of tortious interference with contract under West Virginia law, Plaintiff must show:

1. The existence of a contractual or business relationship or expectancy;

2. An intentional act of interference by an outside party;

3. That the interference caused harm; and

4. Damages.

        To prove this theory against Defendants, Plaintiff must prove that any information given to his employer was not truthful. Giving truthful information is an absolute bar to a claim of tortious interference whether or not the information is requested. Furthermore, Plaintiff must prove by a preponderance of the evidence that any interference was intentional; Defendants are not liable for interference that is negligent rather than intentional.

        Plaintiff must prove all four elements of this claim as to each Defendant. If you find that Plaintiff has not established even one element by the greater weight of the evidence, your verdict must be for Defendant. Furthermore, if you find that Plaintiff has not established all four elements by the greater weight of the evidence as to a particular Defendant or Defendants, then your verdict should be for that Defendant or those Defendants.

Syl. Pt. 5, Hatfield v. Health Mgmt. Assocs. of W. Va., 223 W. Va. 259, 672 S.E.2d 395 (2008)
Tiernan v. Charleston Area Med. ctr., Inc., 203 W. Va. 135, 150, 506 S.E.2d 578, 593 (1998)

_____ Given

_____ Given as Modified

_____ Refused

_____ Refused as Modified

_____ Withdrawn


_____

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

16

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.

                                      CIVIL ACTION NO: 1:17-CV-52
                                      Honorable Irene M. Keeley

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

      Defendants.

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 10
### (Breach of Contract)

      For the Plaintiff to sustain a claim for breach of contract against Ms. Costlow, the Plaintiff must prove: 1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result.

      If the Plaintiff fails to prove the existence of a contract, a resulting injury, or if it is shown that the Plaintiff has breached the contract he seeks to enforce, the Plaintiff is unable to maintain a claim for breach of contract and you must find in favor of Ms. Costlow.

Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals group, Inc., 2011 U.S. Dist. Lexis 80411 *29, 2011 WL 3022239 (S.D. W. Va. Charleston July 22, 2011)
Exec. Risk, Inc. v. Charleston Area Med. Ctr., Inc. 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009)

_____ Given

_____ Given as Modified

_____ Refused

_____ Refused as Modified

_____ Withdrawn

                                        _____
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.

**CIVIL ACTION NO: 1:17-CV-52**
**Honorable Irene M. Keeley**

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

      Defendants.

## DEFENDANT ELLEN RUTH COSTLOW'S JURY INSTRUCTION NO. 11
### (Damages)

      The Court instructs the jury that damages are not presumed, and Plaintiff cannot recover against Defendant for any damages that Plaintiff did not prove, by a preponderance of the evidence, that were actually sustained as a proximate result of Plaintiffs claims against Defendants. The burden is upon the Plaintiff to prove by a preponderance of the evidence the amount of damages that was actually sustained by him. A "preponderance" means more likely than not.

      Plaintiff must show by a preponderance of the evidence not only that such damage, if any, really exists or has existed, but also the reasonable amount of that damage, and that such damage, if any, was or is the proximate result of the Plaintiffs claims. The burden of proof is not upon Defendants to show that such alleged damages do not or did not exist, or that the alleged damages result from some other cause, or that the amount of damages sought are unreasonable. You have no right to guess or conjecture as to the cause or amount of any damage claimed. These matters must be proven to you by Plaintiff.

State Farm Fire & Cas. Co. v. Barton, 897 F.2d 729, 733 (4th Cir. 1990)
Taylor v. Elkins Home Show, Inc., 210 W. Va. 612, 619, 558 S.E.2d 611, 618 (2001)
Syl. Pt. 1, Spencer v. Steinbrecher, 152 W. Va. 490, 164 S.E.2d 710 (1968)

_____ Given

_____ Given as Modified

_____ Refused

_____ Refused as Modified

_____ Withdrawn

_____

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NOTHERN DISTTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.                                    **CIVIL ACTION NO: 1:17-CV-52**
                                      **Honorable Irene M. Keeley**

ELLEN RUTH COSTLOW, and
STATE TROOPER MICHAEL KIEF,

      Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that, on the 7th day of December 2019, I served "Defendant Ellen Ruth

Costlow's Proposed Jury Instructions" on the parties below by filing the same with the Clerk of

the Court using the CM/ECF system.

        Mark G. Jeffries, Esq.
        STEPTOE & JOHNSON, PLLC
        400 White Oaks Boulevard
        Bridgeport, WV 26330-4500
        Mark.jeffries@steptoe-johnson.com

Montè L. Williams
        STEPTOE & JOHNSON, PLLC
        PO Box 1616
        Morgantown, WV 26507-1616
        Monte.williams@ steptoe-johnson.com

    *Counsel for Defendants State Trooper Michael Kief and State Trooper Ronnie M. Gaskins*

Charles J. Crooks, Esq.
CROOKS LAW FIRM PLLC
244 Pleasant Street
Morgantown, WV 26505
charles@crookslawfirm.org

*Counsel for Plaintiff*

       /s/ P. Todd Phillips
P. Todd Phillips/WV State Bar #9499
***Lyons Phillips Legal Group PLLC***
141 Walnut Street
Morgantown, WV 26505
(304) 296-3200 or (304) 296-0123 phone
(304) 296-0713 fax
Toddphillips.law@gmail.com

*Counsel for Defendant Ellen Ruth Costlow*