# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

            Plaintiff,                            Case No.: 1:17-CV-52

v.                                          JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

            Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

As ordered (Doc. 88),[1] the Plaintiff submits the following proposed jury instructions.


*/S/ Charles J. Crooks*

Charles J. Crooks, Esquire
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505

WV State Bar # 4633
Phone (304) 282-1039

Charles@crookslawfirm.org

---

[1]      Plaintiff's counsel realizes this document is electronically filed and served after midnight of December 6, 2019 and asks that the Court please, nonetheless, accept the same as he has endeavored to file before the midnight hour, has achieved no advantage, and certainly intends no disrespect to the Court's order.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

             Plaintiff,                           Case No.: 1:17-CV-52

v.                                     JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

             Defendants.

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

Malicious Prosecution

      The Plaintiff alleges the Defendants maliciously prosecute him for stalking and harassment. To recover, the Plaintiff must prove by a preponderance of the evidence that: (1) the Defendants maliciously caused; (2) a criminal prosecution of Scott Ballock by legal process unsupported by probable cause; that (3) terminated in his favor.

Evans v. Chalmers, 703 F.3d 636 (4th Cir. 2012)

Norfolk S. Ry. Co. v. Higgenbotham, 228 W.Va. 522, 721 S.E.2d 541 (2011)

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

                          _____

                          Irene M. Keeley, Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

           Plaintiff,                              Case No.: 1:17-CV-52

v.                                            JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

           Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

### Abuse of Process

The Plaintiff alleges the Defendants abused legal process by prosecuting him for purposes other than those contemplated by the criminal code of West Virginia. Specifically, the Plaintiff contends the Defendants prosecuted him for stalking and harassment for the purposes of: (1) seeking an advantage for Ellen Costlow before the family court hearing her divorce action; (2) to cost Scott Ballock his employment as a Special Agent for the FBI; and (3) to intimidate Scott Ballock's father into taking down the websites he created for the purpose of criticizing Ellen Ballock and Sgt. Michael Kief.

To establish his claim, the Plaintiff must prove as to each Defendant a willful and intentional abuse or misuse of process for the accomplishment of a wrongful object; some collateral advantage not properly involved in the proceeding.

Preiser v. McQueen, 177 W.Va. 273, 279, 352 S.E.2d 22, 28 (1985)

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified              _____

3

_____ Withdrawn                              Irene M. Keeley, Judge

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

       Plaintiff,                       Case No.: 1:17-CV-52

v.                                     JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

       Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

Civil Conspiracy

The Plaintiff alleges that Ellen Costlow and Michael Kief conspired to abuse legal process to prejudice Scott Ballock in the divorce case in family court; interfere with Scott Ballock's employment; and intimidate Scott Ballock's father who was posting internet blogs that were unflattering to Ellen Costlow and Michael Kief. He contends this cost him his position as a Special Supervisory Agent with the FBI.

Under West Virginia law, a civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff.

The Plaintiff alleges the purposes pursued by the Defendants were illegally pursued by maintaining criminal cases against him that were without merit and by reporting false and disparaging information to his employer.

Doe v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints, 239 W. Va. 428, 801 S.E.2d 443 (2017).

5

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

_____
Irene M. Keeley, Judge

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

           Plaintiff,                      Case No.: 1:17-CV-52

v.                                      JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

           Defendants.

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4</u>

Intentional Infliction of Emotional Distress

        The Plaintiff alleges Ellen Costlow and Michael Kief acted with the intention of inflicting upon him emotional distress. To prove this he must establish as to each Defendant that (1) their conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) they acted with intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result; (3) that their actions in fact caused the Plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it without complaint.

<u>Travis v. Alcon Labs, Inc.</u>, 202 W.Va. 369, 504 S.E.2d 419 (1998).


_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

                                  _____
                                  Irene M. Keeley, Judge

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

                Plaintiff,                               Case No.: 1:17-CV-52

v.                                               JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

                Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### Defamation

Scott Ballock alleges that Ellen Costlow and Sgt. Michael Kief acted to defame him to his employer for the purpose of causing him to be terminated. As to each Defendant, Mr. Ballock must prove: (1) a defamatory statement; (2) a nonprivileged communication to a third party, the FBI in this case; (3) falsity of the statement; (4) reference in the statement to Mr. Ballock; (5) at least negligence on the part of the Defendant; and (6) resulting injury.

Crump v. Beckley Newspapers, Inc., 173 W.Va. 699, 320 S.E.2d 70 (1984). See also Greenfield v. Schmidt Baking Co., Inc., 199 W.Va. 447, 485 S.E.2d 391 (1997); Stalnaker v. Only One Dollar, Inc., 188 W.Va. 744, 426 S.E.2d 536 (1992); Rand v. Miller, 185 W.Va. 705, 408 S.E.2d 655 (1991); Belcher v. Wal-Mart Stores, 211 W. Va. 712, 568 S.E.2d 19 (2002).

