## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

      Plaintiff,

v.

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

      Defendants.

CIVIL ACTION NO.: 1:17-CV-52
Honorable Irene M. Keeley

### DEFENDANTS STATE TROOPER MICHAEL KIEF'S
### OBJECTIONS TO PLAINTIFF'S FINAL LIST OF WITNESSES AND EXHIBITS

Defendant State Trooper Michael Kief, by counsel, hereby submits the following objections to Plaintiff Scott T. Ballock's Pretrial Witness List and Pretrial Exhibit List. Of course, the admissibility of Mr. Ballock's exhibits at trial will depend on proper foundations and testimony at the time of trial. Thus, in addition to Sgt. Kief's motions *in limine* and any objections counsel may make at trial, Sgt. Kief objects to Plaintiff's Pretrial Witness List and Pretrial Exhibit List as follows:

    A.    **Objections to Plaintiff's Pretrial Witness List**

Sgt. Kief objects to the following witnesses listed in Plaintiff's Pretrial Witness List:

    1.    **Thomas Scott Ballock.** Thomas Scott Ballock is the son of Mr. Ballock and Defendant Ellen Ruth Costlow. Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403, to the extent that Mr. Ballock plans to elicit testimony from Thomas Scott Ballock that he was abused by Ms. Costlow or that Mr. Ballock was never violent or abusive and has been a good parent. Neither subject is relevant. None of Mr. Ballock's causes of action involve Ms. Costlow's abuse of her children, and this is not a divorce or custody proceeding; thus,

whether either Mr. Ballock or Ms. Costlow is a good parent is irrelevant. Furthermore, Mr. Ballock was arrested and charged for harassing Ms. Costlow; there were no allegations in the criminal matter that he was violent or physically abusive. While the FBI relied on physical abuse allegations when investigating and deciding whether to discharge Mr. Ballock, the discharge letters from the FBI make it clear that it obtained the allegations of abuse from emails and from Mr. Ballock's reaction to them; the FBI did not rely on testimony or statements from Ms. Costlow or Thomas Scott Ballock.

Any minimal probative value Thomas Scott Ballock's testimony could have on these subjects is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, wasting time, and needlessly presenting cumulative evidence, and thus it should be excluded under Federal Rule of Evidence 403 in addition to Rule 402. The jury does not need to see or hear a rehashing of issues litigated as part of Mr. Ballock and Ms. Costlow's contentious divorce and child custody proceedings in order to resolve Mr. Ballock's civil causes of action. Evidence that Ms. Costlow and/or Mr. Ballock were good or bad parents could easily encourage the jury to come to a finding based on unfair prejudice against one of the parties due to past and irrelevant behavior.

2.    **Summer Ballock.** Summer Ballock is Mr. Ballock and Ms. Costlow's daughter. For the same reasons Sgt. Kief objects to the testimony of Thomas Scott Ballock, he objects to the testimony of Summer Ballock pursuant to Federal Rules of Evidence 401, 402, and 403, to the extent that Mr. Ballock plans to elicit testimony from Summer Ballock that she was mistreated in any way by Ms. Costlow or that Mr. Ballock was never violent or abusive, has been a good parent, and has tried to protect his children from Ms. Costlow.

3.    **Dr. Christi Cooper-Lehki.** For the reasons set forth in "Defendants State Trooper Michael Kief and State Trooper Ronnie M. Gaskins's Motion *in Limine* No. 2 *(To Exclude Dr. Cooper-Lehki's Testimony, Evaluation, and Related Evidence)*" (ECF No. 150), Sgt. Kief objects to Mr. Ballock calling Dr. Cooper-Lehki and from seeking to elicit opinions from her, pursuant to Federal Rules of Evidence 401, 402, 403, 701, and 802, as well as Federal Rule of Civil Procedure 26 and Local Rule of Civil Procedure 26.01. Sgt. Kief hereby incorporate his Motion *in Limine* No. 2 here by reference.

