UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**

    Plaintiff,

v.

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,
**STATE TROOPER RONNIE M. GASKINS**,
and
**STATE TROOPER CHRIS BERRY**,

    Defendants.

Case No.: 1:17-CV-52
**Honorable Irene M. Keeley**

JURY TRIAL REQUESTED

_____

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

1

<u>REQUEST NO. 1:</u>   Please produce any and all documents, photographs, recordings and other tangible things which relate in any way whatsoever to the allegations made by you in the Third Amended Complaint.

<u>RESPONSE:</u>  Plaintiff will produce responsive documents.

<u>REQUEST NO. 2:</u>   Please produce all notes, calendars, diaries, personal correspondence and other documents (not protected by the attorney-client privilege) that you maintained or prepared that document, support, or relate to the claims and causes of action alleged by you in the Third Amended Complaint.

<u>RESPONSE:</u>  Plaintiff objects to the extent the request calls for materials protected by the work product doctrine. Subject to this objection, Plaintiff will produce responsive documents.

<u>REQUEST NO. 3:</u>   Please produce any and all documents or tangible things that you reasonably expect to proffer as exhibits at the trial of this case.

<u>RESPONSE:</u>  Plaintiff will produce responsive documents to the extent identified for introduction at trial.

<u>REQUEST NO. 4:</u>   Please produce any and all documents or tangible things that you reasonably expect to use for demonstrative purposes at the trial of this case.

<u>RESPONSE:</u>  Plaintiff will produce responsive documents to the extent identified for introduction at trial.

<u>REQUEST NO. 5:</u>   Please produce any and all documents and things that you have provided or plan to provide to an expert witness whose opinion you intend to introduce into evidence at the trial of this case.

<u>RESPONSE:</u>  Plaintiff will produce responsive documents as required under the Federal Rules

of Civil Procedure Rule 26.

REQUEST NO.6: Please produce all statements, signed or unsigned, including affidavits and all transcripts of recorded statements and/or interviews, of any person or witness, relating to, referring to, or describing any of the events, damages, or injuries alleged in the Third Amended Complaint.

RESPONSE: Plaintiff objects to this request as vague and failing to adequately identify what documents it seeks, and to the extent that it calls for attorney-client or work product privileged information. Subject to these objections, Plaintiff will produce responsive documents to the extent they can be identified.

REQUEST NO. 7: Please produce a copy of any and all statements you, or anyone acting on your behalf, have made, either in writing or orally other than your attorney, concerning the facts of this matter.

RESPONSE: Plaintiff objects to this request as vague and failing to adequately identify what documents it seeks, and to the extent that it calls for information covered by the work product doctrine. Subject to these objections, Plaintiff will produce responsive documents to the extent they can be identified.

REQUEST NO. 8: Please produce a copy of all documents, records, reports, correspondence, images, x-rays. MRls, CT scans, invoices, writings of any kind, and recordings of any kind that relate to medical care, treatment, consultations, and evaluyations that you received as a result of the incidents described in the Third Amended Complaint. This request encompasses but is not limited to documents, records, images and invoices that reflect medical treatment, or evaluations provided to you as well as medications prescribed to you by health care providers, physicians, nurses, chiropractors, therapists or emergency medical technicians. Alternatively, please return a fully executed original of the medical records

3

release attached as Exhbiit 1 so that the State Police Defendants can obtain a copy of all documents and materials covered under the release.

RESPONSE: Plaintiff will provide a medical records release with all production subject to the protective order and appropriately limited.

REQUEST NO. 9: Please produce copies of any and all bills, invoices, statements, records and other papers indicative of any expense you contend is recoverable in this action.

RESPONSE: Plaintiff objects to this request as overbroad and vague in seeking any "papers" or "records" that are "indicative" of expenses. Subject to this objection, Plaintiff will produce responsive documents concerning expenses.

RF.OUEST NO. 10: Please produce a copy of all documents, records, reports, correspondence, notes, invoices, writings of any kind, and recordings of any kind that relate to mental health care, treatment, counseling, and evaluations that you have received at any time within the last ten years. This request encompasses but is not limited to documents, records, and invoices that reflect psychological, psychiatric or emotional care, treatment, counseling or evaluations provided to you, as well as medications that you have been prescribed. Alternatively, please return a fully executed original of the medical and mental health records releases attached as Exhibits 1, 2 and 3 so that the State Police Defendants may obtain a copy of all documents and materials covered under the releases.

RRSPONSE: Plaintiff will provide a medical records release with all production subject to the protective order and appropriately limited.

REQUEST NO. 11: Please provide complete prescription records from any and all pharmacies of any kind from which you have obtained prescription medications for the last 10 years. In the alternative please execute the attached medical records release attached as Ehixbit 1 so that the State Police Defendants may obtain those records.

RESPONSE: Plaintiff will provide a medical records release with all production subject to the

4

protective order and appropriately limited.

REQUEST NO. 12: Please provide a copy of any and all correspondence, forms, letters, memos, e-mails or any other documents or tangible things which you have sent to or received from Medicare, Medicade, or any other government agency relating to treatment for injuries that are the subject of this case.

RESPONSE: Plaintiff will produce responsive documents, if any.

RRQUEST NO. 13: Please produce all the evidence that allegedly corroborates your contention that Trooper Berry was having a romantic relationship with Ms. Costlow as set forth in Paragraph 26 of the Third Amended Complaint.

RESPONSE: Plaintiff will produce responsive documents.

REQUEST NO. 14: Please produce all documents that support your allegation that Trooper Berry was conducting surveillance of you and your parents, as set forth in Paragraph 31 of the Third Amended Complaint.

RESPONSE: Plaintiff will produce responsive documents.

