IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT T. BALLOCK,

        **Plaintiff,**

v.                                        CIVIL ACTION NO. 1:17CV52
                                               (Judge Keeley)

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M. GASKINS,
and STATE TROOPER CHRIS BERRY,

        **Defendants.**

MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

## I. BACKGROUND[1]

On April 6, 2017, the plaintiff, Scott T. Ballock ("Ballock"), filed a pro se complaint pursuant to 42 U.S.C. § 1983, naming his former spouse, Ellen Ruth Costlow ("Costlow"), and West Virginia State Troopers Michael Kief ("Kief"), Ronnie M. Gaskins ("Gaskins"), and Chris Berry ("Berry") (collectively, "the State Troopers") as defendants. Ballock's claims stemmed in large part from his arrest in September 2013 in Monongalia County, West Virginia, when the State Troopers allegedly conspired with Costlow to arrest Ballock as part of a long-running family court dispute.

After more than two years of litigation, only Costlow and Kief remained as defendants in the case on December 20, 2019. At the time, the Court granted Kief's motion for summary judgment, granted

---

[1] A detailed summary of the facts can be found in the Court's December 23, 2019 Memorandum Opinion and Order (Dkt. No. 164).

BALLOCK V. COSTLOW, ET AL.                                      1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

in part Costlow's motion for summary judgment, dismissed with prejudice Ballock's § 1983 claims and dismissed without prejudice his remaining state law claims (Dkt. No. 163).[2]

Thereafter, on January 6, 2020, the State Troopers moved for an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988 (Dkt. No. 165). Ballock opposed such an award (Dkt. No. 167). After hearing oral argument, and for the reasons discussed below, the Court **GRANTED** the motion (Dkt. No. 165), but reserved its determination regarding the amount of fees to be awarded.

### II. THE PARTIES' CONTENTIONS

The State Troopers contend that the Court should grant them an award of attorneys' fees and costs because Ballock subjected them to two-plus years of litigation based on frivolous, unreasonable, or groundless claims (Dkt. No. 165). In support, they contend that, by the time Ballock filed his second amended complaint, he was well aware that his claims for abuse of process (Counts One and Four), malicious prosecution (Counts Two and Five), right to seek redress in court (Count Three), conspiracy (Count Six), defamation (Count

_____

[2] Three days later, on December 23, 2019, the Court entered an Amended Memorandum Opinion and Order for only editorial purposes (Dkt. No. 164 at 1 n.1).

BALLOCK V. COSTLOW, ET AL.                                    1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

Seven), slander (Count Eight), intentional infliction of emotional distress (Count Nine), tortious interference with an employment contract (Count Ten), and "color of law" (Count Fourteen) were frivolous, unreasonable, or groundless and part of an ongoing effort to harass them. Id.

Ballock acknowledges that the Court has the discretion to award attorneys' fees and costs, but proffers that he is not a wealthy man and insists this litigation resulted from difficult circumstances and was pursued in good faith (Dkt. No. 167). During oral argument, he asserted that, at the very least, he should not be subject to attorneys' fees that the State Troopers incurred at the motion-to-dismiss stage of the litigation where he largely succeeded on the merits.

### III. DISCUSSION

Because Ballock reserved his objection to timeliness (Dkt. No. 167 at 3), the Court turns first to whether the State Troopers' motion for attorneys' fees and costs is timely.

A.    **The Motion is Timely**

The Court entered its Memorandum Opinion and Order disposing of the remainder of this case in its entirety on December 20, 2019 (Dkt. No. 163). Thus, at first glance, the motion for attorneys'

BALLOCK V. COSTLOW, ET AL.                                    1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

fees and costs filed on January 6, 2020, appears untimely. See Fed.
R. Civ. P. 54(d)(2)(B) (requiring motions for attorneys fees "to be
filed no later than 14 days after entry of judgment"). Indeed, the
State Troopers appear to concede as much, explaining in their
motion that, because of holiday vacation, "counsel . . . was not
able to confer with the representatives of the liability insurance
carrier in order to file this motion prior to January 6, 2020"
(Dkt. No. 165 at 4 n.3).

