UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

SCOTT T. BALLOCK,

Plaintiff,

v.

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M. GASKINS, and
STATE TROOPER CHRIS BERRY,

Defendants.

CIVIL ACTION NO.:  1:17-CV-52
Honorable Irene M. Keeley

**DEFENDANTS STATE TROOPER MICHAEL KIEF, STATE TROOPER RONNIE M. GASKINS, AND STATE TROOPER CHRIS BERRY'S SUPPLEMENTAL BRIEF ON <u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

Pursuant to the Court's Order Following Hearing on Motion for Attorneys' Fees and Costs [ECF No. 171], Defendants State Trooper Michael Kief, State Trooper Ronnie M. Gaskins, and State Trooper Chris Berry (collectively, the "State Police Defendants"), submit this supplemental brief on the two questions posed by the Court during the hearing of May 15, 2020:

1.    Whether the State Police Defendants are entitled to an award of their attorneys' fees for work related to their motion to dismiss [ECF No. 15]; and

2.    Whether the State Police Defendants are entitled to an award of their attorneys' fees under 42 U.S.C. § 1988 for work performed defending against Plaintiff Scott Ballock's state law claims of intentional infliction of emotional distress and tortious interference with an employment contract.

As set forth below, because all of Mr. Ballock's interrelated claims against the State Police Defendants—including his state law claims—were frivolous, unreasonable, and without foundation from the beginning, the State Police Defendants are entitled to an award of the *entire*

11385853

amount of their attorneys' fees, without any deduction due to the fact that Mr. Ballock largely prevailed initially or because some of his frivolous claims were brought under state common law. Also, per the Court's direction, the State Police Defendants submit an itemized summary of those attorneys' fees.

## I.    The State Police Defendants Are Entitled to an Award of Their Attorneys' Fees for Work Performed on Their Motion to Dismiss.

Although the State Police Defendants concede that it was Mr. Ballock who substantially prevailed early in this litigation at the motion to dismiss stage, the State Police Defendants are still entitled to an award of their attorneys' fees arising from the motion to dismiss. Mr. Ballock's claims were frivolous and without factual foundation from the outset. The mere fact that the State Police Defendants were unable to dispose of this case through a Rule 12(b)(6) motion does nothing to change that dispositive fact.

In any action to enforce 42 U.S.C. § 1983, a court may allow the prevailing party its reasonable attorneys' fees as part of the costs. 42 U.S.C.A. § 1988(b) (2018). But courts may award prevailing defendants their attorneys' fees only if the plaintiff's claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate the matter after it clearly became so. *Hutchison v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993) (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). When making this determination, district courts are to review "the entire course of the litigation[.]" *In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1024 (10th Cir. 2017). The district court should focus on the overall relief obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

"The result is what matters." *Id.* Thus, when a party full prevails, it should be fully compensated for its legal expenses. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994).

11385853                                                 2

In this case, Mr. Ballock's claims were without any factual basis from the beginning, and "the emptiness of his contentions was laid bare during discovery." *See Munson v. Milwaukee Bd. of School Directors*, 969 F.2d 266, 271 (7th Cir. 1992). His claims were founded on nothing more than complete speculation. *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d at 1024. Even after the completion of discovery, Mr. Ballock was unable to back his theory that the State Police Defendants conspired with Ellen Costlow to harm him in the couples' divorce proceedings "with anything beyond conjecture and speculation." *See Hutchison*, 994 F.2d at 1080. Indeed, as the Court found, "the unrefuted evidence of record establishe[d] that Kief and the State Police had legitimate reasons for arresting Ballock when, where, and how they did." (Order Granting Mot. for Summ. J. 16 [ECF No. 164]). It is "beyond dispute" that Sgt. Kief and Cpl. Gaskins had probable cause to charge Mr. Ballock. *Id.* at 22. Mr. Ballock produced "no evidence" beyond his "bare allegation" that any of the State Police Defendants attempted to interfere with his employment at the FBI. *Id.* at 27. Moreover, Mr. Ballock's claim that Sgt. Kief spoke to FBI officials while Mr. Ballock's petition for expungement of the underlying criminal charges was pending was "factually inaccurate." *Id.* at 29. Simply because the Magistrate Judge was persuaded in the early stages of this litigation to deny a motion to dismiss—when he was limited to only the allegations in the pleadings and one referenced exhibit—does not decide the question of what Mr. Ballock knew when he filed the complaint. *See Introcaso v. Cunningham*, 857 F.2d 965, 967 (4th Cir. 1988).

