UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**  Case No.: 1:17-CV-52

    Plaintiff,

v.  JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**, and
**STATE TROOPER MICHAEL KIEF**,

    Defendants.

## PLAINTIFF SCOTT BALLOCK'S MEMORANDUM REGARDING MEASURE OF RECOVERABLE DEFENSE ATTORNEY FEES AND COSTS

A hearing was held on May 15, 2020 concerning certain of the Defendants motion for costs and attorney fees, (Doc 165). That motion was based on the Court's memorandum order granting summary judgment on all counts pending against those certain Defendants, (Doc 164). Since the hearing on May 15, 2020, the Court has ordered (Doc 171) the record further developed in respect to a motion for attorney fees and costs. This memorandum is submitted on behalf of the Plaintiff, Scott T. Ballock.

    **I.**    **REQUEST FOR LEAVE TO SUBMIT THE PLAINTIFF'S FINANCIAL POSITION**

As counsel advised the Court on May 15, 2020, the Plaintiff is not a wealthy man. He has prepared a one-page financial disclosure, attached as Exhibit 1. If the Court will please consider the attached evidence, there will be no unfair prejudice as the current schedule allows for reply briefing. Further, the current briefing is clearly intended to allow for further development and more complete treatment of merits. Indeed, the defense withheld evidence in support of the fees they seek to recover pending a ruling on their motion, (Doc 165).

The Plaintiff's argument concerning his financial position is simple enough. He is working as a child welfare investigator for the State of Indiana, supporting his two children who were awarded to him by the family court of Monongalia County. She has since voluntarily given up the visitation rights the Court granted her. An award of the costs and fees at issue will ruin the Plaintiff and bring hardship to his children.

## II. ATTORNEY FEES SHOULD BE REDUCED TO RECOGNIZE THE PLAINTIFF PREVAILED ON THE RULE 12 PRACTICE

The issue posed in the Court's order (Doc 171): "Whether the defendants are entitled to an award of attorneys' fees for work performed related to their motion to dismiss (Dkt. No. 15)." Plaintiff's counsel could not find a case specifically on all fours for the precise issue posed, but there is no doubt the award of attorney fees is reviewed on an abuse of discretion standard. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013).

All aspects of a requested award are subject to review, findings, and determination. The process consists of three phases:

> The proper calculation of an attorney's fee award involves a three-step process. First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Id. at 243-44. Next, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Id. at 244. Finally, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id.

McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013).

A frequently cited Fourth Circuit decision is Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169 (4th Cir. 1994). That case involved a variety of features that impacted the measure of attorney fees awarded.

Of course, this Court's discretion must be informed by consideration of the circumstances of the case at hand to determine the extent of any attorney fee award. In this case, the Rule 12 motion was not a reasonable expenditure of attorney fees, given the length and detail of the complaint, motions to dismiss are rarely granted owing to the standard that applies and the preference for resolving cases on their merits. Add to that, the forgoing considerations were borne out by the results. Scott Ballock prevailed on all but the uncontested counts. "Thus, a fully compensatory fee will include compensation for all hours **reasonably expended** at market rates in the relevant community, and market rates may be proved by the rate which clients normally and willingly pay the petitioning attorneys." Rum Creek, at 175.

It took nine months to resolve the defense motion to dismiss. This Court approved and adopted (Doc 58) the United States Magistrate Judge's report and recommendation, (Doc 48), denying all but the uncontested parts of the motion to dismiss. The report ran to 44 pages and repeatedly detailed why the various equitable and legal theories were either inapplicable or simply premature. The unsuccessful motion to dismiss is fairly analogous to a plaintiff seeking attorney fees for pursuing an unsuccessful count in an otherwise successful cause of action.

The motion to dismiss had to be a profitable research and writing project for law clerks and junior counsel, but it should have been understood all along that it was all premature and destined to be denied. Fees incurred for this were not reasonably expended and should not be awarded.

Pursuing a premature motion to dismiss was not justified by the ultimate success on the summary judgment motion, even if the Plaintiff ultimately lacked sufficient evidence of the Defendant's subjective malice. Motions to dismiss are routinely and appropriately denied in favor of discovery and disposition on the merits.