      _____ Given
      _____ Given as Modified
      _____ Refused
      _____ Refused as Modified
      _____ Withdrawn

                                   _____
                                   Irene M. Keeley, Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

       Plaintiff,                            Case No.: 1:17-CV-52

v.                                        JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

       Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

Breach of Contract: Ellen Costlow

Scott Ballock alleges that Ellen Costlow breached agreements of a contractual nature, causing him damages, specifically, the loss of his employment as a Special Supervising Agent. To recover, Mr. Ballock must establish that Ellen Costlow (1) mutually agreed as part of the dismissal motion in the criminal case and as part of the divorce decree that they would not have contact with each other's employers; (2) that this agreement achieved something of value, non-interference with employment relations; (3) that Mr. Ballock performed while Ellen Costlow breached her part of the agreement; and (4) Ellen Costlow's breach of her promise directly caused Mr. Ballock to suffer the damage that he claims, the loss of his employment as a Special Supervising Agent for the FBI.

A claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages. Syl. Pt. 1, State ex rel. Thornhill Group, Inc. v. King, 233 W.Va. 564, 759 S.E.2d 795 (2014); see also Wetzel County Savings & Loan Co. v. Stern Bros., Inc., 156 W.Va. 693, 698, 195 S.E.2d 732, 736 (1973).

_____ Given
_____ Given as Modified

9

_____ Refused
_____ Refused as Modified
_____ Withdrawn

 

_____
Irene M. Keeley, Judge

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**

           Plaintiff,                              Case No.: 1:17-CV-52

v.                                         JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

           Defendants.

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7</u>

Slander

Scott Ballock alleges that Ellen Costlow slandered him to his employer, the FBI.  Slander is defamation in spoken form. The elements are (1) an oral statement; (2) a nonprivileged communication to a third party, the FBI in this case; (3) falsity of the statement; (4) reference in the statement to Mr. Ballock; (5) at least negligence on the part of the Defendant; and (6) resulting injury. To establish this claim, Mr. Ballock, must prove by a preponderance of the evidence that Ellen Costlow falsely complained to the State Police and to the FBI about him, causing him the loss of his employment.

<u>Butts v. Royal Vendors, Inc.</u>, 202 W.Va. 448, 453, 504 S.E.2d 911, 916 (1998).


_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

                                  _____

                                  Irene M. Keeley, Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**

            Plaintiff,                           Case No.: 1:17-CV-52

v.                                         JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,**

            Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

Interference with Contract of Employment

Scott Ballock alleges that Ellen Costlow and Sgt. Michael Kief interfered with his employment as a Special Supervisory Agent with the FBI. Interference with contract of employment claim is defined as: (1) the existence of an employment relationship; (2) an intentional act or interference by an outside party; (3) that the interference caused harm; (4) resulting damages.

To establish his claim, Scott Ballock must prove (1) that he was a Special Supervisory Agent for the FBI; (2) that Ellen Costlow and Sgt. Kief notified the FBI of the criminal investigation and arrest for stalking and harassment when there was no need and the investigation and arrest were unjustified; (3) that the interference caused Mr. Ballock; and (4) resulting damages, such as lost wages and benefits.

Hatfield v. Health Mgmt. Assocs. Of W.Va., 223 W.Va. 259, 672 S.E.2d 395 (2008).

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

12

Irene M. Keeley, Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

          Plaintiff,                             Case No.: 1:17-CV-52

v.                                          JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

          Defendants.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

42 USC § 1983 Claims – In General

Plaintiff Scott T. Ballock brings some of his claims under a federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on his § 1983 claims against the Defendant, Plaintiff must prove each of the following elements as to each of the Defendant by a preponderance of the evidence: (1.) That the defendant in question acted under color of law; and (2) The acts of that particular Defendant deprived Plaintiff of specific rights under the United States Constitution, as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. You are instructed that Defendant was acting under the color of law when he arrested Plaintiff. Likewise, liability under 42 USC § 1983 extends to private citizen who act in conspiracy with state actors.

14

Mr. Ballock alleges a long-standing joint effort, a collaboration, between Ellen Costlow and Sgt. Michael A. Kief, to cause harm to Mr. Ballock. While a private citizen who acts in good faith is shielded from liability, a citizen whose truthfulness is questionable – which may be inferred from the citizen's actions – is not. The question is whether the private citizen provided the police with an honest or good faith belief of the facts. A private citizen may be held liable when they knew or had reason to know their statements to law enforcement were not fully accurate. Facts relevant to consideration of good faith include whether the individual is a "disinterested party" who "simply reports the occurrence of a crime.