4.    **Diane Halbritter.** Diane Halbritter is the counselor to Mr. Ballock and Ms. Costlow's two children. Mr. Ballock claims that Halbritter "collaborated closely with Dr. Cooper-Lehki, so this witness probably cannot add anything to what Dr. Cooper-Lehki has to say." For the same reasons Sgt. Kief objects to Mr. Ballock calling Dr. Cooper-Lehki as a witness, he also objects to Mr. Ballock calling Halbritter as a witness and from seeking to elicit opinions from her, pursuant to Federal Rules of Evidence 401, 402, 403, 701, and 802, as well as Federal Rule of Civil Procedure 26 and Local Rule of Civil Procedure 26.01. Sgt. Kief hereby incorporates his Motion *in Limine* No. 2 (ECF No. 150) here by reference; all arguments contained therein that apply to Halbritter, Sgt. Kief also asserts as objections to Mr. Ballock's use of Halbritter as a witness. Additionally, Sgt. Kief objects to Halbritter's testimony as inadmissible under Federal Rule of Evidence 403 to the extent that her testimony is needlessly cumulative and/or a waste of time.

B.    **Objections to Plaintiff's Pretrial Exhibit List**

Sgt. Kief objects to the following witnesses listed in Plaintiff's Pretrial Exhibit List. For ease of reference, Sgt. Kief has used the same numbers to identify the exhibits that Mr. Ballock used in his Pretrial Exhibit List.

1.      **Audio recording, transcript (by Scott Ballock) and accompanying text exchange of May 10, 2013.** (Attached as Exhibit 1.) Sgt. Kief objects on the basis of Federal Rules of Evidence 401, 402, 403, 404, 405, 608, 901, and 1002. Mr. Ballock describes the recording as containing Ms. Costlow's admission that she lied about being raped in Michigan and that she is clever and skilled at lying. Whether Ms. Costlow was raped in Michigan or has ever lied before is irrelevant to Mr. Ballock's causes of action, and any nominal relevancy the recording could have is substantially outweighed by the dangers of confusing the issues, misleading the jury, unfairly prejudicing the defendants, and wasting time. Thus, the recording is inadmissible under Rules 401, 402, and 403.

Furthermore, the recording, transcript, and accompanying text messages are inadmissible under Rules 404, 405, and 608 because Ms. Costlow's character or character trait is not an essential element of any of Mr. Ballock's causes of action, and the exhibit is extrinsic evidence that Mr. Ballock plans to use to prove specific instances of Ms. Costlow's conduct in order to attack her character for truthfulness and to prove that, on a particular occasion, she acted in accordance with a certain character or trait.

Sgt. Kief also objects on the basis that the recording (if one is produced) has not been authenticated pursuant to Rule 901; Sgt. Kief has no way to know whether the recording has been altered. Likewise, Mr. Ballock cannot show that the text message portion of this exhibit, which was purportedly obtained from a third party's cell phone, was actually made by Ms. Costlow. Similarly, Sgt. Kief objects to admission of Mr. Ballock's own "transcript" of the purported recording. Under Rule 1002, the original recording is required to prove its content, and Mr. Ballock has not proffered evidence that any of the exceptions to this rule applies.

2.      **Audio recording recovered from Kenny Ice's cell phone on March 6, 2013.**
Sgt. Kief objects under Federal Rules of Evidence 401, 402, 403, 404, 405, and 901. The
recording is of a call to 911. The sole purpose of this exhibit appears to be to unfairly prejudice
Defendants; a 911 call reporting a commotion, stating that Kenny Ice had a weapon, with the
sound of Ms. Costlow screaming and breaking dishes audible, is irrelevant to all issues the jury
must determine. Any relevance it could have is substantially outweighed by the dangers of unfair
prejudice to Defendants, confusing the issues, misleading the jury, and wasting time. Therefore,
the recording is inadmissible under Federal Rules of Evidence 401, 402, and 403. Additionally, it
appears that Mr. Ballock intends to use the recording to attack Ms. Costlow's character,
specifically, to show that on a particular occasion she acted in accordance with that character.
Such evidence is inadmissible under Rules 404 and 405; Ms. Costlow's character or character
trait is not an essential element of any of Mr. Ballock's claims. Sgt. Kief also objects on the basis
that the recording has not been authenticated pursuant to Rule 901; Sgt. Kief have no way to
know whether the recording has been altered or edited.