REQUEST NO. 15: Please produce all documents reflecting information retrieved from Kenny Ray Ice, Jr.'s cell phone, as set forth in Paragraph 61 of the Third Amended Complaint.

RESPONSE: Plaintiff objects to the request as overbroad and vague in seeking anything "reflecting information" which would include pleadings in this case as well as privileged and work product communications. Plaintiff will produce the information retrieved from Ice's cell phone.

REQUEST NO. 16: Please produce complete copies of all emails and text

5

messages referred to or quoted in the Third Amended Complaint

RESPONSE : Plaintiff will produce responsive documents.

REQUEST NO. 17: Please produce a complete, unedited copy of the "recovered audio recording " referred to in Paragraph 86 of the Third Amended Complaint.

RESPONSE: Plaintiff will produce responsive documents.

REQUEST NO. 18: Please produce all documents relating any "negative repercussions, you suffered at your employment, including but not limited to all documents that refer to or relate to your termination from employment on September 25, 2017, as set forth in Paragraphs 124-125 of the Third Amended Complaint.

RESPONSE: Plaintiff objects to the request as overbroad and vague, as well as duplicative of the requests already sent to the FBI. Plaintiff will work with counsel for Defendants to identify and produce responsive documents, if any, to the extent not already produced.

REQUEST NO. 19: Please produce all "recovered communications between Ballock and Costlow" referred to in Paragraphs 128-132 of the Third Amended Complaint.

RESPONSE: Plaintiff will produce responsive documents.

REQUEST NO. 20: Please produce a copy of the 911 recording referred to in paragraph 146 of the Third Amended Complaint.

RESPONSE: Plaintiff will produce responsive documents.

REQUEST NO. 21: Please produce all documents that support your allegation that the State Police Defendants conspired with Ms. Costlow to arrest you in order to assist her during the Family Court proceedings between you and Ms. Costlow.

RESPONSE.: Plaintiff will produce responsive documents.

REQUEST NO. 22: Please produce all documents that support your claim that the State Police Defendants tortuously interfered with your employment as set forth in Count Ten of the Third Amended Complaint.

RESPONSE: Plaintiff will produce responsive documents.

REQUEST NO. 23: Please produce a copy of any and all communications, Including but not limited to letters, e-mails and text messages between you or your attorneys and Tom Ballock. which are related to or mention any of the State Police Defendants or are related to any of the allegations in the Third Amended Complaint.

RESPONSE:  Plaintiff objects to the request as vague and overbroad in seeking communications between attorneys and Tom Ballock, and seeking any and all communications with Tom Ballock without limitation other than "related to" or "mention any" of the Defendants.

REQUEST NO. 24:  Please produce a copy of any and all documents, photographs, audiotapes, and videotapes identified, reviewed, referenced, or relied upon by you in formulating answers to "Defendants State Trooper Michael Kief, State Trooper, Ronnie M. Gaskins and State Trooper Chris Berry's First Set of Interrogatories to Plaintiff that have not been previously identified in response to these Requests for Production.

RESPONSE:  Plaintiff will produce responsive documents.

REQUEST NO. 25: Please produce a copy of all documents that you have collected or maintained that you contend can prove or substantiate the allegations in the Third Amended Complaint and that have not otherwise been produced in response to these document requests.

RESPONSE:  Plaintiff objects to the request as vague, overbroad and unclear.  Subject to this objection, Plaintiff incorporates its responses and objections to all the requests herein.

7

REQUEST NO. 26: Please produce your federal and state income tax returns for calendar years 2012, 2013, 2014, 2015, and 2016, as well as your 2017 federal and state Income tax returns when they are prepared.

RESPONSE: Plaintiff objects to the request to the extent it seeks confidential information, and is overbroad. Nevertheless, Plaintiff will produce these tax returns as "confidential" subject to the protective order.

REQUEST NO.27: Please produce any and all documents reflecting any fringe benefits that you received in 2012, 2013, 2014, 2015, 2016, and 2017.

RESPONSE: Plaintiff objects to the request as vague, and states he has produced information relating to income as well as tax returns.

REQUEST NO. 28 Please produce all documents which reflect your income thus far for 2018.

RESPONSE: Plaintiff objects to the request as overbroad and vague. Subject to the objection, Plaintiff will produce documents that show income.

REQUEST NO. 29: Please produce any and all documents related to your search for and/or attainment of employment from September 25, 2017 to present.

RESPONSE: Plaintiff objects to the request as overbroad and vague, and seeking information that is not relevant, in asking for anything related to the "search for" employment. Subject to these objections, Plaintiff has produced documents regarding his employment.

REQUEST NO. 30: Please produce any documents relating to any employment you have held since September 25, 2017, including copies of any employment contracts, offer letters, pay stubs, documents reflecting employee benefits that you are receiving and any employee

8

handbooks.

RESPONSE: Plaintiff objects to the request as overbroad and vague in seeking "any documents" that are "relating" to any employment, including "employee handbooks." The request likewise seeks irrelevant information and will not lead to the discovery of relevant information. Subject to these objections, Ballock has produced information regarding his current employment.

REQUEST NO.31: Please produce any documents, including email, text or other social media messages, photographs or recordings in your possession, custody or control related to the State Police Defendants in any way.

RESPONSE: Plaintiff objects to the request as overbroad and vague, including because everything about Scott Ballock's life has been impacted by the conduct of Defendants. Plaintiff likewise objects to the request as duplicative of the requests above. Subject to this objection, Plaintiff will produce the documents requested as specified in responses to 1-30 and certain documents relating to the State Police Defendants will be produced.

May 21, 2018:

/s_____
Frederick R. Juckniess
Juckniess Law Firm PLC
302 E. Liberty St., Suite 203
Ann Arbor, MI 48104
Phone: 734) 707-1515
Rick@juckniesslaw.com