     The State Troopers' motion is, in fact, timely. Federal Rule
of Civil Procedure 54(d)(2)(B) states that, "[u]nless a statute or
a court order provides otherwise," a motion for attorneys' fees
"must . . . be filed no later than 14 days after the entry of
judgment." Under Rule 58(a), "[e]very judgment and amended judgment
must be set out in a separate document" unless it involves five
exceptions that do not apply to this case. Fed. R. Civ. P. 58(a).
Because a separate document was required here, the judgment is
"entered" when (A) "it is set out in a separate document" or (B)
"150 days have run from the entry in the civil docket," whichever
is earlier. Fed. R. Civ. P. 58(c)(2).

     The Court's December 20, 2019 Memorandum Opinion and Order did
not direct the Clerk to enter a separate judgment order in favor of

BALLOCK V. COSTLOW, ET AL.                                1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

the defendants (Dkt. No. 163 at 48).[3] Because no separate judgment order was entered by the Clerk, the judgment is considered "entered" when "150 days have run from the entry in the civil docket." Fed. R. Civ. P. 58(c)(2)(B). Thus, the judgment in this case was considered "entered" on Monday, May 18, 2020, 150 days after the filing of the Court's Memorandum Opinion and Order on December 20, 2019. Therefore, because Rule 54(d)(2)(B) requires the prevailing party to move for attorneys' fees "no later than 14 days after the entry of judgment," the instant motion was filed long before the entry of judgment in this case and is timely. Fed. R. Civ. P. 54(d)(2)(B).

The fact that the movants include Gaskins and Berry, who were terminated from this litigation before the Court disposed of all remaining claims on December 20, 2019, does not alter this conclusion. Rule 54(b) states:

> When an action presents more than one claim
> for relief--whether as a claim, counterclaim,
> crossclaim, or third-party claim--or when

---

[3] It is worth noting that the Court need not direct the Clerk to do so. Under Federal Rule of Civil Procedure 58(b)(1), "[s]ubject to Rule 54(b) and unless the court orders otherwise, the clerk <u>must, without awaiting the court's direction</u>, promptly prepare, sign, and enter the judgment when . . . the court denies all relief." (emphasis added). Here, there is no dispute that the Court's December 20, 2019 Memorandum Opinion and Order denied all remaining relief.

BALLOCK V. COSTLOW, ET AL.                                    1:17CV52

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]**

>           multiple parties are involved, the court may
>           direct entry of a final judgment as to one or
>           more, but fewer than all, claims or parties
>           only if the court expressly determines that
>           there is no just reason for delay. Otherwise,
>           any order or other decision, however
>           designated, that adjudicates fewer than all
>           the claims or the rights and liabilities of
>           fewer than all the parties does not end the
>           action as to any of the claims or parties and
>           may be revised at any time before the entry of
>           a judgment adjudicating all the claims and all
>           the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Although the Court had the discretion to enter separate judgment orders in favor of Gaskins and Berry before the litigation concluded in full, it chose not to do so.[4] And because their dismissals "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties," it did not end the action and could have been "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," which occurred on December 20, 2019. Fed. R. Civ. P. 54(b). Thus, the judgment was "entered" as to all defendants on the same day, Monday, May 18, 2020, pursuant to Rule 58(c)(2)(B).

---

[4] Indeed, because of the importance of preventing piecemeal appeals of a case, Rule 54(b) "certifications" are the exception rather than the norm and are generally disfavored in the Fourth Circuit. CapitalSource Fin., LLC v. Delco Oil, Inc., 608 F. Supp. 2d 655, 668 (D. Md. 2009).

BALLOCK V. COSTLOW, ET AL.                              1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

Having established that the State Troopers' motion for attorneys' fees and costs was timely filed, the Court turns to the merits of the motion.

## B.   The State Troopers are Entitled to Costs

Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." To overcome this presumption, "a district court must justify its decision to deny costs by articulating some good reason for doing so." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (cleaned up). For some courts, "only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." Cherry, 186 F.3d at 446 (citation omitted).

The United States Court of Appeals for the Fourth Circuit, however, has recognized the relevance of additional factors, "such as their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided." Id. It also has noted that a "losing party's good faith in pursuing an action is a 'virtual prerequisite' to receiving relief from the normal operation of Rule 54(d)(1) . . .