In the end, however, each of the State Police Defendants prevailed on every count Mr. Ballock brought. The fact that Mr. Ballock mostly prevailed at the motion to dismiss stage does not change this fact. Therefore, the State Police Defendants should be fully compensated for their legal expenses.

The prevailing party's attorneys' fee award should not be reduced simply because that party failed to prevail on every contention raised. *Hensley*, 421 U.S. at 435. Courts recognize that unsuccessful legal efforts made during the course of a case are still compensable so long as they were not frivolous. *Seigal v. Merrick*, 619 F.2d 160, 164 (2d Cir. 1980) ("[W]e do not approve the deduction for work on legal theories that proved 'unfruitful' but were not found to have been frivolous."); *Berry v. N.Y. Dep't of Corr. Svcs.*, 947 F. Supp. 647, 651 (W.D.N.Y. 1996) (approving award of attorneys' fees incurred in unsuccessful motion for default judgment); *Blissett v. Casey*, 969 F. Supp. 118, 130 (N.D.N.Y. 1997) (approving award of attorneys' fees involved in unsuccessful interlocutory appeal).

The State Police Defendants' motion to dismiss was not frivolous. Lawyers must evaluate and litigate actions "on the basis of the entire spectrum of theories that show early promise of vindicating their clients' rights." *Seigal*, 619 F.2d at 164-65. Every lawyer pursues blind allies that are reasonable or professionally obligatory. *Id.* at 165. In fact, counsel for the State Police Defendants virtually had a *duty* to move to dismiss Mr. Ballock's frivolous claims through a Rule 12(b)(6) motion. *Leffler v. Meer*, 936 F.2d 981, 987 (7th Cir. 1991) (reducing award of attorneys' fees because prevailing defendants did *not* file a motion to dismiss or motion for summary judgment, observing, "When a defendant seeks prevailing party attorney's fees the plaintiff should not be penalized for the defendant's failure to mitigate the amount of his attorney's fees. . . . Implicit in the reasonableness requirement is the duty to mitigate legal fees by promptly, where possible, disposing of baseless claims through summary procedures.")

The non-frivolous nature of the State Police Defendants' motion to dismiss is demonstrated by the ultimate results in this matter. Initially, the State Police Defendants successfully got two of Mr. Ballock's counts dismissed through the Rule 12(b)(6) motion, somewhat narrowing the issues

going forward. (R. & R. at 44 [ECF No. 48]). Although the Magistrate Judge rejected the State Police Defendants' argument that Mr. Ballock's abuse of process counts were barred by the statute of limitations (*id.* at 6-8), this Court ultimately concluded otherwise, finding as an alternate ground for relief that both counts were time barred. (Order Granting Mot. for Summ. J. at 19 [ECF No. 164]). Similarly, while the Magistrate Judge ruled that Mr. Ballock sufficiently pled a civil conspiracy claim (R. & R. at 11-13), this Court disagreed, noting that Mr. Ballock "failed to sufficiently plead a conspiracy under § 1983 or state law" on the face of his complaint. (Order Granting Mot. for Summ. J. at 32 n.7).

Numerous courts have awarded prevailing defendants their attorneys' fees for work on motions to dismiss, and even motions for summary judgment, that did not succeed. *See, e.g., Roy v. Bd. of Cty. Comm'rs, Walton Cty., Fla.*, No. 3:06cv95/MCR/EMT, 2012 WL 8013976, at *5 n.12 (N.D. Fla. Nov. 1, 2012) ("As to the motion to dismiss, even though it was only partially successfully [*sic*], the motion nevertheless helped to advance the litigation, which ultimately was resolved entirely in Defendants' favor at summary judgment. Accordingly, no additional reduction is warranted."), *R. & R. adopted*, 2013 WL 1883247 (N.D. Fla. May 6, 2013); *Introcaso*, 857 F.2d at 967 (awarding attorneys' fees to defendants who prevailed at trial based upon "total fees defendant incurred" even though motion to dismiss and motion for directed verdict were denied).[1] In *Hutchison*, the Fourth Circuit affirmed an award of nearly $600,000 in attorneys' fees to prevailing defendants even though a motion to dismiss and a motion for summary judgment each obtained only partial success. 994 F.2d at 1078-80. Despite the plaintiffs' early successes, the