Written discovery was delayed by the motion to dismiss until January 18, 2018, when the first requests were served (Docs 51 and 52). On February 7, 2018, the Trooper Defendants and their employer moved to quash a subpoena that was served on the State Police on January 24, 2018, directed to the investigation into the Plaintiff, (Doc 53). This was noticed for a hearing on March 27, 2018, (Doc 63), and was withdrawn on March 23, 2018, (Doc 64). No sanctions were sought or imposed *sua sponte*. The costs and fees for this opposition to the Plaintiff's reasonable discovery efforts should not be awarded.

In August of 2018, the Defendants moved to compel discovery of the F.B.I. administrative litigation concerning the Plaintiff's termination from employment was the principal issue, (Doc 81). The Plaintiff moved to compel electronic discovery of the emails among the State Troopers and Ellen Ruth Costlow, (Doc 85). The Court ordered *ex parte* production from the Plaintiff and the Trooper Defendants, after which orders, (Docs 87 and 91), were entered and obeyed, no sanctions were sought or imposed sua sponte.[1]

The FBI documents showed that the Office of disciplinary Counsel (OPR) initially relied on Sgt. Kief and Ellen Costlow but abandoned their evidence once Scott Ballock refuted it with discovery from this litigation. Sgt. Kief told the investigators that he investigated the alleged affair between Ellen Costlow and Trooper Christopher Berry and found it to be untrue. In deposition, Sgt. Kief said he investigated (in such a poor fashion as to suggest insincerity) and ultimately, he did not know if the affair happened.

Ellen Costlow told the FBI investigators she was an abused woman. In her deposition, she recanted these allegations after being confronted with the investigation report prepared by the

---

[1] A second motion to compel was filed by the Trooper Defendants, (Doc 98), on May 2, 2019, which was resolved by agreement and denied as moot on May 14, 2019, (Doc. 104). Sanctions were not an issue.

4

forensic psychologist, Dr. Christi Cooper-Lehki. The OPR abandoned both Sgt. Kief and Ellen Costlow in favor of different arguments that are currently under *de novo* consideration by the Disciplinary Review Board (DRB). Indeed, in these respects, Scott Ballock found a measure of success in his FBI administrative litigation, Sgt. Kief and Ellen Costlow were, implicitly at any rate, found to be incredible. Scott Ballock was prepared to likewise challenge the credibility of these centrally important witnesses at the trial of his cause before this Court when the memorandum opinion granting summary judgment against him was entered.

The State Police contacted the FBI and arranged for them to attend Scott Ballock's arrest; an arrest Judge Minor stated in an order appeared to be staged to prejudice him. In the report and recommendation of the United States Magistrate Judge, the mere contact with the FBI was sufficient to state a cause:

> It is true that Plaintiff was not in custody, and he likely was reasonably sophisticated in criminal matters by virtue of his work. These factors can fairly weigh in Defendant's favor. However, the others do not. It is true that under more general circumstances, the fact that the charges were only misdemeanors might be less coercive and weigh in favor of Defendants. Rumery, 480 U.S. at *402 ("The nature of the criminal charges . . . is also important, for the greater the charge, the greater the coercive effect"). Here, the undersigned is unable to so conclude because Plaintiff alleges that the mere fact of the investigation and arrest caused him to suffer in his employment and fear the loss of his job – as a career FBI agent for the federal government. **In Plaintiff's specific case, there was thus significant impact from even mere pending misdemeanor charges, far beyond the coercive effect misdemeanors may have on an average defendant. (Ultimately, Plaintiff lost his job despite the charges being dismissed, which is a testament to the significant detrimental effect of the investigation and arrest alone despite being only misdemeanors.)** (Emphasis added)

(Doc 48 at 24).

The Plaintiff substantially prevailed on this and every other contested point of the Rule 12 practice. The documents evidencing the FBI administrative case bore out Scott Ballock's success at demonstrating Sgt. Kief and Ellen Costlow had misled the investigators and the OPR abandoned

5

reliance on them. Truly, the mere fact that the FBI received any notice at all of this family law case was enough to set a process in motion that gravely harmed the Plaintiff. This was his viewpoint, sustained by the Court under rule 12, borne out by the course of the FBI litigation and pursued in good faith by the Plaintiff, Scott Ballock.