 If you find that the Plaintiff, Scott Ballock, has proved each of these elements as to each Defendant by a preponderance of the evidence, and if you find that the Plaintiff has proved all the elements he is required to prove under each specific claim under § 1983, your verdict should be for Plaintiff for that claim against that Defendant. If, on the other hand, Plaintiff has failed to prove any one or more of these elements as to one or more Defendant, your verdict should be for that Defendant or those Defendants.

 42 U.S.C. § 1983; (Doc 48 at 9-10, citing Adickes v. SH Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966); Brice v. Nkaru, 220 F.3d 233 (4th Cir. 2017); and Earle v. City of Huntington, 2017 WL 2960542, Civil Action No. 3:14-29536 (S.D.W.Va. 2017).

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

_____
Irene M. Keeley, Judge

15

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

        Plaintiff,                            Case No.: 1:17-CV-52

v.                                    JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

        Defendants.

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10</u>

Malicious Prosecution 42 USC § 1983

Scott Ballock alleges that the Defendants maliciously prosecuted him in violation of his Fourth Amendment rights.

Under the federal civil rights statute, 42 USC § 1983, he must prove as to each Defendant each of the following elements by a preponderance of the evidence:

1. The particular Defendant caused;

2. A seizure of Plaintiff pursuant to legal process unsupported by probable cause; and

3. Criminal proceedings terminated in Plaintiff's favor.

The Court instructs you that the criminal proceedings against Plaintiff terminated in his favor. Therefore, you only must decide the first two elements of this offense: whether each Defendant caused the Plaintiff's arrest, and whether Plaintiff's arrest was unsupported by probable cause.

Because the absence of probable cause is an essential element of a malicious prosecution claim, probable cause to arrest is a defense to any claim under § 1983 for malicious prosecution. This is so even where the Defendant allegedly acted upon a malicious motive. Furthermore, acts

16

of independent decision-makers in the criminal justice system, such as a prosecuting attorney,

may insulate a police officer from liability under a § 1983 malicious prosecution claim.


_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

_____
Irene M. Keeley, Judge

17

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**

     Plaintiff,         Case No.: 1:17-CV-52

v.                JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

     Defendants.

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11</u>**

42 USC § 1983 Abuse of Process

The Plaintiff alleges that Defendants used the criminal prosecution process for improper purposes.

Thus, in order to prevail on his § 1983 Abuse of Process claim, in addition to proving that a Defendant acted under color of law, the Plaintiff must prove each of the following elements as to each of the Defendant by a preponderance of the evidence: (1) that his prosecution was initiated legitimately; and (2) thereafter used for a purpose other than that intended by the law. The touchstone of a § 1983 abuse of process action is a perversion of the process for a purpose for which it was not intended. Whenever a legal process is used to effect an extortionate demand, or to cause the surrender of a legal right, or is used in any other way not so intended by proper use of the process, can a cause of action for abuse of process be maintained.

An abuse of process claim against a police officer based upon his arrest of an individual requires more than merely showing that the officer charged the individual and participated in the prosecution of those charges. Regardless of whether the initial decision to file a criminal complaint is proper, the prosecution of that complaint by an officer is a proper use of the legal

18

process.

If you find that Plaintiff has proven by a preponderance of the evidence that a particular Defendant acting under the color of law, used the criminal process for a purpose other than what it was intended by law, you should return a verdict for Plaintiff. On the other hand, if you find that Plaintiff has not met his burden to prove by a preponderance of the evidence that a particular Defendant, acting under color of law, used the criminal process for a purpose other than what it was intended, you must return a verdict for that Defendant as to Plaintiff's § 1983 Abuse of Process claim.

*Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (citing *Jennings v. Shuman*, 567 F.2d 1213,
1217 (3d Cir. 1977)); *Williams v. Fedor*, 69 F. Supp. 2d 649, 673 (M.D. Pa. 1999); *Dunne v. Twp.*
*of Springfield*, No. CIV. 08-5605, 2011 WL 2269963, at *9 (D.N.J. Jan. 31, 2011), *aff'd*, 500 F.
App'x 136 (3d Cir. 2012).


_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn


                                      _____
                                        Irene M. Keeley, Judge

19

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

        Plaintiff,                       Case No.: 1:17-CV-52

v.                                     JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

        Defendants.

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

Damages

        The Plaintiff is seeking to recover compensatory damages. The basic goal in awarding damages to a Plaintiff is to fairly and adequately compensate them for the injuries and losses sustained. Thus, the aim of compensatory damages is to restore the Plaintiff to the financial position he would presently enjoy but for Defendants' conduct. Consequently, you are further instructed that the goal, then, of compensatory damages is to place the injured party in the same financial position he would have been in but for Defendants' conduct.