4.      **An email dated October 16, 2012.** (Attached as Exhibit 2.) Sgt. Kief objects
pursuant to Federal Rules of Evidence 401, 402, 403, 801, and 802. Mr. Ballock states that this
evidence shows that Ms. Costlow initiated calls to Mr. Ballock. The e-mail at issue describes a
purported call to Mr. Ballock regarding a medical condition with their daughter. If Ms. Costlow
contacted Mr. Ballock about a perceived medical emergency with their daughter, it has no
bearing on whether Mr. Ballock's other, insulting communications and unwanted attempts at
reconciliation were harassing. Any nominal relevance the email could have is substantially
outweighed by the dangers of confusing the issues, misleading the jury, and unfairly prejudicing
Defendants, and so the email should be excluded under Rules 401, 402, and 403.

The hearsay nature of the information contained in the email exemplifies the Rule 403 dangers that exist, as a jury could think that the email is evidence that Ms. Costlow initiated one or more calls to Mr. Ballock and thus invited communications with him, when really the email is not evidence that Ms. Costlow called Mr. Ballock but that Mr. Ballock stated that she had done so. The hearsay nature of the email also means that it should be excluded under Rules 801 and 802. The email contains Mr. Ballock's statements, which were not made while testifying at the current trial or hearing, that would be admitted for the truth of the matter asserted in the statement, that is, that Ms. Costlow initiated phone calls to Mr. Ballock. Unless circumstances described in Rule 801(d)(1) arise at trial, the email should be excluded as inadmissible hearsay.

5.      **Email exchange between Ellen Costlow and Scott Ballock dated January 31, 2013.** (Attached as Exhibit 3.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403. Mr. Ballock states that the emails demonstrate that his exchange with Ms. Costlow was "mutual, not unsolicited," but in the emails, the parties primarily discuss whether the children will go on a trip with Mr. Ballock and other schedules for the children, how Mr. Ballock and Ms. Costlow would do their taxes for the year, and the funds in the joint checking account. Those matters were not the grounds for the criminal charges, and this email exchange does not demonstrate that Ms. Costlow welcomed Mr. Ballock's harassment or that she also sought reconciliation. Therefore, the email exchange is irrelevant, and any probative value it could have is substantially outweighed by the dangers of confusing the issues, misleading the jury, wasting time, and unfairly prejudicing Defendants.

6.      **Audio recording recovered from Kenny Ice, Jr.'s cellphone . . . on March 6, 2013.** Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403. Although Mr. Ballock states in his disclosure that the recording is relevant to show "[t]he State Police were

partial to Ellen Ms. Costlow and acquiesced to her request not to write up the incident," the recording ends before the State Police arrived at the scene. Therefore, the recording is not evidence that the State Police were partial to Ms. Costlow or that they did anything at her request. However, if Mr. Ballock introduces the recording, of if he or his attorneys argue that the recording demonstrates partiality of the State Police, then time will be wasted and substantial dangers will exist that the issues will become confused, the jury will be misled, Sgt. Kief will be unfairly prejudiced because the recording is not evidence that the State Police was partial to Ms. Costlow, and Ms. Costlow will be unfairly prejudiced because the recording is of an argument she had that resulted in police intervention, but which is not relevant to any of Mr. Ballock's claims.

7.      **Text messages recovered from Kenny Ice's phone, dated April 23, 2013.** (Attached as Exhibit 4.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, 403, and 901. Mr. Ballock claims the texts show that Ms. Costlow "was not threatened" by Mr. Ballock but was instead "working her own campaign against him." The criminal charges underlying many of Mr. Ballock's causes of action were not for threatening Ms. Costlow but for harassing her. Therefore, the issues of whether Ms. Costlow felt threatened by Mr. Ballock and whether she was working on a campaign against him are irrelevant to the issues that the jury must decide at trial. Introduction of the text messages could easily confuse the issues or mislead the jury (for example, regarding the basis on which criminal charges were brought against Mr. Ballock), to the unfair prejudice of Sgt. Kief. Additionally, the text messages have not been authenticated pursuant to Rule 901 because it has not been established whether Ms. Costlow actually sent the texts or whether someone else sent them using her phone.