BALLOCK V. COSTLOW, ET AL.                                1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

." <u>Id.</u>

Ballock has conceded the Court's discretion to award costs to the prevailing party and does not dispute the reasonableness of the $5,715.79 outlined in the State Troopers' Bill of Costs (Dkt. No. 167). Instead, he merely proffers that he "is not a wealthy man" and suggests this motion should be referred to a magistrate judge pursuant to Rule 54(d)(2)(D). <u>Id.</u> at 12.

Because Ballock does not challenge the reasonableness of the requested costs——and has failed to document his financial condition——the Court is well within its discretion to award the State Troopers their request for costs. Indeed, in <u>Rossi v. City of Chicago</u>, 790 F.3d 729, 738 (7th Cir. 2015), the United States Court of Appeals for the Seventh Circuit explained that, although the plaintiff claimed "he [was] unable to pay costs due to his financial condition[,] . . . [t]he burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." <u>Id.</u> (citation omitted). Because the plaintiff "provided no such evidence," "the district court acted within its discretion to award costs to the City." <u>Id.</u> Courts within the Fourth Circuit agree. "Merely stating that one is of 'modest means' is insufficient to overcome the

8

BALLOCK V. COSTLOW, ET AL.                            1:17CV52

MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

presumption that the losing party must pay the prevailing party's costs." Earp v.Novartis Pharm. Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *4 (E.D.N.C. Aug. 19, 2014) (citation omitted) (compiling cases). Here, Ballock offers no more than a conclusory allegation that he is not wealthy (Dkt. No. 167 at 12), which plainly fails to satisfy his burden of establishing financial hardship. Earp, 2014 WL 4105678, at *4.

The remaining Cherry factors also weigh in favor of awarding costs here. First, the $5,715.79 in costs requested by the State Troopers can hardly be described as excessive, considering that this litigation has proceeded for well over two years. Second, the State Troopers did not engage in misconduct. Third, their victory was not of limited value. Ballock alleged nothing short of an elaborate conspiracy that, if proven, would have undermined the public's confidence in law enforcement and trust in the rule of law. The State Troopers vigorously defended themselves and ultimately prevailed. Their success on the merits of their defense therefore was not of limited value. Fourth, although Ballock's allegations in the second amended complaint were extensive and fact specific, the case did not involve novel or close questions of law. Finally, the extensive evidence that Ballock pursued this litigation in bad faith in an ongoing effort to harass his ex-wife

9

BALLOCK V. COSTLOW, ET AL.                           1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

and the state police alone precludes relief from the normal
operation of Rule 54(d)(1). _Cherry_, 186 F.3d at 446 (noting that a
"losing party's good faith in pursuing an action is a 'virtual
prerequisite' to receiving relief from the normal operation of Rule
54(d)(1)"). Thus, even assuming Ballock did not pursue this
litigation in bad faith, the other _Cherry_ factors——including his
failure to establish financial hardship——weigh in favor of awarding
costs to the State Troopers.

### C.   The State Troopers are Entitled to Attorneys' Fees

Under Rule 54(d)(2)(A), "[a] claim for attorney's fees and
related nontaxable expenses must be made by motion unless the
substantive law requires those fees to be proved at trial as an
element of damages." Any such "motion must: (i) be filed no later
than 14 days after the entry of judgment; (ii) specify the judgment
and the statute, rule, or other grounds entitling the movant to the
award; (iii) state the amount sought or provide a fair estimate of
it; and (iv) disclose, if the court so orders, the terms of any
agreement about fees for the services for which the claim is made."
Fed. R. Civ. P. 54(d)(2)(B).

Here, the State Troopers' motion satisfies the prerequisites
of Rule 54(d)(2)(B) because it (1) is timely, (2) specifies the

BALLOCK V. COSTLOW, ET AL.                              1:17CV52

<u>MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]</u>

judgment and cites 42 U.S.C. § 1988, and (3) states that the amount sought is over $265,000.00 (Dkt. No. 165).

Section 1988(b) states that, "[i]n any action to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." As the United States Court of Appeals for the Second Circuit has observed, "[u]nder the fee-shifting statutes such as § 1988, 'a prevailing <u>plaintiff</u> ordinarily is to be awarded attorney's fees in all but special circumstances.'" <u>Carter v. Incorporated Village of Ocean Beach</u>, 759 F.3d 159, 163 (2d Cir. 2014) (emphasis in original) (quoting <u>Christiansburg Garment Co. V. EEOC</u>, 434 U.S. 412, 417 (1978)).