---

[1] Although the district court in *Introcaso* based its award of attorneys' fees on the "total fees defendant incurred," it reduced that amount by 90% due to the possible chilling effect a large award of attorneys' fees might have on future § 1983 plaintiffs. 857 F.2d at 967. This reasoning was rejected in the later case of *Hutchinson v. Staton*, where the Fourth Circuit reversed the district court's reduction of the prevailing defendants' attorneys' fees due to a possible chilling effect, observing, "When a court imposes fees on a plaintiff who has pressed a 'frivolous' claim, it chills nothing that is worth encouraging." 994 F.2d at 1081.

district court and the Fourth Circuit found that the plaintiffs' claims had no basis in fact. *Id.* at 1080. Even by trial, as in this case, the plaintiffs "were unable to back their conspiracy theory with anything beyond conjecture and speculation." *Id.* The court rejected the plaintiffs' argument that, because their claims survived a motion to dismiss and motion for summary judgment, they could not have been frivolous. It observed that the district court giving the plaintiffs the benefit of the doubt did not negate the plaintiffs' responsibility to litigate a claim that was grounded in facts. *Id.* at 1081. Although the plaintiffs' claims were not *legally* frivolous, that did not mean they had a *factual* foundation, and the fact that the plaintiffs survived a motion to dismiss did not "undercut[] the reality that defendants were forced for several years, and at great expense, to fend off a claim that proved to be factually baseless." *Id.* So too here.

The Tenth Circuit's decision in *Natural Gas Royalties* is also instructive. There, the plaintiff's claims initially survived a motion to dismiss under Rule 9(b) for lack of particularity in pleading by attaching "inaccurate" exhibits to the complaint. 845 F.3d at 1016. Discovery confirmed that the plaintiff lacked an evidentiary basis for his allegations, and the exhibits attached to the complaint intentionally distorted the data contained in them. *Id.* at 1018. The district court granted summary judgment on all the cases. *Id.* at 1016. Furthermore, based upon its finding that the plaintiff proceeded with his claims in spite of information he had that indicated his claims had no merit, the district court determined that the plaintiff's claims were clearly frivolous and awarded the defendants attorneys' fees under the False Claims Acts' fee-shifting provision. *Id.* at 1018-19. On appeal, the Tenth Circuit noted that, unlike in cases where a party may have a reasonable ground for bringing a suit even if the law or facts appear unfavorable at the outset, in that case, the opposite occurred: the plaintiff convinced the district court that his case should survive a motion to dismiss by backing up his allegations with inaccurate exhibits. *Id.* at 1023-24. Yet, despite

initially surviving a motion to dismiss, the plaintiff's claims lacked an evidentiary foundation from the beginning, and the factual allegations critical to the early success "were based on nothing more than 'complete speculation.'" *Id.* at 1024. Consequently, the court affirmed the award of attorneys' fees.

Similarly, in this case, Mr. Ballock survived the State Police Defendants' motion to dismiss because he included allegations in his complaint that lacked any factual foundation and were based on nothing more than complete speculation. In some cases, the factual allegations in his complaint intentionally distorted the record. In particular, he alleged that he was arrested during a break in the Family Court proceedings in a blatant attempt to assist Ms. Costlow in the divorce, even though he knew from his review of the FBI's investigation file that Sgt. Kief coordinated the time and location of the arrest with the FBI out of a concern for officer safety, which concern the FBI shared. (Mot. for Atty.'s Fees at 2, 6 [ECF No. 165]). He alleged that his arrest was without probable cause, despite knowing the amount of and content of e-mails and text messages he had sent his wife, despite knowing that a prosecuting attorney had reviewed those communications and directed Cpl. Gaskins as to which charges to bring, and despite knowing that the FBI found by a preponderance of the evidence that he had, in fact, committed one of the offenses. *Id.* at 5-6. Mr. Ballock alleged that he was discharged from the FBI "as a direct consequence of the defendants' joint and several acts and omissions as alleged[.]" (2d Am. Compl. ¶ 120 [ECF No. 45). Yet, he knew that in its letters proposing his dismissal and affirming that decision, the FBI scarcely mentioned Defendants at all but based its decision on its own, independent review of Mr. Ballock's misconduct. (Mot. for Atty.'s Fees at 7). As in *Natural Gas Royalties*, Mr. Ballock convinced the Magistrate Judge that his claims should survive a motion to dismiss because he included inaccurate

factual allegations in his complaint. Nevertheless, his claims were without a factual foundation and were based upon complete speculation.

That Mr. Ballock's claims mostly survived the motion to dismiss does not change the fact that the State Police Defendants were forced to fend off claims that were factually baseless for over two years and at great expense. Consequently, the Court should fully compensate the State Police Defendants for fully prevailing in this matter, with no deduction for time spent on the motion to dismiss.