Additionally, the record shows Scott Ballock signed a non-disclosure agreement to even receive the documents from the administrative litigation. This Court's order was necessary to protect him from the OPR citing use of those documents in civil litigation as a further ground for terminating his employment. The defense fees incurred for this should not be awarded.

There were depositions of five parties and one expert witness completed before summary judgment motion practice started in July of 2019. A memorandum order was entered December 20, 2019, (Doc 163) and an amended memorandum opinion was entered December 23, 2019, (Doc 164). The motion for costs and fees, (Doc 165), was served January 6, 2020. In any award of costs and fees, this is where the analysis should begin.

### III.  THE SUPPLEMENTAL JURISDICTION CLAIMS ARE RECOVERABLE BUT SUBJECT TO THE SAME STANDARDS OF REVIEW

The issue posed: "Whether the defendants are entitled to an award of attorneys' fees under 28 U.S.C. § 1988 for work performed defending against the plaintiff's state law claims for intentional infliction of emotional distress and tortious interference with an employment contract."

Plaintiff's counsel found no decisional authority denying this Court jurisdiction to award fees on supplemental claims that arise from the same nucleus of facts as the federal claims. The supplemental claims should be subjected to all the same standards as the federal claims.

## IV. CONCLUSION

The Plaintiff, Scott Ballock, respectfully submits his financial position for consideration in support of the proffer of his counsel made May 15, 2020. The record related to the defense motion for costs and fees is still under development and consideration, the Plaintiff's financial position is proper evidence for the Court to consider, and there is no risk of unfair prejudice as the defense has an opportunity to reply. An award of the fees requested would ruin the Plaintiff and harm his children in the bargain.

The research did not reveal authority precisely on point for the procedural history addressed in the Court's first question. Long established precedent vests the Court with sufficient discretion to deny the award of fees for aspects of the litigation that were either ill-conceived (motion to dismiss) or simply unsuccessful (cited discovery issues). Fees for such aspects of the claim are not reasonably incurred.

The research on the second issue suggests the supplemental jurisdiction claims are subject to the same analysis and decision process as the federal claims as they arise from the same nucleus of events.

Respectfully submitted this 5th day of June 2020.

/S/ Charles J. Crooks
Charles J. Crooks, Esquire
Crooks Law Firm PLLC
244 Pleasant Street
Morgantown, WV 26505

WV State Bar # 4633
Phone (304) 282-1039

Charles@CrooksLawFirm.org

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT T. BALLOCK**                                                    Case No.:   1:17-CV-52

    Plaintiff,

v.                                                                                      JURY TRIAL REQUESTED

**ELLEN RUTH COSTLOW**,
**STATE TROOPER MICHAEL KIEF**,

    Defendants.

## CERTIFICATE OF SERVICE

I, Charles J. Crooks, Esq., local counsel for the Plaintiff, Scott T. Ballock, hereby certify that on the 5th day of June, 2020, I electronically filed the certificate of service for the foregoing "**PLAINTIFF SCOTT BALLOCK'S MEMORANDUM REGARDING MEASURE OF RECOVERABLE DEFENSE ATTORNEY FEES AND COSTS**" with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

| | |
|---|---|
| P. Todd Phillips, Esq.<br>P. Todd Phillips & Associates<br>235 High Street<br>Suite 322<br>Morgantown, WV 26505<br>ToddPhillips.law@gmail.com<br><br>**Counsel for Defendant,**<br>**Ellen Ruth Costlow** | Mark G. Jeffries (WV Bar No. 11618)<br>Steptoe & Johnson PLLC<br>400 White Oaks Blvd.<br>Bridgeport, WV 26330-4500<br>Mark.jeffries@steptoe-johnson.com<br><br>Monté L. Williams (WV Bar No. 9526)<br>Steptoe & Johnson PLLC<br>P.O. Box 1616<br>Morgantown, WV 26507-1616<br>(304) 598-8000<br>Monte.williams@steptoe-johnson.com<br>**Co-counsel for Defendants State Trooper**<br>**Michael Kief, State Trooper Ronnie M.**<br>**Gaskins and State Trooper Chris Berry** |

/S/ *Charles J. Crooks*
Charles J. Crooks, Esquire