Carey v. Piphus, 435 U.S. 247, 254-55 (1978); Cook v. Cook, 216 W. Va. 353, 361, 607 S.E.2d 459, 467 (2004).

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

                               _____

                               Irene M. Keeley, Judge

20

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**

                  Plaintiff,                        Case No.: 1:17-CV-52

v.                                          JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

                  Defendants.

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13</u>**

General Damages

Compensation for pain and suffering is a general item of damages. There is no rule or measure upon which these damages can be based. That is not to say that such damages are unimportant, only that there is no set method to determine such damages. The amount of compensation to be awarded for such injuries, if any, is left in the law to the sound discretion of the jury as to what is fair and just. Such general items of damages must also be proven by Plaintiff by a preponderance of the evidence if the damage is for past pain and suffering.

Syl. Pt. 2, <u>Richmond v. Campbell</u>, 148 W. Va. 595, 136 S.E.2d 877 (1964); 22 Am. Jur. 2d *Damages* § 46 (2016).

_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn

                                  _____

                                  Irene M. Keeley, Judge

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT T. BALLOCK**

               Plaintiff,                      Case No.: 1:17-CV-52

v.                                     JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW,**
**STATE TROOPER MICHAEL KIEF,**

               Defendants.

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14</u>**

Future Damages

If you should find that Plaintiff is entitled to a verdict, and further that the evidence in the case establishes a reasonable probability of loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damage, since the award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date. Under the circumstances, the result is that Plaintiff will in effect be reimbursed in advance of the loss, and so will have the use of money which he would not have received until some future date, but for the verdict.

Thus, Plaintiff's recovery of lost future earnings, if any, is limited to the present value of these earnings. In general, present value is the estimated worth today of an amount of money to be received at a future date. Present value is an expression of what is known as the "time value" of money, which directly depends upon the period of time over which it is calculated and the discount rate of return. The concept is based on the notion that the right to receive, for example, $1.00 one year from today is worth some amount less than $1.00 today. Stated another way, $1.00 to be received one year from today has a present value of some amount less than $1.00.

22

As with all damages, any award of lost earnings damages must be reasonable and not based on speculation.

Liston v. Univ. of W. Va. Bd. Of Trs., 190 W. Va. 410, 414, 438 S.E.2d 590, 594 (1993); Adkins v.Foster, 187 W. Va. 730, 733, 421 S.E.2d 271, 274 (1992); Mooney v. E. Associated Coal Corp.,174 W. Va. 350, 354-55, 326 S.E.2d 427, 431-32 (1984); Duke v. Uniroyal, Inc., 928 F.2d 1413, 1424 (4th Cir. 1991) (finding front pay an equitable remedy for the court's determination); Peyton v. DiMario, 287 F.3d 1121, 1128-30 (D.C. Cir. 2002); Feldman v. Phila. Hous. Auth., 43 F.3d 823, 839 (3d Cir. 1994) (concurrence and dissent); Dominic v. Consolidated Edison, 652 F. Supp. 815, 819-20 (S.D.N.Y. 1986); Bonura v. Chase Manhattan Bank, N.A., 629 F. Supp. 353, 362 n.3 (S.D.N.Y. 1986).


_____ Given
_____ Given as Modified
_____ Refused
_____ Refused as Modified
_____ Withdrawn


_____
Irene M. Keeley, Judge

23

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                    Case No.:     1:17-CV-52

      Plaintiff,

v.                                                          JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I, Charles J. Crooks, Esq., counsel for the Plaintiff, Scott T. Ballock, hereby certify that

on the 7th day of December 2019, I delivered the foregoing "**PLAINTIFF'S PROPOSED JURY**

**INSTRUCTIONS**" with the Clerk of the Court and served the same by email upon the following:

| | |
|---|---|
| P. Todd Phillips, Esq. | |
| P. Todd Phillips & Associates | Mark G. Jeffries (WV Bar No. 11618) |
| 235 High Street | Steptoe & Johnson PLLC |
| Suite 322 | 400 White Oaks Blvd. |
| Morgantown, WV 26505 | Bridgeport, WV 26330-4500 |
| ToddPhillips.law@gmail.com | Mark.jeffries@steptoe-johnson.com |

**Counsel for Defendant,**
**Ellen Ruth Costlow**                    Monté L. Williams (WV Bar No. 9526)
                                          Steptoe & Johnson PLLC
And                                       P.O. Box 1616
                                          Morgantown, WV 26507-1616
                                          (304) 598-8000
                                          Monte.williams@steptoe-johnson.com

**Co-counsel for Defendants State Trooper**
**Michael Kief**

*/s/ Charles J. Crooks*

24