8.      **Email dated April 26, 2013 from Scott Ballock to Ellen Costlow.** (Attached as Exhibit 5.) Sgt. Kief objects pursuant to Federal Rules of Evidence 106, 401, 402, and 403. The email contains an attachment, and although the exhibit is a single email (not a thread of multiple emails), the text of the email begins, "I never read these emails," which presumably refers to the email's attachment. However, the attachment to the email is not part of the exhibit. Therefore, the exhibit is incomplete, and the context for the email is unclear. Because the exhibit is incomplete, it should be excluded under Rule 106.

Furthermore, the exhibit is irrelevant to all issues that the jury must resolve at trial, and any probative value it could have is substantially outweighed by the dangers of confusing the issues, misleading the jury, and unfairly prejudicing Defendants. The email is not probative of whether Mr. Ballock harassed Ms. Costlow (the basis for the criminal charges against him) or whether any of the parties made defamatory statements about Mr. Ballock, and it appears that Mr. Ballock seeks its admission because the tone and wording of the email makes it appear that he has Ms. Costlow's happiness in mind. What Mr. Ballock wanted for Ms. Costlow is irrelevant to all of Mr. Ballock's causes of action, including the issue of whether Sgt. Kief had cause to pursue charges against Mr. Ballock for harassing Ms. Costlow. All of Defendants would be unfairly prejudiced if Mr. Ballock is permitted to introduce irrelevant evidence intended only to make the jury like Mr. Ballock or some aspect of his motives. Introduction of the email also could easily confuse the issues or mislead the jury into thinking Mr. Ballock's thoughts or motives have some bearing on whether Defendants acted lawfully with regard to him. Therefore, the email should be excluded under Rules 401, 402, and 403.

9.      **Texts recovered from Kenny Ice's phone dated May 1, 2013.** (Attached as Exhibit 6.) Sgt. Kief objects pursuant to Federal Rule of Evidence 901. The text messages have

not been authenticated pursuant to Rule 901 because it has not been established whether Ms. Costlow actually sent the texts or whether someone else sent them using her phone.

10.     **A May 9, 2013 email from Scott [Plaintiff] to Ellen [Costlow].** (Attached as Exhibit 7.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, 403, 801, and 802. Mr. Ballock claims that the email is evidence that Ms. Costlow "was initiating communications," specifically, communications about their daughter's trip out of state. In the email, Mr. Ballock complained to Ms. Costlow about her alleged repeated late-night calls and texts. Mr. Ballock's email is thus hearsay; it is an out-of-court statement offered for its truth; that is, that Ms. Costlow was initiating communications with Mr. Ballock shortly after Ms. Costlow's attorneys sent a cease and desist letter to Mr. Ballock. Unless circumstances described in Rule 801(d)(1) arise at trial, the email should be excluded as inadmissible hearsay under Rules 801 and 802.

Additionally, the email should be excluded under Rules 401 and 402 as irrelevant because it is not evidence that Sgt. Kief improperly pursued criminal charges against Mr. Ballock or that any of Defendants defamed Mr. Ballock or interfered with his employment. Even if it is true that Ms. Costlow wished to discuss their daughter's trip out of state, her communication with Mr. Ballock is not evidence that Ms. Costlow, despite her numerous protests, welcomed Mr. Ballock's other communications, many of which were insulting and of a harassing nature, in the year following their separation. The sole purpose of introducing the email would be to unfairly prejudice Defendants, to confuse the issues, and to mislead the jury, and so it should also be excluded under Rule 403.