"By contrast, 'a district court may in its discretion award attorney's fees to a prevailing <u>defendant</u>' only 'upon finding that the plaintiff's action was <u>frivolous, unreasonable, or without foundation</u>, even though not [necessarily] brought in subjective bad faith.'" <u>Id.</u> (emphasis in original) (alteration in original) (quoting same at 421). In other words, "the plaintiff's action must be meritless in the sense that it is groundless or without foundation, but there need not be any subjective bad faith on the part of the plaintiff." <u>DeBauche v. Trani</u>, 191 F.3d 499, 510 (4th Cir. 1999) (cleaned up) (citation omitted). "If a 'plaintiff

11

BALLOCK V. COSTLOW, ET AL.                                    1:17CV52

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]**

asserts both frivolous and non-frivolous claims,' then a court may grant to a defendant only those fees 'that the defendant would have not have incurred but for the frivolous claims.'" <u>Carter</u>, 759 F.3d at 163 (quoting <u>Fox v. Vice</u>, 563 U.S. 826, 829 (2011)). Therefore, the question presented is whether Ballock pursued frivolous, unreasonable, or groundless claims against the State Troopers.

   i.   **Claims Against Trooper Berry**

     In his second amended complaint, Ballock alleged fourteen claims for relief, nine of which targeted all the State Troopers while another two targeted only Gaskins (Dkt. No. 45).[5] On June 8, 2019, the State Troopers sought summary judgment on all of Ballock's claims (Dkt. No. 114), focusing in part on the fact that Trooper Berry had played no role in the investigation, arrest, or prosecution of Ballock, and that Ballock had conceded during his deposition that he never saw Berry during any of the hearings in the criminal matter (Dkt. No. 114-1 at 24 n.9). Thus, it was clear on summary judgment that Berry's only factual connection to this case was the fact that he allegedly shared a relationship with

_____

     [5] Although Ballock ultimately filed a third amended complaint (Dkt. No. 49), the State Troopers contend that Ballock knew his claims were frivolous, unreasonable, or groundless by the time he filed the second amended complaint on October 13, 2017 (Dkt. No. 165)

BALLOCK V. COSTLOW, ET AL.                              1:17CV52

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]**

Ballock's ex-wife, Costlow. Id. Based on these undisputed facts, on October 9, 2019, the Court granted summary judgment as to Berry and dismissed the case against him with prejudice (Dkt. No. 139).

Given Berry's very limited factual involvement, Ballock's claims against him were clearly frivolous, unreasonable, or groundless from the outset and were pursued in an attempt to harass Berry because Ballock believed he had engaged in an inappropriate relationship with his ex-wife. Beyond Ballock's allegations, however, there was no evidence of such adduced in discovery. Moreover, such a relationship alone would not support allegations that Berry had abused process, engaged in malicious prosecution, blocked someone's right to access the courts, conspired, intentionally inflicted emotional distress, tortiously interfered with someone's employment contract, or deprived constitutional rights under color of law.

### ii.  Claims Against Only Trooper Gaskins

Although the second amended complaint alleged eleven claims against Trooper Gaskins, Ballock voluntarily dismissed him from the litigation on December 6, 2019 (Dkt. No. 146). In the Court's opinion, he did so for good reason inasmuch as each claim was frivolous, unreasonable, or groundless.

13

BALLOCK V. COSTLOW, ET AL. 1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

To start, Ballock's seventh and eighth claims for relief alleged defamation and slander against Costlow and Gaskins (Dkt. No. 45 at 20-21). Both were based on statements of Gaskins found in his official report that Ballock contended were false. During his deposition, however, Ballock admitted that all of the facts included in Gaskins' police report merely documented complaints made by Costlow, and were not Gaskins' own statements (Dkt. No. 114-2 at 19-20). It goes without saying that merely recounting complaints made by a victim in a police report cannot plausibly support a good-faith claim of defamation or slander.

### iii. Claims Against Troopers Gaskins & Kief

Because the nine remaining claims targeted Gaskins and Kief, the Court addresses them together.