## II.    The State Police Defendants Are Entitled to an Award of Their Attorneys' Fees for Work Performed in Defense of Mr. Ballock's State Law Claims.

The State Police Defendants' are entitled to an award of their full attorneys' fees, including for work done in defending all of Mr. Ballock's state law claims, because his state law claims were frivolous and inextricably intertwined with his federal claims.

"In *any action or proceeding* to enforce [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b) (emphasis added). By its terms, then, Section 1988 does not limit an award of attorneys' fees to only those fees related to a federal claim; rather, the *action* must be one to enforce a federal civil rights statute. "Several circuits have held that where a civil rights claim is made, a successful claimant may also collect attorneys' fees concerning legal actions or counts which come from or arise out of the same 'nucleus of facts.'" *Church of Scientology of Calif. v. Cazares*, 638 F2d 1272, 1290-91 (5th Cir. 1981) (collecting cases). Here, Mr. Ballock's action sought to enforce, among other laws, 42 U.S.C. § 1983, and the State Police Defendants prevailed. *See Carter v. Inc. Village of Ocean Beach*, 759 F.3d 159, 166-67 (2d Cir. 2014).

Of course, prevailing defendants are only entitled to recover their attorneys' fees that were incurred because of frivolous claims. *Fox v. Vice*, 563 U.S. 826, 836 (2011). "Section 1988 permits

the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." *Id.*[2] As the Court found, all of Mr. Ballock's claims—including his state law claims for intentional infliction of emotional distress and tortious interference with employment—were, at the very least, groundless. (Mem. Opinion & Order Granting Mot. for Atty.'s Fees & Costs 18-20 [ECF No. 175]).

Furthermore, Mr. Ballock's state law claims against the State Police Defendants arose from a common nucleus of facts as his federal claims: his arrest and criminal prosecution and discussions by Sgt. Kief and Cpl. Gaskins with FBI officials about the same. In fact, nearly all of Mr. Ballock's Section 1983 claims included a state law counterpart. As it was finally fleshed out, his Section 1983 conspiracy claim alleged that Sgt. Kief conspired with Ms. Costlow to circumvent court orders by speaking with FBI officials. (Order Granting Mot. for Summ. J. 32 n.7). This is the same conduct that formed the basis of his tortious interference with employment claim.[3] Mr. Ballock's intentional infliction of emotional distress claim boiled down to the same conduct as his state law and Section 1983 abuse of process and malicious prosecution claims—that the State

---

[2] In *Fox*, the district court dismissed the plaintiff's federal claims and declined to exercise supplemental jurisdiction over the state law claims. *Id.* at 830. Importantly for this Court's analysis, the Supreme Court in *Fox* did not base its holding on whether the attorneys' fees at issue were related to state law claims or federal claims, but only on whether they were related to frivolous claims or non-frivolous claims. *Id.* at 835 ("The question then becomes one of allocation: In a lawsuit involving a mix of frivolous and non-frivolous claims, what work may the defendant receive fees for?"). It was only coincidental that the non-frivolous claims were also the state law claims and vice-versa. *See also, Carter*, 759 F.3d at 166.

[3] As it was originally set forth in the Second and Third Amended Complaints, however, Mr. Ballock's tortious interference with employment claim was based on allegations that an unidentified State Trooper lodged a complaint at the FBI's Clarksburg Resident Agency about Mr. Ballock filing the original complaint in this matter. (2d Am. Compl. ¶ 220 [ECF No. 45]; 3d Am. Compl. ¶ 225 [ECF No. 49]). As it became clear that there was no evidence that such a visit ever took place or, if it did, that the State Police Defendants had any connection to it, Mr. Ballock shifted his theory, alleging that the State Police investigation and his arrest "set in motion" the FBI administrative action that ultimately resulted in his discharge from employment. (Pl.'s Resp. to Mot. for Summ. J. at 15 [ECF No. 124]). This modified allegation, however, is inextricably intertwined with his Section 1983 abuse of process and malicious prosecution counts, which alleged that the whole purpose of the criminal investigation was merely to harm him and assist Ms. Costlow.

Police Defendants "abused the judicial process" in an effort to harm him and assist Ms. Costlow. (2d Am. Compl. ¶ 213; 3d Am. Compl. ¶ 218).