12.     **A June 1, 2013 email from [Plaintiff] Scott to Ellen [Costlow] responding to a phone conversation she initiated to [Plaintiff] Scott.** (Attached as Exhibit 8.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, 403, 801, and 802. Mr. Ballock claims that the

email is evidence that Ms. Costlow initiated a phone call to Mr. Ballock about the potential that she was making a mistake and "wanted to be reminded of the good things in the marriage." Mr. Ballock's email is thus hearsay; it is an out-of-court statement offered for the truth of the matter asserted; that is, that Ms. Costlow initiated a phone call with Mr. Ballock to discuss their marriage and the potential that she was making a mistake. Unless circumstances described in Rule 801(d)(1) arise at trial, the email should be excluded as inadmissible hearsay under Rules 801 and 802.

Additionally, the email should be excluded under Rules 401 and 402 as irrelevant because it is not evidence that Sgt. Kief improperly pursued criminal charges against Mr. Ballock or that any of Defendants defamed Mr. Ballock or interfered with his employment. Even if it is true that Ms. Costlow wished to discuss the marriage and the possibility that she was making a mistake, her communication with Mr. Ballock is not evidence that Ms. Costlow, despite her numerous protests, welcomed Mr. Ballock's other communications, many of which were insulting and harassing in nature, in the year following their separation. The sole purpose of introducing the email would be to unfairly prejudice Defendants, to confuse the issues, and to mislead the jury, and so it should also be excluded under Rule 403.

13.    **Family Court emergency order entered June 11, 2013.** (Attached as Exhibit 9.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403. Mr. Ballock wishes to introduce this exhibit because it "[a]ddresses the inappropriate circumstances to which Ellen Costlow had been exposing her daughter." However, the circumstances to which Ms. Costlow had been exposing her daughter are irrelevant to any issues that the jury must decide and thus should be excluded under Rules 401 and 402. Whether Ms. Costlow exposed her daughter to inappropriate circumstances does not change the fact that Mr. Ballock harassed Ms. Costlow

with his voluminous, insulting e-mails and text messages, despite Ms. Costlow's repeated requests that he stop doing so. Nor is it relevant to whether any Defendants interfered with his employment or defamed him. Thus, the sole purpose of introducing evidence of Ms. Costlow's treatment of her daughter would be to confuse the issues, mislead the jury, and unfairly prejudice Defendants, all of which are dangers that substantially outweigh any probative value the evidence could have.

**15. A July 2, 2013 email from [Plaintiff] Scott to Ellen [Costlow] asking her to stop asking [Plaintiff] Scott to send her love to his mother."** (Attached as Exhibit 10.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, 403, 801, and 802. Mr. Ballock claims that the email shows that Ms. Costlow "was still calling and talking about reconciliation." Mr. Ballock's email is thus hearsay; it is an out-of-court statement offered for its truth; that is, that Ms. Costlow asked Mr. Ballock to send her love to his mother (and, according to Mr. Ballock's Pretrial Exhibit List, that Ms. Costlow was still "talking about reconciliation"). (In fact, in the email, there is no mention that Ms. Costlow was seeking reconciliation, but rather, the opposite.) Unless circumstances described in Rule 801(d)(1) arise at trial, the email should be excluded as inadmissible hearsay under Rules 801 and 802.

Additionally, the email should be excluded under Rules 401 and 402 as irrelevant because it is not evidence that Sgt. Kief improperly pursued criminal charges against Mr. Ballock or that any Defendants defamed Mr. Ballock or interfered with his employment. Indeed, the email is not even evidence that Ms. Costlow was considering reconciliation, and it is certainly not evidence that Ms. Costlow, despite her numerous protests, welcomed Mr. Ballock's numerous communications in the year following their separation. The sole purpose of

11

introducing the email would be to unfairly prejudice Defendants, to confuse the issues, and to mislead the jury, and so it should also be excluded under Rule 403.