#### a. Counts Three & Fourteen: First Amendment & Color of Law Claims

On March 9, 2018, the Court adopted a report & recommendation from Magistrate Judge Aloi and dismissed with prejudice Ballock's third and fourteenth claims for relief, which alleged that the State Troopers had violated his right to access the courts and his constitutional rights under color of law (Dkt. No. 58). Although not frivolous, Ballock's allegation that the State Troopers interfered with his right to seek redress in court was plainly

14

BALLOCK V. COSTLOW, ET AL.                              1:17CV52

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]**

groundless because he was able to do just that by filing a pro se complaint (Dkt. No. 1).

As to Ballock's under "color of law" claim,[6] none of the factual allegations underlying this claim involved Gaskins or Kief; nor does the claim identify the constitutional rights of which Ballock allegedly was deprived (Dkt. No. 45 at 24-25). Indeed, his allegations involved actions undertaken solely by a non-party state court prosecutor in a family court proceeding. Id. Therefore, because none of these allegations involved Gaskins or Kief, the claim against them was plainly frivolous, unreasonable, or groundless.

**b.    Counts One & Four: Abuse of Process**

Ballock's claims for abuse of process under both § 1983 and state law were also frivolous, unreasonable, or groundless. As the Court explained in its December 20, 2019 Memorandum Opinion and Order, both claims were time barred by the applicable statute of limitations that had run by September 13, 2015, well before Ballock filed his pro se complaint on April 6, 2017 (Dkt. No. 163 at 18-

---

[6] Here, it is worth noting that Magistrate Judge Aloi's report and recommendation does not even discuss what Count Fourteen alleged or why the Court should dismiss it with prejudice (Dkt. No. 48). Tellingly, Ballock did not object to this unexplained dismissal.

BALLOCK V. COSTLOW, ET AL.                          1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

19). Although Ballock insists that the Court raised this defense sua sponte (Dkt. No. 167 at 1 n.1), his argument is without merit. The statute of limitations defense was raised by the State Troopers, as required, in their answer to the third amended complaint (Dkt. No. 65 at 23), and also in their motions for summary judgment (Dkt. Nos. 114-1 at 16 n.6; 120-1 at 16 n.6).[7]

Even if timely, Ballock's abuse of process claims were, at the very least, factually unreasonable or groundless. As the Court explained in its Memorandum Opinion and Order, "the unrefuted evidence of record establishes that Kief and the State Police had legitimate reasons for arresting Ballock when, where, and how they did" (Dkt. No. 163 at 16). Thus, "based on the uncontested evidence, no rational trier of fact could find Kief misused Ballock's lawfully issued and executed arrest warrant for an improper purpose." Id. at 17. "Further, Ballock has not shown any process he was denied in his criminal proceeding, his divorce proceeding, or the termination of his employment." Id. at 17-18. In other words, his abuse of process claims were factually unreasonable or groundless.

---

[7] Although Magistrate Judge Aloi rejected this defense at the motion to dismiss stage (Dkt. No. 48), his conclusion was based on an erroneous application of law to which the State Troopers failed to timely object.

BALLOCK V. COSTLOW, ET AL.                    1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

#### c.   Counts Two & Five: Malicious Prosecution

Similarly, Ballock's claims for malicious prosecution under § 1983 and state law were frivolous, unreasonable, or groundless. To succeed on these claims under both federal and state law, Ballock had to establish that he was seized or prosecuted without probable cause (Dkt. No. 163 at 20). Critically, probable cause did, in fact, exist for his arrest on harassment charges. Id. As the State Troopers point out in their motion for attorneys' fees and costs (Dkt. No. 165 at 5-6), Ballock knew probable cause existed for his arrest at the time he filed his complaint, and thus knew that Gaskins and Kief had not abused the criminal process and that his claims for malicious prosecution were plainly frivolous. Id.

To avoid this conclusion, Ballock contends he had a good-faith basis to believe probable cause was lacking because Magistrate Judge Aloi did not dismiss these claims (Dkt. No. 167 at 8-9). He also contends that he disavowed the state court dismissal order (in which the parties had agreed that probable cause existed) because he had signed it under duress. Id. But Magistrate Judge Aloi's review at the motion-to-dismiss stage had to accept all of Ballock's allegations as true, allegations Ballock well knew at the

17

BALLOCK V. COSTLOW, ET AL.                                    1:17CV52

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]

time were false. Even ignoring the fact that Ballock knew he had
signed a dismissal agreement, he also knew that a state court
prosecutor——not the State Troopers——had found probable cause to
charge him with harassment, a decision confirmed when an
independent magistrate concluded there was probable cause for his
arrest.