All of Mr. Ballock's state law claims, including his claims for intentional infliction of emotional distress and tortious interference with employment—arose out of the same nucleus of facts as his Section 1983 claims. "When the federal and pendent claims are factually or legally related, they should be treated as one action for purposes of § 1988 fee awards." *Munson*, 969 F.2d at 272 (affirming district court's award of defendants' attorneys' fees for work performed defending pendent state law claims). This is because "[s]eparating out the legal services rendered for the federal and pendant claims would be futile[.]" *id.*; *see also*, *Church of Scientology*, 638 F.2d at 1291 (affirming district court's award of attorneys' fees spent on state law claims, observing, "it would be impossible to accurately apportion the time appellee's attorneys spent on the civil rights claim and on the non-federal defamation claim.")

The Court found all of Mr. Ballock's state law claims to be frivolous, unreasonable, or without foundation. Additionally, all of his state law claims arose out of a common nucleus of facts as his federal claims. It would therefore be impossible to accurately apportion any part of the attorneys' fees to any particular state law claim. Accordingly, the State Police Defendants are entitled to a full award of their attorneys' fees, none of which would have been incurred but for Mr. Ballock's frivolous claims. *See Carter*, 759 F.3d at 166 (awarding defendants their attorneys' fees under Section 1988 for fees incurred to prevail against plaintiff's frivolous state law claims).[4]

---

[4] In the alternative, the State Police are entitled to an award of their attorneys' fees incurred in defense of the state law claims in this matter under West Virginia law. *See, e.g., Nelson v. W. Va. Public Employees Ins. Bd.*, 171 W. Va. 445, 451, 300 S.E.2d 86, 92 (1982) ("A well established exception to the general rule prohibiting the award of attorney fees in the absence of statutory authorization, allows the assessment of fees against a losing party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") Although bad faith is not necessary for an award of attorneys' fees under Section 1988, the State Police Defendants set forth evidence in their motion for attorneys' fees of Mr. Ballock's bad faith and vexatious conduct in this litigation, and the Court noted "the extensive evidence that Ballock pursued this litigation

### III.    Conclusion

The State Police Defendants fully prevailed against Mr. Ballock's frivolous, unreasonable, or groundless claims. Consequently, they should be fully compensated for the attorneys' fees they incurred, without any deduction for fees spent in the initial motion to dismiss or for fees spent in defending against Mr. Ballock's groundless state law claims of intentional infliction of emotional distress or tortious interference with employment.

WHEREFORE, for the foregoing reasons, Defendants State Trooper Michael Kief, State Trooper Ronnie Gaskins, and State Trooper Chris Berry respectfully request that the Court award them their full attorney's fees and costs and for any other relief the Court deems just and proper. Per the Court's Order, an itemized statement of the State Police Defendants' attorneys' fees is attached as "Exhibit A."

Dated this 5th day of June 2020.

Respectfully submitted,

*s/ Mark G. Jeffries*
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

---

in bad faith in an ongoing effort to harass his ex-wife and the state police[.]" (Mem. Opinion & Order Granting Mot. for Atty.'s Fees & Costs 9-10).

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

*Counsel for Defendants*
*State Trooper Michael Kief,*
*State Trooper Ronnie Gaskins, and*
*State Trooper Chris Berry*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

SCOTT T. BALLOCK,

      Plaintiff,

v.                                        CIVIL ACTION NO.:  1:17-CV-52
                                          Honorable Irene M. Keeley

ELLEN RUTH COSTLOW,
STATE TROOPER MICHAEL KIEF,
STATE TROOPER RONNIE M. GASKINS, and
STATE TROOPER CHRIS BERRY,

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2020, I filed the foregoing "***Defendant State Trooper Michael Kief, State Trooper Ronnie Gaskins, and State Trooper Chris Berry's Supplemental Brief on Motion for Attorneys' Fees and Costs***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Charles J. Crooks, Esq.
> CROOKS LAW FIRM PLLC
> 244 Pleasant Street
> Morgantown, WV 26505
>
> *Counsel for Plaintiff*
>
> P. Todd Phillips, Esq.
> LYONS PHILLIPS LEGAL GROUP PLLC
> 141 Walnut Street
> Morgantown, WV 26505
>
> *Counsel for Defendant Ellen Ruth Costlow*

11385853

_s/ Mark G. Jeffries_
Mark G. Jeffries (WV Bar No. 11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8000
mark.jeffries@steptoe-johnson.com

Montè L. Williams (WV Bar No. 9526)
STEPTOE & JOHNSON PLLC
P.O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8000
monte.williams@steptoe-johnson.com

_Counsel for Defendants_
_State Trooper Michael Kief,_
_State Trooper Ronnie Gaskins, and_
_State Trooper Chris Berry_