16.     **The Call Summary Report of August 12, 2013 obtained from the Monongalia County Sheriff's Office.** (Attached as Exhibit 11.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, 403, 801, and 802. Mr. Ballock claims that the report shows that Mr. Ice believed that Ms. Costlow was having an affair with Trooper Berry.  The report is thus hearsay; it is an out-of-court statement offered for its truth, that is, that Mr. Ice believed Ms. Costlow was having an affair with Trooper Berry. Unless circumstances described in Rule 801(d)(1) arise at trial, the email should be excluded as inadmissible hearsay under Rules 801 and 802.

Additionally, the report should be excluded under Rules 401 and 402 as irrelevant because it is not evidence that Sgt. Kief improperly pursued criminal charges against Mr. Ballock or that any Defendants interfered with his employment. Indeed, this report involves a response by the Monongalia County Sheriff's Department, not the State Police. The sole purpose of introducing the report would be to unfairly prejudice Defendants, to confuse the issues, and to mislead the jury into thinking that Sgt. Kief was in some way partial to Ms. Costlow or to lower Ms. Costlow in the eyes of the jury, and so it should also be excluded under Rule 403.

17.     **Audio recording from Kenny Ice's cell phone on August 12, 2013, when the Monongalia County Sheriff's Department responded to [Costlow's] residence.** Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, 403, 801, and 802. Mr. Ballock claims that, in the recording, Ms. Costlow can be heard asking 911 for Trooper Berry, saying that he had been at the house earlier that day, and saying she had his cell phone number. The recording should be excluded under Rules 401 and 402 as irrelevant because it is not evidence that Sgt. Kief improperly pursued criminal charges against Mr. Ballock or that any Defendants interfered

with his employment; indeed, Mr. Ballock was not involved in the incident that the Sheriff's Department responded to at Ms. Costlow's residence. The sole purpose of introducing the recording would be to unfairly prejudice Defendants, to confuse the issues, and to mislead the jury into thinking that Sgt. Kief was in some way partial to Ms. Costlow or to lower Ms. Costlow in the eyes of the jury, and so it should also be excluded under Rule 403.

The recording should also be excluded as hearsay under Rules 801 and 802. Mr. Ballock wishes to use the recording to establish the truth of the matter asserted therein; that is, that Trooper Berry had been to Ms. Costlow's house earlier that day. As the recording constitutes a statement made out of court to establish the truth of the matter asserted, it is inadmissible hearsay.

18.     **An undated selfie photo of Ellen [Costlow] in a black jacket.** (Attached as Exhibit 12.) Sgt. Kief objects pursuant to Federal Rules of Evidence 106, 401, and 402. Mr. Ballock indicates that Ms. Costlow somehow provided him with the photo and that he responded by sending his own selfie, which Ms. Costlow then took to the police. However, no correspondence from Ms. Costlow attaching the is included in the exhibit. The photo could have been taken at any time and provided to Mr. Ballock by anyone at any time, even by Mr. Ballock himself. The exhibit is incomplete, and the context of the photo is unclear. Therefore, the photo should be excluded under Rule 106. Furthermore, the photo is irrelevant to all issues that the jury must resolve at trial; the photo makes it no more or less probable that Sgt. Kief unlawfully pursued criminal charges against Mr. Ballock or that any Defendants unlawfully interfered with his employment. Therefore, the email should be excluded under Rules 401 and 402.

19.     **An undated photo of Ellen [Costlow] smiling and holding a power drill.** (Attached as Exhibit 13.) For the same reasons Sgt. Kief objected to Plaintiff's Exhibit No. 18,

he objects to Plaintiff's Exhibit No. 19 pursuant to Federal Rules of Evidence 106, 401, and 402. The exhibit is incomplete, and the photograph is irrelevant.

23.     **Family Court order entered September 20, 2013.** (Attached as Exhibit 14.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403. In the order, the Family Court judge noted that he thought Mr. Ballock's arrest was conducted at a Family Court hearing because Ms. Costlow wished to gain a tactical advantage, but the judge was not aware that the arrest at Family Court had been coordinated with the FBI, which agreed with the plan due to safety concerns. Regardless, the Family Court order is irrelevant to any issues that the jury must decide in this civil action. Whether Ms. Costlow could have presented her concerns to Family Court rather than, or in addition to, going to the police with her concerns about Mr. Ballock's harassment is irrelevant to a determination of whether Ms. Costlow and Sgt. Kief had proper grounds on which to pursue criminal charges against Mr. Ballock or whether they unlawfully interfered with his employment. The sole purpose of introducing the Family Court order would be to unfairly prejudice the jury against Defendants, confuse the issues, and mislead the jury.