> **d.   Count Nine: Intentional Infliction of Emotional Distress**

Ballock's claim for intentional infliction of emotional
distress was also frivolous, unreasonable, or groundless. As the
Court explained in its Memorandum Opinion and Order, "[t]he
elements to establish a malicious prosecution case are less severe
than an action for outrageous conduct." Hines v. Hills Dep't
Stores, Inc., 454 S.E.2d 385, 390 (W. Va. 1994) (per curiam)
(holding that a jury's determination that probable cause precluded
a claim for malicious prosecution also negated an action for
outrageous conduct because malicious prosecution requires a lesser
degree of proof). Because probable cause existed for Ballock's
arrest, his claim that the same legitimate conduct intentionally
inflicted emotional distress was at least unreasonable and
groundless based on existing law.

18

BALLOCK V. COSTLOW, ET AL.                                    1:17CV52

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]**

### e.    Count Ten: Tortious Interference with an Employment Contract

Ballock's claim for tortious interference with his employment contract was likewise frivolous, unreasonable, or groundless. Truthful information is an absolute bar to a claim for tortious interference (Dkt. No. 163 at 27). Here, Ballock failed to establish that any communications from Gaskins or Kief to the FBI were untruthful. Id. at 28. Nor did he prove that any of their actions proximately caused his termination Id. at 28-29. Because Ballock knew when he filed his complaint that the statements to the FBI were truthful and that the FBI had terminated his employment "for weapons safety violations, unprofessional off-duty conduct, and lying under oath, id. at 29, his claim for tortious interference with an employment contract was frivolous or, at the very least, groundless.

During oral argument, Ballock insisted that his termination from the FBI is not final (because it is on appeal) and was, at the very least, unfair. The Court's decision here, however, is not based on whether his termination was proper or substantiated, but rather on whether the State Troopers' statements to the FBI were true and proximately caused his subsequent termination. It is undeniable that, when Ballock filed his second amended complaint,

BALLOCK V. COSTLOW, ET AL.                          1:17CV52

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]**

he knew the statements of Gaskins and Kief were true and that the
FBI had terminated him for other reasons. It is irrelevant to the
analysis that Ballock thinks the FBI lacked legitimate grounds to
terminate him. Therefore, his claim for tortious interference with
his employment contract was, at the very least, groundless.

f.  **Count Six: Conspiracy**

Finally, Ballock's conspiracy claim was also frivolous,
unreasonable, or groundless. Not only did his second amended
complaint fall woefully short of pleading a sufficient conspiracy
claim, but there also was a dearth of any evidence establishing
that Costlow and Kief conspired to commit an unlawful act or to
obtain a lawful purpose through unlawful means (Dkt. No. 163 at 30-
36).[8] Indeed, it was undisputed that Kief committed no unlawful
acts, and there was no evidence he agreed to some unlawful purpose.
Id. at 32-36. The same holds true of Gaskins. It is undisputed that
he committed no unlawful acts, and there is no evidence he
conspired with Costlow, Kief, or anyone else, to achieve some
unlawful purpose. If not frivolous, these claims certainly were
unreasonable or groundless.

------

[8] Although the Memorandum Opinion and Order focused on
Ballock's third amended complaint, this complaint was only filed to
supplement his claim for intentional infliction of emotional
distress (Dkt. No. 48 at 43).

20

BALLOCK V. COSTLOW, ET AL.                                    1:17CV52

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR ATTORNEYS' FEES AND COSTS [DKT NO. 165]**

**III. CONCLUSION**

For the reasons discussed, the Court **GRANTED** the State Troopers' motion for attorneys' fees and costs (Dkt. No. 165). After the parties submit supplemental briefing and information as directed (Dkt. No. 171), the Court will determine the amount of attorneys fees that will be awarded.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.[9]

DATED: May 28, 2020

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

---

[9] "[A] separate document is not required for an order disposing of a motion . . . for attorney's fees under Rule 54 . . . ." Fed. R. Civ. P. 58(a)(3).