24.     **Kevin Tipton's letter of September 20, 2013 to Judge Minor.** (Attached as Exhibit 15.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401 and 402. Whether Mr. Tipton knew of the plan to arrest Mr. Ballock on September 13, 2013 is irrelevant to any issue that the jury must decide in this matter, and thus it should be excluded. Mr. Tipton was Ms. Costlow's attorney during the couple's divorce. His knowledge or lack of knowledge about Mr. Ballock's arrest is of no consequence. The irrelevance of Mr. Tipton's knowledge or belief is demonstrated by the fact that no witness identified him as a witness in this matter.

25.     **Dismissal and settlement documents executed and entered February 14, 2014 in the civil action filed by Ellen Costlow against Tom Ballock.** (Attached as Exhibit 16.) Sgt.

Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403. Mr. Ballock's Pretrial Exhibit List suggests that Ms. Costlow "was incensed that she achieved nothing in this lawsuit and worked all the harder on pushing the police and prosecutor in the criminal case against" Mr. Ballock. However, the dismissal and settlement documents have no relevance to any issue that the jury must decide in this matter. The details of the dismissal and settlement of Ms. Costlow's lawsuit against a non-party have no probative value regarding whether Sgt. Kief improperly pursued criminal charges against Mr. Ballock or whether Defendants unlawfully interfered with Mr. Ballock's employment. However, if the jury is presented with evidence about a past lawsuit involving Ms. Costlow, it could become unfairly prejudiced against her or draw unwarranted conclusions about her character and her credibility as a litigant. The dangers of wasting time and confusing the issues also substantially outweigh any probative value the evidence could have.

27.     **Family Court order entered July 25, 2014, terminating Ellen Costlow's custodial rights, with her agreement.** (Attached as Exhibit 17.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403. The order terminating Ms. Costlow's custodial rights has no relevance to any issue that the jury must decide in this matter; rather, it appears that Mr. Ballock is attempting rehash his divorce proceedings in this Court. The order makes it no more or less probable that Mr. Ballock was defamed by Defendants, that Sgt. Kief improperly pursued criminal charges against Mr. Ballock, or that Defendants interfered with Mr. Ballock's employment. However, if the jury is presented with evidence that Ms. Costlow lost her custodial rights or that she agreed to that arrangement, it could become unfairly prejudiced against her and against Sgt. Kief due to an unwarranted conclusion about Ms. Costlow's character or credibility (although Sgt. Kief relied on physical evidence when it pursued criminal charges against Mr. Ballock). The dangers of wasting time, confusing the issues, and misleading the jury (for

15

example, into thinking that Ms. Costlow's fitness as a parent is related to her liability in this civil action) all substantially outweigh any probative value the evidence could have.

28.     **The undated report prepared by Dr. Cooper-Lehki concerning her investigation.**[1] For the reasons set forth in "Defendants State Trooper Michael Kief's Motion *in Limine* No. 2 *(To Exclude Dr. Cooper-Lehki's Testimony, Evaluation, and Related Evidence)*" (ECF No. 150), Sgt. Kief objects to the introduction of this evidence, pursuant to Federal Rules of Evidence 401, 402, 403, 701, and 802, as well as Federal Rule of Civil Procedure 26 and Local Rule of Civil Procedure 26.01. Sgt. Kief hereby incorporate his Motion *in Limine* No. 2 here by reference.

33.     **The expungement order entered July 13, 2016.** (Attached as Exhibit 18.)  Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, and 403. The expungement order is irrelevant. It is not proof that Defendants improperly pursued criminal charges of harassment against Mr. Ballock or that Defendants interfered with Mr. Ballock's employment. It also is not proof that Mr. Ballock was or is "right" about anything or that Defendants were or are "wrong" about anything. In fact, the expungement order had not yet been entered when Sgt. Kief spoke to the FBI; thus, he was not prohibited from speaking about the charges. Furthermore, Mr. Ballock has waived the benefit of the expungement of his criminal record by bringing this lawsuit and making the fact that he faced criminal charges a part of the public record again. Introduction of the expungement order would only serve to confuse the issues and mislead the jury into thinking that Mr. Ballock was "right" all along, Defendants were "wrong" all along, and thus Defendants must be liable to Mr. Ballock in this civil action, to the severe and unfair prejudice to all of Defendants. Mr. Ballock is not entitled to a jury verdict or damages simply because his criminal

---

[1] Due to the extremely sensitive nature of this document, a copy has not been attached as an exhibit to these objections. A copy previously has been provided to the Court for *in camera* review, prior to the Court's order granting Plaintiff's request for declaratory judgment (ECF No. 54).

records were expunged. Introduction of and resultant testimony about such irrelevant evidence would also waste time.

35.     **June 17, 2019 letter from Scott Ballock addressed to the [FBI] Office [of] Professional Responsibility.** (Attached as Exhibit 19.) Sgt. Kief objects pursuant to Federal Rules of Evidence 401, 402, 403, 404, 405, 608, 801, and 802. Mr. Ballock's letter points out to the FBI instances in Ms. Costlow's deposition that he claims show that she is dishonest. The letter is thus hearsay; it contains a number out-of-court statements that would be offered for their truth, that is, that Ms. Costlow is untrustworthy. Mr. Ballock may dispute Ms. Costlow's statements at trial through cross examination and through his own testimony, and the jury will come to its own credibility determinations. Unless circumstances described in Rule 801(d)(1) arise at trial, the email should be excluded as inadmissible hearsay under Rules 801 and 802.

Additionally, the letter should be excluded under Rules 401 and 402 as irrelevant because it is not evidence that Sgt. Kief improperly pursued criminal charges against Mr. Ballock or that any Defendants interfered with his employment. Rather, it evidences that Mr. Ballock took the position with the FBI that Ms. Costlow was shown to be a dishonest and untrustworthy witness at her deposition. The sole purpose of introducing the letter would be to unfairly prejudice Defendants, to confuse the issues, to mislead the jury, and to attack Ms. Costlow's character for truthfulness by using specific instances of conduct although her character is not an essential element of any of Mr. Ballock's claims. Therefore, the letter should also be excluded under Rules 403, 404, and 405.

Dated this 9th day of December, 2019.

Respectfully submitted,

*/s/ Mark G. Jeffries*

Mark G. Jeffries         (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000

mark.jeffries@steptoe-johnson.com

Montè L. Williams    (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendant*
*State Trooper Michael Kief*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

        Plaintiff,

v.                                                              CIVIL ACTION NO.: 1:17-CV-52
                                                                Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
and STATE TROOPER RONNIE M.
GASKINS.

        Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of December, 2019, I electronically filed the foregoing "Defendant State Trooper Michael Kief's Objections to Plaintiff's Final List of Witnesses and Exhibits" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Charles J. Crooks, Esquire
        Crooks Law Firm PLLC
        244 Pleasant Street
        Morgantown, WV 26505
        *Counsel for Plaintiff*

        P. Todd Philips, Esquire
        Lyons Phillips Legal Group PLLC
        141 Walnut Street
        Morgantown, WV 26505
        *Counsel for Defendant Ellen Ruth Costlow*

        *s/ Mark G. Jeffries*
        Mark G. Jeffries      (WV Bar No. 11618)
        STEPTOE & JOHNSON PLLC
        400 White Oaks Boulevard
        Bridgeport, WV 26330-4500
        (304) 933-8000
        mark.jeffries@steptoe-johnson.com

Montè L. Williams     (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendant*
*State Trooper Michael Kief*

20

7372878